FILED

2003 OCT 17 A 9: 16

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

CALL CENTER TECHNOLOGIES, INC.,  :     CIVIL ACTION NO. 3:03CV1036 (SRU)

         Plaintiff,         :

         v.             :

GRAND ADVENTURES TOUR &     :
TRAVEL PUBLISHING CORPORATION,
INTERLINE TRAVEL & TOUR, INC.,   :

         Defendants.       :     October 16, 2003

---

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF
## ITS MOTION FOR JURISDICTIONAL DISCOVERY

On September 22, 2003 Defendant Interline Travel & Tour, Inc. submitted a Memorandum of Law regarding the Plaintiff's arguments in its Memorandum of Law opposing Defendant's Motion to Dismiss. Defendant's September 22nd Memorandum of Law "requests that should this Court find that it has personal jurisdiction over Interline that the case be transferred to the Western District of Texas".

On this date, October 16, 2003, Plaintiff has filed a Memorandum which responds to Defendant's September 22nd Memorandum and argues against Interline's request to transfer venue. This Memorandum is filed in support of Plaintiff's Motion for Jurisdictional Discovery.

1

FACTS:

Plaintiff has alleged facts in its Second Amended Complaint which makes Defendant Interline liable for the debts of its predecessor, Defendant GATT. The legal basis for Plaintiff's claim that Interline is liable for the debts of GATT is twofold. The first is the "product line" exception to the general rule that a corporation which purchases the assets of another company is not liable for the debts of its predecessor. Defendant argued that Plaintiff's allegations are insufficient to withstand its Motion to Dismiss.

ARGUMENT:

IF THIS COURT FINDS THAT PLAINTIFF HAS NOT ALLEGED SUFFICIENT FACTS TO WARRANT AN EXCEPTION TO THE GENERAL CONNECTICUT SUCCESSOR LIABILITY LAW, IT SHOULD GRANT PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY TO ALLOW PLAINTIFF FULL OPPORTUNITY TO DISCOVER AND ALLEGE THE REQUISITE FACTS.

Plaintiff has asserted the 'mere continuation' and 'products line' exceptions to the successor liability rule, however, upon completion of discovery, Plaintiff may be able to prove other factors as well. Under Connecticut law, Plaintiff may prevail if it can prove any one of five established factors of successor liability. **Lynch v. Infinity Outdoor**, CV010453323S, 2003 Conn. Super. LEXIS 1443 at * 6 - 7, Superior Court, Judicial District of New Haven, at New Haven (May 7, 2003)( Licari, J.).

2

Indeed, the Second Circuit recently reversed dismissal of a complaint for lack of personal jurisdiction where the plaintiff relied upon successor liability and no jurisdictional discovery had yet taken place, as in the instant case. **Tex. Int'l Magnetics, Inc. v. BASF Aktiengesellschaft,** 31 Fed. Appx. 738, 739-40 (2nd Cir. 2002)[1]; see also **Magnetic Audio Tape Litigation v.Auriga-Aurex, Inc.,** 334 F.3d 204, 206 (2nd Cir. 2003) ("the plaintiffs should have been afforded an opportunity to engage in jurisdictional discovery . . . prior to the court ordering dismissal.").

Although Plaintiff believes it has satisfied its prima facie burden of proving specific personal jurisdiction over GATT, [2] and thus over Interline as successor (see section I of Plaintiff's

---

[1]

"The district court rejected that [successor liability] argument on the ground that the 'precepts of successor liability should be disregarded in an assessment of personal juridiction'... To the extent that BASF's asserted liability is predicated on acts of BMG, incircumstances where BMG would have been subject to the court's jurisdiction, it may well be the case that BASF, after its merger with BMG (notwithstanding the latter's divestiture of its opertating assets and change of name) should also be subject to the court's jurisdiction to answer for those acts. Depending on what facts are developed in jurisdictional discovery, assertion of jurisdiction over BASF on this basis may be appropriate. We believe the rejection of the successor theory was premature," **Tex. Int'l Magnetics, Inc.,** 31 Fed. Appx. At 739-40.

[2]

See **Resource Systems Group, Inc. v. Internetcash Corp.,** CV000181480, 2001 Conn. Super. LEXIS 1628 at * 11 - 12, Superior Court, Judicial District of Stamford, at Stamford (June 12, 2001, Lewis, J.) ("The signing of the agreement by Plaintiff in Connecticut made the agreement a contract between the parties. . . . Consequently, the agreement . . . was a 'contract made in this state,' within the meaning of General Statute § 33-929(f)(1). Accordingly, the plaintiff has sustained its burden of demonstrating that the applicable long arm statute, General Statute § 33-929(f)(1), authorizes the assertion of jurisdiction over the defendant."); see also **Thornton & Co., Inc. v. Pennsak, Inc.,** CV 9804900607, 1998 Conn. Super. LEXIS 3474 at * 6, Superior

(continued...)

3

Memorandum of Law, dated October 16, 2003), even if this Court finds that the "present jurisdictional allegations are insufficient", Plaintiff should still be allowed jurisdictional discovery because it "has sufficiently demonstrated that it is possible that he could supplement them through discovery." **El-Fadl v. Central Bank of Jordan**, 75 F.3d 668, 676 (D.C. Cir. 1996).   "A plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery." **Id.**

"[E]ither 'specific' jurisdiction or 'general' jurisdiction can satisfy the constitutional requirement of sufficient minimum contacts between the defendant and the forum." **Thomason v. Chemical Bank**, 234 Conn. 281, 287 (1995), citing **International Shoe Co. v. Washington**, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945).   A court looks to a Defendant's "additional contacts with [the forum] beyond those related to the action to determine whether  general jurisdiction exists." **Publications Int'l v. Burke/Triolo, Inc.**, 121 F. Supp. 2d 1178,1182 (N.D. Ill. 2000).

If allowed discovery, Plaintiff believes it can establish this Court's *general* personal jurisdiction over GATT/Interline.   Both GATT and Interline have identified themselves as the

---

[2](...continued)
Court, Judicial District of Hartford, at New Britain (Nov. 20, 1998, Robinson, J.) (act of acceptance by Connecticut Plaintiff of purchase order sent from foreign corporation to Connecticut sufficient to establish longarm jurisdiction)

operators of a web site, known as www.perx.com (Vlahos Affidavit at ¶ 11).  The www.perx.com

site is interactive, not merely passive and informational (Vlahos Affidavit at ¶ 13), which specifically

targets Connecticut residents due to the presence of Bradley International Airport in Windsor Locks,

Connecticut, and Tweed New Haven Regional Airport in New Haven, Connecticut (Vlahos Affidavit

at ¶ 13 ).  It also encourages people to sign up as a member to receive travel incentives (Vlahos

Affidavit at ¶ 13), and contains an online store with pricing information and where it accepts credit

card purchases directly online (Vlahos Affidavit at ¶ 14).   For example, the Plaintiff's president

recently went to www.perx.com from his Connecticut office, signed-up to become a member of

Interline using his Connecticut residence address, and completed a purchase using his credit card and

his Connecticut address for shipping (Vlahos Affidavit at ¶ 14).

The Plaintiff requests that this Court take judicial notice of the www.perx.com web site and

its online store, store.perx.com, pursuant to Fed. R. Evid. 201(d).  Plaintiff notes that the existence

of Defendant's web site is not subject to reasonable dispute, and is capable of accurate and ready

determination by resort to sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid.

201(b).

In determining whether a website sufficiently establishes minimum contacts, the court looks

"to the nature and quality of commercial activity that an entity conducts over the Internet." **Zippo**

**Manufacturing Co. v. Zippo Dot Com. Inc.**, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997). The web

site is the type which supports a finding of general personal jurisdiction, because Defendant's web

site: (1) is accessible from Connecticut users; (2) completes purchases from Connecticut users directly online without taking any other steps; (3) encourages users including Connecticut users to sign-up to become Interline members and get on a mailing list, and; (4) specifically targets Connecticut users having an affiliation to specific Connecticut airports. **Divicino v. Polaris Industries**, 129 F. Supp. 2d. 425, 433 (D. Conn. 2001) (discussing factors and finding personal jurisdiction over defendant); **Publications Int'l v. Burke/Triolo, Inc.**, supra, 121 F. Supp. 2d at 1182-83 (website that solicited visitors to join mailing list and request catalog to engage in commercial relationship conferred personal jurisdiction); **Maritz, Inc. v. Cybergold, Inc.**, 947 F. Supp. 1328, 1333-34 (E.D. Mo. 1996) (defendant subject to personal jurisdiction based on website that solicited users to join its mailing list.).

Plaintiff should be afforded the opportunity of jurisdictional discovery to determine the extent of Defendant's contacts with Connecticut through its website. Because "on the record before this court, it is quite possible that, through its website, [defendant] is doing business in the [state]," and "determining whether [defendant] is actually 'doing business' in the [state] requires an examination of the frequency and volume of the [defendant's] transactions with [state] residents," the Plaintiff has therefore "demonstrated that it can supplement its jurisdictional allegations through discovery" thus "jurisdictional discovery is justified and should have been afforded." **Gorman v. Ameritrade Holding Corp.**, 293 F. 3d 506, 513 (D.C. Cir. 2002) (internal quotations omitted) (reversing dismissal for lack of personal jurisdiction where plaintiff not afforded discovery).

6

Among other things, if permitted discovery, the Plaintiff will obtain "discovery . . . from the [defendant's credit card merchant banks] regarding whether any of the credit card users it has registered as doing business on the [defendant's] site were located in Connecticut." **E-Date Corp. v. Micropatent Corp.**, 989 F. Supp. 173, 175 (D. Conn. 1997) (granting motion to dismiss where plaintiff failed to request jurisdictional discovery in order to prove general personal jurisdiction arising from defendant's web site activities).

CONCLUSION:

Plaintiff maintains that it has satisfied it prima facie burden of proof as to jurisdiction over the Defendant GATT and by reason of exception to the successor liability rule over the Defendant Interline. If the Court finds Plaintiff has not satisfied its prima facie burden, then Plaintiff has shown it is entitled to conduct jurisdictional discovery to more fully develop facts supporting personal jurisdiction over Defendant Interline.

Respectfully submitted,

PLAINTIFF
CALL CENTER TECHNOLOGIES, INC.

By
Jack D. Garamella, of
Collins, Hannafin, Garamella,
Jaber & Tuozzolo, P.C.
148 Deer Hill Avenue
Danbury, CT 06810
Telephone: (203) 744-2150
Federal Bar ID CT 05973

## CERTIFICATION OF SERVICE

This is to certify that the foregoing Motion was mailed on the 16th of October, 2003 to the following:

Laura F. Baldini, Esquire
2 Batterson Park Road
2nd Floor
Farmington, Connecticut 06032

Jack D. Garamella