FILED

2003 OCT 17 A 10: 17

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| CALL CENTER TECHNOLOGIES, INC., : | CIVIL ACTION NO. 3:03CV1036 (SRU) |
| Plaintiff, : | |
| v. : | |
| GRAND ADVENTURES TOUR & : <br> TRAVEL PUBLISHING CORPORATION, <br> INTERLINE TRAVEL & TOUR, INC., : | |
| Defendants. : | October 16, 2003 |

---

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT INTERLINE TRAVEL & TOUR, INC.'S
"FURTHER SUPPORT" OF ITS MOTION TO DISMISS
AND IN OPPOSITION TO DEFENDANT INTERLINE'S
REQUEST TO TRANSFER VENUE.**

On September 22, 2003 Defendant Interline Travel & Tour, Inc. submitted a Memorandum of Law regarding the Plaintiff's arguments in its Memorandum of Law opposing Defendant's Motion to Dismiss. Defendant's September 22nd Memorandum of Law "requests that should this Court find that it has personal jurisdiction over Interline that the case be transferred to the Western District of Texas".

1

On this date, October 16, 2003, Plaintiff has filed a Motion for Jurisdictional Discovery. This Memorandum responds to Defendant's September 22nd Memorandum and argues against Interline's request to transfer venue.

I. **IF INTERLINE IS FOUND TO HAVE SUCCESSOR LIABILITY TO ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION ("GATT") THE JURISDICTIONAL CONTACTS OF GATT BECOME THE JURISDICTIONAL CONTACTS OF INTERLINE.**

In **Libutti v. United States**, 178 F.3d 114, (2nd Cir. 1999) the Court ruled that "when a person is found to be a successor in interest, the court gains personal jurisdiction over them simply as a consequence of their status as a successor in interest, without regard to whether they had any other minimum contacts with the state." at 123. Other courts have adopted this reasoning. The Fifth Circuit stated in **Patin v. Thoroughbred Power Boats Inc.**, 294 F.3d 640, (5th Cir. 2002) "Similarly, imputing a predecessor corporation's waiver of personal jurisdiction to its successor corporation when the successor is a 'mere continuation' of the predecessor is also consistent with the principles underlying this exception to the general rule against successor liability. The premise underlying the 'mere continuation' exception to the rule against successor liability is that the successor corporation is, in fact, the same corporate entity as the predecessor corporation, simply wearing a 'new hat.' . . . . Under such circumstances, if the predecessor corporation has already submitted to the jurisdiction of a court, it cannot subsequently object to that jurisdiction on due process grounds simply because it has put on its 'new hat.' Any other ruling would allow corporations to immunize themselves [from

2

liability] by formalistically changing their titles." (internal citations and quotations omitted) at 654-655. The Seventh Circuit has recently stated in **Purdue Research Foundation v. Sanofi-Synthelabo, S.A.**, 338 F.3d. 773, (7th Cir. Aug. 4, 2003) "[T]he jurisdictional contacts of a predecessor corporation may be imputed to its successor corporation without offending due process. . . . because the two corporations are the *same entity*, [thus] the jurisdictional contacts of one *are* the jurisdictional contacts of the other for the purposes of . . . due process analysis. . . . In the corporate successor context, the successor corporation has chosen to stand in the shoes of its predecessor and has chosen to accept the business expectations of those who have dealt previously with that predecessor. Therefore, it can be expected to be haled into the same courts as its predecessor."(internal citations and quotations omitted) at 784-785

In its Memorandum of September 12, 2003, Plaintiff stated its position that "[t]he totality of the circumstances prove that Defendant GATT could reasonably anticipate being haled into court in Connecticut if it did not pay for goods assembled, shipped and invoiced from a Connecticut business in Connecticut" (Plaintiff's Memorandum of Law at 5) pursuant to a signed agreement which states that it would be governed by and enforceable under the law of the State of Connecticut. Interline stands in the shoes of GATT.

> II. INTERLINE CANNOT AVOID THE EXERCISE OF PERSONAL JURISDICTION ON DUE PROCESS GROUNDS BECAUSE GATT'S MINIMUM CONTACTS BECOME INTERLINE'S MINIMUM CONTACTS BY VIRTUE OF INTERLINE'S SUCCESSOR LIABILITY AND BECAUSE INTERLINE HAS MADE NO COMPELLING CASE WHICH

## WOULD MAKE THE EXERCISE OF JURISDICTION UNREASONABLE.

The cases in Section I above are unequivocal that due process allows the jurisdictional contacts of a predecessor to be imputed to a successor. The actual minimum contacts of the successor are not relevant.

Assuming a defendant can still defeat the exercise of a Court's jurisdiction if a defendant makes out a "*compelling case* that the presence of some other considerations would render jurisdiction unreasonable", **Burger King Corp. v. Rudezewicz**, 471 U.S. 462, 477, 105 S. Ct. 2174, 2184-85, 86 L. Ed. 2d. 528 (1985) (emphasis added), Interline still fails. For the same reasons that Interline has failed to satisfy its burden to transfer venue as outlined in Section IV below, Interline has also failed to make a "compelling case" that the exercise of personal jurisdiction over it by this Court would be unreasonable.

Moreover, Interline invoked the jurisdiction of this Court by filing for removal from state Court, apparently in order to then contest this Court's jurisdiction over it. Interline has made no showing as to how, after having invoked the jurisdiction of this Court, that the exercise of this Court's jurisdiction over it would be *unreasonable*, provided that the prerequisites for the exercise of personal jurisdiction are otherwise present. **Cf. Hamilton v. Atlas Turner, Inc.**, 197 F.3d 58, 61 (2nd Cir. 1999) (considering defendant's voluntary joinder in transfer request as factor in forfeiture of personal jurisdiction, noting defendant "could have objected on jurisdictional grounds to including

4

this case, or at least sought to defer its inclusion in the transfer until the jurisdictional issue was resolved. Instead, [it] joined with other defendants in asking . . . to effect the transfer."), citing **Lomaglio Associates, Inc. v. LBK Marketing Corp.**, 876 F. Supp. 41, 43-44 (S.D.N.Y. 1995) (defendant's invoking authority of district court by removal petition deemed sufficient to forfeit personal jurisdiction defense).

> III. INTERLINE'S REQUEST TO TRANSFER VENUE SHOULD BE DENIED BECAUSE INTERLINE HAS NOT SATISFIED ITS BURDEN OF PROOF ON ITS REQUEST TO TRANSFER VENUE PURSUANT TO 28 U.S.C. 1404(a).

Interline has requested, in what it describes as "the unlikely event" that this Court finds personal jurisdiction over the Interline, to transfer this case to the Western District of Texas, pursuant to 28 U.S.C. § 1404(a) (Defendant's Memorandum in Further Support at 8 - 9). That statute provides that: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Id. Plaintiff objects to the Defendant's transfer request, and respectfully submits that the Defendant has failed to meet its burden of proof.

First, "[t]he plaintiff's choice of forum is given substantial weight . . ." **Payne, et. al., v. Taylor Vision Resources, et. al.**, 2003 U.S. Dist. LEXIS 16690 at * 4, n1 (D. Conn., Sept. 22, 2003) (Thompson, J.); see also **Krane Consulting, LLC v. Talk Radio Network, Inc.**, 2003 U.S. Dist. LEXIS 6003 at * 3 (D. Conn. 2003) (Thompson, J).

5

Case 3:03-cv-01036-DJS   Document 27   Filed 10/17/2003   Page 6 of 11

Second, Interline, must satisfy the 'heavy' burden of demonstrating that a weighing of the appropriate factors dictates that the case be transferred. **Payne**, supra, 2003 U.S. Dist LEXIS 16690 * 5; see also **Krane**, supra ("The burden is upon the defendant to make a clear-cut showing . . . that convenience and justice for all parties demands that the litigation proceed elsewhere.") (internal quotations and citations omitted).

To meet this *heavy* burden, Interline must show that "the plaintiffs choice is 'completely and utterly outweighed by the severe inconvenience of the defendant.'" **Krane**, supra, 2003 U.S. Dist. LEXIS 6003 at * 10.

Both the **Payne** and **Krane** courts found that the defendants had failed to meet the applicable burden, by applying an analysis of the following nine factors:

> (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and ease of access to sources of proof; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interest of justice, based on the totality of the circumstances.

**Payne**, supra, 2003 U.S. Dist. LEXIS 16690 * 3 - * 4; **Krane**, supra, 2003 U.S. Dist. LEXIS 6003 at * 3 - 4; see also **RMS Titanic, Inc. v. Geller,** 2000 U.S. Dist. LEXIS 10947, 2000 U.S. Dist. 10947 at * 21 -22 (listing these factors among others).

6

Applying these factors to the present case, Interline has failed to carry its burden of proof. As to the first and second factors, i.e., convenience of the witnesses and the parties, the defendant is required to "specify the key witnesses to be called and to make a general statement of what their testimony will cover." **Krane**, supra, 2003 U.S. Dist. LEXIS 6003 at * 4 - 5, citing **Factors Etc. v. Pro Arts, Inc.**, 579 F.2d 215, 219 (2nd Cir.) rev'd on other grounds, 652 F.2d 278 (1981). Interline has failed to prove convenience of material witnesses favors transfer. **Krane**, supra, at * 6. Moreover, "transfer should not merely shift the burden of inconvenience from one party to the other." **Id** at * 7; **RMS Titanic**, supra, 2000 U.S. Dist. LEXIS 10947 at * 23 ("where an increase in convenience to the moving parties would result only in an equivalent decrease in convenience to the plaintiffs, a transfer motion will not be granted."). Because Plaintiff is located in Connecticut and its primary witness is its president who resides in Connecticut, upon a transfer, any inconvenience to Interline becomes that of the Plaintiff. Accordingly, the factors of convenience for the witnesses and the parties do not weigh in the Defendant's favor. **RMS Titanic**, 2003 U.S. Dist. LEXIS 10947 at * 24; **Krane**, 2003 U.S. Dist. LEXIS 6003 at * 7; see also **Payne**, 2003 U.S. Dist. LEXIS 16690 at * 5 - 6.

With respect to the third factor, the location of documents and ease of access to sources of proof, the Defendant has not shown "that the documents . . . are so voluminous as to make shipping them to Connecticut an undue hardship." **Payne**, supra, 2003 U.S. Dist LEXIS 16690 at * 6 - * 7. To the extent that Interline has hard copy documents in its possession in Texas, this factor would

weigh "slightly in favor of the defendants." **Id**.

Factor four, the locus of the operative facts weighs in favor of the Plaintiff, because the agreement was made in Connecticut, performed by Plaintiff in Connecticut, GATT failed to remit payment to Plaintiff in Connecticut, and the contract was governed under and enforceable under the laws of the state of Connecticut. See **Krane**, 2003 U.S. Dist. LEXIS 6003 at * 7.

Fifth, as to the availability of process to compel attendance of unwilling witnesses, "the defendants have failed to make a specific showing that any significant non-party witness would be unwilling to travel to Connecticut . . . to testify. . . . As to witnesses who are employees of the defendants, the defendants are in a position to facilitate travel to Connecticut by any unwilling employees. Thus, this factor weighs slightly in favor of the plaintiff." **Payne**, supra, 2003 U.S. Dist. LEXIS 16690 at * 7 - 8.

Sixth, as to the parties' relative means, the Interline has failed to submit evidence that it is unable to reasonably pay the costs associated with continuing litigation in Connecticut, or that Plaintiff is able to absorb the costs of transfer to Texas.

With respect to the seventh factor, the forum's familiarity with governing law, because the agreement was made in, and to be governed by and enforceable under the laws of Connecticut, a court in Connecticut would be more familiar with the applicable governing law, therefore this factor weighs in favor of the Plaintiff.

Eighth, "because the plaintiffs reside or are located in the chosen forum [Connecticut], their choice of forum should be given substantial weight. Thus, this factor weighs heavily in favor of the plaintiffs." **Payne**, 2003 U.S. Dist LEXIS 16690 at * 8 - 9. "The plaintiff's choice of forum . . . is generally entitled to substantial consideration," **Krane**, 2003 U.S. Dist. LEXIS 6003 at * 3, citing **In re Warrick**, 70 F.3d 736, 741 (2nd Cir. 1995), and the "Plaintiffs choice of forum should only be disturbed when the plaintiffs choice is 'completely and utterly outweighed by the severe inconvenience of the defendant.'" **Krane**, supra, at *10. Interline has not demonstrated any such "severe" inconvenience so as to "completely and utterly" outweigh the substantial consideration given Plaintiff's choice of forum.

Ninth, as to trial efficiency and the interests of justice, "based on the totality of the circumstances, . . this factor does not weigh in favor of either party. Interline's contentions show only that the [requested forum] would be more convenient to it. However, there are no special factors in this case that will serve to make the trial more or less efficient, or cause the interests of justice to be better served if the trial is held in one district versus another." **Payne**, 2003 U.S. Dist. LEXIS 16690 at * 9; see also **Krane**, 2003 U.S. Dist. LEXIS 6003 at * 10 - 11.

Because Interline has made no substantial showing weighing in favor of a transfer, it has failed to "overcome the deference that should be accorded the plaintiff's choice of forum and the fact that other relevant factors also weigh in plaintiff's favor at least to some degree." **Payne**, 2003 U.S. Dist. LEXIS 16690 at * 9.

9

IV.   CONCLUSION

Plaintiff maintains that it has satisfied its prima facie burden of proof as to jurisdiction over the Defendant GATT and by reason of exception to the successor liability rule over the Defendant Interline. If the Court finds otherwise, then Plaintiff requests the Court to consider Plaintiff's Motion To Conduct Jurisdictional Discovery to allow it to allege sufficient facts to support personal jurisdiction over Defendant Interline.

Interline has failed to satisfy its burden proving that venue should be transferred.

Accordingly, Plaintiff respectfully requests that Defendant's request for transfer of venue be denied.

> Respectfully submitted,
> PLAINTIFF
> CALL CENTER TECHNOLOGIES, INC.
>
> By_____
> Jack D. Garamella, of
> Collins, Hannafin, Garamella,
> Jaber & Tuozzolo, P.C.
> 148 Deer Hill Avenue
> Danbury, CT 06810
> Telephone: (203) 744-2150
> Federal Bar ID CT 05973

10

## CERTIFICATION OF SERVICE

This is to certify that the foregoing Motion was mailed on the 16th of October, 2003 to the following:

Laura F. Baldini, Esquire
2 Batterson Park Road
2nd Floor
Farmington, Connecticut 06032

_____
Jack D. Garamella