UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CALL CENTER TECHNOLOGIES, | : | CIVIL ACTION O. 3:03CV 1036 (SRU) |
| Plaintiff, | | |
| v. | | |
| GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION, INTERLINE TRAVEL & TOUR, INC. | | |
| Defendants | : | APRIL 19 2004 |

DEFENDANT INTERLINE TRAVEL & TOUR'S
UNOPPOSED MOTION FOR LEAVE TO AMEND

Pursuant to Fed. R. Civ. P. 15 defendant, Interline Travel & Tour, Inc. ("Interline"), hereby moves to amend its Amended Answer and Affirmative Defenses dated December 2, 2004.

This is an alleged breach of contract action in which the plaintiff, Call Center Technologies, Inc. ("CCTI"), claims that Interline is somehow obligated to compensate the plaintiff for certain parts and equipment provided to co-defendant, Grand Adventures Tour & Travel Publishing Corporation

NO ORAL ARGUMENT REQUESTED/
TESTIMONY NOT REQUIRED

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

("GATT"). The gravaman of the plaintiff s complaint against Interline is that Interline is a successor in interest to GATT and should therefore be liable for the alleged debts of GATT. Interline has denied the substantive allegations of the Plaintiff s Second Amended Complaint.

Interline makes the instant motion to amend its Amended Answer Affirmative Defenses to conform the pleadings with the proof in this case. Based upon documents received subsequent to the filing of Interline's Amended Answer Affirmative Defenses on December 2, 2004, Interline seeks to amend its response to Paragraph 19 of the plaintiffs Amended Complaint. The undersigned has apprised plaintiff s counsel of its intention to amend Interline's answer and plaintiffs counsel has no objection to this motion.

The arguments in support of this Motion are set forth more fully in the attached Memorandum of Law to which the Court is respectfully referred. Interline's proposed Second Amended Answer and Affirmative Defenses is attached hereto.

WHEREFORE, Interline requests that its Motion for Leave to Amend be granted.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

2

Respectfully submitted,

DEFENDANT,
INTERLINE TRAVEL & TOUR, INC.

By: /s/ Laura F. Baldini

LAURA F. BALDINI, ESQ.
Federal Bar Number ct19887
Law Offices Of Laura Flynn Baldini, LLC
2 Batterson Park Road, 2nd Floor
Farmington, CT 06032
Tel. (860) 874-8483
Fax. (860) 561-9823
LBaldini@FiyBal-Law.com
Juris. No. 421267

## ORDER

The foregoing MOTION, having been duly presented to this Court, it is hereby ORDERED, that the same be and hereby is GRANTED/DENIED.

THE COURT,


JUDGE/Clerk

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 8748483 ₉ Fax: (860) 561-9823

4

## CERTIFICATE OF SERVICE

      This is to certify that the foregoing was mailed via U.S. mail, postage prepaid on this 19th day of April, 2004 to the following counsel of record:

Gregg A. Brauneisen, Esq.
Jack Garamella, Esq.
Collins, Hannafin, Garamella, Jaber & Tuozzolo, PC
*Counsel for* **Plaintiff**
148 Deer Hill Avenue
P.O. Box 440
Danbury, CT 06810

By: _____
LAURA F. BALDINI, ESQ.
Law Offices of Laura Flynn Baldini, LLC

UNITED STATES **DISTRICT COURT**
DISTRICT **OF CONNECTICUT**

| | | |
|---|---|---|
| CALL CENTER TECHNOLOGIES, | : | CIVIL ACTION   O. 3:03CV1036 (SRU) |
| Plaintiff, | | |
| v. | | |
| GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION, INTERLINE TRAVEL & TOUR, INC. | | |
| Defendants. | | APRIL 19, 2004 |

<u>MEMORANDUM OF LAW
IN SUPPORT OF DEFENDA</u>NT INTERLINE TRAVEL & TOUR'S
<u>UNOPPOSED M</u>OTION FOR LEAVE TO AMEND

Defendant Interline Travel & Tour, Inc. ("Interline"), submits the foregoing Memorandum of Law in support of its Motion for Leave to Amend.

I.   FACTS

The plaintiff's Second Amended Complaint dated July 29, 2003 contains two counts. The First Count is directed to defendant Grand Adventures Tour & Travel Publishing Corporation, Inc. ("GATT"). The plaintiff alleges that pursuant to a written document called "Customer Agreement" dated June 16, 1998, GATT d/b/a Grand Adventures Tour & Travel, Inc. purchased certain goods

called an Aspect Call Center. *Second Amended Complaint, Count, First Count, ~ 1.* [ The plaintiff claims that the terms of the Customer Agreement state that it "will be governed by and enforceable under the laws of the State of Connecticut" and binding "upon both parties and their successors." Id. at ¶ 10. The plaintiff claims that GATT ordered additional parts in 1999 and CCTI supplied said parts. Id. at ¶ 11. In February 1999, the plaintiff alleges that GATT requested the temporary use of "Intertel equipment" and that the equipment was provided to GATT with the expectation that it be returned "within a reasonable time". Id. at ¶ 12. The plaintiff claims that GATT never returned the Intertel equipment nor did GATT pay for said equipment. Id. It is alleged that the value of the Aspect Call Center, the additional parts and the Intertel equipment is $130,090.00, $30,000.00 and $30,000.00, respectively. Id. at ¶¶ 13-15. The plaintiff claims that although demand for payment has been made, GATT has paid the sum of $35,000.00 but has refused to pay the balance. Id. at ¶ 16.

The Second Count is directed to Interline. The plaintiff alleges that Interline was doing business as Interline Vacations and was incorporated in Texas on October 15, 2001. *Second Amended Complaint, Count, Second Count,* ¶ 17. The plaintiff claims that GATT "ceased its business operations soon after and was dissolved in December 2001." Id. at ¶ 18. It is alleged that Interline acquired the assets of GATT and, at its inception, occupied the same office space as GATT. Id. at ¶¶ 19-20. The plaintiff further claims that Interline uses GATT's former website to offer the

' Although the plaintiff alleges that the Customer Agreement was attached to the Second Amended Complaint and made

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

2

same travel services as GATT, uses the same toll-free number that GATT used before its dissolution and publishes Interline Adventures, a travel magazine previously published by GATT. Id. at ¶¶ 21-23. The plaintiff asserts that Interline has a continuity of management of Defendant GATT including the individuals Duane Boyd and Joseph Juba, and a continuity of personnel. Id. at ¶ 24. It is alleged that Interline holds itself out to the public as a continuation of GATT through its product lines and benefits from goodwill created by GATT. Id. at ¶ 27. The plaintiff asserts that Interline is therefore liable to the plaintiff for GATT's obligations to the plaintiff. Id. at ¶ 28.

Interline denies the substantive allegations of the plaintiff's Second Amended Complaint.

11.  ARGUMENT

    A.  Standard For Amending Pleadings Under Fed. R Civ. P. 15

Rule 15 of the Federal Rules of Civil Procedure establishes a liberal policy in favor of allowing amendments. *See generally Foman v. Davis,* 371 U.S. 178, 182, 9 L.Ed. 2d 222, 83 S.Ct. 227 (1962). Even if the time limit for amending the pleadings has expired, "Rule15(a) declares that leave to amend 'shall be freely given when justice so requires; this mandate is to be heeded." Id. According to the Supreme Court in *Foman,* in the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of

part thereof, the copy that Interline received did not contain the alleged Customer Agreement.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267  o  (860) 874-8483  o  Fax: (860) 561-9823

3

allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be `freely given.' Warboys v. Proulx, 2004 U.S. Dist. LEXIS 1562 *7-8 (D. Conn. Feb. 4, 2004).

  B. Interline Should Be Permitted To Amend Its Answer To The Second Amended Complaint

In the instant matter, Interline should be permitted to amend its answer to the plaintiff's Second Amended Complaint. Interline seeks to amend its response to Paragraph 19 of the plaintiff s Second Amended Complaint to conform the pleadings with the proof in this case. In particular, Interline seeks to establish at trial that Interline is not a legal successor in interest to GATT and therefore not liable for the debts of GATT. In doing so, Interline will demonstrate, among other things, that Interline acquired GATT's assets through a lawful public foreclosure sale and is therefore not responsible for the debts of GATT. The proposed amendment to Interline's answer is intended to clarify the pleadings in this case.

The proposed amendment will not unduly delay the proceedings or result in prejudice to any party. The parties have until June l, 2004 to complete discovery and no trial date has yet been scheduled. Plaintiff s counsel has been apprised of the instant motion and has no objection to it.

### III. CONCLUSION

For the foregoing reasons, Interline respectfully requests that its Motion for Leave to Amend be granted.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

4

Respectfully submitted,

DEFENDANT,
INTERLINE TRAVEL & TOUR, INC.

By: _____
LAURA F. BALDINI, ESQ.
Federal Bar Number ct19887
Law Offices Of Laura Flynn Baldini, LLC
2 Batterson Park Road, 2nd Floor
Farmington, CT 06032
Tel. (860) 874-8483
Fax. (860) 561-9823
LBaldini@FlyBal-Law.com
Juris. No. 421267

CERTIFICATE OF SERVICE

    This is to certify that the foregoing was mailed via U.S. mail, postage prepaid on this 19th day of April, 2004 to the following counsel of record:

Gregg A. Brauneisen, Esq.
Jack Garamella, Esq.
Collins, Hannafin, Garamella, l ,l er
*Counsel for Plaintiff*
148 Deer Hill Avenue
P.O. Box 440
Danbury, CT 06810

By: _____
LAURA F. BALDINI   SO.
Law Offices of Laura Aynn Baldini; LLC

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CALL CENTER TECHNOLOGIES,  :  CIVIL ACTION O. 3:03CV 1036 (SRU)

          Plaintiff,

v.

GRAND ADVENTURES TOUR &
TRAVEL PUBLISHING CORPORATION;
INTERLINE TRAVEL & TOUR, INC.

          Defendants.  :  APRIL 19, 2004

### SECOND AMENDED ANSWER & AFFIRMATIVE DEFENSES OF INTERLINE TRAVEL & TOUR TO PLAINTIFF'S SECOND AMENDED COMPLAINT DATED JULY 28, 2003'

Interline Travel & Tour, Inc. ("Interline"), a defendant in the above-captioned matter, hereby responds to the Second Amended Complaint dated July 28, 2003 of plaintiff Call Center Technologies, Inc. ("CCTI") as follows:

FIRST COUNT:

Interline does not respond to the allegations of the First Count as they are not directed to it.

---

' Interline's response to the Second Amended Complaint shall not be construed as Interline's forfeiture of its argument, raised in a previous motion, that the Court lacks personal jurisdiction over Interline. Interline's objection on the grounds of personal jurisdiction is expressly reserved.

SECOND COUNT:

1. Interline denies the allegations of Paragraph 1, as they purport to characterize the agreement at issue which speaks for itself. The "Customer Agreement" referred to in Paragraph 1 was not appended to the copy of the Second Amended Complaint furnished to Interline.

2. Interline has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 2 of the Second Count and therefore leaves the plaintiff to its proof.

3. Interline has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 3 of the Second Count and therefore leaves the plaintiff to its proof.

4. Interline has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 4 of the Second Count and therefore leaves the plaintiff to its proof.

5. Interline has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 5 of the Second Count and therefore leaves the plaintiff to its proof.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

2

6. Interline has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 6 of the Second Count and therefore leaves the plaintiff to its proof.

7. Interline has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 7 of the Second Count and therefore leaves the plaintiff to its proof.

8. Interline has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 8 of the Second Count and therefore leaves the plaintiff to its proof.

9. Interline has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 9 of the Second Count and therefore leaves the plaintiff to its proof.

10. Interline denies the allegations of Paragraph 10 as they purport to characterize the agreement at issue which speaks for itself.

11. Interline has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 11 of the Second Count and therefore leaves the plaintiff to its proof.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

3

12. Interline has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 12 of the Second Count and therefore leaves the plaintiff to its proof.

13. Interline has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 13 of the Second Count and therefore leaves the plaintiff to its proof.

14. Interline has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 14 of the Second Count and therefore leaves the plaintiff to its proof.

15. Interline has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 15 of the Second Count and therefore leaves the plaintiff to its proof.

16. Interline has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 16 of the Second Count and therefore leaves the plaintiff to its proof.

17. Interline admits the allegations contained in Paragraph 17 of the Second Count.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

4

18. Interline has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 18 of the Second Count and therefore leaves the plaintiff to its proof.

19. Interline denies the allegations of Paragraph 19, except admits that it acquired assets of GATT through a lawful public foreclosure sale.

20. Interline denies the allegations of Paragraph 20, except admits that, for only a brief time, it occupied a portion of the office space previously occupied by GATT.

21. Interline denies the allegations of Paragraph 21, except admits that it uses a website known as www.perx.com.

22. Interline denies the allegations of Paragraph 22, except admits that it has toll free telephone numbers for customers to place orders.

23. Interline denies the allegations contained in Paragraph 23 of the Second Count.

24. Interline denies the allegations contained in Paragraph 24 of the Second Count.

25. Interline admits the allegations contained in Paragraph 25 of the Second Count.

26. Interline denies the allegations contained in Paragraph 26 of the Second Count.

27. Interline denies the allegations contained in Paragraph 27 of the Second Count.

28. Interline denies the allegations contained in Paragraph 28 of the Second Count.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 * (860) 874-8483 • Fax: (860) 561-9823

5

29. Interline denies the allegations contained in Paragraph 29 of the Second Count, except admits that it has not paid to Plaintiff any sums on account of debts owed, or claimed to be owed, by co-defendant, Grand Adventures Tour & Travel Publishing Corporation ("GATT"), to Plaintiff. Interline further states that it does not owe any sums to Plaintiff, and is not liable in law or equity for the debts of GATT.

### AS TO ALL ALLEGATIONS OF THE SECOND AMENDED COMPLAINT

All allegations of the Second Amended Complaint that are not specifically admitted are hereby denied.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over Interline.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff s claim is barred by the parol evidence rule.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiffs claim is barred by the statute of frauds.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 * (860) 874-8483 * Fax: (860) 561-9823

6

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

To the extent that the Plaintiff seeks equitable relief, the same is barred by the Plaintiff's unclean hands.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Interline is not liable in law or equity for the debts of GATT.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Even if, *arguendo,* Interline could be held liable for the acts and omissions of GATT, Plaintiff's claims for relief against Interline are subject, in whole or part, to setoff and recoupment because the products sold by Plaintiff to GATT were defective, furnished in violation of Plaintiffs contractual obligations to GATT, and in breach of express warranties and the implied warranties of fitness and merchantability.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267  o  (860) 874-8483 • Fax: (860) 561-9823

7

Respectfully submitted,

DEFENDANT,
INTERLINE TRAVEL & TOUR, INC.

By: _____
LAURA F. BALDTM, ESQ.
Federal Bar Number ct 19887
Law Offices Of Laura Flynn Baldini, LLC
2 Batterson Park Road, 2nd Floor
Farmington, CT 06032
Tel. (860) 874-8483
Fax. (860) 561-9823
LBaldini@FlyBal-Law,com
Juris. No. 421267

CERTIFICATE OF SERVICE

      This is to certify that the foregoing was mailed via U.S. mail, postage prepaid on this 19th day of April, 2004 to the following counsel of record:

Jack Garamella, Esq.
Gregg A. Brauneisen, Esq.
Collins, Hannafin, Garamella, Jaber & Tuozzolo, PC
***Counsel for Plaintiff***
148 Deer Hill Avenue
P.O. Box 440
Danbury, CT 06810

By: _____
LAURA F. BALDINI, ESQ.
Law Offices of Laura Flynn Baldini, LLC