## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CALL CENTER TECHNOLOGIES, | : | CIVIL ACTION NO. 3:03CV1036 (SRU) |
| Plaintiff, | : | |
| v. | : | |
| GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION, INTERLINE TRAVEL & TOUR, INC. | : | |
| Defendants. | : | JUNE 8, 2004 |

### MEMORANDUM OF LAW
### IN SUPPORT OF DEFENDANT INTERLINE TRAVEL & TOUR INC.'S
### MOTION TO DISMISS

*Counsel for Interline Travel & Tour, Inc.:*
Laura F. Baldini, Esq.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

# TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................................... 1

II.  STATEMENT OF FACTS ........................................................................................ 1-4

    A.   Plaintiff's Complaint ........................................................................................ 1-3

    B.   Procedural History ........................................................................................... 3-4

III. ARGUMENT ............................................................................................................. 4-10

    A.   Standard for Motion to Dismiss ..................................................................... 4-6

    B.   Plaintiff's Failure To Prosecute This Lawsuit And To Comply With The Court's Scheduling Order Warrants Dismissal Of This Action With Prejudice Under Fed. R. Civ. P. 41 ........................................................................................................ 6-8

    C.   The Plaintiff's Failure To Comply With Interline's Discovery Requests Warrants Dismissal Of This Action With Prejudice Under Fed. R. Civ. P. 37 ...... 9

    D.   Good Faith Certification Concerning Discovery ..................................... 9-10

IV.  CONCLUSION ............................................................................................................. 10

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

I.   **INTRODUCTION**

Defendant Interline Travel & Tour, Inc. ("Interline"), submits the foregoing Memorandum of Law in support of its Motion to Dismiss. As will be discussed herein, the plaintiff has taken no action to prosecute its claims against the defendants in this matter and has failed to comply with the discovery deadlines in this case. For these reasons, Interline seeks dismissal of this action pursuant to Fed. R. Civ. P. 37 and 41.

II.   **STATEMENT OF FACTS**

   A.   **The Plaintiff's Complaint**

The plaintiff's Second Amended Complaint dated July 29, 2003 contains two counts. The First Count is directed to defendant Grand Adventures Tour & Travel Publishing Corporation, Inc. ("GATT"). The plaintiff alleges that pursuant to a written document called "Customer Agreement" dated June 16, 1998, GATT d/b/a Grand Adventures Tour & Travel, Inc. purchased certain goods called an Aspect Call Center. *Second Amended Complaint, Count, First Count*, ¶ 1 attached as Exhibit A. The plaintiff claims that the terms of the Customer Agreement state that it "will be governed by and enforceable under the laws of the State of Connecticut" and binding "upon both parties and their successors." *Id.* at ¶ 10. The plaintiff claims that GATT ordered additional parts in 1999 and CCTI supplied said parts. *Id.* at ¶ 11. In February 1999, the plaintiff alleges that GATT

requested the temporary use of "Intertel equipment" and that the equipment was provided to GATT with the expectation that it be returned "within a reasonable time". *Id.* at ¶ 12. The plaintiff claims that GATT never returned the Intertel equipment nor did GATT pay for said equipment. *Id.* It is alleged that the value of the Aspect Call Center, the additional parts and the Intertel equipment is $130,090.00, $30,000.00 and $30,000.00, respectively. *Id.* at ¶¶ 13-15. The plaintiff claims that although demand for payment has been made, GATT has paid the sum of $35,000.00 but has refused to pay the balance. *Id.* at ¶ 16.

The plaintiff's claim against Interline is based upon the theory of successor liability. In the Second Count, the plaintiff alleges that Interline was doing business as Interline Vacations and was incorporated in Texas on October 15, 2001. *Second Amended Complaint, Count, Second Count*, ¶ 17. The plaintiff claims that GATT "ceased its business operations soon after and was dissolved in December 2001." *Id.* at ¶ 18. It is alleged that Interline acquired the assets of GATT and, at its inception, occupied the same office space as GATT. *Id.* at ¶¶ 19-20. The plaintiff further claims that Interline uses GATT's former website to offer the same travel services as GATT, uses the same toll-free number that GATT used before its dissolution and publishes <u>Interline Adventures</u>, a travel magazine previously published by GATT. *Id.* at ¶¶ 21-23. The plaintiff asserts that Interline has a continuity of management of Defendant GATT including the individuals Duane Boyd and Joseph Juba, and a continuity of personnel. *Id.* at ¶ 24. It is alleged that Interline holds itself out to the public

Law Offices of Laura Flynn Baldini, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

2

as a continuation of GATT through its product lines and benefits from goodwill created by GATT. *Id.* at ¶ 27. The plaintiff asserts that Interline is therefore liable to the plaintiff for GATT's obligations to the plaintiff. *Id.* at ¶ 28.

Interline has denied the substantive allegations of the plaintiff's Second Amended Complaint. *See* Answer and Affirmative Defenses dated April 19, 2004 attached as Exhibit B.

**B.    Procedural History**

On September 24, 2003, counsel for the plaintiff and the undersigned submitted a proposed Scheduling Order as required by Rule 26(f) the Federal Rules. *See* Report of Parties Planning Meeting dated September 24, 2003 ("Scheduling Order") attached as Exhibit C. The proposed Scheduling Order set forth the deadlines for, among other things, completing discovery and submitting dispositive motions. On October 1, 2003, the Court approved the Scheduling Order and, among other things, ordered the parties to complete discovery by June 1, 2004 and submit dispositive motions by July 1, 2004. *See* Scheduling Order signed by The Honorable Stefan Underhill dated October 1, 2003 at Exhibit D.

From October 1, 2003, the date of the Court's entry of the Scheduling Order, to June 1, 2004, the discovery cutoff date, the plaintiff took no action to prosecute its claims against GATT or Interline. More specifically, the plaintiff did not serve interrogatories or requests for production, did not take any depositions, did not disclose any expert witnesses and did not file any requests for

Law Offices of Laura Flynn Baldini, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

3

admission. On April 19, 2004, the undersigned, on behalf of Interline, served the plaintiff with interrogatories and requests for production to obtain information and documentary support for the plaintiff's claims and Interline's affirmative defenses. *See* Interline's Interrogatories and Requests for Production dated April 19, 2004 at Exhibit E. To date, the plaintiff has failed to respond to Interline's discovery requests.

The undersigned made good faith efforts to obtain the plaintiff's compliance with its discovery requests by way of written correspondence to plaintiff's counsel dated May 25, 2004 and May 27, 2004. <u>See</u> Correspondence attached as Exhibit F. On May 28, 2004, the undersigned received plaintiff's counsel's Request to Withdraw Appearance and a telephone call from plaintiff's counsel concerning same. It was then that the undersigned learned that despite the efforts of plaintiff's counsel, responses to Interline's discovery requests would not be forthcoming.

### III. <u>ARGUMENT</u>

#### A. **Standard For Motion To Dismiss**

Fed R. Civ. P. 41(b) states that a defendant may move for dismissal of an action for failure of the plaintiff to prosecute or to comply with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b). The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of the plaintiff's failure to prosecute cannot seriously be doubted. *Lyell Theatre Corp. v. Loews*

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

4

*Corp.*, 682 F.2d 37 (2d Cir. 1981). In *Link v. Wabash Railroad Co.*, 270 U.S. 626, 8 L. Ed. 2d 734 (1962), the Supreme Court stated that:

> Neither the permissive language of the Rule [41(b)] -- which merely authorizes a motion by the defendant -- nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

*Id.* at 630-31 (footnote omitted). The Court continued by observing that the absence of notice or failure to hold a hearing does not necessarily render a dismissal void; the adequacy of notice and a hearing turn on a party's knowledge of the consequences of his own conduct. *Id.* at 632. It concluded by stating that a district court may dismiss under Rule 41(b) when circumstances make such action appropriate, without affording either notice or a hearing before it acts. *Id.* at 633.

Although dismissal with prejudice is "a harsh remedy to be utilized only in extreme situations" *Theilman v Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972), the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts. *Lyell Theatre Corp.*, 682 F.2d at 42. The primary rationale underlying a dismissal under 41(b) is the failure of plaintiff in his

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8463 • Fax: (860) 561-9823

5

duty to process his case diligently. *Id.* at 43; *Messinger v. United States*, 231 F.2d 328, 331 (2d Cir. 1956).

    B.    **Plaintiff's Failure To Prosecute This Lawsuit And To Comply With The Court's Scheduling Order Warrants Dismissal Of This Action With Prejudice Under Fed. R. Civ. P. 41**

In *Loubier v. Patterson*, 187 F.R.D. 449 (D. Conn. 1999), the Court explained that there are several factors that the Court should consider in determining whether to dismiss an action under Rule 41(b). They are: "1) the duration of the plaintiff's failure to comply with the court order; 2) whether plaintiff was on notice that failure to comply would result in dismissal; 3) whether the defendants are likely to be prejudiced by further delay in the proceedings; 4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and 5) whether the judge has adequately considered a sanction less drastic than dismissal." *Loubier v. Patterson*, 187 F.R.D. at 450; *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996); *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988). While no single factor of the *Lucas* test is dispositive, *Spencer v. Doe*, 139 F.3d 107, 113 (2d Cir. 1998), courts have required that some showing be made that the dilatory party had notice that its failure to respond to discovery would result in dismissal. *Loubier*, 187 F.R.D. at 450; *Lucas*, 84 F.3d at 535.

The present case should be dismissed with prejudice because the plaintiff has failed to prosecute its case against Interline with due diligence. In the eight months since the Court entered its

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

6

Scheduling Order, the plaintiff has done **absolutely nothing** to proceed with its breach of contract claim against GATT and its successor liability claim against Interline. The plaintiff has not served any discovery, disclosed any expert witnesses, taken any depositions or served any requests for admission to find support for its sensational allegations. In addition, the plaintiff has failed to respond to Interline's discovery requests (in violation of Fed. R. Civ. P. 26) and has violated the terms of Court's Scheduling Order which requires that all discovery be completed by June 1, 2004. In essence, the plaintiff has done nothing to advance its own interests in this case and has deliberately withheld information from Interline.

The plaintiff cannot seriously contend that it is unaware that dismissal of this action is a viable and likely result of its own inaction. Plaintiff's own counsel has disclosed that the plaintiff has acted against the advice of its own attorneys and has willfully and deliberately refused to comply with Interline's discovery and the Court's Scheduling Order. In the Request for Leave To Withdraw Appearance filed by Attorney Jack Garamella of Collins, Hannafin, Garamella, Jaber & Tuozzolo, PC, plaintiff's current counsel, Attorney Garamella states that:

> [t]he Plaintiff in this case has failed to cooperate with counsel regarding conducting discovery and the Plaintiff has failed to cooperate with counsel regarding answering Defendant Interline Travel & Tour, Inc.'s Interrogatories [and Requests for Production]. Plaintiff's failure to cooperate with counsel continues despite repeated written requests and phone calls from counsel asking Plaintiff to provide information regarding discovery, a large part of which was to take place in Texas, and that Plaintiff answer Defendant Interline Travel & Tour's Interrogatories [and Requests for Production]. The Plaintiff's failure to cooperate

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

7

>and communicate with counsel has made it impossible for counsel to provide any kind of effective representation to the Plaintiff.

See Request for Leave To Withdraw Appearance dated May 27, 2004 at pp. 1-2. Moreover, according to the Scheduling Order signed by plaintiff's counsel, the plaintiff received a copy of the Court's Scheduling Order which set forth the deadlines concerning discovery and other matters and was advised that the parties had agreed to "cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action." See Scheduling Order at p. 10. The circumstances reveal that the plaintiff certainly knew what the consequences would be for its failure to cooperate in completing discovery and cannot argue that it has been deprived of its right to due process.

The plaintiff's Second Amended Complaint should also be dismissed because the plaintiff's dilatory conduct has prejudiced, and will continue to prejudice, Interline in this matter. Interline is completely uninformed as to the claimed documentary support for plaintiff's claims. Interline has specifically requested that the plaintiff "[i]dentify and produce all non-privileged documents in [its] possession, custody or control. . . to support [its] claims against Interline as alleged in the Second Amended Complaint." See Interline's Interrogatories and Requests for Production dated April 19, 2004 at Exhibit E. Without this information and the other discovery requested, Interline cannot adequately prepare dispositive motions (due July 1, 2004) or its case for trial (scheduled for September 1, 2004). For these reasons, the plaintiff's lawsuit should be dismissed in its entirety.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8463 • Fax: (860) 561-9823

8

### C. The Plaintiff's Failure To Comply With Interline's Discovery Requests Warrants Dismissal Of This Action With Prejudice Under Fed. R. Civ. P. 37

Rule 37 pertains to dismissals for a party's failure to obey a discovery order. Fed. R. Civ. P. 37(b)(2)(C). *Loubier*, 187 F.R.D. at 450. A court may dismiss a case with prejudice under Rule 37(b) only after a court finds "willfulness, bad faith, or fault on the part of the party refusing discovery." *Simmons v. Abruzzo*, 49 F.3d 83, 88 (2d Cir. 1995); *Bobal v. Rensselear Polytechnic Institute*, 916 F. 2d 759, 764 (2d Cir. 1990), *cert. denied*, 499 U.S. 943, 113 L.Ed. 2d 459, 111 S. Ct. 1404 (1991).

Interline seeks a dismissal of the plaintiff's lawsuit on the additional grounds that, for the reasons discussed in Section B, *supra*, the plaintiff has willfully, and in bad faith, failed to respond to Interline's Interrogatories and Requests for Production dated April 19, 2004. Pursuant to the Federal Rules, the plaintiff's discovery responses were due May 19, 2004. To date, the deadline to respond to these discovery requests has passed and, despite Interline's efforts to obtain compliance (see correspondence attached as Exhibit F), the plaintiff has not responded to Interline's discovery requests, thereby hindering Interline's efforts to prepare its case for trial. Given the plaintiff's willful and deliberate failure to respond to Interline's discovery and the plaintiff's refusal to prosecute this case, the Court should dismiss this action with prejudice.

### D. Good Faith Certification Concerning Discovery

The undersigned certifies that it has made no less than two good faith attempts to seek the plaintiff's compliance with Interline's April 19, 2004 discovery requests without the Court's

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

9

intervention. As evidenced from the correspondence attached hereto as Exhibit F, the undersigned attempted to confer with plaintiff's counsel on May 25, 2004 and May 27, 2004 via written correspondence to obtain the plaintiff's Reponses to Interline's discovery. On May 28, 2004, the undersigned learned of the Request to Withdraw that was filed by plaintiff's counsel on May 27, 2004 and is currently pending before this Court.

IV. **CONCLUSION**

There can be no lesser sanction than dismissal of this action with prejudice. The plaintiff has demonstrated that it has no intention of proceeding with this case. The plaintiff has ignored the advice of its own counsel and has refused to engage in, or comply with, discovery in this matter. The plaintiff's dilatory conduct has resulted in the unnecessary expenditure of defense costs on behalf of Interline and has prejudiced Interline in its preparation of its case. In the interests of justice and in furtherance of the efficient administration of judicial affairs, the Court should dismiss this action with prejudice and award Interline the costs of making this motion.

**WHEREFORE**, Interline respectfully moves that the court issue an order dismissing this action with prejudice and awarding Interline the costs of filing this motion. In the alternative, Interline respectfully requests that the Court enter any of the orders that are authorized under Fed. R. Civ. P. 37 and 41. In addition, should this Court deny the foregoing motion or in any way extend the time for plaintiff to comply with Interline's discovery requests, Interline respectfully requests a

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

10

modification of the Court's Scheduling Order and a thirty (30) day extension of the deadline to file dispositive motions in this case.

                                                   Respectfully submitted,

                                                   DEFENDANT,
                                                   INTERLINE TRAVEL & TOUR, INC.

By: _____
LAURA F. BALDINI, ESQ.
Federal Bar Number ct19887
Law Offices Of Laura Flynn Baldini, LLC
2 Batterson Park Road, 2nd Floor
Farmington, CT 06032
Tel. (860) 874-8483
Fax. (860) 561-9823
LBaldini@FlyBal-Law.com
Juris. No. 421267

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

11

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing was mailed via U.S. mail, postage prepaid on this 8th day of June, 2004 to the following counsel of record:

Gregg A. Brauneisen, Esq.
Jack Garamella, Esq.
Collins, Hannafin, Garamella, Jaber & Tuozzolo, PC
*Counsel for Plaintiff*
148 Deer Hill Avenue
P.O. Box 440
Danbury, CT 06810

*And to:*

The Honorable Stefan Underhill
United States District Court
915 Lafayette Boulevard
Bridgeport, CT 06604

By: _____
LAURA F. BALDINI, ESQ.
Law Offices of Laura Flynn Baldini, LLC

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

12