# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CALL CENTER TECHNOLOGIES, | CIVIL ACTION NO. 3:03CV1036 (SRU) |
| Plaintiff, | |
| v. | |
| GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION, INTERLINE TRAVEL & TOUR, INC. | |
| Defendants. | SEPTEMBER 24, 2003 |

**REPORT OF PARTIES' PLANNING MEETING**

**Date Complaint Filed:**

This case was originally venued in Connecticut Superior Court for the Judicial District of Danbury.

The plaintiff, Call Center Technologies, Inc. ("CCTI"), filed its initial Complaint in Danbury Superior Court on August 27, 2002. The initial Complaint was directed only to defendant Grand Adventures Tour & Travel Publishing Corporation ("GATT"). Defendant Interline Travel & Tour, Inc. ("Interline") became a party to this action by virtue of the plaintiff's Motion to Cite In dated

March 31, 2003 that was granted by Danbury Superior Court on April 21, 2003.[1] Thereafter, the plaintiff filed an Amended Complaint dated May 12, 2003.

On or about August 28, 2003, plaintiff's counsel filed a Motion for Leave to Amend CCTI's Amended Complaint. This Court granted the motion despite the fact that Interline filed a Motion to Dismiss the Amended Complaint. The Court granted the plaintiff's motion but indicated in its decision that Interline's Motion to Dismiss will be considered in light of the allegations set forth in the plaintiff's Second Amended Complaint.

**Date Complaint Served:**

Interline was not named nor served with a copy of the plaintiff's initial Complaint. Interline was served with a copy of the plaintiff's Amended Complaint on or about May 14, 2003. Interline was also provided a copy of the plaintiff's Second Amended Complaint on or about August 28, 2003.

**Date of Defendants' Appearance:**

Interline filed an Appearance with this Court on June 17, 2003.

GATT has not appeared in this action.

---

[1] On June 10, 2003, Interline filed a Notice of Removal with this Court seeking to remove this action to federal court based upon jurisdiction under 28 USC §1332(a). The Court granted Interline's petition for removal on or about June 12, 2003.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

2

Pursuant to Fed.R.Civ.P. 16(b), 26(f) and D.Conn.L.Civ.R. 38, a conference was held on September 23, 2003. The participants were:

- Gregg Brauneisen, Esq. for Jack Garamella, Esq. of Collins, Hannafin, Garamella, Jaber & Tuozzolo, PC for the plaintiff.

- Laura F. Baldini, Esq. of the Law Offices of Laura Flynn Baldini, LLC for defendant Interline Travel & Tour, Inc.

- Defendant Grand Adventures Tour & Travel Publishing Corporation did not participate in the conference, despite efforts by counsel to reach a representative of the company.

## I.  Certification.

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

3

**II.      Jurisdiction.**

      *A.      Subject Matter Jurisdiction:*

      This Court has original jurisdiction over this action pursuant to 28 U.S.C. 1332(a) because the matter in controversy exceeds the sum of $75,000, exclusive of interest or costs, and is between citizens of different states.

      *B.      Personal Jurisdiction:*

      Interline contests personal jurisdiction in this matter.[2]

**III.     Brief Description of Case**

      *A.      Plaintiff's Claims.*

CCTI alleges in its "Amended Complaint"[3] dated August 28, 2003, that Interline is obligated to pay CCTI for certain equipment and parts that the plaintiff provided to co-defendant, GATT. In particular, the plaintiff alleges that "pursuant to a Customer Agreement dated June 16, 1998, the Defendant, Grand Adventures Tour & Travel Publishing Corporation, d/b/a Grand Adventures Tour & Travel, Inc. ("GATT") purchased from the plaintiff, Call Center Technologies, Inc., certain goods

---

[2] On June 14, 2003, Interline filed a Motion to Dismiss. The grounds for the motion are that this Court lacks jurisdiction over Interline under both Connecticut's long arm statute, Conn. Gen. Stat. §33-929, and U.S. Const. Amend. V and XIV. This motion has not yet been ruled upon by this Court.

[3] This pleading is really a Second Amended Complaint since the plaintiff already served an Amended Complaint on or about May 12, 2003.

Law Offices of Laura Flynn Baldini, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

4

called an Aspect Call Center." *See* Amended Complaint, First Count at ¶ 1. The plaintiff claims that GATT ordered additional parts from the plaintiff in 1999 which the plaintiff supplied to GATT and that GATT requested the temporary use of Intertel equipment in February 1999 which the plaintiff also provided. *Id.* at ¶¶ 11-12. The plaintiff claims that GATT never returned the Intertel equipment nor did the plaintiff pay for such equipment. *Id.* at ¶ 12. The plaintiff claims that the value of the Aspect Call Center is $130,090.00, the additional requested parts is $30,000.00 and the Intertel equipment is $30,000.00. *Id.* at ¶¶ 13-15. The plaintiff alleges that although it has requested payment from GATT, GATT has paid only $30,000.00 and has refused and neglected to pay the balance. *Id.* at ¶ 16.

The plaintiff claims that Interline is obligated to compensate the plaintiff for the parts and equipment provided to GATT. The plaintiff asserts, among other things, that Interline acquired the assets of GATT, has a continuity of management of GATT, holds itself out to the public as a continuation of GATT, is a successor of GATT and is therefore liable for GATT's obligations to the plaintiff. Amended Complaint, Second Count at ¶¶ 19, 24, 27-28.

  B. *Defenses and Claims (Counterclaims, Third Party Claims, Cross-Claims of Defendant(s):* Interline contests personal jurisdiction in this matter. Interline also denies the substantive allegations of the plaintiff's Second Amended Complaint.

  C. *Defenses and Claims of Third Party Defendants*: N/A

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

5

**IV.    Statement of Undisputed Facts:**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. CCTI is a Delaware corporation with a principal place of business in Brookfield, Connecticut.

2. Interline is a privately-held Texas corporation with a principal place of business in Austin, Texas.

3. Interline is engaged in the business of providing discounted rates on cruises, hotels and resorts to active and retired airline employees, their parents, family members and friends.

4. Duane Boyd was a shareholder and director of GATT.

**V.    Case Management Plan.**

    **A.    *Standing Order on Scheduling in Civil Cases.***

The parties request modification of the deadlines in the in the Standing Order on Scheduling in Civil Cases as follows:

    **B.    *Scheduling Conference With The Court.***

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed.R.Civ.P. 16(b).

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

6

C. *Early Settlement Conference.*

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2. The parties request an early settlement conference.

3. The parties prefer a settlement conference with the presiding judge.

4. The parties do not request a referral for alternative dispute resolution pursuant to D.Conn.L.Civ.R. 36.

D. *Joinder of Parties and Amendment of Pleadings.*

1. Plaintiff(s) should be allowed until November 1, 2003 to file motions to join additional parties and to file motions to amend pleadings.

2. Defendant(s) should be allowed until December 1, 2003 to file motions to join additional parties and to file a response to the Complaint.

E. *Discovery.*

1. The parties anticipate that discovery will be needed on the following subjects:

    a. GATT records relating to the ordering and receipt of the Aspect Call Center from the plaintiff.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

7

      b.      The location of the Intertel equipment the plaintiff shipped to GATT in February 1999.

      c.      Whether Interline acquired title and/or possession of a) the Aspect Call Center; and 2) the Intertel Equipment as alleged in the Second Amended Complaint.

      d.      Whether GATT had a toll free telephone number and web site and whether Interline possessed and used GATT's former web site and toll-free phone number.

      e.      Whether GATT published <u>Interline Adventures</u> magazine and whether Interline acquired and published said magazine.

      f.      The identity of the owners and employees of Interline and whether such owners and employees had previous affiliations with GATT.

2. All discovery, including depositions of expert witnesses pursuant to Fed.R.Civ.P. 26(b)(4), will be commenced by October 1, 2003 and completed (not propounded) by June 1, 2004.

3. Discovery will not be conducted in phases.

4. Discovery will be completed by June 1, 2004.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

8

5. The parties anticipate that the plaintiff(s) will require a total of 6 depositions of fact witnesses and that the defendants will require a total of 3 depositions of fact witnesses. The depositions will commence by October 1, 2003 and be completed by June 1, 2004.

6. The parties will request permission to serve more than twenty-five (25) interrogatories.

7. Plaintiff intends to call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.R.Civ.P. 26(a)(2) by February 1, 2004. Depositions of any such experts shall be completed by March 15, 2004.

8. Defendants may call expert witnesses at trial. The Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.R.Civ.P. 26(a)(2) by April 1, 2004. Depositions of any such experts shall be completed by June 1, 2004.

9. Any party who has a claim or counterclaim for damages will provide a damage analysis by June 1, 2004.

F. *Dispositive Motions.*

Dispositive motions will be filed on or before July 1, 2004.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

9

    **G.**    *Joint Trial Memorandum.*

    The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Case will be filed by August 1, 2004.

**VI.**    **Trial Readiness.**

The case will be ready for trial by September 1, 2004.


As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.


    Plaintiff,
    CALL CENTER TECHNOLOGIES, INC.

By: _____ Date: 1-26-03
    JACK GARAMELLA, ESQ.
    Federal Bar Number: ct05973
    Collins, Hannafin, Garamella, Jaber & Tuozzolo, PC
    148 Deer Hill Avenue
    P.O. Box 440
    Danbury, CT 06810
    Tel. (203) 744-2150
    Fax (203) 791-1126
    jgaramella@chgjtlaw.com

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

10

Defendant,
INTERLINE TRAVEL & TOUR, INC.

By: _____[signature]_____ Date: 9·24·3
LAURA F. BALDINI, ESQ.
Federal Bar Number ct19887
Law Offices Of Laura Flynn Baldini, LLC
2 Batterson Park Road, 2nd Floor
Farmington, CT 06032
Tel. (860) 874-8483
Fax. (860) 561-9823
LBaldini@FlyBal-Law.com
Juris. No. 421267

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

11