# EXHIBIT D

FILED

2003 SEP 29  A  9 45

U

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| CALL CENTER TECHNOLOGIES, | CIVIL ACTION NO. 3:03CV1036 (SRU) |
| Plaintiff, | |
| v. | |
| GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION, INTERLINE TRAVEL & TOUR, INC. | |
| Defendants. | SEPTEMBER 24, 2003 |

## REPORT OF PARTIES' PLANNING MEETING

**Date Complaint Filed:**

This case was originally venued in Connecticut Superior Court for the Judicial District of

nbury.

The plaintiff, Call Center Technologies, Inc. ("CCTI"), filed its initial Complaint in Danbury

perior Court on August 27, 2002. The initial Complaint was directed only to defendant Grand

ventures Tour & Travel Publishing Corporation ("GATT"). Defendant Interline Travel & Tour,

. ("Interline") became a party to this action by virtue of the plaintiff's Motion to Cite In dated

Report Approved. Discovery cutoff date July 1, 2004
Dispositive motions due by July 1, 2004
Status Conference to be held on Nov. 14, 2003
An order indicating the Conference time will separately issue.
SO ORDERED
10/1/03

Stefan R. Underhill, U.S.D.J.

# EXHIBIT E

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CALL CENTER TECHNOLOGIES, | : | CIVIL ACTION NO. 3:03CV1036 (SRU) |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| GRAND ADVENTURES TOUR & | : | |
| TRAVEL PUBLISHING CORPORATION, | : | |
| INTERLINE TRAVEL & TOUR, INC., | : | |
| | : | |
| Defendants. | : | APRIL 19, 2004 |

## INTERLINE TRAVEL & TOUR, INC.'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF

Pursuant to Rule 33 of the Federal Rules Civil Procedure and Local Rule of Civil Procedure 9(d), defendant Interline Travel & Tour, Inc. ("Interline" or "Defendant") hereby request that plaintiff Call Center Technologies, Inc. ("CCTI") answer, within 30 days of the date of service of these Interrogatories, the following Interrogatories separately, in writing and under oath. These Interrogatories are continuing and subject to the requirement of Rule 26(e) of the Federal Rules of Civil Procedure that answers thereto be supplemented or amended without notice or demand from the

Defendant, if further information with respect to the subject matter of any of these Interrogatories is

obtained after the answers to these Interrogatories are served.

Defendant also requests, pursuant to Rule 34 of the Federal Rules of Civil Procedure, that

Plaintiff produce within 30 days of the date of service of this request for production those documents

requested below within his possession, custody, or control.  The obligation to produce these

documents is of a continuing nature.  If at any time after compliance with this request for production

Plaintiff should acquire possession, custody, or control of any additional documents responsive to this

request for production, he must produce such documents to the undersigned attorneys for the

Defendant within ten days of their receipt.

## DEFINITIONS AND INSTRUCTIONS

A.    Except as specifically defined below, the definitions set forth in Local Rule 39 shall control.

B.    "Document" means all written, reported, recorded, or graphic matter, however produced or reproduced, within the meaning of Rule 34 of the Federal Rules of Civil Procedure and/or Rule 1001 of the Federal Rules of Evidence, now or at any time in plaintiffs' possession, custody, or control, or that of its agents, attorneys, or representatives, including without limitation correspondence, notices, memoranda, interoffice communications, written notes, records of telephone conversations, telephone messages, telegrams, telexes, teletypes, minutes of meetings, reports, stenographers' notebooks, calendars, appointment books, diaries, logs, data sheets, computer printouts, contracts, subcontracts, agreements, deeds, mortgages, options, licenses, invoices, bills, quotations, purchase orders, ledgers, books of account, journals, posting records, cost reports, payment records, payment requisitions, equipment cost records, procurement records, vouchers, receipts, drafts, notes, checks, negotiable instruments, balance sheets, financial statements, profit and loss statements, disclosure statements, income tax returns, escrow agreements, powers of attorney, insurance policies, surveys, charge slips, account reports, working papers, charts, graphs, diagrams,

drawings, plans, specifications, schedules, indexes, statistical records, analyses, statements, papers, records, estimates, authorizations, notice to proceed authorizations, certificates, inventories, lists, tapes and records of all types, microfilms, microfiche, studies, books, pamphlets, and any preliminary drafts, amendments and addenda of any of the aforementioned categories of documents, photographic prints, transparencies, moving pictures, videotapes, voice recordings, and every other device or medium on which or through which information of any type is transmitted, recorded or preserved. The term "document" also means a copy where the original is not in plaintiffs' possession, custody, or control and every copy and/or draft of a document if such copy or draft is not an identical duplicate of the original. Without limiting the term "control" as used above, a document is deemed to be in plaintiffs' control if they have the right to secure the document or a copy thereof from another person or public or private entity having possession or custody thereof.

C.    The terms "you," "your," and "yours" mean plaintiff, plaintiffs, plaintiff's agents, attorneys, or representatives, plaintiff's parent(s), partners, plaintiff's family members, or any agent, attorney, representative, assign, successor, or predecessor of any of the foregoing.

D.    The term "Defendant" shall mean Interline Travel & Tour, Inc.

E.    "Describe" and "identify" have the following meaning:

    1.    When description or identification of a natural person is requested, state his or her full name and present or last known employer, title and position, home and business addresses and telephone numbers, as of the time of answering the interrogatory (stating the latest date at which you know this information to have been correct).

    2.    When description or identification of a business entity is requested, state its full name and its last known address and telephone numbers, as of the time of answering the interrogatory (stating the latest date at which you know this information to have been correct).

    3.    Unless otherwise specified, when description or identification of a document is requested herein, either produce the document in accordance with the accompanying document request or set forth the type of document and its title, subject matter, substance, length, and date and each author, sender, and recipient and any other identifying information. If any document was, but is

not now, within your possession, custody, or control, state the disposition which was made of it, by whom such disposition was made, the reason therefore, and the date thereof.

F.    All items of these Interrogatories and this request for production of documents call for information spanning the entire period ("Period") from June, 1998, up to and including the date of service of your answers hereto, unless otherwise specified.

G.    "And" as well as "or" shall be construed disjunctively as well as conjunctively as necessary in order to bring within the scope of these interrogatories and this request for production all information which might otherwise be construed to be outside its scope.  Similarly, references to the singular shall include the plural and references to the plural shall include the singular; references to the masculine gender shall include references to the feminine gender; the use of the past tense shall include the present tense and the use of the present tense shall include the past tense.

H.    The terms "refer to," "relate to" and "reflect" mean constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, mentioning, concerning and/or pertaining to.

I.    To the extent that you object to answering any interrogatory or to describing, identifying, or producing any document, in whole or in part, on the basis of any privilege, state the nature of the privilege claimed and the basis thereof; describe the general subject matter of the communication or document which you claim is privileged; identify and describe the parties to the communication and the party initiating the communication; state the date of the communication; state the approximate time and duration of the communication and the locations of the parties to it; and as to documents, describe in addition the type of document (e.g., letter, invoice, report), its length, and its date of writing, creation, or publication, and identify each person by or for whom the document was prepared and to whom it was delivered or sent or who otherwise received it.

J.    If you contend that it would be unreasonably burdensome to obtain and provide all the information called for in response to any one of these interrogatories or to obtain and produce documents in response to this request for production of documents, then in response to the appropriate interrogatory or appropriate document request:

1.    Set forth all information which is available to you without undertaking what you contend to be a unreasonable burden;

2.     Describe with particularity the efforts made by you or on your behalf to secure such information or documents, including without limitation identification of persons consulted, description of files, records, and documents reviewed, and identification of each person who participated in the gathering of such information or documents, with specification of the amount of time spent and nature of work done by such person; and

3.     State with particularity the grounds on which you contend that additional efforts to obtain such information or documents would be unreasonably burdensome.

K.     Should any item in this Request seek documents which once were, but are no longer, in existence or in your possession, custody, or control and where you have or reasonably should have knowledge of such fact, you are required to provide:

1.     With respect to a document known or believed to have existed but no longer existing, a description of the type of document (e.g., letter, invoice, report), the subject matter of the document, its length, and its date of writing, creation, or publication, identification of each person by or for whom the document was prepared and to whom it was delivered or sent or who otherwise received it, its last known custodian, and the date on which and the circumstances under which the document was lost or destroyed or other became unavailable; and

2.     With respect to a document once in your possession, custody, or control or that of your attorneys but no longer in your or their possession, custody, or control, the information required in subparagraph (1) above, the date on which and the circumstances under which the document was disposed of, destroyed, or surrendered or otherwise left in your possession or that of your attorneys, the identification of its present custodian, and the location of such document.

L.     As used herein, the term "Second Amended Complaint" refers to the complaint filed by CCTI in the United States District Court on July 28, 2003 bearing the index number 3:03 CV 1036 (SRU).

M.     As used herein, the term "Equipment" refers to all hardware, software, goods and equipment of any kind provided to or sold to GATT in connection with the Customer

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9898

5

Agreement alleged in your Second Amended Complaint dated July 28, 2003.  The term Equipment shall include, but not be limited to, the "Aspect Call Center", "additional parts" and "Intertel equipment" set forth in Paragraphs 13-15 of your Second Amended Complaint.

## INTERROGATORIES

1.  Please identify the person(s) answering these interrogatories on behalf of CCTI.  Your response should include the individual's full name and any other name(s) by which he/she has been known; his/her date of birth, Social Security number, business title and business address.

ANSWER:

2.  Itemize in complete detail each and every piece of Equipment that you allegedly provided to defendant, Grand Adventures Tour & Travel Publishing Corporation ("GATT"), in connection with the Customer Agreement alleged in your Second Amended Complaint dated July 28, 2003.  Your response should include model numbers, manufacturer's name, brand name, serial numbers, cost of each piece of Equipment and the date of delivery to GATT.

ANSWER:

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
_____ _____ 481967 • (860) 874-8488 • Fax: (860) 561-9828

6

3.  Please identify who manufactured the Equipment.  Your answer should include the name and

    address of the manufacturer(s) of the Equipment; the nature of the relationship between CCTI

    and the manufacturer(s) (if CCTI did not manufacture the Equipment); the date(s) the

    Equipment was manufactured; and how the Equipment was distributed from the

    manufacturer(s) to GATT.

ANSWER:

4.  Please identify by date, number and substance all technical service bulletins, service messages

    and recall campaigns related to the Equipment.

ANSWER:

5.  State all terms and conditions, in detail, of any guarantees, warranties, and/or service contracts

    made by CCTI or its agents relating to the Equipment.

ANSWER:

6. Did CCTI or any of its agents disclaim or in any way limit the express or implied warranties applicable to the Equipment? If so, please identify the person providing same to GATT, the date, time and place same was provided to GATT and include whether the disclaimer was written or oral.

ANSWER:

7. State the name and address of each of your zone, regional, or customer service representatives in your present and former employ that were responsible for overseeing the repairs or customer satisfaction of GATT and the Equipment that is the subject matter of this action.

ANSWER:

8. Was any service, maintenance or other repair(s) performed on the Equipment by or at the direction of CCTI subsequent to the date said Equipment was initially delivered to GATT?

ANSWER:

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421967 • (860) 874 8483 • Fax: (860) 561 0828

8

9.  If the answer to the above interrogatory is yes, please identify the service, maintenance or other repair(s) performed on the Equipment.  Your answer should include the date of such service, maintenance or repair, the nature of the service, maintenance or repair; the reason for the service, maintenance or repair; whether the service, maintenance or repair was Year 2000 related; the person performing the service (including his or her name, address, telephone number and whether he or she is still employed by you) and a list, by name and part number, of any parts replaced, installed or removed in connection with the service, maintenance or repair.

ANSWER:

10.  If the answer to Interrogatory 8 is yes, please state whether all or part of the cost of such service, maintenance or repair was covered by warranty.  Please include in your answer the amount paid under warranty and the amount paid by GATT for the service.

ANSWER:

11.  Was the Equipment year two thousand compliant when it left the manufacturer and before it was delivered to GATT?

ANSWER:

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421967 • (860) 874-8463 • Fax: (860) 561-9823

9

12. Please state the present wholesale and retail value of the Equipment, assuming for this

purpose that the Equipment is in good condition. Please include in your answer any source(s)

used in answering this Interrogatory.

ANSWER:

13. Is the Equipment of the type sold to GATT still available or sold today?

ANSWER:

14. If the answer to the above interrogatory is no, please state the date the Equipment was taken

off the market and the reason(s) why the Equipment was taken off the market.

ANSWER:

15. Itemize in complete detail your claim of monetary loss in this case.  Your response should

include, but not be limited to, an itemization of your claim for the value of the "Aspect Call

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 491967 • (860) 874-8483 • Fax: (860) 561-9893

10

Center", "additional parts" and "Intertel equipment" set forth in Paragraphs 13-15 of your

Second Amended Complaint.

ANSWER:

16. Did CCTI ever receive any complaints from GATT relating to the operation, functionality,

installation, compatibility, or service of any of the Equipment that CCTI allegedly provided to

GATT?

ANSWER:

17. If the answer to the above interrogatory is yes, please indicate the name and address of the

person who issued the complaint(s), the nature of the complaint(s), the date of the

complaint(s), whether the complaint(s) was written or oral and what, if any, action CCTI took

in response to the complaint(s).

ANSWER:

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421967 • (860) 874-8483 • Fax: (860) 561-9898

11

18. State the full name and last known address, giving the street, street number, city and state of every person known to you or your attorneys who has any relevant knowledge regarding the facts and/or circumstances of the claims against the Defendants in this case.  If any of the witnesses who might be used at the trial are related to plaintiff or to each other, please state the nature of such relationship.

<u>ANSWER:</u>


19. For each witness identified above, state the subject matter on which each witness is expected to testify, the substance of the facts to which each witness is expected to testify and a summary of the grounds for such testimony.

<u>ANSWER:</u>


20. State the names and addresses of all experts whom you intend to call as an expert witness at trial.

<u>ANSWER:</u>

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 491967 • (860) 874-8483 • Fax: (860) 561-9823

12