UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------:
CALL CENTER TECHNOLOGIES,                : CIVIL ACTION NO. 3:03CV1036
(SRU)                        Plaintiff,           :
v.                                                           :
                                                             :
GRAND ADVENTURES TOUR &          :
TRAVEL PUBLISHING CORPORATION,  :
INTERLINE TRAVEL & TOUR, INC.          :
                                                             :
            Defendants.                           :
                                                             :
                                                             : November 15, 2004
------------------------------------------------------------:

**CALL CENTER TECHNOLOGIES' INITIAL OBJECTION TO DEFAULT JUDGMENT AND MOTION FOR EXTENSION OF TIME TO FULLY RESPOND TO MOTION FOR DEFAULT JUDGMENT**

1.   Call Center Technologies, Inc. ("CCT"), the plaintiff in the above-captioned matter respectfully opposes entry of a default judgment against it, and respectfully requests a twenty (20) day extension of time (until December 6, 2004) to fully respond to the motion of defendant Interline Travel & Tour Inc. ("Interline") for entry of a default judgment against CCT.

**NO ORAL ARGUMENT REQUESTED**
**TESTIMONY NOT REQUIRED**

1

1. In this action CCT asserts a claim for breach of contract against Interline as a successor to defendant Grand Adventures Tour & Travel Publishing Corporation for the latter's purchase of certain parts and equipment being used by Interline.

2. By order dated August 24, 2004, CCT was required to retain substitute counsel on or before September 20, 2004, after the Court had granted the Motion to Withdraw as Counsel filed by CCT's former counsel, Collins, Hannafin, Garamella Jabber & Tuozzolo PC. If substitute counsel was not timely retained, then CCT would "be defaulted for failure to appear, which could lead to entry of a judgment against that plaintiff and in favor of the defendants." (August 24, 2004 Order).

3. On September 24, 2004, Interline filed a notice of CCT's noncompliance with the August 24, 2004 Order. By Electronic Endorsement Order dated October 19, 2004, this Court granted Interline's motion for default entry and directed Interline to file a motion for a default judgment no later than November 18, 2004. Interline filed a motion for a default judgment on October 27, 2004. Pursuant to the twenty one (21) day Rule 7(a)(1) of the Local Rules of this Court, CCT has until November 17, 2004 to file a memoranda objecting to this motion. Since the issues herein do not raise any complicated legal issues, CCT requests waiver of having to file a memorandum of law, but relies on this pleading and the accompanying affidavit of Dean Vlahos, the president of CCT, sworn to on November 16, 2004, as the basis for the relief requested in this application.

4. Within the last few days, CCT retained the undersigned law firm of Solomon Pearl Blum Heymann & Stich, LLP ("SPB"), 40 Wall Street, New York, New York 10004 to represent it as substitute counsel in the above-captioned civil action. SPB has filed an

appearance in this case and is quickly learning what this case is all about, and working together with CCT to prepare an appropriate response to the Default Motion and Interline's prior motion seeking to dismiss this action, and to address the issues raised by the Court's Order dated August 24, 2004. To be able to adequately represent CCT, SPB needs an extension of twenty (20) days to file a proper response to the default judgment motion.

5.  This is CCT's first request for an extension of time to respond to the default judgment motion, and upon information and belief CCT has not requested an extension of any time period in this case.

6.  The undersigned has verbally advised Interline's counsel of the instant motion but was not able to ascertain its position with respect to it.

**WHEREFORE,** CCT respectfully requests that its motion for extension of time be granted and that it be granted such other and further relief as this Court deems just and proper.

Respectfully submitted,

_____
David Stich, Esq. (admitted in Connecticut)
Solomon Pearl Blum Heymann & Stich LLP
40 Wall Street, 35th Floor
New York, New York 10005
(212) 267-7600

## **ORDER**

The foregoing Motion, having been duly presented to this Court, it is hereby ORDERED, that the same be and hereby is   GRANTED/DENIED.

THE COURT,

_____

JUDGE/Clerk

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was (i) mailed via U.S. mail, postage prepaid, (ii) sent by overnight delivery service and (iii) faxed on this 16th day of November, 2004 to the following counsel of record:

Laura Flynn Baldini, Esq.
Law Offices of Laura Flynn Baldini, LLC
2 Batterson Park Road, 2nd Floor
Farmington CT 06032
Fax No. (860) 561-9823

Yesenia Zea

Sworn to before me this
22nd day of November, 2004

Notary Public, State of New York

Jill H. Teitel
Notary Public, State of New York
Registration #02TE5069470
Qualified in New York County
My Commission Expires Nov. 25, 1998 2006

5