UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------x
CALL CENTER TECHNOLOGIES, INC.,    :
                                   :
       Plaintiff,                  :
                                   :
       v.                          :
                                   :   Civil Action No. 3:03CV1036 (DJS)
GRAND ADVENTURES TOUR &             :
TRAVEL PUBLISHING CORPORATION,     :
INTERLINE TRAVEL & TOUR, INC.,     :
                                   :
       Defendants.                 :   April 14, 2005
---------------------------------------------------------x

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT
INTERLINE TRAVEL & TOUR, INC., TO ANSWER
INTERROGATORIES AND TO PRODUCE DOCUMENTS**

Pursuant to Local Civil Rule 37(a)(3), Plaintiff Call Center Technologies, Inc. ("CCT") respectfully submits this memorandum in support of its Motion to Compel Defendant Interline Travel & Tour, Inc. ("Interline") to to Answer Interrogatories and to Produce Documents, filed simultaneously herewith. As more fully set forth herein, and pursuant to Rule 34(b), 36(a), and 37 (a) of the Federal Rules of Civil Procedure, CTT hereby respectfully request an order overruling Interline's objections to the Plaintiff's First Set of Interrogatories, Interrogatory numbers 4,12,15,16,17 & 24, compelling Interline to fully and completely answer Interrogatories numbers 4,12,15,16,17 & 24 overruling Interline' objections to document

production numbers 1 & 2 and compelling Interline to comply with document production numbers 1 & 2. A true copy of CIT's Amended Complaint is attached as Exhibit "A". A ture copy of Interline's Second Amended Answer is attached as Exhibit "B". A true copy of Interline's Response to CCT's Interrogatories is attached as Exhibit C.

### I. Statement of the Nature of the Case

1. This is an action for breach of contract and damages as against defendant Grand Adventures Tour & Travel Publishing Corporation ("GATT"), and seeking to hold liable for same the defendant Interline Travel & Tour, Inc., ("Interline" or "Defendant") under the theory of successor liability.

2. The Plaintiff commenced an action against GATT in the Connecticut Superior Court, Judicial District of Danbury, and obtained a default as to liability against GATT for GATT's failure to appear or to plead.

3. Interline removed the case to the United States District Court for theDistrict of Connecticut, after which Interline immediately moved to dismiss the action, alleging this Court's lack of personal jurisdiction over Interline.

4. The Plaintiff moved this Court (Underhill, J.) to amended its complaint to plead additional jurisdictional facts in response to Interline's motion to dismiss, which motion was granted on August 20, 2003, and thereafter the Plaintiff's second amended complaint was filed on or about August 28, 2003.

5.  On November 10, 2003, this Court (Underhill, J.) denied Interline's motion to dismiss without prejudice, allowing Interline to raise its personal jurisdiction challenge at trial.

6   On November 26, 2003 the defendant Interline filed its initial Answer & Affirmative Defenses of Interline Travel & Tour to Plaintiff's Second Amended Complaint (the "Answer").

7   On December 2, 2003, the defendant Interline filed an amendment to its Answer, in order to remove the admission contained in Paragraph 19 of the original Answer that Interline "admits that it acquired some of GATT's assets through a public foreclosure sale," Answer at ¶ 19, and to deny that it had acquired the assets of GATT. Amended Answer at ¶ 19.

8   On April 19, 2004, Interline file a Second Amended Answer, in order to remove the above denial, and to re-admit that Interline "admits that it acquired assets of GATT through a lawful public foreclosure sale." Second Amended Answer at ¶ 19.

9.  some point thereafter a dispute arose between the Plaintiff and its initial counsel causing the Plaintiff's counsel to withdraw its appearance in this matter.

10. Following motions by Interline for default for failure to appear by counsel and to dismiss, the undersigned counsel filed an appearance in this matter on December 3, 2004, following which on December 8, 2004, the Court (Underhill, J.), entered orders denying Interline's motion to dismiss and Interline's Motion for Default Judgment, and further setting April 1, 2005 as the deadline for discovery.

11. The Plaintiff served Interline with its first discovery requests on February 28, 2005, and Interline responded on March 31, 2005.

12. On or about March 30, 2005, the Plaintiff and Interline stipulated to extend discovery until April 15, 2005, and a motion to extend the discovery deadline was filed in the within action on March 30, 2005, which was granted on the same date.

13. The undersigned counsel for Plaintiff has endeavored to resolve objections made by Interline to Plaintiff's discovery requests, as set forth more fully in the accompanying affidavit attached hereto, however the parties are unable to reach an amicable resolution, necessitating the within Motion to Compel.

## II. Listing of Each Item of Discovery Sought and Legal Argument

The Plaintiff requests that the Court compel the defendant Interline to fully and completely answer the following Interrogatories posed to Interline, and as to which Interline has either completely failed to answer, or has answered in an evasive or incomplete manner:

1. <u>A Full and Complete Answer to Interrogatories 4, 12, and 15</u>:

Interrogatory Number 4 – "*Identify each individual presently or previously employed by the Defendant which was at any time employed by GATT, including each such individual's date(s) of employment with the Defendant.*"

Interrogatory Number 12 – "State the date that the Defendant was incorporated, the State in which the Defendant was incorporated and *identify the past and present officers and directors of the Defendant together with the time periods each individual held such position.*"

Interrogatory Number 15 – *Identify the employees of the Defendant which were included in the Defendant's first 10 (ten) payroll periods.*

<u>Reason</u>: A full and complete answer to Interrogatories 4, 12 and 15 is relevant to Plaintiff's claim of successor liability against Interline under the 'mere continuation' theory.

4

Plaintiff's claim against Interline alleges successor liability, which includes the 'mere continuation' theory. Ricciardello v. JW Grant & Co., 717 F. Supp. 56, 57 (D. Conn. 1989). Under this theory, proof of a continuity of management and personnel has been deemed particularly relevant to the inquiry.[1] The defendant Interline has provided only partial answers, identifying only the names of some employees which were previous employees of GATT, and has limited its responses to "present," "full time," employees and "officers". Plaintiff requires the complete identity of *all past or presently* employed individuals which were formerly employed by GATT, *all past or present* officers and directors of Interline, and all employees of Interline for the *brief* period of the first 10 payroll periods after the transition from GATT to Interline. Such is necessary for Plaintiff to conduct interviews or depositions of these individuals to inquire into the business operations of GATT and Interline, and into the continuity of those operations if the individuals transitioned from GATT to Interline. The defendant Interline has admitted that at least twenty one (21) former GATT employees which were hired by Interline on November 1, 2001 (the day after the alleged "foreclosure sale" wherein Interline allegedly acquired the assets of GATT), are still employed by Interline, yet Interline has failed to identify *any* of these present Interline employees, nor any *previous* employees of Interline.

---

[1] Nettis v. Levitt, 241 F.3d 186, 193-94 (2nd Cir. 2001) ("To determine whether such a 'de facto merger' or 'mere continuation' of the predecessor's business has occurred, courts consider . . . (4) continuity of management, personnel, physical location, assets, and general business operation."); Audit Services v. Rolfson, 641 F.2d 757, 763 (9th Cir. 1981) ("[t]he single most important factor here is that Rolfson Construction employed substantially the same work force as Rolfson Company. Continuity of work force is a major consideration in successorship cases."); Oregon Laborers-Employers Trust Funds v. Columbia Fence Co., 1988 U.S. Dist. LEXIS 3858 at * 4-5 (D. Ore. 1988) (motion to compel production of seven years of payroll records granted as relevant in successor liability case)

Interline has recited only typical boiler plate objections without any explanation as to how the Interrogatory is "overly broad", "unduly burdensome", etc., and as such its objections should be overruled by this Court. *See* <u>Saye v. Old Hill Partners, Inc.</u>, 2004 U.S. Dist. LEXIS 17373 at * 7 - 8 (D. Conn. 2004) ("The party resisting discovery bears the burden of demonstrating that its objections should be sustained, and pat, generic, non-specific objections, intoning the same boilerplate language, are inconsistent with both the letter and the spirit of the Federal Rules of Civil Procedure. . . . The objecting party must do more than 'simply intone the familiar litany that the interrogatories are burdensome, oppressive or overly broad. . . . Instead, the objecting party must 'show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each request is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.") (internal citations and quotation marks omitted).

    2.    <u>A Full and Complete Answer to Interrogatories 16 & 17</u>:

Interrogatory 16 – "*Identify each person on any mailing list, email list, or customer list maintained by the Defendant which indicates a street address located in the state of Connecticut.*"

Interrogatory 17 – "*State the total dollar amount of sales which the Defendant has transacted from customers whose address(es) is (are) located in the state of Connecticut.*"

<u>Reason</u>: The defendant Interline has contested this Court's personal jurisdiction over it, and as such Plaintiff seeks to obtain jurisdictional discovery of contacts and sales with the State of Connecticut in order to establish general personal jurisdiction over Interline.

Interline has completely failed to answer these interrogatories, again making the typical boilerplate objections that the requests are "overly broad, unduly burdensome", etc., and further that they are "immaterial," "irrelevant", and "to fully comply with the foregoing request,

Interline would have to undergo the burdensome and costly task of searching its computer databases to respond to the foregoing request." The defendant Interline, after removing this action from the Connecticut Superior Court to this Court, immediately moved to dismiss, claiming this Court lacked personal jurisdiction over Interline. Because Interline is contesting personal jurisdiction, Plaintiff must conduct discovery to determine both general jurisdiction, as well as specific personal jurisdiction under the Customer Agreement at issue via a successor liability theory. Tex. Int'l Magnetics Inc. V. BASF Aktiengesellschaft, 31 Fed. Appx. 738, 739-40 (2nd Cir. 2002) (reversing District Court where "[t]he district court rejected that [successor liability] argument on the ground that the 'precepts of successor liability should be disregarded in an assessment of personal jurisdiction' . . ); El-Fadl v. Central Bank of Jordan, 75 F.3d 668, 676 (D.C. Cir. 1996) ("A plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery."); Thomason v. Chemical Bank, 234 Conn. 281, 287 (1995) ("either 'specific' jurisdiction or 'general' jurisdiction can satisfy the constitutional requirement of sufficient minimum contacts between the defendant and the forum"), citing International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed 95 (1945); Publications Int'l v. Burke/Triolo, Inc., 121 F. Supp. 2d 1178, 1182 (N.D. Ill. 2000) ("A court looks to a Defendant's 'additional contacts with [the forum] beyond those related to the action to determine whether general jurisdiction exists.")

The above Interrogatories propounded are clearly relevant, unless the defendant Interline stipulates to this Court's exercise of personal jurisdiction over Interline, and are not unduly burdensome. The mere "task of searching its computer databases" is hardly burdensome, and certainly not "unduly" burdensome. Again, Interline has failed to "show specifically how,

despite the broad and liberal construction afforded the federal discovery rules, each request is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden," <u>Saye v. Old Hill Partners, Inc.</u>, *supra*, 2004 U.S. Dist. LEXIS 17373 at * 7 - 8. As such, its objections to Interrogatories 16 & 17 should be overruled and Interline compelled to provide full and complete responses.

    <u>3.</u>    <u>A Full and Complete Answer to Interrogatory 24</u>:

    <u>Interrogatory 24</u>: *"Identify each of the Defendant's stockholders, and for each such stockholder state the amount and type of stock so held, whether the stockholder is or ever was a stockholder of GATT, and the amount and type of stock which is or was held by that stockholder in GATT."*

    <u>Reason</u>: An answer to Interrogatory 24 is relevant to Plaintiff's claim of successor liability against Interline under the 'mere continuation' theory.

    Plaintiff's claim against Interline alleges successor liability, which includes the 'mere continuation' theory. <u>Ricciardello v. JW Grant & Co.</u>, supra,.717 F. Supp. 56, 57. Under this theory, proof of a continuity of stockholders has been deemed particularly relevant to the inquiry. *See* <u>Graham v. James</u>, 144 F.3d 229, 240 (2nd Cir. 1998) ("Under the common law mere continuation theory, successor liability attaches when the plaintiff demonstrates the existence of a single corporation after the transfer of assets, *with an identity of stock, stockholders*, and directors between the successor and predecessor corporations.) (emphasis added); <u>Sav. Bank v. Bruce R. Daly, Mechanical Contractor, Inc.</u>, 2004 Conn. Super. LEXIS 3809 at * 3-4 (Conn. Super. Ct. Dec. 23, 2004) (in determining whether Daly & Daly is a 'mere continuation' [of] Contractor, and should thus be held liable as a successor in interest, the Court should consider the following factors, among others: (1) whether there is a continuity of management, personnel,

physical location, assets and general business operations; (2) *whether there is a continuity of shareholders...*) (emphasis added).

Interline has indicated to Plaintiff that Plaintiff should be able to determine the necessary information requested by Interrogatory 24 from Interline's production of documents, however "[d]ocuments and testimony are often subject to interpretation and they do not serve the same purposes as interrogatories. Only a full response to the interrogatories comports with the requirements of the Federal Rules." Pouliot v. Paul Arpin Van Lines, Inc., 2004 U.S. Dist. LEXIS 10871 at * 6 (D. Conn. 2004).

Interline further states in its objection to Interrogatory 24 that "[t]he plaintiff's request, as presently phrased, would require Interline to, among other things, undergo the burdensome task of contacting all stockholders of this closely held corporation and then polling each Interline stockholder to determine whether each Interline stockholder is, or was, a previous owner of shares of stock issued by GATT, a publicly traded company." Nothing about the task described by Interline appears "unduly" burdensome.

Further, as to those shareholders of Interline which it has identified as being prior shareholders of GATT, it has failed to state as requested in Interrogatory 24 "the amount and type of stock so held" in Interline and GATT.

Interline has simply failed to "show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each request is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden," Saye v. Old Hill Partners, Inc., *supra*, 2004 U.S. Dist.

9

LEXIS 17373 at * 7 - 8. As such, its objections to Interrogatory 24 should be overruled and Interline compelled to provide a full and complete responses.

  **4. A Full and Complete Response To Request For Production of Documents Numbers 1 & 2 :**

  Request for Production of Documents Number 1: *All documents referred to or references in the Defendant's answers to the Plaintiff's First Set of Interrogatories, and for each such document identify which such Interrogatory the document is referred or referenced.*

  Request for Production of Documents Number 2: *All documents relied upon in formulating your answers to the Plaintiff's First Set of Interrogatories, and for each document identify which such Interrogatory the document was relied upon.*

  <u>Reason</u>: Since the defendant Interline has failed to fully answer Interrogatories, and because the above document production requests relate to the answers to Interrogatories, Interline's failure to fully answer the Interrogatories necessarily mooted to some extent the above document production requests. For the same reasons set forth *infra* that answers to the above Interrogatories as to which the Plaintiff has moved to compel are relevant, Interline's further production of documents related to such answers is also relevant. Accordingly, Plaintiff requests that Interline be compelled to supplement its production of documents to the extent that this Court compels Interline to answer interrogatories.

Dated: New York, New York
   April 14, 2005

          Respectfully submitted,

          PLAINTIFF CALL CENTER TECHNOLOGIES, INC.

          By: _____
          Solomon Pearl Blum Heymann & Stich, LLP
          Joel M. Shafferman (JS-1055)
          40 Wall Street, 35th Floor
          New York, New York 10005
          Telephone: (212) 267-7600
          Facsimile: (212) 267-2030
          E-mail: jshafferman@solpearl.com,
          Its Attorneys.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------x
CALL CENTER TECHNOLOGIES, INC., :
:
       Plaintiff, :
:
    v. :
:   Civil Action No. 3:03CV1036 (DJS)
GRAND ADVENTURES TOUR & :
TRAVEL PUBLISHING CORPORATION, :
INTERLINE TRAVEL & TOUR, INC., :
:
       Defendants. :   April 14, 2005
---------------------------------------------------------x

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within and foregoing was served via United States first-class mail, postage prepaid, email transmission and by facsimile, on this 14th day of April, 2005 upon all pro se parties and counsel of record, as follows:

        Laura F. Baldini, Esq.
Counsel for Defendant Interline Travel & Tour, Inc.
      2 Batterson Park Road, 2nd Floor
        Farmington, CT 06032
       Telephone: 860-874-8463
       Facsimile: 860-561-9823

_____
Joel M. Shafferman (JS-1055)
Solomon Pearl Blum Heymann & Stich, LLP
40 Wall Street, 35th Floor
New York, New York 10005
Telephone: (212) 267-7600
Facsimile: (212) 267-2030
E-mail: jshafferman@solpearl.com

1