# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CALL CENTER TECHNOLOGIES, INC.

VS.

GRAND ADVENTURES TOUR &            CASE NUMBER: 3:03CV1036 (CRU)
TRAVEL PUBLISHING CORPORATION,
INTERLINE TRAVEL & TOUR, INC.

## AMENDED COMPLAINT

The Plaintiff in the above-entitled action hereby complains and says:

FIRST COUNT

1. Pursuant to a written document called "Customer Agreement" dated June 16, 1998, the Defendant, **Grand Adventures Tour & Travel Publishing Corporation**, d/b/a Grand Adventures Tour & Travel, Inc. ("**GATT**") purchased from the Plaintiff, **Call Center Technologies, Inc.**, certain goods called an Aspect Call Center. A copy of the Customer Agreement is attached hereto and made a part hereof as Exhibit A.

2. At all relevant times Plaintiff had and continues to have a principal place of business at 632-640 Federal Road, Brookfield, Connecticut.

3. During the negotiations between the parties, Plaintiff placed and received phone calls and faxes regarding the transaction from Defendant GATT at Plaintiff's Brookfield, Connecticut office.

4. Correspondence between the parties and their agents was sent to and by Plaintiff from Plaintiff's Brookfield, Connecticut office.

5. The Customer Agreement was sent without signature to Defendant GATT in Texas. Defendant GATT, executed the Customer Agreement and returned it to Plaintiff in Brookfield, Connecticut.

6. Plaintiff executed the Customer Agreement in Brookfield, Connecticut.

7. The Aspect Call Center was shipped from Brookfield, Connecticut.

8. The initial payment called for under the contract was sent by Defendant GATT to Plaintiff's office in Brookfield, Connecticut.

9. All invoices for product delivered was sent by Plaintiff from its Brookfield, Connecticut office.

10. The terms of the Customer Agreement state that it will be governed by and enforceable under the laws of the State of Connecticut. The terms of the Customer Agreement state that it will be binding upon both parties and their successors.

11. Additional parts were ordered by Defendant GATT in January, 1999, which Plaintiff supplied, shipping them from Brookfield, Connecticut.

12. Defendant GATT requested the temporary use of Intertel equipment in February 1999. The Intertel equipment was to be returned to Plaintiff within a reasonable time. Plaintiff shipped Defendant the Intertel equipment from Brookfield, Connecticut.

Defendant **GATT** never returned the intertel equipment nor did Defendant **GATT** pay plaintiff for said equipment.

13. The value of the Aspect Call Center is $130,090.00

14. The value of the additional parts is $30,000.00

15. The value of the Intertel equipment is $30,000.00

16. Although demand for payment has been made, Defendant **GATT** has paid the sum of $35,000.00, but has refused and neglected to pay the balance.

## SECOND COUNT

1. Paragraphs 1 through 16 of the First Count are hereby incorporated and made Paragraphs 1 through 16 of the Second Count as if fully set forth herein.

17. Defendant Interline Travel & Tour, Inc., doing business as Interline Vacations ("Interline"), was incorporated in Texas October 15, 2001.

18. **GATT** ceased its business operations soon after and was dissolved in December 2001.

19. Interline acquired the assets of **GATT**.

20. At the inception of its doing business, Defendant Interline occupied the same office space as **GATT**.

21. Defendant Interline, through a website known as www.perx.com., offered and continues to offer the same travel services that GATT had offered through the same website.

22. Defendant Interline utilized and continues to utilize the same toll-free phone number for customers to place orders that GATT had used.

23. Defendant Interline publishes Interline Adventures magazine, a travel magazine previously published by GATT.

24. Defendant, Interline, has a continuity of the management of Defendant GATT, including Duane Boyd and Joseph Juba, and a continuity of personnel.

25. Duane Boyd was a shareholder and Director of Defendant GATT.

26. Duane Boyd is a major shareholder of Defendant, Interline, a closely held corporation.

27. Defendant, Interline, has acquired substantially all of the assets of Defendant GATT, holds itself out to the public as a continuation of Defendant GATT through its product lines, and benefits from goodwill created by Defendant GATT.

28. Defendant Interline, as a successor of Defendant GATT, is liable to Plaintiff for Defendant GATT's obligations to Plaintiff.

29. Defendant Interline has neglected and refused to pay Plaintiff the sums due it by GATT.

WHEREFORE, the Plaintiff, **Call Center Technologies, Inc.**, claims:

1. Monetary damages.
2. Interest.
3. Reasonable attorney's fees and costs of collection.

Dated at Danbury, Connecticut, this 28th day of July, 2003.

CALL CENTER TECHNOLOGIES, INC.

BY _____
Jack D. Garamella for
COLLINS, HANNAFIN, GARAMELLA,
JABER & TUOZZOLO, P
148 Deer Hill Avenue
Danbury, CT 06810
Telephone Number: (203)744-2150
Federal Bar ID CT05973

CERTIFICATION OF SERVICE

This is to certify that the foregoing Motion was mailed on the 28th of July, 2003 to the following:

Laura F. Baldini, Esquire
2 Batterson Park Road
2nd Floor
Farmington, Connecticut 06032

_____
Jack D. Garamella