# EXHIBIT C

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CALL CENTER TECHNOLOGIES, INC. | : | CIVIL ACTION NO. 3:03CV1036 (DJS) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| GRAND ADVENTURES TOUR & | : | |
| TRAVEL PUBLISHING CORPORATION, | : | |
| INTERLINE TRAVEL & TOUR, INC. | : | |
| | : | |
| Defendants. | : | MARCH 30, 2005 |

<u>**DEFENDANT INTERLINE TRAVEL & TOUR, INC.'S ANSWERS AND OBJECTIONS TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES DATED FEBRUARY 28, 2005**</u>

Pursuant to Fed. R. Civ. P. 26, Interline Travel & Tour, Inc. ("Interline"), a defendant in the

above-captioned matter, hereby responds and objects to the Interrogatories of Plaintiff Call Center

Technologies, Inc. ("Plaintiff" or "CCTI") dated February 28, 2005 as follows:

### <u>GENERAL OBJECTIONS</u>

The following objections shall be deemed incorporated into every Interrogatory Response as

if fully set forth in each.

Interline objects to Plaintiffs' Interrogatories (collectively, the "Interrogatories") to the extent

that they seek information protected by the attorney-client privilege or the work product doctrine.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

Interline objects to the Interrogatories to the extent that they seek the disclosure of proprietary or trade secret information.

Interline objects to the Interrogatories to the extent that they seek to impose requirements upon Interline that exceed the requirements of the Federal Rules of Civil Procedure or the Local Rules.

Interline further objects to the Interrogatories to the extent that they use definitions and instructions more expansive than the definitions and rules of construction set forth in the Federal and Local Rules of Civil Procedure.

Interline objects to the Interrogatories in that they violate the Local Rules because they contain more than 25 Interrogatories, when subparts are counted.

Interline's responses to these Interrogatories shall not be construed as a waiver or forfeiture of its objection to this action based upon the Court's lack of personal jurisdiction over Interline; said objections are expressly preserved.

The information provided in response to the Interrogatories is based upon the current state of Interline's knowledge, after reasonable inquiry. Interline reserves the right to supplement its responses set forth below as additional information becomes available or appears to be responsive to the Interrogatories.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

2

## SPECIFIC RESPONSES AND OBJECTIONS

1.     Identify all individuals who were interviewed, consulted with, or helped prepare: (a) the Defendant's Answer and each amendment thereto; and (b) the Defendant's answers to the Plaintiff's First Set of Interrogatories, the Plaintiff's First Request for Admissions.  If more than one individual answered, was interviewed or was consulted with or helped prepare one or more of the aforementioned items, list for each such individual the specific discovery request for which he or she answered, was interviewed, was consulted with, or helped prepare.

**OBJECTION:** Interline objects to the foregoing request for production in that it is overly broad, unduly burdensome, vague, ambiguous and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Interline also objects to the foregoing interrogatory to the extent that it seeks the disclosure of information protected by the attorney-client or work product privileges.

**ANSWER:**     Without waiving the foregoing objections, the following individuals reviewed the Interrogatories and supplied information responsive to them; the undersigned counsel supplied language to express the information:

Law Offices of Laura Flynn Baldini, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

3

a)     Duane Boyd, President, Interline Travel & Tour, Inc., 12708 Riata Vista
Circle, Suite A-125, Austin, TX 78727; Joseph Juba, Executive Vice President,
Interline Travel & Tour, Inc., 12708 Riata Vista Circle, Suite A-125, Austin, TX 78727

b)     Duane Boyd, President, Interline Travel & Tour, Inc., 12708 Riata Vista
Circle, Suite A-125, Austin, TX 78727; Joseph Juba, Executive Vice President,
Interline Travel & Tour, Inc., 12708 Riata Vista Circle, Suite A-125, Austin, TX 78727

2.     State whether the Defendant has ever transacted or done business under any name other than Defendant from the time of Defendant's incorporation until the present. If yes, as to each such name, state, including the relevant time periods for each: (a) the name the used; (b) the manner by which such name was used; (c) the course of business in which such name was used; (d) the time periods that such name was or has been in use; (e) each physical address and principal place of business where the Defendant transacted or did business under such name; (f) each internet web site address where the Defendant transacted or did business under such name and (g) the telephone number used by the Defendant to receive telephone calls.

**OBJECTION:** Interline objects to the foregoing request for production in that it is overly broad, unduly burdensome, vague, ambiguous and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. The plaintiff's requests for "the manner by which such

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

4

name was used" and "the course of business in which such name was used" are vague and ambiguous.

**ANSWER:** Without waiving the foregoing objections, Interline responds to the above interrogatory as follows:

- a) Interline Vacations; d) November 1, 2001-present; e) 211 East 7th Street, Suite 1120, Austin, TX- November 1, 2001-May 31, 2002; 12708 Riata Vista Circle, Suite A-125, Austin, TX 78727 – June 1, 2002 to present; f) www.perx.com; g) There are virtually hundreds of telephone numbers that Interline Vacations uses to receive phone calls. The principal telephone number that Interline Vacations uses to receive phone calls is: (888) PERXCOM.

- a) Vacation Perx; d) November 8, 2002-present; e) 211 East 7th Street, Suite 1120, Austin, TX- November 1, 2001-May 31, 2002; 12708 Riata Vista Circle, Suite A-125, Austin, TX 78727 – June 1, 2002 to present; f); www.perx.com; g) There has never been any business conducted under this business name. As such, there are no telephone numbers used to receive telephone calls.

- a) Perx.com; d) November 8, 2002-present; e) 211 East 7th Street, Suite 1120, Austin, TX- November 1, 2001-May 31, 2002; 12708 Riata Vista Circle, Suite A-125, Austin, TX 78727 – June 1, 2002 to present; f) www.perx.com; g) There are virtually hundreds

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

5

of telephone numbers that Perx.com uses to receive phone calls. The principal telephone number that Perx.com uses to receive phone calls is: (888) PERXCOM.

- a) Vacation Perx.com d) November 8, 2002-present; e) 211 East 7th Street, Suite 1120, Austin, TX- November 1, 2001-May 31, 2002; 12708 Riata Vista Circle, Suite A-125, Austin, TX 78727 – June 1, 2002 to present; f) www.perx.com; g) There has never been any business conducted under this business name. As such, there are no telephone numbers used to receive telephone calls.

3.    Identify each individual who is or was responsible for or has knowledge of, the creation, maintenance or storage of any past or present records of the Defendant pertaining to: (a) the Plaintiff; (b) the Defendant Grand Adventures Tour and Travel Publishing Corporation ("GATT"); (c) any public or private sale, auction, purchase, barter, transfer or conveyance of any assets or liabilities of GATT and (d) describe the present and any past relationship between Defendant and GATT. **OBJECTION:** Interline objects to the foregoing request for production in that it is overly broad, unduly burdensome, vague, ambiguous and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. In particular, the plaintiff's request for "any past or present records" is overly broad, unduly burdensome and seeks information that is not relevant to the present lawsuit. Moreover, the plaintiff's request to "describe the present and any past relationship between Defendant and GATT." is vague and ambiguous.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

6

**ANSWER:** Without waiving the foregoing objections, Interline responds to the above interrogatory as follows:

a) Duane Boyd, President, Interline Travel & Tour, Inc., 12708 Riata Vista Circle, Suite A-125, Austin, TX 78727; Lawrence K. Fleischman, Chairman and Chief Executive Officer, Interline Travel & Tour, Inc., 12708 Riata Vista Circle, Suite A-125, Austin, TX 78727; Joseph Juba, Executive Vice President, Interline Travel & Tour, Inc., 12708 Riata Vista Circle, Suite A-125, Austin, TX 78727

b) Duane Boyd, President, Interline Travel & Tour, Inc., 12708 Riata Vista Circle, Suite A-125, Austin, TX 78727; Lawrence K. Fleischman, Chairman and Chief Executive Officer, Interline Travel & Tour, Inc., 12708 Riata Vista Circle, Suite A-125, Austin, TX 78727; Joseph Juba, Executive Vice President, Interline Travel & Tour, Inc., 12708 Riata Vista Circle, Suite A-125, Austin, TX 78727

c) Duane Boyd, President, Interline Travel & Tour, Inc., 12708 Riata Vista Circle, Suite A-125, Austin, TX 78727; Lawrence K. Fleischman, Chairman and Chief Executive Officer, Interline Travel & Tour, Inc., 12708 Riata Vista Circle, Suite A-125, Austin, TX 78727; Timothy C. Taylor, Esq., Jackson Walker LLP, 100 Congress Ave, Suite 1100, Austin, TX 78701

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

7

d) Interline has no present, and has had no past, relationship with GATT. Interline was a secured creditor of GATT. On October 30, 2001, Interline foreclosed upon certain secured liens that it held upon the assets of GATT. Interline, through its attorneys, conducted a lawful public foreclosure sale at the Travis County Courthouse in Austin, Texas and acquired GATT assets by virtue of the foreclosure sale.

4.     Identify each individual presently or previously employed by the Defendant which was at any time employed by GATT, including each such individual's date(s) of employment with the Defendant.

**OBJECTION:** Interline objects to the foregoing request for production in that it is overly broad, unduly burdensome, vague, ambiguous and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

**ANSWER:** Without waiving the foregoing objections, Interline responds to the foregoing interrogatory as follows:

Presently, Interline has fifty-two (52) full-time employees, of which twenty one (21) employees were previous GATT employees and hired as Interline employees effective November 1, 2001. There are also approximately ten current Interline employees (hired subsequent to November 1, 2001) who were also previous GATT employees.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

8

The following present officers of Interline were previously hired by GATT in some capacity, although not all were employees of GATT:

- Duane Boyd, President, Interline Travel & Tour, Inc., 12708 Riata Vista Circle, Suite A-125, Austin, TX 78727; October 15, 2001- present.  Mr. Boyd was not an employee of GATT.  He was an unpaid director and consultant for GATT.

- Lawrence K. Fleischman, Chairman and Chief Executive Officer, Interline Travel & Tour, Inc., 12708 Riata Vista Circle, Suite A-125, Austin, TX 78727; October 15, 2001- present. Mr. Fleischman was not an employee of GATT.  He was an unpaid consultant for GATT.

- Joseph Juba, Executive Vice President,  Interline Travel & Tour, Inc., 12708 Riata Vista Circle, Suite A-125, Austin, TX 78727; January 1, 2002- present

- Fernando Cruz Silva, Senior Vice President, Interline Travel & Tour, Inc., 12708 Riata Vista Circle, Suite A-125, Austin, TX 78727; January 1, 2002 – present

- Patricia Macchi, Vice President, Interline Travel & Tour, Inc., 12708 Riata Vista Circle, Suite A-125, Austin, TX 78727; January 1, 2002 –present

Interline also provides the name of Matthew O'Hayer, address unknown.  Mr. O'Hayer was not an employee, officer or director of Interline although he was retained as a consultant to Interline for the period November 2001 to December 2003.

Law Offices of Laura Flynn Baldini, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

9

5.    Identify each individual who has knowledge about or whom you believe has knowledge about the transactions described in the Plaintiff's Second Amended Complaint dated July 28, 2003 filed in this action.

**OBJECTION:**  Interline objects to the foregoing request for production in that it is overly broad, unduly burdensome, vague, ambiguous and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

**ANSWER:** Without waiving the foregoing objections, Interline responds to the above interrogatory as follows:

- Duane Boyd, President, Interline Travel & Tour, Inc., 12708 Riata Vista Circle, Suite A-125, Austin, TX 78727;

- Lawrence K. Fleischman, Chairman and Chief Executive Officer, Interline Travel & Tour, Inc., 12708 Riata Vista Circle, Suite A-125, Austin, TX 78727;

- Joseph Juba, Executive Vice President,  Interline Travel & Tour, Inc., 12708 Riata Vista Circle, Suite A-125, Austin, TX 78727;

- Timothy C. Taylor, Esq., Jackson Walker LLP, 100 Congress Ave, Suite 1100, Austin, TX 78701.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

10

6.      State whether the Defendant at any time acquired all or part of the equipment which is

the subject of this action, and if so, state the amount and form of consideration given, the date(s) and

method(s) of such acquisition(s) and of the giving of such consideration, and identify each individual

which was involved in the performance of such acquisition(s).

**OBJECTION:**  Interline objects to the foregoing request for production in that it is overly broad,

unduly burdensome, vague, ambiguous and seeks information that is not reasonably calculated to lead

to the discovery of admissible evidence.

**ANSWER:** Without waiving the foregoing objections, Interline responds to the foregoing

interrogatory as follows:

Interline was incorporated on October 15, 2001.  On October 30, 2001, Interline, a secured

creditor of GATT, foreclosed upon certain secured liens that it held upon the assets of GATT.

Interline, through its attorney, Timothy C. Taylor, Esq. of Jackson Walker LLP, conducted a lawful

public foreclosure sale at the Travis County Courthouse in Austin, Texas.  Interline purchased

GATT's existing assets for $340,000 at the sale.

Because the plaintiff's request is vague, Interline cannot say with certainty whether it acquired

all or part of the "equipment" which is the subject of this action.  In particular, the plaintiff has failed

to identify with specificity the "Aspect Call Center", "Intertel equipment" or "additional parts" it

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

11

claims to have sold to GATT. As such, Interline is nor sure whether it acquired the alleged "Aspect Call Center", "Intertel equipment" or "additional parts" by virtue of the foreclosure sale.

7.    Identify each individual employed by, associated or connected with the Defendant who has knowledge of the past or present whereabouts of the equipment which is the subject of this action and state the present whereabouts of the equipment which is the subject of this action, if all or part of the equipment has been sold, transferred, conveyed, bartered, destroyed, or otherwise disposed of by the Defendant, state the date(s) of each such event(s), the amount of consideration received by the Defendant, if any, and identify the individual(s) or entities giving such consideration.

**OBJECTION:** Interline objects to the foregoing request for production in that it is overly broad, unduly burdensome, vague, ambiguous and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. The plaintiff's request is vague in that it has failed to identify with specificity the "Aspect Call Center", "Intertel equipment" or "additional parts" it claims to have sold to GATT.

**ANSWER:** Without waiving the foregoing objections, Interline responds to the foregoing interrogatory as follows:

- Duane Boyd, President, Interline Travel & Tour, Inc., 12708 Riata Vista Circle, Suite A-125, Austin, TX 78727;

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

12

- Joseph Juba, Executive Vice President, Interline Travel & Tour, Inc., 12708 Riata Vista Circle, Suite A-125, Austin, TX 78727;

Interline does not know the present whereabouts of the Aspect Call Center.

8.    List any assets or liabilities of GATT which the Defendant at any time acquired all or part of, including but not limited to any equipment, furniture, intellectual property, software, customer lists, good will, telephone numbers, internet web sites, internet U.R.L. addresses, trademarks, service marks, copyrights, non-compete agreements, contractual rights, accounts receivable or other accounts, and for each such item, state the amount and form of consideration given for each, the date(s) and method(s) of each such acquisition and of the giving of such consideration, and identify each individual or entity which was involved in the performance of each acquisition.

**OBJECTION:**  Interline objects to the foregoing request for production in that it is overly broad, unduly burdensome, vague, ambiguous and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

**ANSWER:** Without waiving the foregoing objections, Interline responds to the foregoing interrogatory as follows:

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

13

On October 30, 2001, Interline, a secured creditor of GATT, foreclosed upon certain secured liens that it held upon the assets of GATT. Interline, through its attorney, Timothy C. Taylor, Esq. of Jackson Walker LLP, conducted a lawful public foreclosure sale at the Travis County Courthouse in Austin, Texas.

Interline purchased GATT's existing assets for $340,000 at the sale. Such assets included office furniture and equipment; customer lists and other intangibles (including telephone numbers, customer lists and the website www.perx.com); cash; receivables; prepaid hotel costs and room fees.

Interline did not acquire GATT's liabilities as a result of the foreclosure sale.

9.    With respect to Paragraph 19 of the Defendant's Answer dated November 26, 2003 and Paragraph 19 of the Defendant's Amended Answer dated December 2, 2003, state the factual basis for the amendment to Paragraph 19 which deleted the statement "except admits that it acquired some of GATT's assets through a public foreclosure sale."

**OBJECTION:** Interline objects to the foregoing request for production to the extent that it calls for a legal conclusion.

**ANSWER:** Interline sought to amend its answer to conform the pleadings to the proof in this case. As discussed previously, on October 30, 2001, Interline, a secured creditor of GATT, foreclosed upon certain secured liens that held upon the assets of GATT. Interline, through its attorney, Timothy C.

Law Offices of Laura Flynn Baldini, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

14

Taylor, Esq. of Jackson Walker LLP, conducted a lawful public foreclosure sale at the Travis County Courthouse in Austin, Texas. Interline acquired, by virtue of the foreclosure sale, certain tangible and intangible assets owned by GATT.

10.     With respect to the references made in Paragraph 19 of the Defendant's Second Amended Answer dated April 19, 2004, identify: (a) each of the assets of GATT acquired by the Defendant; (b) the date of the sale; (c) the amount and method of consideration given by the Defendant for each such asset; (d) the individual(s) or entities which conducted the sale, including but not limited to any auctioneer(s), trustee(s), receiver(s), sheriff(s), marshal(s), attorney(s) or private individual(s); (e) the dates and manner of notice of such sale, including the names and dates of any publication(s) advertising the sale; (f) the court which ordered or otherwise authorized the sale, including docket number(s) and the caption of the action or proceeding; and (g) the individual(s) known to the Defendant which witnessed the sale.

**OBJECTION:** Interline objects to the foregoing request for production in that it is overly broad, unduly burdensome, vague, ambiguous and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

15

**ANSWER:** Without waiving the foregoing objections, Interline responds to the above interrogatory as follows:

(a) The assets Interline acquired at the foreclosure sale included office furniture and equipment; customer lists and other intangibles (including telephone numbers, customer lists and the website www.perx.com); cash; receivables; prepaid hotel costs and room fees.

(b) October 30, 2001

(c) Interline paid $340,000 for GATT's assets.

(d) Timothy C. Taylor, of Jackson Walker LLP, 100 Congress Ave, Suite 1100, Austin, TX 78701 conducted the foreclosure sale on behalf of Interline.

(e) Interline notified all secured creditors of its intent to foreclose upon GATT's assets. In addition, Interline published notice of the foreclosure sale in the *Austin American Statesman* for the period October 24, 2001 to October 28, 2001. The notices of the sale, the dates of the sale and the publications advertising the sale are attached to Interline's Responses to Plaintiff's Request for Production of documents.

(f) The sale was conducted at the Travis County courthouse in Austin, Texas. There was no docket number for the proceeding.

(g) Interline knows of no witnesses to the sale other than Duane Boyd, President, Interline Travel & Tour, Inc., 12708 Riata Vista Circle, Suite A-125, Austin, TX 78727 and Attorney Timothy

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8463 • Fax: (860) 561-9823

16

C. Taylor, of Jackson Walker LLP, 100 Congress Ave, Suite 1100, Austin, TX 78701 who conducted the sale.


11.    State the name, volume number, issue number, and dates of the publication of each magazine, brochure or pamphlet published by the Defendant, including but not limited to the magazine Interline Adventures.

**OBJECTION:** Interline objects to the foregoing interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is immaterial, irrelevant and which is not reasonably calculated to lead to the discovery of admissible evidence. The foregoing interrogatory also assumes facts not in evidence.

**ANSWER:** Without waiving the foregoing objections, Interline publishes a brochure entitled "PERX.com" by Interline Vacations approximately eight times per year. Interline does not publish, and has not ever published, a magazine entitled "Interline Adventures".


12.    State the date that the Defendant was incorporated, the State in which the Defendant was incorporated and identify the past and present officers and directors of the Defendant together with the time periods each such individual held such position.


LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

17

**OBJECTION:**  Interline objects to the foregoing interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is immaterial, irrelevant and which is not reasonably calculated to lead to the discovery of admissible evidence.

**ANSWER:**  Without waiving the foregoing objections, Interline responds to the foregoing interrogatory as follows:

Interline was incorporated in Texas on October 15, 2001.  The present officers and directors of Interline are:

- Duane Boyd, President; (October 15, 2001- Present);

- Lawrence K. Fleischman, Chairman and Chief Executive Officer; (October 15, 2001 - Present);

- Joseph Juba, Executive Vice President, (January 1, 2002-present);

- Fernando Cruz Silva, Senior Vice President, Interline Travel & Tour, Inc., (January 1, 2002 –present);

- Patricia Macchi, Vice President, Interline Travel & Tour, Inc., 12708 Riata Vista Circle, Suite A-125, Austin, TX 78727; (January 1,  2002 –present)

13.    Identify each web site or URL address which the Defendant uses or has used and which was previously used by GATT.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

18

**OBJECTION:** Interline objects to the foregoing interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is immaterial, irrelevant and which is not reasonably calculated to lead to the discovery of admissible evidence. The foregoing interrogatory also assumes facts not in evidence.

**ANSWER:** Without waiving the foregoing objections, Interline responds to the foregoing interrogatory as follows:

Interline presently uses the website www.perx.com, a website address that Interline purchased for value at a foreclosure sale of GATT's assets on October 30, 2001.

14.    Identify each internet web site address or U.R.L. used by the Defendant to advertise products or services or to receive orders from customers from the time of the Defendant's incorporation to the present, including the relevant time periods for each.

**OBJECTION:** Interline objects to the foregoing interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is immaterial, irrelevant and which is not reasonably calculated to lead to the discovery of admissible evidence.

**ANSWER:** Without waiving the foregoing objections, Interline responds to the foregoing interrogatory as follows:

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

19

Interline presently uses the website www.perx.com, a website address that Interline purchased for value at a foreclosure sale of GATT's assets on October 30, 2001.

15.    Identify the employees of the Defendant which were included in the Defendant's first 10 (ten) payroll periods.

**OBJECTION:** Interline objects to the foregoing interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is immaterial, irrelevant and which is not reasonably calculated to lead to the discovery of admissible evidence. The plaintiff's request, as presently phrased, would require Interline to undergo the costly and burdensome task of obtaining and searching its payroll records from almost four years ago to disclose the names and other personal information concerning employees who may have no knowledge of or connection with the present lawsuit or the allegations contained within it.

**ANSWER:** Without waiving the foregoing objections, the following Interline officers were included in Interline's first ten payroll periods:

- Duane Boyd, President; Interline Travel & Tour, Inc., 12708 Riata Vista Circle, Suite A-125, Austin, TX 78727; (October 15, 2001- Present);

- Joseph Juba, Executive Vice President, Interline Travel & Tour, Inc., 12708 Riata Vista Circle, Suite A-125, Austin, TX 78727; (January 1, 2002-present);

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

20

- Fernando Cruz Silva, Senior Vice President, Interline Travel & Tour, Inc., 12708 Riata Vista Circle, Suite A-125, Austin, TX 78727; (January 1, 2002 –present);

- Patricia Macchi, Vice President, Interline Travel & Tour, Inc., 12708 Riata Vista Circle, Suite A-125, Austin, TX 78727; (January 1, 2002 –present)

16.    Identify each person on any mailing list, email list, or customer list maintained by the Defendant which indicates a street address located in the state of Connecticut.

**OBJECTION:** Interline objects to the foregoing interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is immaterial, irrelevant and which is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, to fully comply with the foregoing request, Interline would have undergo the burdensome and costly task of searching its computer databases to determine whether there were any individuals listed on its customer lists who have a street address in Connecticut. Interline also objects to the foregoing interrogatory to the extent that it seeks the disclosure of proprietary or trade secret information.

17.    State the total dollar amount of sales which the Defendant has transacted from customers whose address(es) is (are) located in the state of Connecticut.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

21

**OBJECTION:**  Interline objects to the foregoing interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is immaterial, irrelevant and which is not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, to fully comply with the foregoing request, Interline would have undergo the burdensome and costly task of searching its computer databases to respond to the foregoing request.

18.    For each judicial or administrative proceeding in which the Defendant was a named party, state the name of the court or administrative agency, docket number, complete caption of the matter including all other named parties, whether the Defendant was a defendant or plaintiff in such matter, whether the matter is presently pending, and if not, what was its disposition.

**OBJECTION:**  Interline objects to the foregoing interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is immaterial, irrelevant and which is not reasonably calculated to lead to the discovery of admissible evidence.

**ANSWER:**  Without waiving the foregoing objections, Interline responds to the foregoing interrogatory as follows:

- *Marlin Leasing Corporation v. Grand Adventures Tour & Travel; Interline Travel & Tour, Inc.*; New Jersey Superior Court, Docket No.: BUR-L-538-02.  Interline was a defendant in that action.  The matter is not presently pending.  On July 8, 2002, the

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

22

plaintiff filed a Notice of Dismissal dismissing its case with prejudice against Interline and GATT.

19.    Identify each individual known to you or your attorneys who has any relevant knowledge regarding the facts and/or circumstances of the claims against the Defendant in this case, or of the claims made against the Plaintiff in the affirmative defenses contained in your Answer. If any of the witnesses you may use at trial are related to Plaintiff or to each other, please state the nature of such relationship.

**OBJECTION:**  Interline objects to the foregoing interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is immaterial, irrelevant and which is not reasonably calculated to lead to the discovery of admissible evidence. Interline also objects to the foregoing Interrogatory on the grounds that it seeks information that is protected by the attorney-client and work product privileges.

**ANSWER:**  Without waiving the foregoing objections, Interline responds to the foregoing interrogatory as follows:

- Duane Boyd, President, Interline Travel & Tour, Inc., 12708 Riata Vista Circle, Suite A-125, Austin, TX 78727;

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8463 • Fax: (860) 561-9823

23

- Lawrence K. Fleischman, Chairman and Chief Executive Officer, Interline Travel & Tour, Inc., 12708 Riata Vista Circle, Suite A-125, Austin, TX 78727;

- Joseph Juba, Executive Vice President, Interline Travel & Tour, Inc., 12708 Riata Vista Circle, Suite A-125, Austin, TX 78727;

- Matthew O'Hayer, address unknown

- Timothy C. Taylor, Esq., Jackson Walker LLP, 100 Congress Ave., Suite 1100, Austin, TX 78701

- Scott Felton, address unknown

20.    For each witness identified in your response to Interrogatory 19 above, state the subject matter on which each witness is expected to testify, the substance of the facts to which each witness is expected to testify and a summary of the grounds for such testimony.

**OBJECTION:**    Interline objects to the foregoing Interrogatory on the grounds that it seeks information that is protected by the attorney-client and work product privileges. Interline also objects to the interrogatory to the extent that it calls for speculation concerning the testimony of the above-listed individuals.

**ANSWER:**  Without waiving the foregoing objections, Interline responds to the foregoing interrogatory as follows:

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

24

**1.    Duane Boyd**

The above-referenced individual may have discoverable information to support Interline's responses and affirmative defenses to the plaintiff's Second Amended Complaint dated July 28, 2003 as set forth in its Second Amended Answer and Affirmative Defenses dated April 19, 2004.  The above-referenced individual may have discoverable information concerning Interline's lack of sufficient contacts with Connecticut to warrant personal jurisdiction over Interline in this case and information concerning his relationship and involvement with Interline and GATT (or lack thereof) to support Interline's claim that it is not a legal successor to GATT.

**2.    Lawrence K. Flesichman**

The above-referenced individual may have discoverable information to support Interline's responses and affirmative defenses to the plaintiff's Second Amended Complaint dated July 28, 2003 as set forth in its Second Amended Answer and Affirmative Defenses dated April 19, 2004.  The above-referenced individual may have discoverable information concerning Interline's lack of sufficient contacts with Connecticut to warrant personal jurisdiction over Interline in this case and information concerning his relationship and involvement with Interline and GATT (or lack thereof) to support Interline's claim that it is not a legal successor to GATT.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

25

### 3.  Joseph S. Juba

The above-referenced individual may have discoverable information to support Interline's responses and affirmative defenses to the plaintiff's Second Amended Complaint dated July 28, 2003 as set forth in its Second Amended Answer and Affirmative Defenses dated April 19, 2004.  The above-referenced individual may have discoverable information concerning Interline's lack of sufficient contacts with Connecticut to warrant personal jurisdiction over Interline in this case; the 1998 Agreement between CCTI and GATT (the "Agreement"); knowledge concerning the "equipment" described in the plaintiff's Second Amended Complaint dated July 28, 2003 and allegedly provided to GATT ("Equipment"); the failure of the Equipment to perform as promised in the Agreement; CCTI's breaches of the Agreement, its express warranties and the implied warranties of fitness and merchantability. This individual may also have information testimony concerning his relationships and involvement with Interline and GATT (or lack thereof) to support Interline's claim that it is not a legal successor to GATT.

### 4.  Matthew O'Hayer

The above-referenced individual may have discoverable information to support Interline's responses and affirmative defenses to the plaintiff's Second Amended Complaint dated July 28, 2003 as set forth in its Second Amended Answer and Affirmative Defenses

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

26

dated April 19, 2004. In particular, Mr. O'Hayer may have discoverable information concerning the 1998 Agreement and the history of negotiations regarding same; knowledge concerning the delivery, installation and servicing of the Equipment; information concerning the failure of the Equipment to perform as CCTI promised in the Agreement; communications regarding the failure of the Equipment to perform as promised; CCTI's lack of performance under the Agreement; CCTI's breaches of the Agreement, its express warranties and the implied warranties of fitness and merchantability; and general background information regarding the relationship between CCTI and GATT.

### 5.  Timothy C. Taylor, Esq.

The above-referenced individual, an attorney for Interline Travel & Tour, Inc., may have non-privileged, discoverable information to support Interline's claim that it is not a legal successor to GATT. Attorney Taylor may have information concerning the public foreclosure sale of GATT's assets that was conducted on October 30, 2001. Attorney Taylor may also testify concerning the manner in which such sale was conducted, the parties to the transaction, the documents executed in furtherance of the sale and that such sale was conducted in accordance with Texas law.

### 6.  Scott Felton

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

27

The above-referenced individual may have discoverable information to support Interline's responses and affirmative defenses to the plaintiff's Second Amended Complaint dated July 28, 2003 as set forth in its Second Amended Answer and Affirmative Defenses dated April 19, 2004. In particular, Mr. Felton may have discoverable information concerning the 1998 Agreement; knowledge concerning the delivery, installation and servicing of the Equipment; information concerning the failure of the Equipment to perform as CCTI promised in the Agreement; communications regarding the failure of the Equipment to perform as promised; and CCTI's lack of performance under the Agreement.

21.     State the names and addresses of all experts whom you intend to call as expert witnesses at trial.

**OBJECTION:** Interline objects to the foregoing request for production to the extent that it seeks information that has already been provided to the plaintiff during discovery.

**ANSWER:** Without waiving the foregoing objections, Interline provides the following information:

**Name and Address of Expert Witness:**

**Name:**      Scott Blalock
**Address:**   19706 Encino Glen
               San Antonio, TX  78259

Law Offices of Laura Flynn Baldini, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

28

Interline reserves the right to present testimony from additional expert witnesses or testimony from the above-disclosed witness on additional subjects, for purposes of impeachment or rebuttal.

22.    For each witness identified in your response to Interrogatory 21 above, state the subject matter on which each expert witness is expected to testify, the substance of the facts and opinions to which each expert witness is expected to testify, and a summary of the grounds for each such opinion of each expert witness expected to testify.

**OBJECTION:** Interline objects to the foregoing request for production to the extent that it seeks information that has already been provided to the plaintiff during discovery.

**ANSWER:** Without waiving the foregoing objections, a written report summarizing the opinions to be expressed by Mr. Blalock and other information consistent with the disclosure requirements of Federal Rule 26(a)(2)(B) is attached to Interline's Responses to Plaintiff's Requests for Production of Documents.

23.    State the percentage and type of stock of the Defendant held by any public company, including but not limited to Synergy Brands, Inc., as of the filing of the Defendant's Corporate Disclosure Statement, dated June 17, 2003.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

29

**OBJECTION:** Interline objects to the foregoing interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is immaterial, irrelevant and which is not reasonably calculated to lead to the discovery of admissible evidence.

**ANSWER:** Without waiving the foregoing objections, SYBR Inc., a wholly owned subsidiary of Synergy Brands, Inc., owns 288,000 shares of Interline stock which is equal to 21.5% of Interline's common stock.

24.    Identify each of the Defendant's stockholders, and for each such stockholder state the amount and type of stock so held, whether the stockholders is or ever was a stockholder of GATT, and the amount and type of stock which is or was held by that stockholder in GATT.

**OBJECTION:** Interline objects to the foregoing interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is immaterial, irrelevant and which is not reasonably calculated to lead to the discovery of admissible evidence. The plaintiff's request, as presently phrased, would require Interline to, among other things, undergo the burdensome task of contacting all stockholders of this closely held corporation and then polling each Interline stockholder to determine whether each Interline stockholder is, or was, a previous owner of shares of stock issued by GATT, a publicly traded company. Such information is not relevant to the issues in this case and therefore serves no other purpose than to harass Interline.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8433 • Fax: (860) 561-9823

30

**ANSWER:** Without waiving the foregoing objections, there are approximately 21 shareholders of Interline. There are approximately 1.3 million shares of Interline stock outstanding. Without polling all shareholders of Interline, the following individuals presently own Interline stock and previously owned GATT stock.

- Lawrence K. Fleischman, Chairman and Chief Executive Officer, Interline Travel & Tour, Inc., 12708 Riata Vista Circle, Suite A-125, Austin, TX 78727;

- Joseph Juba, Executive Vice President, Interline Travel & Tour, Inc., 12708 Riata Vista Circle, Suite A-125, Austin, TX 78727; (October 15, 2001-present);

- Duane & Barbara Boyd Charitable Remainder Unitrust, 8700 Silverhill Lane, Austin, TX 78759

- Matthew O'Hayer, address unknown.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8453 • Fax: (860) 561-9823

31

Respectfully submitted,

DEFENDANT,
INTERLINE TRAVEL & TOUR, INC.

By: _____
LAURA F. BALDINI, ESQ.
Federal Bar Number ct19887
Law Offices Of Laura Flynn Baldini, LLC
2 Batterson Park Road, 2nd Floor
Farmington, CT 06032
Tel. (860) 874-8483
Fax. (860) 561-9823
LBaldini@FlyBal-Law.com
Juris. No. 421267

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

32

## **VERIFICATION**

I, Duane Boyd, being duly sworn, hereby depose and say that I have been duly authorized to review the above Interrogatories and responses thereto, and to verify them on behalf of Interline Travel & Tour, Inc.. I further state that they are true and accurate to the best of my knowledge and belief. To the extent that certain matters are not within my personal knowledge, I have been informed that the facts stated therein have been assembled by authorized employees and counsel for Interline Travel & Tour, Inc., and that such facts stated therein are true.

INTERLINE TRAVEL & TOUR, INC.

By: Duane Boyd
Its: President

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was mailed via U.S. mail, postage prepaid on this 30th

day of March to the following counsel of record:

Joel Shafferman, Esq.
Solomon, Pearl, Blum, Heymann & Stich, LLP
*Counsel for Plaintiff*
40 Wall Street, 35th Floor
New York, NY 10005

By: _____
      LAURA F. BALDINI, ESQ.
      Law Offices of Laura Flynn Baldini, LLC

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

34