UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-----------------------------------------------------------x
CALL CENTER TECHNOLOGIES, INC.,          :
                                         :
       Plaintiff,                        :
                                         :
       v.                                :
                                         :   Civil Action No. 3:03CV1036 (DJS)
GRAND ADVENTURES TOUR &                  :
TRAVEL PUBLISHING CORPORATION,           :
INTERLINE TRAVEL & TOUR, INC.,           :
                                         :
       Defendants.                       :   April 14, 2005
-----------------------------------------------------------x

**AFFIDAVIT IN SUPPORT OF PLAINTIFF'S MOTION TO
COMPEL DEFENDANT INTERLINE TRAVEL & TOUR, INC., TO
ANSWER INTERROGATORIES AND TO PRODUCE DOCUMENTS**

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YOR    )

      JOEL M. SHAFFERMAN, being duly sworn, deposes and says:

      1.    I am a member of the firm of Solomon Pearl Blum Heymann & Stich, LLP, and I represent the Plaintiff Call Center Technologies, Inc. in the above-referenced matter. I make thisaffidavit pursuant to D. Conn. L. R. 37(a)(2) in support of Plaintiff's Motion to Compel Defendant Interline Travel & Tour, Inc., ("Interline") to Answer Interrogatories and to Produce Documents (the "Motion to Compel").

      2.    As shown below, I have conferred with counsel for Interline as discussed more fully below in an effort in good faith to resolve by agreement, and without the Court's

intervention, the issues raised by the Motion to Compel. Despite these efforts, however, I have been unable to reach such an agreement with Interline's counsel.

      3.     Interline served discovery responses upon Plaintiff on March 31, 2005.

      4.     On April 4, 2005, I contacted by email and by telephone Interline's counsel Laura F. Baldini, concerning Interline's responses to Plaintiff's requests for interrogatories and for production of documents, which I deemed inadequate, incomplete, and/or evasive.

      5.     Attorney Baldini and I discussed Interline's discovery responses and objections. Attorney Baldini agreed to provide the names of certain present employees of Interline, however Attorney Baldini stood upon Interline's objections, and subsequently issued a letter to me, attached hereto as Exhibit A, which among other things, suggested that Plaintiff derive certain information requested in Interrogatories by reviewing certain documents produced by Interline, and threatened to seek sanctions against me if Plaintiff continued this litigation against Interline.

      6.     Subsequently, I have had several conversations with Attorney Baldini about this issue. Most recently, on April 13, 2005, during a break between depositions in this case, I had a telephone conversation with Attorney Baldini that lasted more than a half an hour. During this conversation Attorney Baldini and I discussed each itemized request set forth in this motion. Although Attorney Baldini agreed to see if she could obtain a small amount of the items requested, she said that it would be best for the depositions to conclude, at which time she believed that I would likely be convinced that this action should be withdrawn. In response I told Attorney Baldini that since CCT had retained Austin, Texas counsel to conduct the

depositions in Austin, Texas: I would need to consult with him prior to making such a critical decision. However, since the Discovery Cutoff in this case is April 15, 2005, both Texas Counsel and I asked Attorney Baldini if she would consent to an extension of the Discovery Cutoff for one (1) week so that I would have sufficient time to discuss the matter with Texas counsel and perhaps even review a "dirty draft" of the deposition transcripts. Attorney Baldini refused this request, thus giving me no choice but to make this motion. Thus I have been unable to reach an acceptable agreement with Attorney Baldini to produce responses fully and completely as are requested in the Motion to Compel.

7.   As of the present date, I have not received supplemental answers from Interline to plaintiff's requests for interrogatories or production of documents.

8.   For the foregoing reasons, and those set forth in the accompanying memorandum, I respectfully request that the Court grant the Plaintiff's motion to compel.

_____
Joel M. Shafferman (JS-1055)
Solomon Pearl Blum Heymann & Stich, LLP
40 Wall Street, 35th Floor
New York, New York 10005
Telephone: (212) 267-7600
Facsimile: (212) 267-2030
E-mail: jshafferman@solpearl.com

Sworn to before me this
14th day of April, 2005

_____
Notary Public

**Jill H. Teitel
Notary Public, State of New York
Registration #02TE5069470
Qualified in New York County
My Commission Expires Nov. 25, 1998**
2006

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------x
CALL CENTER TECHNOLOGIES, INC., :
:
        Plaintiff, :
:
        v. :
: Civil Action No. 3:03CV1036 (DJS)
GRAND ADVENTURES TOUR & :
TRAVEL PUBLISHING CORPORATION, :
INTERLINE TRAVEL & TOUR, INC., :
:
        Defendants. : April 14, 2005
---------------------------------------------------------x

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within and foregoing was served via United States first-class mail, postage prepaid, and by facsimile, on this 14th day of April, 2005 upon all pro se parties and counsel of record, as follows:

Laura F. Baldini, Esq.
Counsel for Defendant Interline Travel & Tour, Inc.
2 Batterson Park Road, 2nd Floor
Farmington, CT 06032
Telephone: 860-874-8463
Facsimile: 860-561-9823

_____
Joel M. Shafferman (JS-1055)
Solomon Pearl Blum Heymann & Stich, LLP
40 Wall Street, 35th Floor
New York, New York 10005
Telephone: (212) 267-7600
Facsimile: (212) 267-2030
E-mail: jshafferman@solpearl.com

2