FILED

2005 MAY -5 P 1:54

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CALL CENTER TECHNOLOGIES, | CIVIL ACTION NO. 3:03CV1036 (DJS) |
| Plaintiff, | |
| v. | |
| GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION, INTERLINE TRAVEL & TOUR, INC., | |
| Defendants. | MAY 5, 2005 |

## DEFENDANT INTERLINE TRAVEL & TOUR INC.'S
## OBJECTION TO PLAINTIFF'S MOTION TO COMPEL

Defendant, Interline Travel & Tour, Inc. ("Interline"), hereby objects to the plaintiff's Motion

to Compel dated April 14, 2005. In its motion, the plaintiff seeks to compel Interline to respond to

Interrogatory responses 4, 12, 15, 16, 17 and 24 and Requests for Production 1 and 2 contained in its

First Set of Interrogatories and Requests for Production dated February 28, 2005.

As will be discussed in the attached Memorandum of Law which is incorporated herein by

reference, although the scope of permissible discovery is broad, "some threshold showing of

relevance must be made before parties are required to open wide the doors of discovery and to

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 337, 380 (8th Cir. 1992). . Furthermore, discovery may not be had where the discovery sought is "unreasonably cumulative or duplicative," overly "burdensome . . . [or] expensive" or "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2).

As will be discussed herein, the plaintiff's arguments in support of its Motion to Compel are legally and factually unsupported. Interline has made several good faith attempts to resolve the discovery issues which are the subject of the plaintiff's Motion to Compel. Interline has endeavored to cooperate with plaintiff's counsel in responding to the plaintiff's requests despite the fact that plaintiff's counsel failed to seek the Court's permission to file more than twenty-five interrogatories (a violation of Fed. R. Civ. P. 33) and despite the fact that many of the requests seek information that does not reasonably bear upon the issues in the case and/or is unreasonably cumulative or duplicative. Moreover, most of the plaintiff's requests to compel responses have been rendered moot by the testimony given at the depositions of three of Interline's employees on April 13-14, 2005 and by Interline Supplemental Responses to Plaintiff's Interrogatories dated May 4, 2005.

**WHEREFORE**, Interline respectfully requests that the plaintiff's Motion to Compel be denied, that its Objection be sustained and that the individual objections to the plaintiff's discovery requests be sustained.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

2

Respectfully submitted,

DEFENDANT,
INTERLINE TRAVEL & TOUR, INC.

By: _____
LAURA F. BALDINI, ESQ.
Federal Bar Number ct19887
Law Offices Of Laura Flynn Baldini, LLC
2 Batterson Park Road, 2nd Floor
Farmington, CT 06032
Tel. (860) 874-8483
Fax. (860) 561-9823
LBaldini@FlyBal-Law.com
Juris. No. 421267

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

3

## ORDER

The foregoing OBJECTION, having been duly presented to this Court, it is hereby **ORDERED:**

**SUSTAINED/OVERRULED.**

BY THE COURT

_____
Judge/Clerk

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

4

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was mailed via U.S. mail, postage prepaid on this 5th day

of May, 2005 to the following counsel of record:

Joel Shafferman, Esq.
Solomon Pearl Blum Heymann & Stich LLP
*Counsel for Plaintiff*
40 Wall Street, 35th Floor
New York, NY 10005

By: _____
LAURA F. BALDINI, ESQ.
Law Offices of Laura Flynn Baldini, LLC

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

5

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CALL CENTER TECHNOLOGIES, | : | CIVIL ACTION NO. 3:03CV1036 (DJS) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| GRAND ADVENTURES TOUR & | : | |
| TRAVEL PUBLISHING CORPORATION, | : | |
| INTERLINE TRAVEL & TOUR, INC., | : | |
| | : | |
| Defendants. | : | MAY 5, 2005 |

## DEFENDANT INTERLINE TRAVEL & TOUR INC.'S
## MEMORANDUM OF LAW IN SUPPORT OF ITS
## OBJECTION TO PLAINTIFF'S MOTION TO COMPEL

Defendant, Interline Travel & Tour, Inc. ("Interline"), submits this Memorandum of Law in support of its objection to the plaintiff's Motion to Compel dated April 14, 2005.

## I.    FACTS

This is a breach of contract and successor liability case brought by the plaintiff, Call Center Technologies ("CCT"), against Grand Adventures Tour & Travel Publishing Corporation ("GATT") and Interline. The plaintiff's Second Amended Complaint dated July 29, 2003 contains two counts.

The First Count is directed to defendant GATT.  The plaintiff alleges that pursuant to a written document called "Customer Agreement" dated June 16, 1998, GATT d/b/a Grand Adventures Tour & Travel, Inc. purchased certain goods called an Aspect Call Center. *Second Amended Complaint, Count, First Count*, ¶ 1.  The plaintiff claims that the terms of the Customer Agreement state that it "will be governed by and enforceable under the laws of the State of Connecticut" and binding "upon both parties and their successors." *Id.* at ¶ 10.  The plaintiff claims that GATT ordered additional parts in 1999 and CCT supplied said parts. *Id.* at ¶ 11.  In February 1999, the plaintiff alleges that GATT requested the temporary use of "Intertel equipment" and that the equipment was provided to GATT with the expectation that it be returned "within a reasonable time". *Id.* at ¶ 12.  The plaintiff claims that GATT never returned the Intertel equipment nor did GATT pay for said equipment. *Id.* It is alleged that the value of the Aspect Call Center, the additional parts and the Intertel equipment is $130,090.00, $30,000.00 and $30,000.00, respectively. *Id.* at ¶¶ 13-15.  The plaintiff claims that although demand for payment has been made, GATT has paid the sum of $35,000.00 but has refused to pay the balance. *Id.* at ¶ 16.

The Second Count is directed to Interline.  The plaintiff alleges that Interline was doing business as Interline Vacations and was incorporated in Texas on October 15, 2001.  *Second Amended Complaint, Count, Second Count*, ¶ 17.  The plaintiff claims that GATT "ceased its business operations soon after and was dissolved in December 2001." *Id.* at ¶ 18.  It is alleged that

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

2

Interline acquired the assets of GATT and, at its inception, occupied the same office space as GATT. *Id.* at ¶¶ 19-20. The plaintiff further claims that Interline uses GATT's former website to offer the same travel services as GATT, uses the same toll-free number that GATT used before its dissolution and publishes <u>Interline Adventures,</u> a travel magazine previously published by GATT. *Id.* at ¶¶ 21-23. The plaintiff asserts that Interline has a continuity of management of Defendant GATT including the individuals Duane Boyd and Joseph Juba, and a continuity of personnel. *Id.* at ¶ 24. It is alleged that Interline holds itself out to the public as a continuation of GATT through its product lines and benefits from goodwill created by GATT. *Id.* at ¶ 27. The plaintiff asserts that Interline is therefore liable to the plaintiff for GATT's obligations to the plaintiff. *Id.* at ¶ 28.

Interline denies the substantive allegations of the plaintiff's Second Amended Complaint. In addition, Interline has asserted certain special defenses including lack of personal jurisdiction and setoff and recoupment.

On February 28, 2005, the plaintiff served Interline with its First Set of Interrogatories and Requests for Production. Prior to serving Interline with its Interrogatories, however, the plaintiff failed to seek permission to file more than twenty five interrogatories as is required by the Federal Rules. Despite the plaintiff's failure to seek the Court's permission to file interrogatory requests in excess of those permitted by the Federal Rules, Interline responded to the plaintiff's discovery requests on March 30, 2005 by filing answers and objections to the requests.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8463 • Fax: (860) 561-9823

3

The plaintiff seeks to compel Interline to respond to Interrogatories 4, 12, 15, 16, 17 and 24 and Requests for Production 1 and 2. As will be discussed herein, the undersigned has attempted to resolve the issues relating to the discovery requests that are the subject of the plaintiff's motion. *See* attached correspondence from Laura F. Baldini to Joel Shafferman dated April 25, 2005 attached hereto as **Exhibit A**. Despite the undersigned's efforts, plaintiff's counsel has demonstrated a clear desire to proceed with his motion and to further prolong the discovery phase of this case. *See* attached correspondence from Joel Shafferman to Laura F. Baldini dated April 28, 2005 attached hereto as **Exhibit B**.

Plaintiff's motion should be denied because the information sought by the plaintiff is not relevant to the subject matter of this controversy and/or unreasonably cumulative or duplicative. In addition, most of the plaintiff's requests to compel responses have been rendered moot by the testimony given at the depositions of three of Interline's employees on April 13-14, 2005 and by Interline Supplemental Responses to Plaintiff's Interrogatories dated May 4, 2005. *See* Interline's Supplemental Responses to Plaintiff's Discovery Requests attached hereto as **Exhibit C**.

## II.   <u>ARGUMENT</u>

### A.   **Standard for A Motion to Compel**

The scope of permissible discovery is broad. "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . Relevant information

Law Offices of Laura Flynn Baldini, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

4

need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). However, *"some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case."* *Coppola v. Arrow Financial Services, LLC,* 2002 U.S. Dist. LEXIS 26788 *2 (U.S. Dist. Ct. Oct. 29, 2002)(Dorsey, J.) *citing Hofer v. Mack Trucks, Inc.,* 981 F.2d 337, 380 (8th Cir. 1992)[emphasis added]. Furthermore, discovery may not be had where the discovery sought is "unreasonably cumulative or duplicative," overly "burdensome . . . [or] expensive" or "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2). *Id.* An order compelling discovery may be tailored to the circumstances of the case. *Id.* at *3; *Gile v. United Airlines, Inc.,* 95 F.3d 492, 496 (7th Cir. 1996).

**B.    Plaintiff's Is Not Entitled To The Discovery It Seeks**

The gravaman of the plaintiff's claim against Interline is that Interline is a legal successor to GATT and should therefore be liable for the debt that GATT allegedly owes to the plaintiff. In Connecticut, a corporation which purchases all the assets of another company does not become liable for the debts and liabilities of its predecessor unless:

1) the purchase agreement expressly or impliedly so provides;
2) there was a merger or consolidation of the two firms;
3) the purchaser if a "mere continuation" of the seller; or

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

5

4) the transaction is entered into fraudulently for the purpose of escaping liability.
*Ricciardello v. J.W. Gant & Company*, et al., 717 F. Supp. 56 (1989).

The plaintiff's successor liability claim against Interline is based upon the "mere continuation" exception. To establish a basis for successor liability based upon the "mere continuation" exception, a plaintiff must establish:

1)    continuation of the enterprise of the seller corporation so that there is a continuity of management, personnel, physical location, assets and general business operations;

2)    continuity of shareholders;

3)    the seller corporation ceases its business operations, liquidates and dissolves as soon as legally and practically possible;

4)    the purchasing corporation assumes those liabilities and obligations of the seller ordinarily necessary for the uninterrupted continuation of normal business operations of the seller corporation.

*Sullivan v. A.W. Fint Co.*, 17 Conn. L. Rptr. (Conn.Super. August 5, 1996)(Corradino, J.).

**1.    *Interline Should Not Be Compelled To Respond To Interrogatory 4***

Interrogatory 4 states the following:

> *Identify each individual presently or previously employed by the Defendant which was at any time employed by GATT, including each such individual's date(s) of employment with the Defendant.*

The plaintiff's request, as presently phrased, is overly broad, unduly burdensome, vague, ambiguous and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. The plaintiff's request is overly broad in that it is not limited in time or scope.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

6

For Interline to respond to this Interrogatory, it would have to review all of its employment and personnel records for the past three and one half years to determine whether any of its employees held employment with GATT. In addition, the plaintiff's request, as presently phrased, requires Interline to ascertain from potential employees of its company if they ever held employment with GATT. In addition, this request requires Interline to continually supplement its discovery responses to reflect the current status of the employees of its business. The burden upon Interline in responding to the present interrogatory as it is presently phrased is outweighed by its likely benefit to the plaintiff in this case.

The plaintiff's request is also unreasonably cumulative or duplicative of other discovery requests it has made. Although the above request seeks information that may lead to admissible evidence concerning whether there was a continuity of management or personnel between GATT and Interline, the plaintiff has made several other requests that relate to this same information. In addition to the foregoing request, the plaintiff has also requested Interline to:

a.      Identify the employees of the Defendant which were included in the Defendant's first 10 (ten) payroll periods. Interrogatory 15, discussed *infra.;*

b.      Produce Interline employee employment tax forms for the period October 31, 2001 - January 1, 2002 (Requests for Production of Documents attached to Amended Deposition Notice of Joseph Juba dated April 7, 2005);

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

7

  c. Produce Interline payroll tax returns October 2001– June 2002 (Requests for Production of Documents attached to Amended Deposition Notice of Joseph Juba dated April 7, 2005).

As the Court can see, these requests, when viewed in their entirety, seek no other purpose than to harass Interline. Notwithstanding the foregoing, Interline has supplemented its response to Interrogatory 4 in a good faith effort to avoid further litigation concerning this discovery issue. *See* Supplemental response to Interrogatory 4, Exhibit C. As such, the plaintiff's Motion to Compel should be denied and Interline should not be required to further respond to this Interrogatory.

  2. ***Interline Should Not Be Compelled To Respond To Interrogatory 12***

Interrogatory 12 states the following:

> *State the date that the Defendant was incorporated, the State in which the Defendant was incorporated and identify the past and present officers and directors of the Defendant together with the time periods each such individual held such position.*

Without waiving the objections set forth in Interline's response to this Interrogatory, Interline has provided a complete response to this Interrogatory. *See* Supplemental response to Interrogatory 12, Exhibit C. In addition to providing a supplemental response to this Interrogatory, Interline has, through the deposition testimony of its company president, Duane Boyd, confirmed that the list provided to the plaintiff is a complete list of all of Interline's past and present officers and directors.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

8

Accordingly, the plaintiff's motion to compel a further response to this Interrogatory should be denied.

### 3.    *Interline Should Not Be Compelled To Respond To Interrogatory 15*

Interrogatory 15 states the following:

*Identify the employees of the Defendant which were included in the
Defendant's first 10 (ten) payroll periods.*

Without waiving the objections set forth in Interline's response to this Interrogatory, Interline has supplemented its response to this Interrogatory. *See* Supplemental response to Interrogatory 15, Exhibit C. The plaintiff's request, however, is duplicative and cumulative of other discovery requests made in this case. (*See* discussion Sec. II.B.1, *supra*). As such, Interline should not be compelled to further respond to this Interrogatory.

### 4.    *Interline Should Not Be Compelled To Respond To Interrogatory 16*

Interrogatory 16 states the following:

*Identify each person on any mailing list, email list, or customer list
maintained by the Defendant which indicates a street address located
in the state of Connecticut.*

Interline should not be compelled to respond to the foregoing Interrogatory as it is overly broad, unduly burdensome and seeks information that is immaterial, irrelevant and which is not

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

9

reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad in that it is not limited in time or scope. The request, as presently phrased, would require Interline to undertake the burdensome of sorting through its computer databases for information acquired over a three and one half year period. The plaintiff's request for the above information is also unnecessarily cumulative and duplicative. In addition, the information sought by the plaintiff is proprietary to Interline's business and the disclosure of such information without a Confidentiality Agreement would be damaging to Interline's business.

The information sought by the plaintiff is not reasonably calculated to lead to the discovery of admissible evidence. Although the plaintiff has argued that the information requested is related to Interline's special defense of personal jurisdiction, the names and addresses of Interline's proprietary business clients will not, by itself, establish or refute the existence of personal jurisdiction in this case.

In an effort to resolve the discovery dispute concerning this issue, Interline has offered to identify the persons on its current mailing lists, customer lists and e-mail lists who have a street address located in the State of Connecticut. Since this information is proprietary to Interline's business, it has offered produce this information to plaintiff's counsel pursuant to a Confidentiality Agreement to be executed by both parties. Interline has requested that once a Confidentiality Agreement is signed, plaintiff's counsel secure a Court Order approving this Agreement, including

but not limited to, securing a Court Order providing that any papers filed in this action referencing or pertaining to this information be filed under court ordered seal. Interline has offered to provide the foregoing information upon receipt, review and execution of a Confidentiality Agreement from plaintiff's counsel. To date, the plaintiff has not provided the undersigned with a proposed Confidentiality Agreement.

For the foregoing reasons, the plaintiff's Motion to Compel should be denied with respect to this Interrogatory.

### 5.    *Interline Should Not Be Compelled To Respond To Interrogatory 17*

Interrogatory 17 states the following:

*State the total dollar amount of sales which the Defendant has transacted from customers whose address(es) is (are) located in the state of Connecticut.*

Interline should not be compelled to respond to the foregoing Interrogatory as it is overly broad, unduly burdensome and seeks information that is immaterial, irrelevant and which is not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad in that it is not limited in time or scope. The request, as presently phrased, would require Interline to undertake the burdensome task of sorting through its computer databases for information acquired over a three and one half year period in order for Interline to fully respond to this Interrogatory. The burden upon

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

11

Interline in responding to the present interrogatory as it is presently phrased is outweighed by its likely benefit to the plaintiff in this case.

The information sought by the plaintiff is also not reasonably calculated to lead to the discovery of admissible evidence. Although the plaintiff has argued that the information requested is related to Interline's special defense of personal jurisdiction, the "dollar amount of sales which the Defendant has transacted from customers whose address(es) is (are) located in the state of Connecticut" will not, by itself, establish or refute the existence of personal jurisdiction in this case.

In an effort to resolve the discovery dispute concerning this issue, Interline has supplemented its response to Interrogatory 17. *See* Supplemental response to Interrogatory 17, Exhibit C. As such, Interline should not be compelled to further respond to this Interrogatory.

6.    *Interline Should Not Be Compelled To Further Respond To Requests for Production 1 and 2*

**Requests for Production 1 and 2 state:**

1.    *All documents referred to or referenced in the Defendant's answers to the Plaintiff's First Set of Interrogatories, and for each such document identify which such Interrogatory the document is referred or referenced.*

2.    *All documents relied upon in formulating your answers to the Plaintiff's First Set of Interrogatories, and for each document identify which such Interrogatory the document was relied upon.*

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

12

In addition to the reasons set forth in Interline's objections to the foregoing Requests for Production dated March 30, 2005 and for the reasons set forth herein, Interline should not be compelled to further respond to the foregoing Interrogatory. Interline has represented to plaintiff's counsel that it does not have any privileged documents in its possession, custody or control other than those documents protected by the attorney-client and work product privileges. Despite the statement in plaintiff's counsel's letter attached hereto as Exhibit B that "it is required of you to provide a privilege log under the federal rules", Interline is not required to produce a privilege log for documents protected by the attorney-client and work product privileges. *See* L.Civ.R. 37. Accordingly, Interline should not be compelled to further respond to the foregoing requests for production.

C.    **Interline Has Conferred In Good Faith With Plaintiff's Counsel In An Effort To Resolve The Parties' Discovery Disputes Without Court Intervention**

As demonstrated in the attached correspondence and in the foregoing Objection, Interline and the undersigned have attempted to resolve the discovery issues in this case without the Court's intervention. Interline has done so despite the fact that the plaintiff failed to seek the Court's permission to serve more than twenty-five (25) interrogatories (many of which are cumulative or

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

13

duplicative).  Interline has made every effort to comply with the plaintiff's discovery requests while similarly protecting its business from an overzealous litigant.

## IV.    **CONCLUSION**

For the foregoing reasons, Interline respectfully requests that the plaintiff's Motion to Compel be denied, that its Objection be sustained and that the individual objections to the plaintiff's discovery requests be sustained.

Respectfully submitted,

DEFENDANT,
INTERLINE TRAVEL & TOUR, INC.

By: LAURA F. BALDINI, ESQ.
Federal Bar Number ct19887
Law Offices Of Laura Flynn Baldini, LLC
2 Batterson Park Road, 2nd Floor
Farmington, CT 06032
Tel. (860) 874-8483
Fax. (860) 561-9823
LBaldini@FlyBal-Law.com
Juris. No. 421267

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

14

## **CERTIFICATE OF SERVICE**

This is to certify that the foregoing was mailed via U.S. mail, postage prepaid on this 5th day of May, 2004 to the following counsel of record:

Joel Shafferman, Esq.
Solomon Pearl Blum Heymann & Stich LLP
*Counsel for Plaintiff*
40 Wall Street, 35th Floor
New York, NY 10005


By: _____
LAURA F. BALDINI, ESQ.
Law Offices of Laura Flynn Baldini, LLC

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

15

# EXHIBIT A

**Law Offices of**
## Laura Flynn Baldini, LLC
2 Batterson Park Road, 2nd Floor
Farmington, CT 06032

Tel: (860) 874-8483
Fax: (860) 561-9823

E-Mail: LBaldini@FlyBal-Law.com
Web: www.FlyBal-Law.com

April 25, 2005

Joel Shafferman, Esq.
Solomon, Pearl, Blum, Heymann & Stich, LLP
40 Wall Street, 35th Floor
New York, NY 10005

Re:   *Call Center Technologies, Inc. v. Interline Travel & Tour, Inc., et al.*

Dear Joel:

I am receipt of your Motion to Compel Discovery dated April 14, 2005. In an effort to avoid further motion practice and to resolve any outstanding discovery issues, I am writing to submit a discovery proposal in the hopes that it will be mutually agreeable to both parties. As we discussed in our April 20, 2005 telephone conversation, Interline will agree to provide to you the following information concerning the interrogatories which are the subject of your Motion to Compel provided such information is within its possession, custody and control:

Interrogatory #4: Interline will provide the names of the 21 previous GATT employees who were hired as Interline employees on or about November 1, 2001.

Interrogatory #12: Interline has provided the names of all of its past and present officers and directors. It will amend its discovery responses to clarify its response to this interrogatory.

Interrogatory #15: Interline will provide the names of the employees on its payroll for the first ten (10) payroll periods. Interline will not agree to provide personal information about these employees, including, but not limited to, home addresses, telephone numbers, social security numbers.

Interrogatory #16: Interline will provide a current list of the names and addresses of persons on its customer lists and mailing lists who are located in Connecticut.

Page 2 of 3

Since this information is proprietary to Interline's business, it will produce this information pursuant to a Confidentiality Agreement to be prepared by you and executed by both parties. You will also agree to secure a Court Order approving this Agreement, including but not limited to, securing a Court Order providing that any papers filed in this action referencing or pertaining to this information be filed under court ordered seal. Since the Interline cannot determine whether the e-mail addresses within its possession, custody or control are from persons who are located in Connecticut, it cannot agree to provide this information.

Interrogatory #17: Interline will attempt to provide information concerning the current amount of income that it derives from customer orders placed from individuals who are located in Connecticut.

Interrogatory #24: Interline has provided the names of its current stockholders and has provided the amount and percentage of ownership that these individuals and entities have in Interline. It has also provided the type of stock that each person owns in the company. Interline will not agree to poll its shareholders to determine whether they invested in GATT, a publicly-traded company,

With respect to Requests for Production 1 and 2, Interline represents that there are no privileged documents other than those protected by the attorney-client and work product privileges. As such, Interline has not provided, and will not be providing, a privilege log responsive to those requests.

Interline will produce the above information subject to the objections stated in its responses to the discovery requests.

In addition, without waiving any objections that Interline may have to the discovery requests made in the amended deposition notices dated April 7, 2005 and during the depositions of In Churl Yo and Duane Boyd, Interline will provide the following information, provided that it is within its possession, custody or control:

1. The May 2001 Stock Power Agreement and Security Agreement for Duane Boyd.
2. Interline's lease for the office space located at 211 East 7th Street in Austin, Texas.
3. Letters from Interline to GATT creditors after the October 30, 2001 foreclosure sale.
4. Interline employee employment tax forms for the period October 31, 2001 - January 1, 2002. Interline will not agree to provide personal information about these employees, including, but not limited to, home addresses, telephone numbers, social security numbers.
5. Interline phone bills for the telephone number 1 (888) PERXCOM and (512) 391-2000 for the period September 2001 – January 2002.

**Laura Flynn Baldini, LLC**
2 Batterson Park Road, 2nd Floor
Farmington, CT 06032

Page 3 of 3

7.   Interline payroll tax returns October 2001 – June 2002.  Again, Interline will not agree to provide personal information about these employees, including, but not limited to, home addresses, telephone numbers, social security numbers.

Please note that Interline responded to the Requests for Production of Documents set forth in Mr. Boyd's and Mr. Yo's amended deposition notices at their depositions. Interline, however, will provide a written response to these requests.

At your convenience, please advise me immediately whether this proposal adequately responds to the concerns set forth in your motion and the requests made during the depositions of Mr. Yo, Mr. Boyd and Mr. Juba.  If I do not hear from you by Wednesday of this week, I will file an appropriate response to your motion with the Court.

Thank you for your prompt attention to these matters, I look forward to hearing from you.

Very truly yours,

LAURA F. BALDINI

# EXHIBIT B

TEL 212.267.7600
FAX 212.267.2030

**Solomon Pearl Blum Heymann & Stich** LLP
Attorneys and Counselors-At-Law

40 Wall Street
35th floor
New York, NY 10005

solpearl@solpearl.com
www.solpearl.com

April 28, 2005

**VIA FAX**
Laura Flynn Baldini, Esq.
2 Batterson Park Road, 2nd Floor
Farmington, CT 06032

RE:   Call Center Technologies v. Grand
Adventures Tour & Travel Publishing
Corporation, Interline Travel & Tour, Inc.
Civil Action NO. 3:03CV1036

Dear Ms. Baldini:

This is in response to your letter to me dated April 25, 2005.

With respect to Interrogatory #4, we know of the first 21, and we know that 10 more employees were hired thereafter from your statements. We request a representation from you that these 31 were the only GATT employees who were ever hired by Interline, and that Interline has never fired or had anyone quit who used to work for GATT. Alternatively, please produce the other names. In addition to the names of the employees, you must also provide us with their addresses, as required by the Federal Rules of Civil Procedure.

With respect to Interrogatory #12, what you have previously provided us with does not identify which of the past and present officers and directors of Interline were formerly with GATT. If **all** of the past & present were formerly with GATT, then please make that representation.

With respect to Interrogatory #15, again you must comply with the Federal Rules of Civil Procedure regarding identification of natural persons.

With respect to Interrogatory #16, we need to know all of the sales Interline has had from addresses in Connecticut from the date of inception up to the date you respond to the question. I trust that we can work out a confidentiality agreement once you agree to produce what we have requested.

New York
Denver
U.S. Virgin Islands

With respect to Interrogatory #17, again we request a list of all sales Interline has had from customers in Connecticut from the inception of Interline until the date that this Interrogatory is answered. Otherwise, you can represent that Interline has they have had a steady and ongoing amount of sales from residents in Connecticut, either traveling to New York airports from CT, or Connecticut airports, or Boston airports.

With respect to Interrogatory #24, you appear to be refusing to answer the interrogatory, but insist that we refer to a document. What is your legal basis for refusing to poll your client's shareholders. To resolve this issue, we would accept your representation that all of the Interline shareholders held shares in GATT when the foreclosure sale occured.

Finally, it is required of you to provide a privilege log under the federal rules.

To repeat the statement made in my email to you of April 26, 2005 we would like to depose Patricia Macchi, Lawrence Fleishman and Fernando Cruz Silva before May 19, 2005. We would like to have the depositions scheduled after we receive the additional documents you agreed to send us.

Please call me at the above number if you have any questions or comments.

Very truly yours,

Joel M. Shafferman

JMS/yz

Solomon Pearl Blum Heymann & Stich LLP

# EXHIBIT C

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CALL CENTER TECHNOLOGIES, INC. | : | CIVIL ACTION NO. 3:03CV1036 (DJS) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| GRAND ADVENTURES TOUR & | : | |
| TRAVEL PUBLISHING CORPORATION, | : | |
| INTERLINE TRAVEL & TOUR, INC. | : | |
| | : | |
| Defendants. | : | MAY 4, 2005 |

### DEFENDANT INTERLINE TRAVEL & TOUR, INC.'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES DATED FEBRUARY 28, 2005

Pursuant to Fed. R. Civ. P. 26, Interline Travel & Tour, Inc. ("Interline"), a defendant in the above-captioned matter, hereby supplements its responses and objections to the Interrogatories of Plaintiff Call Center Technologies, Inc. ("Plaintiff" or "CCTI") dated February 28, 2005 as follows:

### OBJECTIONS

All General and Specific Objections set forth in Interline's initial response to the plaintiff's Interrogatories shall apply to this and any other supplemental response.

### RESPONSES

2.      State whether the Defendant has ever transacted or done business under any name other than Defendant from the time of Defendant's incorporation until the present. If yes, as to each such name, state, including the relevant time periods for each: (a) the name the used; (b) the manner by which such name was used; (c) the course of business in which such name was used; (d) the time periods that such name was or has been in use; (e) each physical address and principal place of business where the Defendant transacted or did business under such name; (f) each internet web site address where the Defendant transacted or did business under such name and (g) the telephone number used by the Defendant to receive telephone calls.

**ANSWER:** Without waiving any prior objections, Interline supplements its response to the above interrogatory as follows:

- a) Interline Vacations; d) November 1, 2001-present; e) 211 East 7th Street, Suite 1120, Austin, TX- November 1, 2001-May 31, 2002; 1499 W. Palmetto Park Road, Boca Raton, FL 33486 – November 1, 2001 to present; 12708 Riata Vista Circle, Suite A-125, Austin, TX 78727 – June 1, 2002 to present; f) www.perx.com; g) There are virtually hundreds of telephone numbers that Interline Vacations uses to receive phone calls. The principal telephone number that Interline Vacations uses to receive phone calls is: (888) PERXCOM.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

2

- a) Vacation Perx; d) November 8, 2002-present; e) 211 East 7th Street, Suite 1120, Austin, TX- November 1, 2001-May 31, 2002; 1499 W. Palmetto Park Road, Boca Raton, FL 33486 – November 1, 2001 to present; 12708 Riata Vista Circle, Suite A-125, Austin, TX 78727 – June 1, 2002 to present; f); www.perx.com; g) There has never been any business conducted under this business name. As such, there are no telephone numbers used to receive telephone calls.

- a) Perx.com; d) November 8, 2002-present; e) 211 East 7th Street, Suite 1120, Austin, TX- November 1, 2001-May 31, 2002; 1499 W. Palmetto Park Road, Boca Raton, FL 33486 – November 1, 2001 to present; 12708 Riata Vista Circle, Suite A-125, Austin, TX 78727 – June 1, 2002 to present; f) www.perx.com; g) There are virtually hundreds of telephone numbers that Perx.com uses to receive phone calls. The principal telephone number that Perx.com uses to receive phone calls is: (888) PERXCOM.

- a) Vacation Perx.com d) November 8, 2002-present; e) 211 East 7th Street, Suite 1120, Austin, TX- November 1, 2001-May 31, 2002; 1499 W. Palmetto Park Road, Boca Raton, FL 33486 – November 1, 2001 to present; 12708 Riata Vista Circle, Suite A-125, Austin, TX 78727 – June 1, 2002 to present; f) www.perx.com; g) There has never been any business conducted under this business name. As such, there are no telephone numbers used to receive telephone calls.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

3

4.    Identify each individual presently or previously employed by the Defendant which was at any time employed by GATT, including each such individual's date(s) of employment with the Defendant.

**ANSWER:**  Without waiving any prior objections, Interline supplements its response to the above interrogatory as follows:

Presently, Interline has fifty-two (52) full-time employees, of which twenty one (21) employees were previous GATT employees and hired as Interline employees effective November 1, 2001. The names and addresses of these employees are listed in **Exhibit A.**

There are also approximately ten current Interline employees (hired subsequent to November 1, 2001) who were also previous GATT employees. The names and addresses of these employees are listed in **Exhibit A.**

The following present officers of Interline were previously hired by GATT in some capacity, although not all were employees of GATT:

- Duane Boyd, President, Interline Travel & Tour, Inc., 12708 Riata Vista Circle, Suite A-125, Austin, TX 78727; October 15, 2001- present. Mr. Boyd was not an employee of GATT. He was an unpaid director and consultant for GATT.

- Lawrence K. Fleischman, Chairman and Chief Executive Officer, Interline Travel & Tour, Inc., 12708 Riata Vista Circle, Suite A-125, Austin, TX 78727; October 15, 2001- present. Mr. Fleischman was not an employee of GATT. He was an unpaid consultant for GATT.

- Joseph Juba, Executive Vice President, Interline Travel & Tour, Inc., 12708 Riata Vista Circle, Suite A-125, Austin, TX 78727; January 1, 2002- present

- Fernando Cruz Silva, Senior Vice President, Interline Travel & Tour, Inc., 12708 Riata Vista Circle, Suite A-125, Austin, TX 78727; January 1, 2002 – present

- Patricia Macchi, Vice President, Interline Travel & Tour, Inc., 1499 W. Palmetto Park Road, Boca Raton, FL 33486; January 1, 2002 –present

Interline also provides the name of Matthew O'Hayer, address unknown. Mr. O'Hayer was not an employee, officer or director of Interline although he was retained as a consultant to Interline for the period November 2001 to December 2003.

12.     State the date that the Defendant was incorporated, the State in which the Defendant was incorporated and identify the past and present officers and directors of the Defendant together with the time periods each such individual held such position.

**ANSWER:** Without waiving any prior objections, Interline supplements its response to the above interrogatory as follows:

Interline was incorporated in Texas on October 15, 2001. Below are the names of all the officers and directors of Interline, both past and present, with the time periods each such individual held such position:

- Duane Boyd, President; (October 15, 2001- Present);

- Lawrence K. Fleischman, Chairman and Chief Executive Officer; (October 15, 2001 - Present);

- Joseph Juba, Executive Vice President, (January 1, 2002-present);

- Fernando Cruz Silva, Senior Vice President, Interline Travel & Tour, Inc., (January 1, 2002 –present);

- Patricia Macchi, Vice President, Interline Travel & Tour, Inc., 1499 W. Palmetto Park Road, Boca Raton, FL 33486; (January 1, 2002 –present)

15.    Identify the employees of the Defendant which were included in the Defendant's first 10 (ten) payroll periods.

**ANSWER:** Without waiving any prior objections, Interline supplements its response to the above interrogatory as follows:

The following Interline employees were included in Interline's first ten payroll periods are provided on the attached **Exhibit B**.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

6

16.  Identify each person on any mailing list, email list, or customer list maintained by the Defendant which indicates a street address located in the state of Connecticut.

**ANSWER:**  Interline has offered to identify the persons on its mailing lists, customer lists and e-mail lists who have a street address located in the State of Connecticut.  Since this information is proprietary to Interline's business, it has offered to produce this information pursuant to a Confidentiality Agreement to be prepared by plaintiff's counsel and executed by both parties. Interline has requested that plaintiff's counsel secure a Court Order approving this Agreement, including but not limited to, securing a Court Order providing that any papers filed in this action referencing or pertaining to this information be filed under court ordered seal.  Subject to approval by plaintiff's counsel, Interline will provide the foregoing information upon receipt, review and execution of a Confidentiality Agreement from plaintiff's counsel.

17.  State the total dollar amount of sales which the Defendant has transacted from customers whose address(es) is (are) located in the state of Connecticut.

**ANSWER:**  Without waiving any prior objections, Interline supplements its response to the above interrogatory as follows:

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

7

Interline presently derives approximately $33,000 in annual income (approximately 0.3% of its total annual income) from orders placed from individuals that have a residence address in the State of Connecticut.

24.   Identify each of the Defendant's stockholders, and for each such stockholder state the amount and type of stock so held, whether the stockholders is or ever was a stockholder of GATT, and the amount and type of stock which is or was held by that stockholder in GATT.

**ANSWER:**  Without waiving any prior objections, Interline supplements its response to the above interrogatory as follows:

The names and addresses of Interline's present shareholders are listed on the Stockholder List attached hereto as **Exhibit C**  This List indicates the amount of common stock shares held by each Interline stockholder and their percentage of stock ownership in Interline.

Upon information and belief, the following shareholders of Interline were also shareholders of GATT for some period of time: Duane Boyd, Duane and Barbara Boyd Charitable Remainder Trust, Jay Juba, Edmond and Anne O'Donnell, Matthew O'Hayer and Larry Fleischman.  Interline is not aware of the amount of stock that these individuals and entities held in GATT nor is it aware of the type of stock that these individuals and entities held in GATT.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9828

8

Respectfully submitted,

DEFENDANT,
INTERLINE TRAVEL & TOUR, INC.

By:
LAURA F. BALDINI, ESQ.
Federal Bar Number ct19887
Law Offices Of Laura Flynn Baldini, LLC
2 Batterson Park Road, 2nd Floor
Farmington, CT 06032
Tel. (860) 874-8483
Fax. (860) 561-9823
LBaldini@FlyBal-Law.com
Juris. No. 421267

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was mailed via U.S. mail, postage prepaid on this 4th day

of May to the following counsel of record:


Joel Shafferman, Esq.
Solomon, Pearl, Blum, Heymann & Stich, LLP
*Counsel for Plaintiff*
40 Wall Street, 35th Floor
New York, NY 10005

By: _____
LAURA F. BALDINI, ESQ.
Law Offices of Laura Flynn Baldini, LLC

Previous GATT employees                                    **EXHIBIT A**

### Interline Employees at Nov 1, 2001

| | |
|---|---|
| Leigh Lewis - | 614 New Lake Boynton Beach, FL 33426 |
| Patricia Macchi | 3702 NW 84th Ave Coral Springs, FL 33065 |
| Lawrence Weic | 305 Shep Street Austin, TX 78748 |
| Joseph S Juba | 4331 Ganymede Dr Austin, TX 78727 |
| Teresa A Stoever | 1302 E. 51st St Austin, TX 78723 |
| Fernando Cruz Silva | 7105 Anaqua Drive Austin, TX 78750 |
| Jacqueline J Haley | 2641 Tandi Trail Round Rock, TX 78664 |
| Melissa Bates - | 16030 Fitchburg Cr Pflugerville, TX 78660 |
| In Churl Yo | 7209 Grover Ave Austin, TX 78757 |
| Susan Jane Edwards | 4309 Ridgepole Lane Spicewood, TX 78669 |
| Irina V Bybee | 2803 Pioneer Way Round Rock, TX 78664 |
| Cynthia Gillen | 500 E Anderson Lane #181Q Austin, TX 78752 |
| Michelle Guadagnoli | 6280 McNeil Drive #509 Austin, TX 78729 |
| Kevin P Lohman | 4403 Limewood Court Austin, TX 78727 |
| Joseph Vega | 305 Shep Street Austin, TX 78748 |
| Sammy J Morin | 1600 Royal Crest Dr #142 Austin, TX 78741 |
| Brent Garza | 116 Lockwood St San Marco, TX 78666 |
| Cleophas R Cooke III | 2616 Rainfall Trail Cedar Park, TX 78613 |
| Bambi L Flynn | 2601 Spanish Oak Trail Round Rock, TX 78681 |
| Vanessa Lee | 412 Water Oak Drive Cedar Park, TX 78613 |
| Richard P Range | 173 Teasley Kyle, TX 78640 |

### Employees hired subsequent to November 1, 2001

| | |
|---|---|
| Lori Ploch | 6636 W Wm Cannon #318 Austin, TX 78735 |
| Tracie Woods | 6636 W. Wm Cannon #318 Austin, TX 78735 |
| Kira Bowker | 1510 West North Loop Blvd #323 Austin, TX 78756 |
| Robin Rodriguez | 8717 Taline Cr Austin, TX 78748 |
| Mary A Marr | P.O. Box 160022 Austin, TX 78716 |
| Leigh Ann Johnson | 197 Spring Branch Drive Austin, TX 78640 |
| Pamela S Snowberger | 15535 Sutton Leigh's Lane Pflugerville, TX 78660 |
| Tompall Glaser | 4201 Monterey Oaks Blvd #819 Austin, TX 78749 |
| Dana A Ramsey | 1002 Kavanagh Austin, TX 78748 |
| Wyatt M Wilson | 7655 North FM 620 Apt 524 Austin, TX 78726 |
| Brandie K Davis | 8808 Springmail Circle Apt A Austin, TX 78729 |
| Doris Shafer - | 9900 Valderrama Drive Austin, TX 78717 |

**EXHIBIT B**

**Response to Interrogatory #15:**
**Interline Employees That Were Included In Interline's**
**First Ten (10) Payroll Periods**

Anglim, William
Bowker, Kira
Boyd, Kimberly
Boyd, Michael
Coker, Stephen
Cunningham, Sandra
Davis, Brandie
Deleon, Allison
Garza, Brent
Gillen, Cynthia
Gross, Aaron
Guadagnoli, Michelle
Lewis, Leigh
Lohman, Chris
Lohman, Kevin
Miller, Charlene
Morin, Sammy
Muniz, Maria
Navarro, Robert
Navarro, Romney
Ploch, Lori
Range, Richard
Rios, Renee
Rodriguez, Jo Lynn
Schubert, Jennifer
Shanafelt, Colleen
Steele, Valerie
Stephens, Keisha
Vega, Joseph
Watson, Maia
White, Chad
White, Bruce
Woods, Tracie
Bates, Melissa
Boren, Calvin
Boyd, Duane
Bybee, Irina
Cooke, Cleophas
Coward, Mary

Cruz, Fernando
Edwards, Jaine
Flynn, Bambi
Haley, Jacqueline
Juba, Joseph
Lee, Vanessa
Macchi, Patricia
Rodriguez, Alejandra
Shafer, Doris
Stoever, Teresa
Welc, Lawrence
Yo, In Churl

**INTERLINE TRAVEL & TOUR, INC.**
Shareholder List 5-3-05

EXHIBIT C

| | | Common Shares 8/3/2005 |
|---|---|---|
| **Beneficially Duane&Barbara Boyd and Family** | | |
| Duane Boyd | 1.1499% | 15,000 |
| DBMK Partners Ltd | 9.3523% | 122,000 |
| Barbara S Boyd Living Trust | 3.8329% | 50,000 |
| DKB Trust | 3.8329% | 50,000 |
| Michael Christopher Boyd Trust | 3.4496% | 45,000 |
| Kimberly Kristen Boyd Trust | 3.4496% | 45,000 |
| Duane & Barbara Boyd Charitable Remainder Unitrust | 3.0663% | 40,000 |

The address for all above entities is:

8700 Silverhill Lane
Austin, Texas 78759

**Beneficially Lawrence&Joan Fleischman and Family**

| | | |
|---|---|---|
| Lawrence K. Fleischman<br>32 Sea Spray Drive<br>Centerport, NY 11721 | 22.8442% | 298,000 |
| The Lawrence and Joan Fleischman Family Trust<br>70 East 10th Street<br>New York, NY 10003 | 7.6658% | 100,000 |
| SYBR.com<br>1176 Walt Whitman Road<br>Melville, NY 11747 | 22.0776% | 288,000 |
| Edmond and Anne O'Donnell<br>23 Roundtree Drive<br>Melville, NY 11747 | 6.1327% | 80,000 |
| Fleischman Family Partnership, Ltd.<br>14715 Cindywood<br>Houston, TX 77079 | 2.6742% | 34,885 |
| Michael Boyd<br>32303 North River Road<br>Libertyville, IL 60048 | 1.1499% | 15,000 |
| Lawrence and Helaine Kaplan<br>17 Riverview Terrace<br>Smithtown, NY 11787 | 1.5523% | 20,250 |
| Jack and Caroline De Santis<br>414 Ridgefield Road<br>Hauppauge, NY 11788 | 1.1499% | 15,000 |

| | | |
|---|---|---|
| Joseph and Annette Juba<br>4331 Ganymede Dr<br>Austin, TX 78727 | 0.7666% | 10,000 |
| Robert & Ellen Deutschman Family Trust<br>1905 Westridge Terrace<br>Los Angeles, CA 90099 | 1.3415% | 17,500 |
| Kenneth A. Kamen<br>1492 Brookfield Road<br>Yardley, PA 19067 | 1.7827% | 23,255 |
| Jerry Kaplan<br>350 Motor Parkway<br>Hauppauge, NY 11788 | 1.4258% | 18,600 |
| Matthew O Hayer<br>Matthew@ohayer.com | 1.1499% | 15,000 |
| Stanley Kaplan<br>4 Spinning Wheel Lane<br>Dix Hills, NY 11746 | 0.1533% | 2,000 |
| | 100.0000% | 1,304,490 |