UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------:
CALL CENTER TECHNOLOGIES,                :       CIVIL ACTION NO.
                                         :       3:03CV1036 (SRU)
                            Plaintiff,   :
    v.                                   :
                                         :
GRAND ADVENTURES TOUR &                  :
TRAVEL PUBLISHING CORPORATION,           :
INTERLINE TRAVEL & TOUR, INC.            :
                                         :
                            Defendants.  :
                                         :       April 14, 2005
------------------------------------------------------------:

## CALL CENTER TECHNOLOGIES' MOTION FOR EXTENSION OF DISCOVERY DEADLINE

1.  Plaintiff, Call Center Technologies, Inc. ("CCT"), in accordance with the provisions of Local Rule 7(b), moves for an extension of the Court's deadline for completion of discovery in this matter. The Court's current deadline for completion of discovery is May 19, 2005. CCT moves for an order that the discovery deadline in this case be extended for thirty days from the date of a hearing held with respect to this motion. In support of this motion, the undersigned states:

**NO ORAL ARGUMENT REQUESTED**
**TESTIMONY NOT REQUIRED**

1

1. This is an action for breach of contract and damages as against defendant Grand Adventures Tour & Travel Publishing Corporation ("GATT"), and seeking to hold liable for same the defendant Interline Travel & Tour, Inc., ("Interline" or "Defendant") under the theory of successor liability.

2. The Plaintiff commenced an action against GATT in the Connecticut Superior Court, Judicial District of Danbury, and obtained a default as to liability against GATT for GATT's failure to appear or to plead.

3. After learning that GATT's operations had been continued by Interline, the Plaintiff moved to cite-in Interline as a party defendant, which motion was granted by the Connecticut Superior Court (White, J.), and an amended complaint was served upon Interline including the claim of successor liability.

4. Interline removed the case to the United States District Court for the District of Connecticut, after which Interline immediately moved to dismiss the action, alleging this Court's lack of personal jurisdiction over Interline.

5. The Plaintiff moved this Court (Underhill, J.) to amended its complaint to plead additional jurisdictional facts in response to Interline's motion to dismiss, which motion was granted on August 20, 2003, and thereafter the Plaintiff's second amended complaint was filed on or about August 28, 2003.

6. On November 10, 2003, this Court (Underhill, J.) denied Interline's motion to dismiss without prejudice, allowing Interline to raise its personal jurisdiction challenge at trial.

7. On November 26, 2003 the defendant Interline filed its initial Answer & Affirmative Defenses of Interline Travel & Tour to Plaintiff's Second Amended Complaint (the

"Answer").

8. On December 2, 2003, the defendant Interline filed an amendment to its Answer, in order to remove the admission contained in Paragraph 19 of the original Answer that Interline "admits that it acquired some of GATT's assets through a public foreclosure sale," Answer at ¶19, and to deny that it had acquired the assets of GATT. Amended Answer at ¶19.

9. On April 19, 2004, Interline file a Second Amended Answer, in order to remove the above denial, and to re-admit that Interline "admits that it acquired assets of GATT through a lawful public foreclosure sale." Second Amended Answer at ¶19.

10. At some point thereafter a dispute arose between the Plaintiff and its initial counsel causing the Plaintiff's counsel to withdraw its appearance in this matter.

11. Following motions by Interline for default for failure to appear by counsel and to dismiss, the undersigned counsel filed an appearance in this matter on December 3, 2004, following which on December 8, 2004, the Court (Underhill, J.), entered orders denying Interline's motion to dismiss and Interline's Motion for Default Judgment, and further setting April 1, 2005 as the deadline for discovery.

12. The Plaintiff served Interline with its first discovery requests on February 28, 2005, and Interline responded on March 31, 2005.

13. On or about March 30, 2005, the Plaintiff and Interline stipulated to extend discovery until April 15, 2005, and a motion to extend the discovery deadline was filed in the within action on March 30, 2005, which was granted on the same date. The discovery deadline was again extended by order of the Court to May 19, 2005.

14. CTT has been diligently pursuing discovery in this matter. It has produced documents and responded to all of Interline's discovery requests and appeared at a deposition noticed by Interline. It has also served discovery on Interline and is in the process of deposing certain witnesses from Interline that are relevant to the issue of successor liability raised in this action.

15. CTT conducted depositions of certain Interline's witnesses in Austin, Texas on April 13, 2005 and April 14, 2005. CTT will depose additional witnesses of Interline and Interline in Austin Texas within the next two (2) weeks.

16. The undersigned has verbally advised Interline's counsel of the instant motion and Interline's counsel Attorney Laura Flynn Baldini consents to an extension of the discovery deadline through and including June 10, 2005.

17. The Court has wide discretion to grant a request for additional time to complete discovery; and Rule 16 of the Federal Rules of Civil Procedure allows the modification of a scheduling order when good cause is shown. B. Charles Alan Wright, Arthur R. Miller and Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE SEC. 1166 (3 ed. 2002).

**WHEREFORE,** CCT respectfully requests that its motion for extension of the discovery deadline be granted through and including June 10, 2005 and that CCT be granted such other and further relief as this Court deems just and proper.

Respectfully submitted, PLAINTIFF CALL CENTER TECHNOLOGIES, INC.

By: _____

Solomon Pearl Blum Heymann & Stich, LLP
Joel M. Shafferman (JS-1055)
40 Wall Street, 35th Floor
New York, New York 10005
Telephone: (212) 267-7600
Facsimile: (212) 267-2030
E-mail: jshafferman@solpearl.com,
Its Attorneys.

Dated: New York, New York
       May 18, 2005

## **ORDER**

The foregoing Motion, having been duly presented to this Court, it is hereby ORDERED, that the same be and hereby is   GRANTED/DENIED.

THE COURT,

_____

JUDGE/Clerk

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was (i) mailed via U.S. mail, postage prepaid, and (ii) faxed on this 18th day of May, 2005 to the following counsel of record:

    Laura Flynn Baldini, Esq.
    Law Offices of Laura Flynn Baldini, LLC
    2 Batterson Park Road, 2nd Floor
    Farmington CT 06032
    Fax No. (860) 561-9823

_____

Sworn to before me this
18th day of May, 2005

_____
Notary Public, State of New York

JOEL SHAFFERMAN
Notary Public, State of New York
No. 02SH6110071
Qualified in New York County
Commission Expires May 24, 2008

7