UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CALL CENTER TECHNOLOGIES, | : CIVIL ACTION NO. 3:03CV1036 (DJS) |
| Plaintiff, | : |
| v. | : |
| GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION, INTERLINE TRAVEL & TOUR, INC. | : |
| Defendants. | : JUNE 1, 2005 |

## JOINT MOTION FOR PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and pursuant to the Court's May 10, 2005 Order concerning the above matter, counsel for the plaintiff, Call Center Technologies ("CCT"), and counsel for Interline Travel & Tour, Inc. ("Interline"), a defendant in the above-captioned matter, submit the foregoing Joint Motion for Protective Order ("Motion") and Consent Order ("Order") for approval by the Court. The parties submit this Motion because CCT has served Interline with discovery which would require Interline, in response to such discovery, to disclose information confidential and proprietary to its business. This Motion and attached Order

are submitted to protect the disclosure of such information and to set forth the terms of the disclosure of such information.

On February 28, 2005, CCT served Interline with Interrogatory requests. Among the requests served upon Interline was Interrogatory 16 which asked Interline to *"Identify each person on any mailing list, email list, or customer list maintained by the Defendant which indicates a street address located in the state of Connecticut."* On March 30, 2005, Interline responded to the plaintiff's interrogatory requests and objected to the aforementioned interrogatory on the grounds that it, among other things, sought the disclosure of information confidential and proprietary to Interline's business. On April 14, 2005, CCT moved to compel a response to Interrogatory 16. On May 5, 2005, Interline objected to the plaintiff's motion. On May 10, 2005, the Court issued an order requiring the parties to file a joint motion for protective order concerning the information requested in Interrogatory 16 by May 27, 2005.

On May 26, 2005, the parties obtained permission from the Court to extend the time to file the foregoing Motion to June 1, 2005 and the time for Interline to respond to Interrogatory 16 to June 8, 2005.

The purpose of a Rule 26 protective order is to regulate discovery. *See* FED. R. CIV. P. 26(c). In the present matter, the parties submit this joint Motion and the attached Order to enable CCT to conduct discovery and to protect information confidential and proprietary to Interline's business.

WHEREFORE, the parties respectfully request that their Motion for Protective Order be granted and that the attached Consent Order be approved by the Court.

**RESPECTFULLY SUBMITTED,**

| PLAINTIFF | DEFENDANT, |
|---|---|
| CALL CENTER TECHNOLOGIES | INTERLINE TRAVEL & TOUR, INC. |
| By: _____ | By: _____ |
| JOEL SHAFFERMAN, ESQ. | LAURA F. BALDINI, ESQ. |
| Federal Bar Number: js-1055 | Federal Bar Number ct19887 |
| Solomon Pearl Blum | Law Offices Of |
| Heymann & Stich LLP | Laura Flynn Baldini, LLC |
| 40 Wall Street, 35th Floor | 2 Batterson Park Road, 2nd Floor |
| New York, NY 10005 | Farmington, CT 06032 |
| Tel. (212) 267-7600 | Tel. (860) 874-8483 |
| Fax. (212) 267-2030 | Fax. (860) 561-9823 |
| Jshafferman@solpearl.com | LBaldini@FlyBal-Law.com |
| | Juris. No. 421267 |

3

## ORDER

The foregoing Motion and Consent Order, having been duly presented to this Court, it is hereby **ORDERED**, that the same be and hereby are GRANTED/DENIED.

                THE COURT,

                _____

                JUDGE/Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CALL CENTER TECHNOLOGIES, : | CIVIL ACTION NO. 3:03CV1036 (DJS) |
| Plaintiff, : | |
| v. : | |
| GRAND ADVENTURES TOUR & : <br> TRAVEL PUBLISHING CORPORATION, : <br> INTERLINE TRAVEL & TOUR, INC. : | |
| Defendants. : | JUNE 1, 2005 |

### CONSENT ORDER

**IT IS HEREBY STIPULATED AND AGREED** by the parties to this action by and through their respective counsel, as follows:

1. Call Center Technologies ("CCT" or the "plaintiff") has served interrogatories and requests for production ("Discovery") upon Interline Travel & Tour, Inc. ("Interline"), one of the defendants, in the above-captioned matter.

2. The documents, information and materials requested of Interline in connection with the Discovery served upon Interline includes information confidential and proprietary to Interline's business and the disclosure of such information to third parties without Interline's consent, knowledge or approval would be harmful and prejudicial to Interline.

3. The parties agree that Interline may, by written notice, or by a statement on the record at a deposition, designate as "Confidential," under the terms of this Consent Order, any document, information or materials that either (i) contain confidential information; or (ii) constitute confidential

or proprietary business information, provided that such party shall have a good faith basis for so designating any such documents as "Confidential."

4. The provisions of this Consent Order also shall apply to any non-party who provides testimony, documents or information in such discovery proceeding and who agrees to be bound by the terms of this Consent Order. References to a "party" or "parties" herein also shall include such non-parties. The parties agree that any deposition notice herein shall state that the deposition will be taken before a notary public and will be pursuant to this Consent Order.

5. Any documents, materials or information to be designated "Confidential" may be so designated either by furnishing a separate written notice to the counsel for the party receiving such documents, material or information at the time of their production, specifically identifying the documents or material as "Confidential," or by stamping the documents, material or information with the legend "CONFIDENTIAL" prior to their production. Stamping such a legend on the cover of any document with multiple pages shall so designate all pages of such document as being confidential, unless otherwise indicated by the producing party.

6. The inadvertent production or disclosure of any confidential document or other information without a "Confidential" designation shall be without prejudice to the parties' rights under this Consent Order, and the parties shall retain the right thereafter to designate such document, or information as confidential.

7. Documents and materials (including portions of deposition transcripts) designated as "Confidential" or information derived therefrom may be disclosed or made available by the receiving party only to "Qualified Persons," who, in the case of documents, materials or information designated as "Confidential," are defined to consist solely of:

2

(a) any Court of competent jurisdiction, including the arm of any court for collection of the Judgment;

(b) the named parties to this action, which shall include those officers, directors, and employees of such party deemed necessary to aid counsel in the prosecution and defense of this action;

(c) counsel to the named parties to this action and the paralegal, clerical, and secretarial staff employed by such counsel;

(d) court reporters;

(e) experts and/or advisors of any kind consulted by the named parties or their counsel in connection with this action, whether or not retained to testify at trial; provided that prior to the disclosure to such expert and/or advisor of information or material designated as "Confidential," counsel for the party proposing to make such disclosure shall deliver a copy of this Consent Order to the expert and/or advisor, shall explain its terms to the expert and/or advisor, and shall secure the signature of the expert and/or advisor on a letter in the form attached hereto as **Exhibit A**. It shall be the obligation of such counsel to retain a copy of all letters executed pursuant to this paragraph;

(f) any person who has prior knowledge of documents or materials designated as "Confidential" which is independent of collection proceedings in this action; and

(g) any other person as to whom the producing party agrees to in writing.

8. Documents and materials designated as "Confidential" or information derived therefrom, shall be used by the persons receiving them only for the purposes of litigating this action.

9. Each person given access to documents, material or information designated "Confidential" pursuant to the terms hereof shall be advised that the documents, material or information are being disclosed pursuant to and subject to the terms of this Consent Order and may not be disclosed other than pursuant to the terms hereof.

3

10. Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents or information obtained by such party or witness independently of collection proceedings in this action.

11. Nothing in the provisions of this Consent Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to Confidential Information as that party may consider appropriate.

12. If documents and material (including portions of deposition transcripts) designated as "Confidential" or information derived therefrom, are to be included in any papers to be filed in Court, such papers shall be labeled "Confidential -- Subject to Court Order."

13. Within thirty (30) days from the entry of a final, non-appealable judgment in this action, or within thirty (30) days from the date upon which a final disposition of the case is reached by agreement of the parties, the parties, unless otherwise agreed, shall return to counsel for the producing party all documents or material designated as "Confidential" and all copies thereof (except that counsel for each party may maintain in its files pleadings, briefs and other documents filed with the Court and deposition transcripts, and all such documents shall otherwise remain subject to the terms and conditions of this Consent Order). Counsel in possession of such documents may, in lieu of returning them to the producing party, certify in writing to the producing party that such documents have been destroyed.

14. Nothing in this Consent Order shall be construed to prohibit a party from producing documents, materials or information designated as "Confidential" in its possession pursuant to a subpoena issued by any Court, administrative or legislative body, or any other person purporting to have authority to subpoena such information, provided however, the party in possession of such documents, materials or information, if subpoenaed, shall give notice of such subpoena to the

4

producing party, by facsimile letter to the producing party's attorneys hereto, as soon as possible and before producing such documents, materials or information pursuant to the subpoena and, in any event, within five days after receiving such subpoena. The subpoenaed party shall not produce any of the producing party's "Confidential" documents, material or information for a period of at least five (5) days after providing the required notice to the producing party unless the subpoena requires production on an earlier date.

15. Jurisdiction of this action is to be retained by this Court, for purposes of enabling any party to this Consent Order to apply to the Court for such direction, order or further decree as may be appropriate for the construction, modification, enforcement or compliance herewith or for the punishment of any violation hereof, or for such additional relief as may become necessary to realize the intentions of this Consent Order.

16. This Consent Order shall be effective on the parties immediately upon its execution by or on behalf of the parties, regardless of whether it is or is not so ordered by the Court.

5

**RESPECTFULLY SUBMITTED:**

PLAINTIFF
CALL CENTER TECHNOLOGIES

By: _____
JOEL SHAFFERMAN, ESQ.
Federal Bar Number: js-1055
Solomon Pearl Blum
Heymann & Stich LLP
40 Wall Street, 35th Floor
New York, NY 10005
Tel. (212) 267-7600
Fax. (212) 267-2030
Jshafferman@solpearl.com

Date Signed: May 31, 2005

DEFENDANT,
INTERLINE TRAVEL & TOUR, INC.

By: _____
LAURA F. BALDINI, ESQ.
Federal Bar Number ct19887
Law Offices Of
Laura Flynn Baldini, LLC
2 Batterson Park Road, 2nd Floor
Farmington, CT 06032
Tel. (860) 874-8483
Fax. (860) 561-9823
LBaldini@FlyBal-Law.com
Juris. No. 421267

Date Signed: June 1, 2005

6

# EXHIBIT A

## ACKNOWLEDGEMENT AND UNDERTAKING

Re: CALL CENTER TECHNOLOGIES v. GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION, INTERLINE TRAVEL & TOUR, INC.
Civil Action No. 3-03CV1036 (DJS)

The undersigned has been asked to review certain information and documents relevant to the action entitled *Call Center Technologies v. Grand Adventures Travel and Tour Publishing Corporation, et al.* that belong to Interline Travel and Tour, Inc. ("Interline"), a defendant in the litigation, and which may contain confidential and proprietary information. In connection with such review, the undersigned agrees to the following:

1. The undersigned has read the attached Consent Order between the parties and fully understands its terms;

2. The undersigned will use all information or documents belonging to Interline and/or designated as "Confidential" solely for the purpose of assisting in the pursuit or defense of the above-captioned claim;

3. The undersigned will not disclose or disseminate any information or documents belonging to Interline to any third party without the prior written consent of Interline;

4. The undersigned will safeguard Interline's information and documents and prevent its disclosure to all third parties, subject to the provisions of the parties' Consent Order;

5. The undersigned may disclose said proprietary and confidential information only to persons within his/her organization who have a need to know such information in the course of the performance of their duties, on the conditions that each such person (a) shall be informed that such information is proprietary information and is subject to a Consent Order; (b) shall agree not to disclose such proprietary information to others or to use any such proprietary information except as provided herein.

6. At the conclusion of the litigation, the undersigned shall return all information and documents belonging to Interline, including all copies of same, to counsel for Interline.

7. The undersigned agrees voluntarily to submit to the jurisdiction of the United States District Court of the District of Connecticut for the resolution of any dispute that might

arise in connection with the undersigned's compliance with the terms of the Consent Order and this Agreement.

Dated this ___ day of _____, _____.

By:_____

Subscribed and sworn to before me,
the undersigned, this ____ day of
_____, _____.

_____
Commissioner of the Superior Court/ Notary Public   My Commission expires: _____

2