UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

---

| | | |
|---|---|---|
| CALL CENTER TECHNOLOGIES, | : | CIVIL ACTION NO. |
| | : | 3:03CV1036 (SRU) |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| GRAND ADVENTURES TOUR & | : | |
| TRAVEL PUBLISHING CORPORATION, | : | |
| INTERLINE TRAVEL & TOUR, INC. | : | |
| | : | |
| Defendants. | : | |
| | : | June 9, 2005 |

---

## CALL CENTER TECHNOLOGIES' MOTION FOR APPROVAL OF A PROTECTIVE ORDERWITH RESPECT TO CONFIDENTIAL COMMERCIAL INFORMATION

1.      Plaintiff, Call Center Technologies, Inc. ("CCT) moves for a protective order with respect to confidential commercial information   In support of this motion, the undersigned states:

**NO ORAL ARGUMENT REQUESTED
TESTIMONY NOT REQUIRED**

1

1. This is an action for breach of contract and damages as against defendant Grand Adventures Tour & Travel Publishing Corporation ("GATT"), and seeking to hold liable for same the defendant Interline Travel & Tour, Inc., ("Interline" or "Defendant") under the theory of successor liability.

2. The Plaintiff commenced an action against GATT in the Connecticut Superior Court, Judicial District of Danbury, and obtained a default as to liability against GATT for GATT's failure to appear or to plead.

3. After learning that GATT's operations had been continued by Interline, the Plaintiff moved to cite-in Interline as a party defendant, which motion was granted by the Connecticut Superior Court (White, J.), and an amended complaint was served upon Interline including the claim of successor liability.

4. Interline removed the case to the United States District Court for the District of Connecticut, after which Interline immediately moved to dismiss the action, alleging this Court's lack of personal jurisdiction over Interline.

5. The Plaintiff moved this Court (Underhill, J.) to amended its complaint to plead additional jurisdictional facts in response to Interline's motion to dismiss, which motion was granted on August 20, 2003, and thereafter the Plaintiff's second amended complaint was filed on or about August 28, 2003.

6. On November 10, 2003, this Court (Underhill, J.) denied Interline's motion to dismiss without prejudice, allowing Interline to raise its personal jurisdiction challenge at trial.

7. On November 26, 2003 the defendant Interline filed its initial Answer & Affirmative Defenses of Interline Travel & Tour to Plaintiff's Second Amended Complaint (the

"Answer").

8.  On December 2, 2003, the defendant Interline filed an amendment to its Answer, in order to remove the admission contained in Paragraph 19 of the original Answer that Interline "admits that it acquired some of GATT's assets through a public foreclosure sale," Answer at ¶19, and to deny that it had acquired the assets of GATT. Amended Answer at ¶19.

9.  On April 19, 2004, Interline file a Second Amended Answer, in order to remove the above denial, and to re-admit that Interline "admits that it acquired assets of GATT through a lawful public foreclosure sale." Second Amended Answer at ¶19.

10. At some point thereafter a dispute arose between the Plaintiff and its initial counsel causing the Plaintiff's counsel to withdraw its appearance in this matter.

11. Following motions by Interline for default for failure to appear by counsel and to dismiss, the undersigned counsel filed an appearance in this matter on December 3, 2004, following which on December 8, 2004, the Court (Underhill, J.), entered orders denying Interline's motion to dismiss and Interline's Motion for Default Judgment, and further setting April 1, 2005 as the deadline for discovery.

12. The Plaintiff served Interline with its first discovery requests on February 28, 2005, and Interline responded on March 31, 2005.

13. On or around April 15, 2005 CCT filed a Motion to Compel Interline to Answer Interrogatories and to Produce Documents (the "Motion to Compel"). By Order dated May 10, 2005, this Court granted, in part, and denied, in part, the Motion to Compel. The

14. The current discovery deadline is June 10, 2005. The Plaintiff needs to depose a

few more witnesses either in New York, New York, Austin, Texas and/or Florida. Therefore, by this application is seeking a further extension of the discovery cutoff through and including July 1, 2005. Counsel for Interline has advised the undersigned that she has no objection to the requested extension.

**WHEREFORE,** Plaintiff respectfully requests that its motion for extension of the discovery deadline be granted through and including July 1, 2005 and that Plaintiff be granted such other and further relief as this Court deems just and proper.

Respectfully submitted, PLAINTIFF CALL CENTER TECHNOLOGIES, INC.

By: _____

Solomon Pearl Blum Heymann & Stich, LLP
Joel M. Shafferman (JS-1055)
40 Wall Street, 35th Floor
New York, New York 10005
Telephone: (212) 267-7600
Facsimile: (212) 267-2030
E-mail: jshafferman@solpearl.com,
Its Attorneys.

Dated: New York, New York
       June 9, 2005

4

## **ORDER**

The foregoing Motion, having been duly presented to this Court, it is hereby ORDERED, that the same be and hereby is  GRANTED/DENIED.

THE COURT,

_____
JUDGE/Clerk

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was (i) mailed via U.S. mail, postage prepaid, and (ii) faxed on this 9th day of June, 2005 to the following counsel of record:

Laura Flynn Baldini, Esq.
Law Offices of Laura Flynn Baldini, LLC
2 Batterson Park Road, 2nd Floor
Farmington CT 06032
Fax No. (860) 561-9823

_____

Sworn to before me this
9th day of June, 2005

_____
Notary Public, State of New York

Jill H. Teitel
Notary Public, State of New York
Registration #02TE5069470
Qualified in New York County
My Commission Expires Nov. 25, ~~1998~~ 2006

6