UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CALL CENTER TECHNOLOGIES, | CIVIL ACTION NO. 3:03CV1036 (DJS) |
| Plaintiff, | |
| v. | |
| GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION, INTERLINE TRAVEL & TOUR, INC., | |
| Defendants. | JUNE 20, 2005 |

**DEFENDANT INTERLINE TRAVEL & TOUR INC.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO QUASH**

Defendant, Interline Travel & Tour, Inc. ("Interline"), submits this Memorandum of Law in support of its Motion to Quash.

I.  **FACTS**

This is a breach of contract and successor liability case brought by the plaintiff, Call Center Technologies ("CCT"), against Grand Adventures Tour & Travel Publishing Corporation ("GATT") and Interline. The plaintiff's Second Amended Complaint dated July 29, 2003 contains two counts.

The First Count is directed to defendant GATT. The plaintiff alleges that pursuant to a written document called "Customer Agreement" dated June 16, 1998, GATT d/b/a Grand Adventures Tour & Travel, Inc. purchased certain goods called an Aspect Call Center. *Second Amended Complaint, Count, First Count*, ¶ 1. The plaintiff claims that the terms of the Customer Agreement state that it "will be governed by and enforceable under the laws of the State of Connecticut" and binding "upon both parties and their successors." *Id.* at ¶ 10. The plaintiff claims that GATT ordered additional parts in 1999 and CCT supplied said parts. *Id.* at ¶ 11. In February 1999, the plaintiff alleges that GATT requested the temporary use of "Intertel equipment" and that the equipment was provided to GATT with the expectation that it be returned "within a reasonable time". *Id.* at ¶ 12. The plaintiff claims that GATT never returned the Intertel equipment nor did GATT pay for said equipment. *Id.* It is alleged that the value of the Aspect Call Center, the additional parts and the Intertel equipment is $130,090.00, $30,000.00 and $30,000.00, respectively. *Id.* at ¶¶ 13-15. The plaintiff claims that although demand for payment has been made, GATT has paid the sum of $35,000.00 but has refused to pay the balance. *Id.* at ¶ 16.

The Second Count is directed to Interline. The plaintiff alleges that Interline was doing business as Interline Vacations and was incorporated in Texas on October 15, 2001. *Second Amended Complaint, Count, Second Count*, ¶ 17. The plaintiff claims that GATT "ceased its business operations soon after and was dissolved in December 2001." *Id.* at ¶ 18. It is alleged that

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

2

Interline acquired the assets of GATT and, at its inception, occupied the same office space as GATT. *Id.* at ¶¶ 19-20. The plaintiff further claims that Interline uses GATT's former website to offer the same travel services as GATT, uses the same toll-free number that GATT used before its dissolution and publishes Interline Adventures, a travel magazine previously published by GATT. *Id.* at ¶¶ 21-23. The plaintiff asserts that Interline has a continuity of management of Defendant GATT including the individuals Duane Boyd and Joseph Juba, and a continuity of personnel. *Id.* at ¶ 24. It is alleged that Interline holds itself out to the public as a continuation of GATT through its product lines and benefits from goodwill created by GATT. *Id.* at ¶ 27. The plaintiff asserts that Interline is therefore liable to the plaintiff for GATT's obligations to the plaintiff. *Id.* at ¶ 28.

Interline denies the substantive allegations of the plaintiff's Second Amended Complaint. In addition, Interline has asserted certain special defenses including lack of personal jurisdiction and setoff and recoupment.

Pursuant to the Court's Scheduling Order, discovery was to be completed by April 1, 2005. The plaintiff, however, has moved no less than four times to extend the discovery deadline in this case. *See* Plaintiff's motions dated March 28, 2005, April 14, 2005, May 18, 2005 and June 9, 2005. Prior to filing the plaintiff's most recent motion to extend the discovery deadline, plaintiff's counsel represented to the undersigned, and represented in his moving papers, that he was seeking to extend the discovery deadline for the purpose of completing the depositions of "a few more

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

3

witnesses". Based upon this representation, the undersigned agreed to extend the discovery deadline. Unbeknownst to the undersigned, plaintiff's counsel proceeded to issue subpoenas to the following non-party witnesses:

1. Akin, Gump, Strauss, Hauer & Feld, a law firm;
2. Jackson Walker, LLP, a law firm;
3. Grant Thornton, an accounting firm; and
5. Sprouse & Anderson, an accounting firm.

Among the information requested by way of the subpoenas were: *"Any documents created on or after May 1, 2001, consisting of, pertaining to, relating to, referencing or evidencing: . . contract(s), loan(s), promissory note(s), line(s) of credit, security agreement(s), or financing statement(s), made, executed, signed, or entered into by or on behalf of. . .Interline Travel & Tour, Inc., Duane Boyd, Lawrence Fleischman, Joan Fleischman, DBMK Partners LTD and Joseph Juba."*; and *"Any bank statement(s), account(s), ledger(s), balance sheet(s), income statement(s), tax return(s), draft and financial statement(s), auditor's note(s) and comment(s), payment(s), debit(s), credit(s), check(s), or wire transfer(s), of by, or pertaining to. . . Interline Travel & Tour, Inc., Duane Boyd, Lawrence Fleischman, Joan Fleischman, DBMK Partners LTD and Joseph Juba."*

As will be discussed herein, the subpoenas, as they pertain to Interline and five of its shareholders, Duane Boyd, Joseph Juba, Larry Fleischman, Joan Fleischman and DBMK Partners

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

4

LTD, are overly broad and seek information that is not relevant to the issues in dispute in this litigation. In addition the subpoenas request the production of information that may be proprietary to Interline's business and information that may be protected by the attorney-client and work product privileges.

## II. ARGUMENT

The scope of permissible discovery is broad. "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). However, *"some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case."* Coppola v. Arrow Financial Services, LLC, 2002 U.S. Dist. LEXIS 26788 *2 (U.S. Dist. Ct. Oct. 29, 2002)(Dorsey, J.) *citing Hofer v. Mack Trucks, Inc.*, 981 F.2d 337, 380 (8th Cir. 1992)[emphasis added]. Furthermore, discovery may not be had where the discovery sought is "unreasonably cumulative or duplicative," overly "burdensome . . . [or] expensive" or "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2). *Id.*

The subpoenas issued to Akin, Gump, Strauss, Hauer & Feld, Jackson Walker, LLP, Grant Thornton, and Sprouse & Anderson seek information about Interline and five of its shareholders

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

5

that is not relevant to the issues in the present lawsuit. The subpoenas, as presently phrased, seek the disclosure of, among other things, <u>all</u> contracts, loans, promissory notes, lines of credit, security agreements, or financing statements, made, executed, signed, or entered into by or on behalf of Interline and the five subpoenaed shareholders for the period May 1, 2001 to the present. This request is so overly broad that it requires the subpoenaed parties to produce information about Interline and its shareholders that has <u>no</u> bearing on the issue of whether Interline is a legal successor to GATT. Similarly, the plaintiff's request for the disclosure of all bank statements, accounts, ledgers, balance sheets, income statements, tax returns, draft and financial statements, auditor's notes and comments, payments, debits, credits, checks, or wire transfers pertaining to Interline and the named shareholders is nothing more than an overly zealous request to obtain financial information about Interline's business and to pry into the personal finances of its shareholders.

The subpoenas issued to the above-referenced entities should also be quashed because they request information that may be proprietary to Interline's business and seek information that may be protected by the attorney-client and work product privileges. Interline seeks to quash the subpoenas to the extent that they request the production of information that is confidential or proprietary to Interline's business. Interline also objects to the subpoenas to the extent that they seek the

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

6

production of information pertaining to Interline and its shareholders that is protected from disclosure by the attorney-client and work product privileges.

### III. CONCLUSION

For the foregoing reasons, Interline respectfully requests that its Motion to Quash be granted.

Respectfully submitted,

DEFENDANT,
INTERLINE TRAVEL & TOUR, INC.

By: /s/ Laura F. Baldini
LAURA F. BALDINI, ESQ.
Federal Bar Number ct19887
Law Offices Of Laura Flynn Baldini, LLC
2 Batterson Park Road, 2nd Floor
Farmington, CT 06032
Tel. (860) 874-8483
Fax. (860) 561-9823
LBaldini@FlyBal-Law.com
Juris. No. 421267

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

7

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was mailed via U.S. mail, postage prepaid on this 20th day of June, 2005 to the following counsel of record:

Joel Shafferman, Esq.
Solomon Pearl Blum Heymann & Stich LLP
*Counsel for Plaintiff*
40 Wall Street, 35th Floor
New York, NY 10005

And to:

Ms. Courtney Baxter
Jackson Walker, LLP
100 Congress Ave., Suite 1100
Austin, TX 78701

Mr. Lester Sprouse
Sprouse & Anderson
515 Congress Ave., Suite 1212
Austin, TX 78701

Beatrix Bernauer, Esq.
Grant Thornton
175 West Jackson Blvd.
20th Floor
Chicago, IL 60604

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

8

Randy Sarosdy, Esq.
Akin, Gump, Strauss, Hauer & Feld
300 W. 6th Street, Suite 2100
Austin, TX 78701

By: _____
LAURA F. BALDINI, ESQ.
Law Offices of Laura Flynn Baldini, LLC

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

9