## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CALL CENTER TECHNOLOGIES, INC., | : | Civil Action No. 3:03CV1036 (DJS) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| GRAND ADVENTURES TOUR & | : | |
| TRAVEL PUBLISHING CORPORATION, | : | |
| INTERLINE TRAVEL & TOUR, INC., | : | |
| | : | |
| Defendants. | : | July 8, 2005 |
| | : | |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANT INTERLINE TRAVEL & TOUR, INC.'S MOTION TO QUASH

Plaintiff Call Center Technologies, Inc., by its undersigned attorneys, hereby submits its Memorandum of Law in Support of Plaintiff's Objection to Defendant Interline Travel & Tour Inc.'s Motion to Quash, and in support hereof states as follows:

### I. The Motion To Quash is not Appropriately Filed in the District of Connecticut

The Defendant Interline Travel & Tour, Inc. ("Interline") filed in this Court on June 21, 2005 a Motion to Quash four subpoenas duces tecum issued to non-parties. In its Motion and supporting Memorandum, Interline has failed to disclose that the subpoenas were not issued by this Court, but rather by the United States District Courts for the Northern and Western Districts of Texas. (See Subpoenas attached hereto as Exhibits A-D).

Pursuant to Fed. R. Civ. P. 45(c)(3)(A) "[o]n timely motion, *the court by which a subpoena was issued* shall quash or modify the subpoena . . ." Id. As the rule plainly states, only the court by which a subpoena was issued may quash or modify the subpoena. In re Sealed Case,

329 U.S. App. D.C. 374, 141 F.3d 337, 341-342 (D.C. Cir. 1998) ("Only the issuing Court has the

power to act on its subpoenas . . . subpoenas are process of the issuing court . . . and nothing in the

rules even hints that any other court may be given the power to quash or enforce them."); *see also*

Kruse Inc. v. United States, 2000 U.S. Dist. LEXIS 16062 at * 2 (N.D. Ind. 2000) (denying motion

to quash subpoena filed in trial court where subpoenas issued in another district court); Robbins &

Myers, Inc. v. J.M. Huber Corp., 2003 U.S. Dist. LEXIS 10001 at * 20 (W.D.N.Y. 2003) (denying

motion to compel production under subpoena issued by another district court); Productos Mistolin,

S.A. v. Mosquera, 141 F.R.D. 226, 227-29 (D. Puerto Rico 1992) (district court lacked power under

Rule 45 to compel compliance with deposition subpoena issued by another district court).

Moreover, the District Court in which a motion to quash is filed is not authorized to

transfer the motion to another District Court. In re Sealed Case, *supra* 141 F.3d at 343 (vacating

by mandamus an order transferring a motion to quash). "The Rules of Civil Procedure themselves

do not provide any basis for such authority, and district courts have no inherent powers to

transfer." Id. "[I]t is not clear . . . that any provision in the Judicial Code or the Rules of Civil

Procedure allows a district judge to transfer a particular motion for decision elsewhere." In re

Orthopedic Bone Screw Prods. Liab. Litig., 79 F.3d 46, 48 (7th Cir. 1996).

Accordingly, the only appropriate disposition of the Defendant's Motion to Quash by this

Court is that it be denied for lack of jurisdiction.   However, as set forth more fully below, even if

this Court were to consider the motion, the motion should nevertheless be (a) denied as untimely,

(b) denied for the lack of Defendant's standing to bring the motion, (c) denied on the basis of

Defendant's waiver of objections and claims of privilege, and (d) denied for Defendant's failure

to  meet its heavy burden of proof.

2

## II. The Motion to Quash is Untimely

Paragraph (c)(2)(B) of Rule 45, Fed. R. Civ. P., provides in relevant part that "[s]ubject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, *within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service*, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises." Id.

Paragraph (c)(3)(A) of Rule 45 in turn provides that "*[o]n timely motion*, the court by which a subpoena was issued shall quash or modify the subpoena . . ." Id.

Clearly, under Rule 45(c)(2)(B), the time to raise objections to a subpoena is a maximum of 14 days after service. As the Second Circuit stated in DG Creditor Corp. v. Dabah (In re DG Acquisition Corp.), 151 F.3d 75 (2nd Cir. 1998), "[r]ule 45 contemplates assertion of *all objections* to document production *within 14 days*, including those based on the act of production privilege." Id at 81 (emphasis added). *See also* Tuite v. Henry, 321 U.S. App. D.C. 248 , 98 F.3d 1411, 1416 (D.C. Cir. 1998) ("In our view, a party objecting to a subpoena on the basis of privilege must both (1) object to the subpoena and (2) state the claim of privilege within fourteen days of service, as required by  Rule 45(c)(2)(B).  The language in Rule 45(c)(2)(B) making it "subject to" Rule 45(d)(2) does not alleviate the responsibility of objecting parties to assert their objections based on privilege within fourteen days of service of the subpoena.").

3

Therefore, because the Defendant's only objections to the subpoenas were first raised in its Motion to Quash, in order that those objections be timely under Rule 45(c)(2)(B), and in order that the motion containing those objections qualify under Rule 45(c)(3)(A) as a "timely motion," the motion must have been filed within 14 days from service of the subpoena. Tutor-Saliba Corp. v. United States, 30 Fed. Cl. 155, 156, 1993 U.S. Claims LEXIS 325 (Fed. Cl. 1993) (Rule 45(c)(3)(A)'s "timely motion" requirement must be read in conjunction with maximum 14 day limitation of rule 45(c)(2)(B), and motion to quash is deemed an "objection"); In re Ecam, 131 B.R. 556, 558 (Bankr. S.D.N.Y. 1991) ("[r]ule 45(c)(3)(A) states that a motion to quash or modify must be made "on timely motion," this section must be read in conjunction with subsection (c)(2)(B)."); First Nat'l Bank v. Lustig, 1993 U.S. Dist. LEXIS 14466 at * 1-2 (E.D. La 1993) (where time specified in subpoena for compliance was three months, maximum time to file motion to quash was 14 days after service of subpoena).

In the present case, all of the subpoenas were served June 1, 2005, specifying the time for compliance by June 30, 2005. Therefore, according to Fed. R. Civ. P. 45(c)(2)(B), because the time for compliance was not less than 14 days after service, the maximum time during which an objection to the subpoenas could be made was 14 days after service, i.e., June 14, 2005. The Defendant made no  form of objection until the filing of its Motion to Quash, on June 21, 2005.

Accordingly, the objections raised in Defendant's Motion to Quash are untimely under Fed. R. Civ. P. 45(c)(2)(B), and its Motion to Quash is an untimely motion under Fed. R. Civ. P. 45(c)(3)(A). For the foregoing reasons, the Defendant's objections should be overruled, and its Motion to Quash should be denied.

### III.  The Defendant has failed to Establish its Standing to Quash the Subpoenas

All of the four subpoenas at issue were issued to non-parties.  It is well settled that "[i]n the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness." Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2nd Cir. 1975);  Chemical Bank v. Dana, 149 F.R.D. 11, 13 (D. Conn. 1993) ("Ordinarily a party has no standing to quash a subpoena served on a third party, unless the party claims some *personal* right or privilege with regard to the documents sought.") (emphasis added); *see also*; Johnson v. Gmeinder, 191 F.R.D. 638, 640 (D. Kan. 2000); Carrion v. City of New York, 2002 U.S. Dist. LEXIS 5991 at * 1 (S.D.N.Y. 2002).

Thus the party moving to quash a subpoena issued to a non-party has the burden of proving its own, *personal* standing, and thus the Court's jurisdiction over its motion. United States v. Tomison, 969 F. Supp. 587, 596 (E.D. Cal. 1997) (court lacked jurisdiction to quash non-party subpoena where moving party failed to establish standing).   In any given case, "[t]he essence of the standing inquiry is whether the parties seeking to invoke the court's jurisdiction have alleged such a *personal* stake in the outcome . . consist[ing] of a distinct and palpable injury . . ." Larson v. Valente, 456 U.S. 228, 238-39, 102 S. Ct. 1673, 72 L.Ed. 2d 33 (1982) (emphasis added, internal quotations and citations omitted).  A "personal" stake in the outcome means that the party asserting standing "must show that *he himself* is injured by the challenged action . . " Arlington Heights v. Metro. Housing. Dev. Corp., 429 U.S. 252, 261, 97 S. Ct. 555, 50 L. Ed. 2d 450 (1977).

5

1. Interline Lacks Standing to Assert Claims of Privilege
Personal to its Shareholders Rather than to Interline.

In moving to quash the non-party subpoenas, the Defendant has in large part sought to
assert alleged personal rights and privileges not of Interline, but rather of Interline's *shareholders*
referenced in the subpoenas.  Interline "requests that the subpoenas . . . be quashed to protect the
interests of Interline *and its shareholders*."  Motion to Quash at 2.  Interline objects to the
subpoenas "as they pertain to Interline *and five of its shareholders*," (Def. Mem. at 4), alleging
that the requests are "nothing more than an overly zealous request to obtain financial information
about Interline's business and to pry into the personal finances *of its shareholders*." Id at 6.

To the extent that Interline's objections are based on the personal rights or privileges of its
shareholders, as opposed to *Interline's* personal rights or privileges, "Interline" lacks any personal
stake in the outcome of its own, and therefore lacks standing to oppose any of the subpoenas on
that basis. "[A] corporation has no standing to assert the rights belonging to its shareholders."
Minn. Ass'n of Nurse Anesthetists v. Allina Health System Corp., 276 F.3d 1032, 1050 (8th Cir.
2002); Silesian-American Corp. v. Clark, 332 U.S. 469, 474, 68 S.Ct. 179, 92 L.Ed. 81 (1947)
(corporation has no standing vicariously to assert the interests of its shareholders); *cf.* United
States v. Criminal Triumph Capital Group, Inc., et al., 211 F.R.D. 31, 66-67 (D. Conn. 2002)
(corporate shareholder's motion to quash denied for lack of standing to vicariously to assert
corporation's rights).

6

2.    Interline Lacks Standing Entirely as to the Subpoenas
      Issued to GATT's former attorneys Akin Gump, and
      GATT's former accountants Grant Thornton.

It is relevant to note that these shareholders which Interline seeks to "protect" were all

previous corporate insiders of Interline's co-defendant, Grand Adventures Travel & Tour

Publishing Corp. ("GATT").   Two of the four subpoena's at issue were served upon the GATT's

former law firm (Akin Gump, Exhibit A hereto), and GATT's certified public accounting firm

(Grant Thornton, Exhibit B hereto).   Duane Boyd and Lawrence Fleishman, two of the

individuals referenced in the subpoenas, were former insiders of GATT which allegedly loaned

money to GATT.   They perfected a security interest in 100% of GATT's assets, then transferred

those security interests to a new corporation formed by Duane Boyd (i.e., the Defendant Interline)

which then "foreclosed" on GATT's assets at an alleged "auction" whereby the only attendees

were the attorney for Interline and Duane Boyd.   The following day, Jospeh ("Jay") Juba,

GATT's former officer which executed the security agreements, become employed by Interline,

and operations of GATT continued uninterrupted, now under the name "Interline," in the same

offices, with the same employees, performing the same tasks.

Thus, Interline alleges that it took over the business of GATT through a legal

"foreclosure" proceeding. (See Exhibit F, Letter of Attorney Baldini, April 25, 2005 at 2;

Defendant's Second Amended Answer, April 19, 2004 at ¶ 19).   To the extent that Interline

objects to the two subpoenas directed to GATT's former attorneys and accountants, and

particularly in light of Interline's adversarial relationship with GATT in taking legal "foreclosure"

action against GATT, Interline can hardly claim any personal rights or privileges in any such

documents of its adversary.   Interline simply lacks any personal standing to oppose the subpoenas

to Akin Gump (Exhibit A) and Grant Thornton (Exhibit B) whatsoever.

7

**IV. To the Extent Interline May Have Standing, it Has Waived any Claim of Privilege**

As discussed above, Interline cannot establish standing to object to any of the four subpoenas to the extent it seeks to protect only its shareholders' personal interests. Nor can Interline establish its own personal standing to object to the two subpoenas issued to GATT's former attorneys (Akin Gump, Exhibit A) and certified public accountants (Grant Thornton, Exhibit B).

As discussed below, to the extent that Interline has standing to claim its own privilege in documents subpoenaed from Interline's own attorneys (Jackson Walker, Exhibit C) or accountants (Sprause & Anderson, Exhibit D), Interline has nevertheless waived any such privilege because Interline did not raise its objections within the 14 day time limitation of Fed. R. Civ. P. 45(c)(2)(B) and (c)(2)(A).

Additionally, to the extent that documents requested in these two subpoenas were also within the scope of Plaintiff's First Request For Production of Documents, Interline has also waived any claim of privilege in such documents by failing to produce a privilege log by June 3, 2005, as ordered by this Court in its Order of May 10, 2005 (Exhibit E hereto), which granted in part Plaintiff's Motion to Compel.

First, as to Interline's waiver by its failure to raise timely Rule 45 objections, In <u>DG Acquisition Corp. v. Dabah</u>, 151 F.3d 75, 81 (2nd Cir. 1998), the Second Circuit held that a party had not waived its claim of a Fifth Amendment privilege only because it had raised an objection within the 14 day time frame required by Rule 45. The party thereby preserved its right to protect the privilege by providing a timely privilege log in compliance with Fed. R. Civ. P. 45(d)(2).

"Courts interpreting Rule 45(d)(2) have held that a party claiming a privilege may provide a privilege log within a 'reasonable time' *as long as objections are asserted within the fourteen-day time frame.*" <u>DG Acquisition</u>, *supra*, 151 F.3d at 81 (emphasis added). Under <u>DG Acquisition</u>, in order for Interline to have preserved its claim of privilege, if any existed, it had to raise its objections within the 14 day time frame, which it did not.

Even subsequent production of an untimely privilege log does not cure a waiver. "The applicability of the privilege turns on the adequacy *and timeliness* of the showing as well as on the nature of the document. Failure to do so is not excused because the document is later shown to be one which would have been privileged if a timely showing had been made." <u>Peat, Marwick, Mitchell & Co. v. West</u>, 748 F.2d 540, 542 (10th Cir. 1984) (emphasis added) (party waived privilege by failure to timely produce privilege log even though log was later produced, and even though documents clearly would have been privileged).

Because Interline did not raise its objections and claims of privilege within the time prescribed by Rule 45, it has waived any objections and privileges it may have had in the documents requested by the subpoenas to its attorneys Jackson Walker (Exhibit C), and its accountants Sprause & Anderson (Exhibit D).

As an additional basis of waiver, to the extent that the documents within the scope of the subpoenas were also within the scope of Plaintiff's First Request for Production of Documents, Interline has waived any claim of privilege in those documents by its failure to produce a privilege log by June 3, 2005, as ordered by this Court in its Order of May 10, 2005 (Exhibit E).

9

In the District of Connecticut, a party's failure to produce a privilege log constitutes waiver of the privilege. Ruran v. Beth El Temple of West Hartford, Inc., 226 F.R.D. 165, 169 (D. Conn. 2005) ("Where a party fails to perfect a claim of privilege that privilege is deemed waived. . . [B]ecause Beth El failed to produce a privilege log, and consequently to perfect its claim of privilege, the court finds that the privilege, if it ever existed vis-a vis the documents at issue, has been waived and all responsive documents must be produced."); *see also* In re Grand Jury Subpoena, 274 F.3d 563, 576 (1st Cir. 2001) ("A party that fails to submit a privilege log is deemed to waive the underlying privilege claim."); Dorf & Stanton Communications, Inc. v. Molson Breweries, 100 F.3d 919, 923 (Fed. Cir. 1996) (holding that failing "to provide a complete privilege log demonstrating sufficient grounds for taking the privilege" waives the privilege); Lugosch v. Congel, 219 F.R.D. 220, 239 (N.D.N.Y. 2003) (failure to timely provide privilege log constitutes waiver of asserted privilege).

Moreover, the waiver applies to both the attorney-client privilege as well as to the work product privilege. In re Grand Jury Subpoena, *supra*, 274 F.3d at 576; Smith v. Conway Org., Inc., 154 F.R.D. 73, 76 (S.D.N.Y. 1994).

Defendant's counsel *refused* to provide a privilege log in response to Plaintiff's Motion to Compel (See Letter of Attorney Baldini, April 25, 2005 attached hereto as Exhibit F at 2: *"Interline represents that there are no privileged documents other than those protected by the attorney-client and work product privileges. As such, **Interline has not provided, and will not be providing a privilege log** responsive to those requests."* ), and the Defendant has failed to comply with the Order of this Court (Exhibit E) ordering that it produce a privilege log by June 3, 2005.

For all the foregoing reasons, Plaintiff respectfully submits that the Defendant has waived any claim of privilege and therefore its Motion to Quash should be denied.

### V.   Even If Interline Has Not Waived Its Claim of Privilege, it has Nevertheless Failed to Satisfy its Burden of Proof.

The burden is on Interline to establish its entitlement to an order quashing a subpoena. E.I. du Pont de Nemours & Co. v. MacDermid, Inc., 2003 U.S. Dist. LEXIS 25334 at * 3 (D. Conn. 2003).   In seeking to quash the subpoenas, Interline carries "a ***particularly heavy burden***," and must "make a ***substantial showing*** in support of a motion to quash as contrasted to some more limited protection." Id., citing Horizons Titanium Corp. v. Norton Co., 290 F.2d 421, 425 (1st Cir. 1961) (emphasis added).   Interline does not merely seek a protective order, but rather an order *quashing* the subpoenas.

Interline's raises the following objections in its Motion to Quash.  That the subpoenas are: (1) overly broad  (2) seek information that is not relevant to the issues in dispute in this litigation (3) request the production of information that "may be" proprietary to Interline's business, and (4) request information concerning Interline and its shareholders that "may be" protected by the attorney-client and work product privileges. (Motion to Quash at 2).

In raising these objections, the burden is upon Interline as the party opposing discovery to show the lack of relevance, to show how the subpoenas are overly broad, and to show what documents are privileged or proprietary.   It is not the burden of the party seeking discovery to show that the requests are relevant, that they are not overly broad, or that they are not privileged. It is Interline's burden to "show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each request is not relevant or how each question is overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the

11

nature of the burden." <u>Saye v. Old Hill Partners, Inc.</u>, 2004 U.S. Dist. LEXIS 24097 at * 7 - 8 (D. Conn. 2004); <u>Ruran v. Beth El Temple of West Hartford, Inc.</u>, 226 F.R.D. 165, 167 (D. Conn. 2005) (same); *see also* <u>Sprint v. Williams</u>, 2005 U.S. Dist. LEXIS 5170 at * 10 - 11 (D. Kan. 2005) (burden is on party opposing discovery to show lack of relevance, how requests are overly broad, by submitting affidavits or other evidence, following <u>Ruran v. Beth El Temple of West Hartford, Inc., *supra*</u>); <u>PAS Comm. Inc. v. Sprint Corp.</u>, 139 F. Supp. 2d 1149, 1159 (D. Kan. 2001) (party resisting discovery bears the burden of establishing lack of relevance); <u>Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Service Center of Haverstraw</u>, 211 F.R.D.658, 660-61 (D. Kan. 2003) ("Parties objecting to a subpoena on the basis of privilege bear the burden of establishing that it applies. To carry the burden, they must describe in detail the documents or information to be protected and provide precise reasons for the objection to discovery.").

With respect to privilege, in the District of Connecticut, in order to satisfy its "particularly heavy burden," it is "axiomatic" that Interline must "establish those facts that are the essential elements of the privileged relationship, . . . a burden not discharged by mere conclusory or ipse dixit assertions." <u>E.I. du Pont de Nemours & Co. v. MacDermid, Inc.</u>, 2003 U.S. Dist. LEXIS 25334 at * 4 (D. Conn. 2003), quoting <u>In re Grand Jury Subpoena</u>, 750 F.2d 223, 224 (2d Cir. 1984); <u>Ruran v. Beth El Temple of West Hartford, Inc., *supra*</u>, 226 F.R.D at 168-69 ("if the party invoking the privilege does not provide sufficient detail to demonstrate fulfillment of all the legal requirements for application of the privilege, his claim will be rejected."); *see also* <u>Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw., *supra*</u>, 211 F.R.D at 662 ("A blanket claim as to the applicability of a privilege does not satisfy the burden of proof.").

Beyond its failure to provide a privilege log, Interline's entire argument in support of its Motion to Quash is nothing more than a few sentences making conclusory assertions coupled with an ambiguous claim that the documents "may be" privileged and "may be" proprietary to Interline's business. (Def. Mem. at 6). Interline has offered no affidavits or other evidence to support its contentions, and has not identified nor described what type of documents it believes "may be" privileged or proprietary. Clearly, Interline has not made the *substantial showing* necessary to satisfy its *particularly heavy burden* required by this Court.

By refusing to produce a privilege log, and by merely asserting an ambiguous blanket objection that the scope of the subpoenas "may" include privileged or proprietary documents, Interline seeks to decide for itself what should and should not be produced. However, "[t]he person claiming a privilege or work product protection cannot decide the limits of that party's own entitlement. As a result, the claim of privilege must be made 'expressly,' and must supply sufficient information for an evaluation of the claim. A party receiving a discovery request who asserts a privilege or protection but fails to disclose that claim is at risk of waiving the privilege or protection." Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Service Center of Haverstraw, *supra*, 211 F.R.D.at 660-61.

Without a providing a privilege log or making the "substantial showing" required by this Court, E.I. du Pont de Nemours & Co. v. MacDermid, Inc., 2003 U.S. Dist. LEXIS 25334 at * 3 (D. Conn. 2003); Ruran v. Beth El Temple of West Hartford, Inc., 226 F.R.D. 165, 167-69 (D. Conn. 2005), neither the Court nor the Plaintiff have any way to evaluate whether Interline's claims of privilege are justified. Accordingly, the Motion to Quash should be denied.

Respectfully submitted,

PLAINTIFF CALL CENTER TECHNOLOGIES, INC.

By: _____

Solomon Pearl Blum Heymann & Stich, LLP
Joel M. Shafferman (JS-1055)
40 Wall Street, 35th Floor
New York, New York 10005
Telephone: (212) 267-7600
Facsimile:   (212) 267-2030
E-mail:   jshafferman@solpearl.com,
Its Attorneys.

Dated: New York, New York
       July 8, 2005

14

Exhibit A

# *United States District Court*

## WESTERN DISTRICT OF TEXAS

## AUSTIN DIVISION

### SUBPOENA DUCES TECUM IN A CIVIL CASE

| | |
|---|---|
| CALL CENTER TECHNOLOGIES, INC. | CIVIL ACTION No. 3:03-CV-1036 (CRU) |
| VS. | DISTRICT OF CONNECTICUT |
| GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION, ET AL | |

TO:     **AKIN GUMP**
        **C/O TIM LaFREY**
        **300 W. 6TH STREET, SUITE 2100**
        **AUSTIN, TEXAS 78701**
        **(512) 499-6200**

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case for the following subjects:

| | DATE AND TIME |
|---|---|

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects listed at the place, date, and time specified below:

| | DATE AND TIME |
|---|---|
| **FORD, NASSEN & BALDWIN**<br>**98 SAN JACINTO BLVD., SUITE 1450**<br>**AUSTIN, TEXAS 78701**<br>**(512) 236-0009**<br><br>**SEE EXHIBIT "A"** | **JUNE 30, 2005**<br>**9:00 AM** |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *Jason C. Spencer, with permission* w<br><br>**ATTORNEY FOR PLAINTIFF – JASON C. SPENCER** | DATE<br>**JUNE 1, 2005** |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br><br>**FORD, NASSEN & BALDWIN, 98 SAN JACINTO BLVD., SUITE 1450, AUSTIN, TEXAS 78701**<br>**(512) 236-0009**<br><br>**JASON C. SPENCER, TEXAS STATE BAR NO. 00789755** | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

Error! Unknown document property name.

AO-88 (Rev 11/91) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| DATE 6/1/05 | PLACE 300 W. 6th Street, Suite 2100, Austin, Texas | |
| SERVED ON (PRINT NAME) Akin Gump, by delivering to Tim LeFrey | MANNER OF SERVICE Personal Service | |
| SERVED BY (PRINT NAME) Norman Wiley | TITLE Process Server | |

| DECLARATION OF SERVER | |
|---|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   6/1/05

SIGNATURE OF SERVER  _Norman_____

ESQUIRE
DEPOSITION SERVICES
3101 BEE CAVES ROAD
SUITE 220
AUSTIN, TX. 78746

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)   A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;

(ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, expect that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden.

(B)   If a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)   DUTIES IN RESPONDING TO SUBPOENA.

(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

Error! Unknown document property name.

EXHIBIT "A"

"Any documents created on or after May 1, 2001, consisting of, pertaining to, relating to, referencing or evidencing:

(A)     Grand Adventures Tour & Travel Publishing Corporation;

(B)     Contract(s), loan(s), promissory note(s), line(s) of credit, security agreement(s), or financing statement(s), made, executed, signed, or entered into by or on behalf of any of the following parties, not already produced in response to subparagraph (A) above:

> Grand Adventures Tour & Travel Publishing Corporation,
> Interline Travel & Tour, Inc.
> Duane Boyd,
> Lawrence Fleischman
> Joan Fleischman
> DBMK Partners LTD
> Joseph ("Jay") Juba

(C)     Any bank statement(s), account(s), ledger(s), balance sheet(s), income statement(s), tax return(s), draft and final financial statement(s), auditor's note(s) and comment(s), payment(s), debit(s), credit(s), check(s), or wire transfer(s), of, by, or pertaining to any of the following parties, not already produced in response to subparagraph A or B above:

> Grand Adventures Tour & Travel Publishing Corporation,
> Interline Travel & Tour, Inc.
> Duane Boyd,
> Lawrence Fleischman
> Joan Fleischman
> DBMK Partners LTD."
> Joseph ("Jay") Juba

Exhibit B

# United States District Court

## NORTHERN DISTRICT OF TEXAS

## DALLAS DIVISION

### SUBPOENA DUCES TECUM IN A CIVIL CASE

| | |
|---|---|
| CALL CENTER TECHNOLOGIES, INC. | CIVIL ACTION No. 3:03-CV-1036 (CRU) |
| VS. | DISTRICT OF CONNECTICUT |
| GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION, ET AL | |

TO:  **GRANT THORNTON
C/O LEWIS GRABOWSKI
1717 MAIN STREET, SUITE 500
DALLAS, TEXAS 75201
(214) 561-2300**

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case for the following subjects:

| | DATE AND TIME |
|---|---|
| | |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects listed at the place, date, and time specified below:

| | DATE AND TIME |
|---|---|
| **ESQUIRE DEPOSITION SERVICES
1700 PACIFIC AVE., SUITE 4750
DALLAS, TEXAS 75201
(214) 965-9200** | **JUNE 30, 2005
9:00 AM** |
| **SEE EXHIBIT "A"** | |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *Esmeralda Arellano BP* | DATE |
|---|---|
| | **JUNE 1, 2005** |
| **ATTORNEY FOR PLAINTIFF – JASON C. SPENCER** *Jason C. Spencer* | |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |
| **FORD, NASSEN & BALDWIN, 98 SAN JACINTO BLVD., SUITE 1450, AUSTIN, TEXAS 78701
(512) 236-0009** | |
| **JASON C. SPENCER, TEXAS STATE BAR NO. 00789755** | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO-88 (Rev 11/91) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE  6-1-05 | PLACE  1717 MAIN ST. #500  DALLAS, TX 75201 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| LEWIS GRABOWSKI | Personally served Lewis Grabowski through his secretary Jana Alva |
| SERVED BY (PRINT NAME) | TITLE |
| John KIRKPATRICK | PROCESS SERVER |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___6-1-05___

SIGNATURE OF SERVER

1700 PACIFIC AVE. #4750 DALLAS, TX 75201
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)   A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)     fails to allow reasonable time for compliance;

(ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, expect that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden.

(B)   If a subpoena

(i)     requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)   DUTIES IN RESPONDING TO SUBPOENA.

(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

**Error! Unknown document property name.**

Exhibit C

# United States District Court

## WESTERN DISTRICT OF TEXAS

## AUSTIN DIVISION

## SUBPOENA DUCES TECUM IN A CIVIL CASE

| | |
|---|---|
| CALL CENTER TECHNOLOGIES, INC. | CIVIL ACTION No. 3:03-CV-1036 (CRU) |
| VS. | DISTRICT OF CONNECTICUT |
| GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION, ET AL | |

TO:       JACKSON WALKER, LLP
          C/O COURTNEY BAXTER
          100 CONGRESS AVE., SUITE 1100
          AUSTIN, TEXAS  78701
          (512) 236-2000

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case for the following subjects:

| | DATE AND TIME |
|---|---|
| | |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects listed at the place, date, and time specified below:

| | DATE AND TIME |
|---|---|
| FORD, NASSEN & BALDWIN<br>98 SAN JACINTO BLVD., SUITE 1450<br>AUSTIN, TEXAS  78701<br>(512) 236-0009<br><br>SEE EXHIBIT "A" | JUNE 30, 2005<br>9:00 AM |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

        Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *Jason C. Spencer, with permission M* | DATE<br>JUNE 1, 2005 |
|---|---|
| ATTORNEY FOR PLAINTIFF – JASON C. SPENCER | |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br><br>FORD, NASSEN & BALDWIN, 98 SAN JACINTO BLVD., SUITE 1450, AUSTIN, TEXAS 78701<br>(512) 236-0009<br><br>JASON C. SPENCER, TEXAS STATE BAR NO. 00789755 | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

Error! Unknown document property name.

AO-88 (Rev 11/91) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE _6/1/05_ | PLACE _100 Congress, Suite 1100, Austin, Texas_ |
| SERVED ON (PRINT NAME) _Jackson Walker, by delivering to James Alsup_ | | MANNER OF SERVICE _Personal Service_ |
| SERVED BY (PRINT NAME) _Norman Wiley_ | | TITLE _Process Server_ |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___6/1/05___

_Norman W_
SIGNATURE OF SERVER

**ESQUIRE**
**DEPOSITION SERVICES**
**3101 BEE CAVES ROAD**
**SUITE 220**
**AUSTIN, TX. 78746**

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;

(ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, expect that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden.

(B)  If a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

**Error! Unknown document property name.**

EXHIBIT "A"

"Any documents created on or after May 1, 2001, consisting of, pertaining to, relating to, referencing or evidencing:

(A)     Grand Adventures Tour & Travel Publishing Corporation;

(B)     Contract(s), loan(s), promissory note(s), line(s) of credit,  security agreement(s), or financing statement(s), made, executed, signed, or entered into by or on behalf of any of the following parties, not already produced in response to subparagraph (A) above:

> Grand Adventures Tour & Travel Publishing Corporation,
> Interline Travel & Tour, Inc.
> Duane Boyd,
> Lawrence Fleischman
> Joan Fleischman
> DBMK Partners LTD
> Joseph ("Jay") Juba

(C)     Any bank statement(s), account(s), ledger(s), balance sheet(s), income statement(s), tax return(s), draft and final financial statement(s), auditor's note(s) and comment(s), payment(s), debit(s), credit(s), check(s), or wire transfer(s), of, by, or pertaining to any of the following parties, not already produced in response to subparagraph A or B above:

> Grand Adventures Tour & Travel Publishing Corporation,
> Interline Travel & Tour, Inc.
> Duane Boyd,
> Lawrence Fleischman
> Joan Fleischman
> DBMK Partners LTD."
> Joseph ("Jay") Juba

Exhibit D

# United States District Court

## WESTERN DISTRICT OF TEXAS

## AUSTIN DIVISION

## SUBPOENA DUCES TECUM IN A CIVIL CASE

| | |
|---|---|
| CALL CENTER TECHNOLOGIES, INC. | CIVIL ACTION No. 3:03-CV-1036 (CRU) |
| VS. | DISTRICT OF CONNECTICUT |
| GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION, ET AL | |

TO:    SPRAUSE & ANDERSON
       C/O LESTER SPRAUSE
       515 CONGRESS AVE., SUITE 1212
       AUSTIN, TEXAS  78701
       (512) 476-0717

[ ]  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

[ ]  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case for the following subjects:

| | DATE AND TIME |
|---|---|
| | |

[X]  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects listed at the place, date, and time specified below:

| | DATE AND TIME |
|---|---|
| FORD, NASSEN & BALDWIN<br>98 SAN JACINTO BLVD., SUITE 1450<br>AUSTIN, TEXAS  78701<br>(512) 236-0009<br><br>SEE EXHIBIT "A" | JUNE 30, 2005<br>9:00 AM |

[ ]  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

        Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   *Jason C. Spencer, with permission slw*<br><br>ATTORNEY FOR PLAINTIFF – JASON C. SPENCER | DATE<br><br>JUNE 1, 2005 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br><br>FORD, NASSEN & BALDWIN, 98 SAN JACINTO BLVD., SUITE 1450, AUSTIN, TEXAS 78701<br>(512) 236-0009<br><br>JASON C. SPENCER, TEXAS STATE BAR NO. 00789755 | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

Error! Unknown document property name.

AO-88 (Rev 11/91) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| DATE 6/1/05 | PLACE 575 Congress, Suite 1212, Austin, Texas | |
| SERVED ON (PRINT NAME) Sprause + Anderson, by delivering to Jaimie Lockhart | MANNER OF SERVICE Personal Service | |
| SERVED BY (PRINT NAME) Norman Wiley | TITLE Process Server | |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___6/1/05___

SIGNATURE OF SERVER _Norman W_

ADDRESS OF SERVER

ESQUIRE
DEPOSITION SERVICES
3101 BEE CAVES ROAD
SUITE 220
AUSTIN, TX. 78746

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, expect that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

**Error! Unknown document property name.**

EXHIBIT "A"

"Any documents created on or after May 1, 2001, consisting of, pertaining to, relating to, referencing or evidencing:

(A)     Grand Adventures Tour & Travel Publishing Corporation;

(B)     Contract(s), loan(s), promissory note(s), line(s) of credit,  security
        agreement(s), or financing statement(s), made, executed, signed, or
        entered into by or on behalf of any of the following parties, not already
        produced in response to subparagraph (A) above:

                    Grand Adventures Tour & Travel Publishing Corporation,
                    Interline Travel & Tour, Inc.
                    Duane Boyd,
                    Lawrence Fleischman
                    Joan Fleischman
                    DBMK Partners LTD
                    Joseph ("Jay") Juba


(C)     Any bank statement(s), account(s), ledger(s), balance sheet(s), income
        statement(s), tax return(s), draft and final financial statement(s), auditor's
        note(s) and comment(s), payment(s), debit(s), credit(s), check(s), or wire
        transfer(s), of, by, or pertaining to any of the following parties, not already
        produced in response to subparagraph A or B above:

                    Grand Adventures Tour & Travel Publishing Corporation,
                    Interline Travel & Tour, Inc.
                    Duane Boyd,
                    Lawrence Fleischman
                    Joan Fleischman
                    DBMK Partners LTD."
                    Joseph ("Jay") Juba

Exhibit E

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CALL CENTER TECHNOLOGIES,            :

    Plaintiff,                       :

v.                                   :    No. 3:03CV1036(DJS)

GRAND ADVENTURES TOUR & TRAVEL       :
PUBLISHING CORPORATION and           :
INTERLINE TRAVEL & TOUR, INC.,       :

    Defendants.                      :

## ORDER

Plaintiff Call Center Technologies brings the above-captioned lawsuit against defendant Grand Adventures Tour & Travel Publishing Corporation and its alleged successor company defendant Interline Travel & Tour, Inc. alleging breach of contract. Now pending is plaintiff's motion to compel (dkt. # 67) responses to interrogatories and production requests directed to defendant Interline Travel & Tour, Inc. Plaintiff's motion (dkt. # 67) is **GRANTED in part** and **DENIED in part** as follows:

1.    With respect to interrogatories numbered 4, 12, 15, and 17, plaintiff's motion is **DENIED as moot.**

2.    With respect to interrogatory number 16, the court finds that confidential commercial information is responsive to this request. As such, the parties shall file a joint motion for a protective order with respect to this information on or before **May 27, 2005.** Defendant shall respond to this interrogatory on or before **June 3, 2005.**

3.    Defendant shall supplement its response to
interrogatory number 24 to reflect the percentage and type of
Interline Travel & Tour, Inc. stock held by each person or entity
identified on or before **June 3, 2005.**

4.    Defendant shall serve a privilege log upon plaintiff on
or before **June 3, 2005.**

So ordered this 10th day of May, 2005.

                              **/s/DJS**

                         _____

                         **DOMINIC J. SQUATRITO
                         UNITED STATES DISTRICT JUDGE**

-2-

Exhibit F

Law Offices of
**Laura Flynn Baldini, LLC**
2 Batterson Park Road, 2nd Floor
Farmington, CT 06032

Tel: (860) 874-8483
Fax: (860) 561-9823

E-Mail: LBaldini@FlyBal-Law.com
Web: www.FlyBal-Law.com

April 25, 2005

Joel Shafferman, Esq.
Solomon, Pearl, Blum, Heymann & Stich, LLP
40 Wall Street, 35th Floor
New York, NY 10005

Re:   *Call Center Technologies, Inc. v. Interline Travel & Tour, Inc., et al.*

Dear Joel:

I am receipt of your Motion to Compel Discovery dated April 14, 2005. In an effort to avoid further motion practice and to resolve any outstanding discovery issues, I am writing to submit a discovery proposal in the hopes that it will be mutually agreeable to both parties. As we discussed in our April 20, 2005 telephone conversation, Interline will agree to provide to you the following information concerning the interrogatories which are the subject of your Motion to Compel provided such information is within its possession, custody and control:

Interrogatory #4: Interline will provide the names of the 21 previous GATT employees who were hired as Interline employees on or about November 1, 2001.

Interrogatory #12: Interline has provided the names of all of its past and present officers and directors. It will amend its discovery responses to clarify its response to this interrogatory.

Interrogatory #15: Interline will provide the names of the employees on its payroll for the first ten (10) payroll periods. Interline will not agree to provide personal information about these employees, including, but not limited to, home addresses, telephone numbers, social security numbers.

Interrogatory #16: Interline will provide a current list of the names and addresses of persons on its customer lists and mailing lists who are located in Connecticut.

Law Offices of
**Laura Flynn Baldini, LLC**
2 Batterson Park Road, 2ⁿᵈ Floor
Farmington, CT 06032

Page 2 of 3

Since this information is proprietary to Interline's business, it will produce this information pursuant to a Confidentiality Agreement to be prepared by you and executed by both parties. You will also agree to secure a Court Order approving this Agreement, including but not limited to, securing a Court Order providing that any papers filed in this action referencing or pertaining to this information be e-filed under court ordered seal. Since the Interline cannot determine whether the e-mail addresses within its possession, custody or control are from persons who are located in Connecticut, it cannot agree to provide this information.

Interrogatory #17: Interline will attempt to provide information concerning the current amount of income that it derives from customer orders placed from individuals who are located in Connecticut.

Interrogatory #24: Interline has provided the names of its current stockholders and has provided the amount and percentage of ownership that these individuals and entities have in Interline. It has also provided the type of stock that each person owns in the company. Interline will not agree to poll its shareholders to determine whether they invested in GATT, a publicly-traded company,

With respect to Requests for Production 1 and 2, Interline represents that there are no privileged documents other than those protected by the attorney-client and work product privileges. As such, Interline has not provided, and will not be providing, a privilege log responsive to those requests.

Interline will produce the above information subject to the objections stated in its responses to the discovery requests.

In addition, without waiving any objections that Interline may have to the discovery requests made in the amended deposition notices dated April 7, 2005 and during the depositions of In Churl Yo and Duane Boyd, Interline will provide the following information, provided that it is within its possession, custody or control:

1. The May 2001 Stock Power Agreement and Security Agreement for Duane Boyd.
2. Interline's lease for the office space located at 211 East 7ᵗʰ Street in Austin, Texas.
3. Letters from Interline to GATT creditors after the October 30, 2001 foreclosure sale.
4. Interline employee employment tax forms for the period October 31, 2001 - January 1, 2002. Interline will not agree to provide personal information about these employees, including, but not limited to, home addresses, telephone numbers, social security numbers.
5. Interline phone bills for the telephone number 1 (888) PERXCOM and (512) 391-2000 for the period September 2001 – January 2002.

Law Offices of
**Laura Flynn Baldini, LLC**
2 Batterson Park Road, 2nd Floor
Farmington, CT 06032

Page 3 of 3

7.      Interline payroll tax returns October 2001 – June 2002.  Again, Interline
will not agree to provide personal information about these employees,
including, but not limited to, home addresses, telephone numbers, social
security numbers.

Please note that Interline responded to the Requests for Production of Documents
set forth in Mr. Boyd's and Mr. Yo's amended deposition notices at their depositions.
Interline, however, will provide a written response to these requests.

At your convenience, please advise me immediately whether this proposal
adequately responds to the concerns set forth in your motion and the requests made
during the depositions of Mr. Yo, Mr. Boyd and Mr. Juba.  If I do not hear from you by
Wednesday of this week, I will file an appropriate response to your motion with the
Court.

Thank you for your prompt attention to these matters,  I look forward to hearing
from you.

Very truly yours,

LAURA F. BALDINI

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CALL CENTER TECHNOLOGIES, INC.,  : | Civil Action No. 3:03CV1036 (DJS) |
| : | |
| Plaintiff,          : | |
| : | |
| v.              : | |
| : | |
| GRAND ADVENTURES TOUR &     : | |
| TRAVEL PUBLISHING CORPORATION, : | |
| INTERLINE TRAVEL & TOUR, INC.,   : | |
| : | |
| Defendants.   : | July 8, 2005 |
| : | |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within and foregoing

was served via United States first-class mail, postage prepaid, and by facsimile, on this 8th day

of July,  2005 upon all pro se parties and counsel of record, as follows:

Laura F. Baldini, Esq.
Counsel for Defendant Interline Travel & Tour, Inc.
2 Batterson Park Road, 2nd Floor
Farmington, CT  06032
Telephone: 860-874-8463
Facsimile:  860-561-9823

Ms. Courtney Baxter
Jackson Walker, LLP
100 Congress Ave., Suite 1100
Austin, TX 78701

Mr. Lester Sprouse
Sprouse & Anderson
515 Congress Avenue, Suite 1212
Austin, TX 78701

15

Beatrix Bernauer, Esq.
Grant Thorton
175 West Jackson Blvd.
20th Floor
Chicago, IL 60604

Randy Sarosdy, Esq.
Akin, Gump, Strauss, Hauer & Feld
300 W. 6th Street, Suite 2100
Austin, TX 78701

_____
Yesenia Zea

Sworn to before me this
8th day of July, 2005

_____
Notary Public

Jill H. Teitel
Notary Public, State of New York
Registration #02TE5069470
Qualified in New York County
My Commission Expires Nov. 25, 1998
2006

16