UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CALL CENTER TECHNOLOGIES, : | CIVIL ACTION NO. 3:03CV1036 (DJS) |
| Plaintiff, : | |
| v. : | |
| GRAND ADVENTURES TOUR & : TRAVEL PUBLISHING CORPORATION, : INTERLINE TRAVEL & TOUR, INC. : | |
| Defendants. : | MARCH 31, 2006 |

### DEFENDANT INTERLINE TRAVEL & TOUR INC.'S
### MOTION FOR RECONSIDERATION AND ARTICULATION

Pursuant to L.Civ.R. 7(c), Defendant, Interline Travel & Tour, Inc. ("Interline"), moves for reconsideration and articulation of the Court's Order dated March 24, 2006. Interline seeks reconsideration and/or articulation of the Court's decisions on: 1) Plaintiff Call Center Technologies, Inc.'s Motion for Extension of Time Nunc Pro Tunc dated February 15, 2006; 2) Interline's Objection to Plaintiff's Motion for Extension of Time Nunc Pro Tunc and Motion for Fees and Costs dated February 17, 2006; and 3) Plaintiff's proposed Motion for Leave to Amend

**ORAL ARGUMENT REQUESTED/
TESTIMONY NOT REQUIRED**

dated February 15, 2006. The grounds for the foregoing motion are that the Court has overlooked the language set forth in the plaintiff's Motion for Extension of Time Nunc Pro Tunc which resulted in a premature ruling on the plaintiff's Motion for Leave to Amend. The Court's existing Order improperly and prejudicially precludes Interline from filing an objection to the plaintiff's Motion for Leave to Amend and, as such, should be amended and or stricken from the Court's docket.

In the alternative, Interline seeks articulation of the factual and legal grounds for the Court precluding Interline from filing an objection to the plaintiff's Motion for Leave to Amend, particularly since permission to file the Motion for Leave to Amend was granted (by way of granting the Motion for Extension of Time Nunc pro Tunc) the same day that the Motion for Leave to Amend was decided.

The arguments in support of this motion are set forth in the accompanying Memorandum of Law to which the Court is respectfully referred.

**WHEREFORE**, for the foregoing reasons and for those set forth in the accompanying Memorandum of Law, Interline respectfully requests that its Motion for Reconsideration and Articulation be granted.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

2

Respectfully submitted,

DEFENDANT,
INTERLINE TRAVEL & TOUR, INC.

By: _____
LAURA F. BALDINI, ESQ.
Federal Bar Number ct19887
Law Offices Of Laura Flynn Baldini, LLC
2 Batterson Park Road, 2nd Floor
Farmington, CT 06032
Tel. (860) 874-8483
Fax. (860) 561-9823
LBaldini@FlyBal-Law.com
Juris. No. 421267

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

3

## ORDER

The foregoing Motion for Fees and Costs, having been duly presented to this Court, it is hereby **ORDERED**:

**GRANTED/DENIED.**

BY THE COURT

_____
Judge/Clerk

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

4

### CERTIFICATE OF SERVICE

This is to certify that the foregoing was mailed via U.S. mail, postage prepaid on this 31st day of March, 2006 to the following counsel of record:

Kevin Chamberlin, Esq.
*Counsel for Plaintiff*
100 Mill Plain Road, 4th Fl.
Danbury, CT 06511

*And to:*

The Honorable Dominic Squatrito
United States District Court
450 Main Street
Hartford, CT 06103

By: _____
LAURA F. BALDINI, ESQ.
Law Offices of Laura Flynn Baldini, LLC

Law Offices of Laura Flynn Baldini, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

5

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CALL CENTER TECHNOLOGIES, | : CIVIL ACTION NO. 3:03CV1036 (DJS) |
| Plaintiff, | : |
| v. | : |
| GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION, INTERLINE TRAVEL & TOUR, INC. | : |
| Defendants. | : MARCH 31, 2006 |

**DEFENDANT INTERLINE TRAVEL & TOUR INC.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR RECONSIDERATION AND ARTICULATION**

Pursuant to L.Civ.R. 7(c), Defendant, Interline Travel & Tour, Inc. ("Interline"), submits the foregoing Memorandum of Law in Support of its Motion for Reconsideration and Articulation dated March 31, 2006.

**ORAL ARGUMENT REQUESTED/
TESTIMONY NOT REQUIRED**

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

6

I. **INTRODUCTION**

Interline seeks reconsideration of the Court's March 24, 2006 Order concerning the above-captioned matter. In particular, Interline seeks reconsideration of the Court's decisions on: 1) Plaintiff Call Center Technologies, Inc.'s Motion for Extension of Time Nunc Pro Tunc dated February 15, 2006; 2) Interline's Objection to Plaintiff's Motion for Extension of Time Nunc Pro Tunc and Motion for Fees and Costs dated February 17, 2006; and 3) Plaintiff's proposed Motion for Leave to Amend dated February 15, 2006.

II. **FACTS**

This is a purported breach of contract and successor liability case brought by the plaintiff, Call Center Technologies ("CCT"), against Grand Adventures Tour & Travel Publishing Corporation ("GATT") and Interline. The plaintiff's Second Amended Complaint dated July 29, 2003 contains two counts. The First Count is directed to defendant GATT. The plaintiff alleges that pursuant to a written document called "Customer Agreement" dated June 16, 1998, GATT purchased "certain goods called an Aspect Call Center". *Second Amended Complaint dated July 28, 2003, First Count,* ¶ 1. GATT is not a party to the Customer Agreement, but another incorporated entity with a similar name, Grand Adventures Tour & Travel, Inc. (GATTInc."), is. Plaintiff purports to bridge the gap between the two entities by alleging that GATT was "doing business as" GATTInc., although the

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8433 • Fax: (860) 561-9823

7

plaintiff has presented no evidence to support this allegation. *Second Amended Complaint, First Count,* ¶ 1.

CCT claims that GATT ordered "additional parts" for the phone system in 1999 and CCT supplied said parts. *Id.* at ¶ 11. CCT alleges that, in February 1999, GATT requested the temporary use of "Intertel equipment" and that the equipment was provided to GATT with the expectation that it be returned "within a reasonable time". *Id.* at ¶ 12. CCT claims that GATT did not return the Intertel equipment or pay for it. *Id.* CCT alleges that the value of the Aspect Call Center, the additional parts and the Intertel equipment is $130,090.00, $30,000.00 and $30,000.00, respectively. *Id.* at ¶¶ 13-15. The plaintiff claims that although demand for payment has been made, GATT has paid the sum of $35,000.00 but has refused to pay the balance. *Id.* at ¶ 16.

The Second Count is directed to Interline. CCT incorporates by reference the allegations of the First Count against GATT (*Id.* at ¶¶ 1-16) and claims that Interline is the successor of GATT and therefore liable for GATT's alleged debt under the Customer Agreement. *Id.* at ¶¶ 17-29.

Interline denied the substantive allegations of the plaintiff's Second Amended Complaint and asserted certain affirmative defenses, including lack of personal jurisdiction and setoff and recoupment. *Seconded Amended Answer and Affirmative Defenses dated April 19, 2004.*

On January, 4, 2006, Interline filed a Motion for Summary Judgment seeking to dispose of all the claims against it. On January 5, 2006, a telephone status conference was held with the Honorable

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

8

Judge Dominic J. Squatrito, Kevin Chamberlin, counsel for CCT, and the undersigned. During that conference, plaintiff's counsel asked the Court to reopen the discovery deadline even though such deadline had expired on September 30, 3005 and even though Interline's Summary Judgment had been filed in accordance with the Court's January 6, 2006 filing deadline. Despite the undersigned's objection, the Court granted plaintiff's counsel's request and reopened discovery. *See* Court Order dated January 5, 2006 attached hereto.

On January 19, 2006, counsel for the parties again participated in a court-ordered telephone conference with Judge Dominic J. Squatrito. During that telephone conference, plaintiff's counsel asked the Court for permission to file a Motion for Leave to Amend so that he could amend the plaintiff's complaint for a third time. Despite the fact that the time to amend pleadings had long since expired, the Court granted plaintiff's counsel's request. *See* Court Order dated January 20, 2006 attached hereto. The Court's Order specifically stated that plaintiff's counsel would have until **February 10, 2006** to file a Motion for Leave to Amend. *Id.* During the telephone conference, plaintiff's counsel represented that he would file a motion for leave to amend by the February 10, 2006 deadline. Notwithstanding this representation, plaintiff's counsel: 1) failed to file a motion to amend the plaintiff's complaint by February 10th; and 2) failed to preserve his right to seek additional time to file a motion for leave to amend by not filing a motion for extension of time before the February 10th deadline.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

9

On February 15, 2006, five days after the filing deadline, plaintiff's counsel filed a Motion for Extension of Time Nunc Pro Tunc. In his papers, plaintiff's counsel stated that he was "mov[ing] **for an extension of time to file their [sic] Motion for Leave to Amend and Amended Complaint.**" Accompanying the plaintiff's Motion for Extension of Time Nunc Pro Tunc was plaintiff's counsel's proposed Motion for Leave to Amend and proposed Third Amended Complaint.

On February 17, 2006, Interline filed an Objection to the plaintiff's Motion for Extension of Time Nunc Pro Tunc. In addition, Interline also filed a Motion for Fees and Costs. Interline objected to the plaintiff's motion for extension of time because, among other things, the plaintiff's motion was procedurally defective, untimely and failed to state sufficient cause for not complying with the Court's February 10, 2006 deadline. Interline's Objection and Motion for Fees and Costs and the supporting arguments are incorporated herein and made a part of the instant motion.

Interline seeks reconsideration of the decisions set forth in the Court's March 24, 2006 Order. In the alternative, Interline seeks articulation of the legal grounds for overruling its Objection, denying its Motion for Fees and Costs and the factual and legal basis for granting the plaintiff's Motion for Leave to Amend and precluding Interline from filing an objection to such a request.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

10

### III. ARGUMENT

#### A. Standard for Motion for Reconsideration

The standard for reconsideration requires a moving party to point to controlling law or evidence that "might reasonably be expected to alter the conclusion reached by the court". *Success Vill. Apts., Inc. v. Amalgamated Local 376*, 2006 U. S. Dist. LEXIS 99879 *3 (D. Conn. March 8, 2006)(Arterton, J.); *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration gives the Court an opportunity to "correct manifest errors of law or fact or to consider newly discovered evidence." *Success Vill. at *3; LoSacco v. City of Middletown*, 822 F. Supp. 870, 876-77 (D. Conn. 1993), *aff'd* 33 F.3d 50 (2d Cir. 1994). Reconsideration should therefore be granted when a "party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *United States ex rel. Smith v. Yale New Haven Hosp.*, 2006 U.S. Dist. LEXIS 8614 *7 (D. Conn. Feb. 10, 2006)(Dorsey, J.)(motion for reconsideration granted).

#### B. The Court's Rulings In Its March 24, 2006 Order Should Be Reconsidered

In the present case, Interline requests that the Court reconsider the decisions set forth in its March 24, 2006 Order. The Court overlooked important facts concerning the plaintiff's Motion for

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

11

Extension of Time Nunc Pro Tunc and Interline's Objection thereto and should not have issued a ruling on the plaintiff's Motion for Leave to Amend.

Interline moves for reconsideration of the Court's decision granting the plaintiff's Motion for Leave to Amend because its decision was premature and prejudicial to Interline. At the time the Court issued its March 24th ruling, the <u>only</u> motions that were before the Court were the plaintiff's Motion for Extension of Time Nunc Pro Tunc (and Interline's objection thereto) and Interline's Motion for Fees and Costs. Evidence of this fact is the language in plaintiff's counsel's motion in which he states that he was **"mov[ing] for an extension of time <u>to file</u> their [sic] Motion for Leave to Amend and Amended Complaint."** The plaintiff's <u>proposed</u> Motion for Leave to Amend and <u>proposed</u> Third Amended Complaint accompanied the plaintiff's motion for extension of time and should not have been docketed or considered until the plaintiff's motion for extension of time had been decided. Procedurally, Interline's time under L.Civ.R. 7(c) to respond to the plaintiff's motion for Leave to Amend would have commenced at the time the Court granted permission to file a Motion for Leave to Amend. The Court's present Order simultaneously grants permission to file a late Motion for Leave to Amend <u>and</u> grants the Motion for Leave to Amend. This decision is highly prejudicial to Interline who has been foreclosed of the opportunity to file an objection to the plaintiff's Motion for Leave to Amend. Interline therefore seeks reconsideration of the Court's decision on the plaintiff's Motion for Leave to Amend as its ruling was premature and precludes

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8453 • Fax: (860) 561-9823

12

Interline from exercising its right to file an objection. In the alternative, Interline seeks articulation of the factual and legal grounds supporting the Court's decision.

Interline also seeks reconsideration of the Court's granting of the plaintiff's Motion for Extension of Time Nunc Pro Tunc and denial of Interline's objection thereto. The Court's decision ignores the following important facts: 1) the plaintiff's motion was procedurally defective and not in compliance with the Local Rules of Civil Procedure (See L.Civ.R. 7(b)(3)); 2) the plaintiff's motion failed to state "good cause" for filing the motion for extension of time (*See* L.Civ.R. 7(b)(2)); and 3) the plaintiff has a well-documented history of ignoring Court deadlines. Interline therefore seeks reconsideration of the Court's rulings on the plaintiff's Motion for Extension of Time Nunc Pro Tunc dated February 15, 2006, Interline's Objection to Plaintiff's Motion for Extension of Time Nunc Pro Tunc and Motion for Fees and Costs dated February 17, 2006. In the alternative, Interline seeks articulation of the factual and legal grounds supporting the Court's decisions concerning these motions.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

13

**WHEREFORE**, for the foregoing reasons, Interline respectfully requests that its Motion for Reconsideration and Articulation be granted.

Respectfully submitted,

DEFENDANT,
INTERLINE TRAVEL & TOUR, INC.

By: *[signature]*
LAURA F. BALDINI, ESQ.
Federal Bar Number ct19887
Law Offices Of Laura Flynn Baldini, LLC
2 Batterson Park Road, 2nd Floor
Farmington, CT 06032
Tel. (860) 874-8483
Fax. (860) 561-9823
LBaldini@FlyBal-Law.com
Juris. No. 421267

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

14

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was mailed via U.S. mail, postage prepaid on this 31st day of March, 2006 to the following counsel of record:

Kevin Chamberlin, Esq.
*Counsel for Plaintiff*
100 Mill Plain Road, 4th Fl.
Danbury, CT 06511

*And to:*

The Honorable Dominic Squatrito
United States District Court
450 Main Street
Hartford, CT 06103

By: _____
LAURA F. BALDINI, ESQ.
Law Offices of Laura Flynn Baldini, LLC

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

15

Case 3:03-cv-01036-DJS    Document 123    Filed 04/03/2006    Page 16 of 18
Mar 30 06 09:09p    Laura Flynn Baldini    860-561-9823    p.17

Page 1 of 1

**Laura Baldini**

**From:** CMECF@ctd.uscourts.gov
**Sent:** Saturday, January 21, 2006 12:00 AM
**To:** CMECF@ctd.uscourts.gov
**Subject:** Summary of ECF Activity

**Activity has occurred in the following cases:**

**3:03-cv-01036-DJS Call Ctr Tech, Inc v. Grand Adventures, et al**
Status Conference   113

Docket Text:
Minute Entry for Telephone Conference before Judge Dominic J. Squatrito held on 1/19/2006. (45 minutes)(Lamoureux, Court Reporter) (Glynn, T.)

**3:03-cv-01036-DJS Call Ctr Tech, Inc v. Grand Adventures, et al**
Scheduling Order   114

Docket Text:
NOTICE OF ELECTRONIC ORDER. THIS IS THE ONLY NOTICE THE COURT SHALL ISSUE. Pursuant to a telephone conference held on January 19, 2006, the following will control the pretrial proceedings in this case until further notice from this Court. SCHEDULING ORDER: The plaintiff may file a Motion to Amend the Complaint by February 10, 2006. If the plaintiff files a Motion to Amend the Complaint, the defendant shall be able to respond to that motion by February 24, 2006. All discovery, including experts reports and depositions, shall be completed by April 19, 2006. Signed by Judge Dominic J. Squatrito on 1/20/06. (Pike, C.)

**3:03-cv-01036-DJS Call Ctr Tech, Inc v. Grand Adventures, et al**
Set Deadlines/Hearings

Docket Text:
Set Deadlines: Amended Pleadings due by 2/10/2006. Discovery due by 4/19/2006. (Pike, C.)

3/30/2006

**Laura Baldini**

**From:** CMECF@ctd.uscourts.gov
**Sent:** Friday, January 06, 2006 1:01 AM
**To:** CMECF@ctd.uscourts.gov
**Subject:** Summary of ECF Activity

**Activity has occurred in the following cases:**

**3:03-cv-01036-DJS Call Ctr Tech, Inc v. Grand Adventures, et al**
**Motion for Summary Judgment 107**

**Docket Text:**
MOTION for Summary Judgment by Interline Tour & Travel, Inc.Responses due by 1/25/2006 (Bauer, J.)

**3:03-cv-01036-DJS Call Ctr Tech, Inc v. Grand Adventures, et al**
**Memorandum in Support of Motion 108**

**Docket Text:**
Memorandum in Support re [107] MOTION for Summary Judgment filed by Interline Tour & Travel, Inc. (Bauer, J.)

**3:03-cv-01036-DJS Call Ctr Tech, Inc v. Grand Adventures, et al**
**Statement of Material Facts 109**

**Docket Text:**
Statement of Material Facts re [107] MOTION for Summary Judgment filed by Interline Tour & Travel, Inc. (Bauer, J.)

**3:03-cv-01036-DJS Call Ctr Tech, Inc v. Grand Adventures, et al**
**Exhibit 110**

**Docket Text:**
EXHIBITS (Manually filed) by Interline Tour & Travel, Inc re [107] MOTION for Summary Judgment. (Bauer, J.)

**3:03-cv-01036-DJS Call Ctr Tech, Inc v. Grand Adventures, et al**
**Order 111**

**Docket Text:**
ORDER. NOTICE OF ELECTRONIC ORDER. THIS IS THE ONLY NOTICE THE COURT SHALL ISSUE. Pursuant to the telephone conference held on Thursday, January 5, 2006, the following order shall enter: (1) Plaintiff's attorney shall fax his proposal for the amended subpoenas to the defendant's attorney on or before January 6, 2006. (2) Plaintiff's attorney shall submit the above-mentioned proposals to the Court on or before January 6, 2006. (3) Defendant's attorney shall submit her proposal for the narrowed subpoenas to the court and opposing counsel on or before January 13, 2006. (4) Plaintiff's attorney and defendant's attorney shall each submit to the Court, on or before January 13, 2006, a list of the documents, which were sought in the original subpoenas issued in June 2005, that the

3/30/2006

Page 2 of 2

defendant's attorney already turned over to plaintiff's attorney. (5) This order supercedes any prior scheduling order relating to this case. Discovery is hereby reopened. (6) The plaintiff's! attorney shall confer with opposing counsel and contact the Court on or before January 13, 2006, to schedule a teleconference relating to the scope of the proposed subpoenas. The plaintiff shall not re-issue the subpoenas before the Court rules on the scope of proposed subpoenas. (7) If there is anything not clear in the above order contact the Court via Kristen Zaehringer, Law Clerk to the Honorable Dominic J. Squatrito, by facsimile with a copy to opposing counsel. Signed by Judge Dominic J. Squatrito on 01/05/2006. (Zaehringer, K.)

3/30/2006