UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CALL CENTER TECHNOLOGIES,      :<br>     Plaintiff,                                 :<br>                                                    :<br>v.                                                 :      No. 3:03CV1036(DJS)<br>                                                    :<br>GRAND ADVENTURES TOUR &       :<br>TRAVEL PUBLISHING CORPORATION :<br>and INTERLINE TRAVEL & TOUR, INC., :<br>     Defendants.                            : | |

### ORDER

Pending before the court is defendant's, Interline Travel & Tour, Inc., ("Interline"), motion to reconsider **(dkt. # 123)** the court's granting of plaintiff's nunc pro tunc motion for extension of time (dkt. # 116) and plaintiff's motion for leave to file an amended complaint (dkt. # 117).  In the alternative, Interline seeks articulation of the factual and legal grounds supporting the court's decision.

As the Second Circuit has held, the standard for granting a motion for reconsideration is strict, and such a motion "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995).  A motion for reconsideration is warranted only "to correct manifest errors of law or fact, hear newly discovered evidence, consider a change in the applicable law or prevent manifest injustice." U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., Ltd., 182 F.R.D. 97, 100 (S.D.N.Y.1998), aff'd,241 F.3d 135 (2d Cir. 2001).  Rule 7©) of the Local Rules of Civil Procedure for the District of Connecticut ("D. Conn. L. Civ. R.

7©)") states that

> Motions for Reconsideration shall be filed and served within ten (10) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order.

D. Conn. L. Civ. R. 7©).

The court's order of March 24, 2006 (dkt. # 121) resolved outstanding motions pertaining to case management. These motions pertained to plaintiff's request to amend the complaint and were filed in response to this court's order of January 20, 2006 (dkt. # 114). The order of January 20, 2006, which was issued pursuant to a telephonic status conference, extended the discovery deadline to April 19, 2006, and granted plaintiff permission to file a motion for leave to amend the complaint by February 10, 2006. Plaintiff, on February 15, 2006, simultaneously filed (1) a motion for an enlargement of time, nunc pro tunc, to file its motion for leave to amend the complaint; (2) a motion for leave to file an amended complaint (doc. # 117); and (3) a document entitled "Third Amended Complaint."

The court finds that the delay of five (5) days was not substantial nor prejudicial to Interline given that the discovery period remained open and that the defendant had notice, through this court's order of January 20, 2006, that plaintiff could file a motion seeking permission to amend the complaint. In addition, the court's case management order of March 24, 2006, demonstrates the court's preference for administering its cases on the merits rather than on technicalities. See Somlyo v. J. Lu-Rob Enters., 932 F.2d 1043 (2d Cir. 1991) (holding that the district court has discretion to depart from the letter of a local rule if adherence would cause an unjust result); Ass'n for Retarded Citizens of Connecticut, Inc., v. Gareth Thorne, 68 F.3d 547

(2d Cir. 1995) (finding that the district court acted within its discretion in granting the motion for enlargement of time and allowing the motion for consideration to be considered even though it was filed "late"); and Yesudian ex rel. U.S. v. Howard Univ., 270 F.3d 969 (D.C. Cir. 2001) (district courts generally have broad discretion with respect to case management; therefore, they have discretion to consider late filings).

Next, the court observes that Interline made a tactical decision when it only filed an objection to plaintiff's motion for extension of time. Defendant did not file a response to plaintiff's motion for leave to file an amended complaint, even though both plaintiff's motion for extension of time (dkt. # 116) and plaintiff's motion for leave to file an amended complaint (dkt. # 117) were docketed on February 15, 2006. Given this court's stated preference for administering its cases on the merits and defendant's decision not to substantively oppose plaintiff's motion to amend, the court finds that the most efficient way to proceed is to grant plaintiff permission to amend its complaint. This decision will allow the record to further be developed and will not impede Interline's ability to, in the future, raise any of the substantive defenses available under the Federal Rules of Civil Procedure.

In conclusion, defendant's motion for reconsideration and articulation **(dkt. # 123)** is **GRANTED in part**. Interline's motion is granted inasmuch as the court has reconsidered its ruling. After this review, however, the court has decided not to alter its ruling of March 24, 2006. Interline has offered the court no controlling change in the law and no new facts that require this court to alter its prior ruling. Further, Interline has not presented any manifest error of law or fact that leads the court to a different result than it reached in the order issued on March 24, 2006. Thus, the relief requested by Interline in its motion for reconsideration is **DENIED**.

**IT IS SO ORDERED** at Hartford, Connecticut on this __4th___ day of May, 2006.

_____/s/DJS_____

**DOMINIC J. SQUATRITO**

**UNITED STATES DISTRICT JUDGE**