**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

---

| | | |
|---|---|---|
| CALL CENTER TECHNOLOGIES, | : | CIVIL ACTION NO. 3:03CV1036 (DJS) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| GRAND ADVENTURES TOUR & | : | |
| TRAVEL PUBLISHING CORPORATION; | : | |
| INTERLINE TRAVEL & TOUR, INC. | : | |
| | : | |
| Defendants. | : | MAY 19, 2006 |

---

**ANSWER & AFFIRMATIVE DEFENSES OF**
**INTERLINE TRAVEL & TOUR TO PLAINTIFF'S**
**THIRD AMENDED COMPLAINT DATED FEBRUARY 15, 2006[1]**

Interline Travel & Tour, Inc. ("Interline"), a defendant in the above-captioned matter, hereby responds to the Third Amended Complaint dated February 15, 2006 of plaintiff Call Center Technologies, Inc. ("CCTI") as follows:

1.   Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

---

[1] By filing the instant pleading, Interline does not waive or otherwise forfeit its previously-asserted objection to Plaintiff's attempt to subject Interline to personal jurisdiction in Connecticut.

2.     Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

3.     Interline admits only that it is a Texas corporation, that it had a former place of business at 211 East 7th Street, Southwest Tower, 11th Floor, Austin, Texas 7801 and that it has a present place of business located at 12708 Riata Vista Circle, Suite A-125, Austin, Texas 78727.

4.     Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

5.     Interline denies the allegations of this paragraph but admits only that it does business under the names of, among others, "Interline Vacations" and Perx.COM."

6.     Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

7.     Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

8.     Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

9.     Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

10.    Interline admits the allegations contained in this paragraph.

11. Interline denies the allegations of this paragraph but admits only to having received from the plaintiff an Amended Complaint dated May 12, 2003 and another "Amended Complaint" [sic] dated July 28, 2003.

12. Interline denies the allegations of this paragraph but admits that on or about June 3, 2003, it filed an appearance in a state court action styled *Call Center Technologies Inc. v. Grand Adventures Tour & Travel Publishing Corp., et al.*, Docket No. CV020346965S and on June 10, 2003, filed a Notice of Removal to the United States District Court for the District of Connecticut.

13. Interline has insufficient knowledge or information to admit or deny the allegations that "the Plaintiff maintains a place of business in Connecticut and elected to file its action within the State of Connecticut" and "a substantial part of events giving rise to this action occurred in the District of Connecticut" and therefore leaves the plaintiff to its proof. Interline cannot admit or deny the allegation that "Venue is proper" because it calls for a legal conclusion. Interline denies Plaintiff's allegation as stated that the "Agreement provides that it shall be governed and enforceable by the laws of the State of Connecticut (Agreement at ¶18)," and refers to the Agreement itself as the best evidence of its terms. Interline denies the remaining allegations in this paragraph but admits that it removed a state court action styled *Call Center*

*Technologies Inc. v. Grand Adventures Tour & Travel Publishing Corp., et al.*, Docket No. CV020346965S, to federal court.

14.    Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

15.    Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

16.    Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

17.    Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

18.    Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

19.    Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

20.    Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

21.    Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

22.  Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

23.  Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

24.  Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

25.  Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

26.  Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

27.  Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

28.  Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

29.  Interline denies the allegations contained in this paragraph as stated as they purport to characterize the Agreement referenced in the paragraph which speaks for itself.

30.  Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

31. Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

32. Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

33. Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

34. Interline has insufficient knowledge or information to admit or deny the allegations: 1) "Defendant GATT. . . ever returned to Plaintiff either the Aspect Call Center or additional parts"; and 2) "Subsequently, Defendant GATT. . . sold the Aspect Call Center and additional parts for an unknown amount" and therefore leaves the plaintiff to its proof. Interline denies the remaining allegations in this paragraph but admits that it did not return an Aspect Call Center or other telephone equipment to the Plaintiff.

35. Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

36. Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

37. Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

38.   Interline denies as stated the allegation "Each of the above individuals later became either an employee, director, officer, promoter, shareholder or otherwise affiliated with the Defendant Interline" as the phrase "otherwise affiliated" is vague and ambiguous and the exact "individuals" are not identified in this paragraph.  Interline has insufficient knowledge or information to admit or deny the remaining allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

39.   Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

40.   Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

41.   Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

42.   Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

43.   Interline admits only that Lawrence K. Fleischman is presently the Chairman and Chief Executive Officer of Interline.  Interline has insufficient knowledge or information to admit or deny the remaining allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

44.  Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

45.  Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

46.  Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

47.  Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

48.  Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

49.  Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

50.  Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

51.  Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

52.  Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

53.   Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

54.   Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

55.   Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

56.   Interline denies the allegations contained in this paragraph but admits that on or about October 9, 2001, Duane K. Boyd and Lawrence K. Fleischman, through their mutual attorney Timothy C. Taylor of Jackson Walker, L.L.P., each sent by certified mail, return receipt requested, to Joseph S. Juba, the then President of Grand Adventures Tour & Travel Publishing Corporation ("GATTPC"), a "Notice of Intent To Accelerate And Demand Payment."

57.   Interline denies the Plaintiff's allegations contained in this paragraph as they purport to characterize the Notice which speaks for itself and is the best evidence of its terms.

58.   Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

59.   Interline denies the allegations of this paragraph but admits that it was incorporated in Texas on October 15, 2001 by Duane K. Boyd and that, at the time of its incorporation, Duane K. Boyd and Lawrence K. Fleischman were the only stockholders of Interline.

60. Interline denies the allegations of this paragraph but admits that on October 19, 2001, it became the owner and holder of certain promissory notes dated May 24, 2001 and July 18, 2001 and a security interest dated July 18, 2001 previously held by either Duane K. Boyd or Lawrence K. Fleischman. Interline further admits that it retained Timothy Taylor, Esq. of Jackson Walker, L.L.P. and that Attorney Taylor had previously represented Boyd and Fleishman in their individual capacities.

61. Interline denies the allegations of this paragraph but admits that on October 19, 2001, counsel for Interline sent Joseph S. Juba, the then President of GATTPC, a letter via certified mail, return receipt requested and via regular mail, entitled "NOTICE OF ACCELERATION AND DEMAND FOR PAYMENT NOTICE OF FORECLOSURE."

62. Interline denies the allegations contained in this paragraph as they purport to characterize the Notice referenced in the paragraph which speaks for itself and is the best evidence of its terms.

63. Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

64. Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

65.    Interline denies the allegations of this paragraph but admits that its lawyer, Timothy C. Taylor of the law firm of Jackson Walker, LLP, advertised and gave public notice that GATTPC had defaulted on certain promissory notes and a security agreement held by Interline and that a sale of the collateral securing the indebtedness would be held via a public foreclosure sale on October 30, 2001 at 11:30 a.m. at the West door of the Travis County Courthouse in Austin, Texas.

66.    Interline denies the allegations of this paragraph but admits that: 1) on October 22, 2001, a copy of a Notice of Public Sale concerning GATTPC was posted at the regular place for posting foreclosure notices at the Travis County Courthouse in Austin, Travis County, Texas; 2) beginning October 24, 2001 and continuing each day through and including October 28, 2001, the Notice of Public Sale concerning GATTPC was published in the *Austin American Statesman*, a daily newspaper serving Travis, Hays, Burnet and Williamson Counties in Texas; 3) between October 22-24, 2001, Interline, through its attorneys, notified all secured creditors via certified mail, return receipt requested, of, among other things, the day, time and place of the GATTPC foreclosure sale; 4) Wells Fargo Bank Texas, N.A. was a creditor of GATTPC and held a first priority security interest in GATTPC's assets in the amount of One Hundred Sixty Six Thousand Eight Hundred Forty Nine Dollars and Fifty one Cents ($166,849.51) as of October 30, 2001.

67.   Interline denies each and every allegation contained in this paragraph.

68.   Interline denies each and every allegation contained in this paragraph.

69.   Interline denies the allegations of this paragraph but admits that the foreclosure sale of GATTPC's assets was conducted at the Travis County Courthouse in Austin, Texas by Timothy Taylor, Esq. of the law firm of Jackson Walker, L.L.P. who was counsel to Interline. Interline further admits that Duane K. Boyd attended the foreclosure sale.  Interline has insufficient knowledge or information to admit or deny the allegation that "No third party auctioneer was present, nor was the "auction" recorded in any manner other than by Interline's attorney" and therefore leaves the plaintiff to its proof.

70.   Interline denies the allegations of this paragraph but admits that Boyd, on behalf of Interline, bid the amount of Three Hundred Forty Thousand Dollars ($340,000) at the GATTPC foreclosure sale conducted on October 30, 2001.

71.   Interline denies the allegations of this paragraph but admits that: 1) on or about October 30, 2001, Wells Fargo Bank Texas, N.A., a creditor of GATTPC and the first lien holder on GATTPC's assets, executed a Transfer and Assignment of Debt, Claims and Security Interests and transferred and assigned its secured debt to Duane K. Boyd in exchange for payment of One Hundred Five Thousand Dollars ($105,000); 2) on November 1, 2001, Boyd executed a Transfer and Assignment of Debt, Claims and Security Interests and transferred and assigned

his secured GATTPC debt to DBMK Partners, Ltd., a 50% undivided interest, and to Lawrence Fleischman, a 50% undivided interest; 3) Interline, by purchasing Wells Fargo Bank Texas, N.A.'s first priority secured debt, became the first priority secured lien holder of GATTPC's assets; 4) following the GATTC foreclosure sale, Interline permitted secured creditors of GATTPC to take possession of their secured property.  Interline has insufficient information to admit or deny the allegation that "The remainder of GATT's secured creditors were minor" and therefore leaves the plaintiff to its proof.

72.    Interline denies the allegations of this paragraph but admits that on October 30, 2001 after the GATTPC public foreclosure sale, Boyd went to GATTPC's office located at 211 East 7th Street, Southwest Tower, 11th Floor, Austin, Texas 78701 to notify GATTPC that their assets had been sold at a public foreclosure sale.  Interline also admits that on October 30, 2001, Jay Juba, GATTPC's then President, Chief Operating Officer and director, was working at GATTPC's office located at 211 East 7th Street, Southwest Tower, 11th Floor, Austin, Texas 78701 that day.

73.    Interline has insufficient information to admit or deny the allegation that "At some point thereafter, Juba resigned as an officer and director of GATT, leaving only Matthew O'Hayer as a director of GATT" and therefore leaves the plaintiff to its proof.  Interline denies the remaining allegations of this paragraph but admits that at some time following the GATTPC

foreclosure sale, Juba became a shareholder and officer of Interline and that Mr. Juba is presently an officer of Interline.

74. Interline denies the allegations of this paragraph but admits that after the GATTPC foreclosure sale, Matthew O'Hayer executed a consulting agreement with Interline and, as a part thereof, received Interline stock options. Interline also admits that after the GATTPC foreclosure sale, Mr. O'Hayer became, and still is, an Interline shareholder. Interline further admits that Mr. O'Hayer's name appears on the ADP Payroll Report of Interline for the 4th Quarter of 2001 but, as the report reflects, he did not receive any compensation as an employee of Interline.

75. Interline has insufficient information to admit or deny the allegations that "Matthew O'Hayer held the largest share of GATT stock" and "He [O'Hayer] currently lives on a yacht in the British Virgin islands" and therefore leaves the plaintiff to its proof. Interline denies the remaining allegations of this paragraph but admits that, to the best of its knowledge, Boyd and Juba have an amicable relationship with O'Hayer but do not regularly communicate with him.

76. Interline has insufficient information to admit or deny the allegation that "The law firm of Akin, Gump, Strauss, Hauer & Feld, L.L.P. ("Akin Gump") had acted as counsel to GATT and prepared the May 24, 2001 and July 18, 2001 loan documents, including the July 18, 2001

Security Agreement" and therefore leaves the plaintiff to its proof. Interline denies the remaining allegations contained in this paragraph.

77. The first sentence of this paragraph is a legal conclusion to which no response is required; to the extent that a response is required, the sentence is denied. Interline states that it is without information sufficient to admit or deny the remaining allegations of Paragraph of 77, but admits that Matthew O'Hayer, Joseph S. Juba, Fernando Cruz Silva, Patti Macchi and Duane K. Boyd are presently employees, officers, directors and/or shareholders in Interline and that Lawrence K. Fleischman is presently Interline's Chairman.

78. Interline denies the allegations of this paragraph but admits that at the commencement of its business operations on October 31, 2001, its staff and management, officers and directors consisted of Lawrence K. Fleischman, Duane K. Boyd, and former employees, officers or directors of GATTPC.

79. Interline denies the allegations of this paragraph but admits that at the commencement of its business operations on October 31, 2001, its staff and management, officers and directors consisted of Lawrence K. Fleischman, Duane K. Boyd, and former employees, officers or directors of GATTPC.

80. Interline denies the allegations of this paragraph but admits that that in late 2001 and in early 2002, it hired former employees of GATTPC.

81.  Interline admits only that at present, the majority of Interline's employees are former employees of GATTPC.

82.  Interline denies the allegations of this paragraph but admits that at the commencement of its business operations on October 31, 2001: 1) its staff and management, officers and directors consisted of Lawrence K. Fleischman, Duane K. Boyd, and former employees, officers or directors of GATTPC; 2) it used and answered certain "1-800" telephone numbers that Interline purchased at the GATTPC foreclosure sale on October 30, 2001; 3) certain "1-800" telephone numbers that Interline purchased at the GATTPC foreclosure sale on October 30, 2001 were answered "Interline Vacations"; 4) Interline occupied office space at the same business address and building as GATTPC had occupied prior to the GATTPC foreclosure sale, but in a different location within the building; 5) Interline used certain office furniture, office machines, computers, software, customer lists, telephone system, telephone lines, telephone numbers, web site addresses, e-mail addresses, and mail boxes that it purchased at the GATTPC foreclosure sale on October 30, 2001.  Interline has insufficient information to admit or deny the allegation that ". . .whereas earlier that day [October 30, 2001] they [telephones] had been answered with the name "Interline" or "Interline Travel Reps" and therefore leaves the plaintiff to its proof.

83.  Interline denies each and every allegation contained in this paragraph.

84. Interline denies the allegations of this paragraph but admits that that following the GATTPC foreclosure sale, it entered into a short-term, seven (7) month lease for a portion of the premises formerly occupied by GATTPC located at 211 East 7th Street, 11th Floor, Austin, Texas.

85. Interline denies the allegations of this paragraph but admits that following the GATTPC foreclosure sale, it entered into agreements with vendors to enable it to operate the phone equipment and phone numbers that it purchased at the GATTPC foreclosure sale.

86. Interline admits only that: 1) it conducts most of its sales operations via telephone; 2) it has used and continues to use certain intangibles and benefits from certain good will that it purchased for value at the October 30, 2001 GATTPC foreclosure sale, including some of GATTPC's toll-free telephone numbers which include 1-888-PERX-NOW. Interline has insufficient information to admit or deny the remaining allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

87. Interline admits only that it has used, and continues to use, the web site address of www.Perx.com that it purchased for value at the October 30, 2001 GATTPC foreclosure sale. Interline has insufficient information to admit or deny the remaining allegations and therefore leaves the plaintiff to its proof.

88. Interline has insufficient information to admit or deny the allegation that "Defendant GATT published, among other things, a publication referred to as the "Interline brochure"" and therefore leaves the plaintiff to its proof. Interline admits only that it publishes a brochure. Interline further admits that the brochure is prepared by a part-time creative director that had been previously employed by GATTPC. Interline denies that the brochure is created "with the same software, and the same computers, as had been by GATT." Interline has insufficient information to admit or deny the remaining allegations and therefore leaves the plaintiff to its proof.

89. Interline denies the allegations of this paragraph but admits that: 1) it used, and continues to use, GATTPC customer lists that it purchased for value at the October 30, 2001 GATTPC foreclosure sale; and 2) it used the customer lists after the GATTPC foreclosure sale and that it presently uses the lists to solicit customers.

90. Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

91. Interline admits only that Duane K. Boyd, on behalf of Interline, bid Three Hundred Forty Thousand Dollars ($340,000) at the GATTPC foreclosure sale conducted on October 30, 2001. Interline has insufficient information to admit or deny the remaining allegations and therefore leaves the plaintiff to its proof.

92.  Interline denies the allegations of this paragraph but admits that as a hiring incentive and without obligation to its new employees, it paid certain payroll taxes of certain GATTPC employees that it hired after the October 30, 2001 GATTPC foreclosure sale.

93.  Interline denies the allegations of this paragraph but admits that it: 1) as a hiring incentive and without obligation, honored and/or recognized certain accumulated vacation time of former GATTPC employees hired to work for Interline after the October 30, 2001 GATTPC foreclosure sale; 2) as a hiring incentive and without obligation, paid certain payroll taxes of certain GATTPC employees that were hired by Interline after the October 30, 2001 GATTPC foreclosure sale; 3) included, for accounting purposes only, certain GATTPC deferred cruise revenue and deferred hotel revenue in its calculation of net assets acquired at the GATTPC foreclosure sale; and 4) voluntarily honored certain travel reservations made and paid by GATTPC customers prior to the October 30, 2001 foreclosure sale as an incentive for these customers to become Interline customers.

94.  Interline denies each and every allegation contained in this paragraph.

95.  Interline denies the allegations contained in this paragraph but admits that Synergy Brands, Inc., a publicly-traded company, is an Interline shareholder.

96.  Interline denies each and every allegation contained in this paragraph.

97.   Interline has insufficient information to admit or deny the allegation "Creditors of GATT which contacted Interline demanding payment and for which Interline found no future business needs, were mailed a package of documents by Interline reflecting the foreclosure auction" and therefore leaves the plaintiff to its proof.   Interline denies the remaining allegations contained in this paragraph.

## IV.  <u>FIRST COUNT</u>

98.   Interline repeats and reasserts is responses to Paragraphs 1-97 as if more fully set forth herein.

99.   Interline denies each and every allegation contained in this paragraph.

## V.  <u>SECOND COUNT</u>

100.   Interline repeats and reasserts is responses to Paragraphs 1-99 as if more fully set forth herein.

101.   Interline denies each and every allegation contained in this paragraph.

102.   Interline denies each and every allegation contained in this paragraph.

103.   Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.

104.   Interline denies each and every allegation contained in this paragraph.

105.   Interline denies each and every allegation contained in this paragraph.

106.   Interline has insufficient knowledge or information to admit or deny the allegations that: 1) "GATT's management had on numerous occasions acquired other "Interline" related

company's assets and was therefore aware of the means and the market to offer GATT's assets for sale in a competitive and commercially reasonable manner"; 2) "Instead the above individuals conducted or allowed to be conducted a commercially unreasonable "foreclosure auction" on the front steps of the local courthouse, which virtually nobody knew about other than themselves" and therefore leaves the plaintiff to its proof. Interline denies the remaining allegations of this paragraph but admits only that the foreclosure sale was conducted by Timothy Taylor, Esq. of the law firm of Jackson Walker, L.L.P. who was counsel to Interline and that Duane K. Boyd attended the foreclosure sale.

107. Interline denies each and every allegation contained in this paragraph.

108. Interline has insufficient information to admit or deny the allegation that "The "foreclosure auction" yielded far less than the $12 million dollars worth of assets which GATT indicated on its most recent financial statements filed with the S.E.C." and therefore leaves the plaintiff to its proof. Interline denies the remaining allegations contained in this paragraph but admits that Duane K. Boyd is, and has been, a Certified Public Accountant for over thirty (30) years.[2]

109. Interline denies each and every allegation contained in this paragraph.[3]

110. Interline denies each and every allegation contained in this paragraph.[4]

---

[2] This paragraph was improperly numbered by the Plaintiff as Paragraph 106.
[3] This paragraph was improperly numbered by the Plaintiff as Paragraph 107.
[4] This paragraph was improperly numbered by the Plaintiff as Paragraph 108.

111. Interline has insufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore leaves the plaintiff to its proof.[5]

## AS TO ALL ALLEGATIONS OF THE THIRD AMENDED COMPLAINT

All allegations of the Third Amended Complaint that are not specifically admitted are hereby denied.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Interline is not liable in law or equity for the debts or liabilities of GATT.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Third Amended Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over Interline.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The plaintiff lacks standing to maintain the present lawsuit.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

---

[5] This paragraph was improperly numbered by the Plaintiff as Paragraph 109.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

To the extent that the Plaintiff seeks equitable relief, the same is barred by the Plaintiff's unclean hands.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the parol evidence rule.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of frauds.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

To the extent that Interline is deemed the successor of GATT (a point Interline denies and does not concede), Interline is not liable to plaintiff on the grounds of all legal or equitable defenses that GATT may assert to plaintiff's claims.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

To the extent that Interline is deemed the successor of GATT (a point Interline denies and does not concede), Interline is not liable to Plaintiff on the grounds of GATT's defense of failure of consideration.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

To the extent that Interline is deemed the successor of GATT (a point Interline denies and does not concede), Interline is not liable to Plaintiff on the grounds of GATT's defense of Plaintiff's breach of contract.

### AS AND FOR A TWELFH AFFIRMATIVE DEFENSE

To the extent that Interline is deemed the successor of GATT (a point Interline denies and does not concede), Interline is not liable to Plaintiff on the grounds of GATT's defense of Plaintiff's unclean hands.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that Interline is deemed the successor of GATT (a point Interline denies and does not concede), Interline is not liable to Plaintiff on the grounds of GATT's defense of setoff and recoupment.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

To the extent that Interline is deemed the successor of GATT (a point Interline denies and does not concede), Interline is not liable to Plaintiff on the grounds of GATT's defense of breach of express warranties.

## <u>AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE</u>

To the extent that Interline is deemed the successor of GATT (a point Interline denies and does not concede), Interline is not liable to Plaintiff on the grounds of GATT's defense of breach of the implied warranties of fitness and merchantability.

**WHEREFORE**, Interline respectfully requests:

1.    Dismissal of all claims against Interline and the entry of a judgment in favor of Interline;

2.    Trial by jury pursuant to Fed. R. Civ. P. 38; and

3.    Such other relief as to which Interline is entitled as a matter of law or in equity.

Respectfully submitted,

DEFENDANT,
INTERLINE TRAVEL & TOUR, INC.

By:_____/S/_____
LAURA F. BALDINI, ESQ.
Federal Bar Number ct19887
Law Offices Of Laura Flynn Baldini, LLC
2 Batterson Park Road, 2nd Floor
Farmington, CT 06032
Tel. (860) 874-8483
Fax. (860) 561-9823
LBaldini@FlyBal-Law.com
Juris. No. 421267

25

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

_____

| | | |
|---|---|---|
| CALL CENTER TECHNOLOGIES, | : | CIVIL ACTION NO. 3:03CV1036 (DJS) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| GRAND ADVENTURES TOUR & | : | |
| TRAVEL PUBLISHING CORPORATION; | : | |
| INTERLINE TRAVEL & TOUR, INC. | : | |
| | : | |
| Defendants. | : | MAY 19, 2006 |

_____


**<u>CERTIFICATE OF SERVICE</u>**

  This is to certify that on May 19, 2006, a copy of Interline Travel & Tour Inc.'s Answer and

Special Defenses to Plaintiff's Third Amended Complaint was filed electronically and served by mail

on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties

by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic

filing as indicated on the Notice of Electronic Filing.

  Parties may access this filing through the Court's CM/ECF System.

Respectfully submitted,

DEFENDANT,
INTERLINE TRAVEL & TOUR, INC.


By:_____/S/_____
    LAURA F. BALDINI, ESQ.
    Federal Bar Number ct19887
    Law Offices Of Laura Flynn Baldini, LLC
    2 Batterson Park Road, 2nd Floor
    Farmington, CT 06032
    Tel. (860) 874-8483
    Fax. (860) 561-9823
    LBaldini@FlyBal-Law.com
    Juris. No. 421267

2