UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CALL CENTER TECHNOLOGIES, | : CIVIL ACTION NO. 3:03CV1036 (DJS) |
| Plaintiff, | : |
| v. | : |
| GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION, INTERLINE TRAVEL & TOUR, INC. | : |
| Defendants. | : MAY 30, 2006 |

## DEFENDANT INTERLINE TRAVEL & TOUR INC.'S
## OBJECTION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME
## AND MOTION FOR FEES AND COSTS

Defendant, Interline Travel & Tour, Inc. ("Interline"), hereby objects to the Motion for Extension of Time filed by plaintiff, Call Center Technologies, Inc. ("CCT"), on May 26, 2006. The plaintiff's motion should be denied for the following important reasons:

1. The Federal Rules specifically require that: "All other motions for extension of time must be decided by a judge and will not be granted *except for good cause*. The good cause standard *requires a particularized showing that the time limitation in question*

**ORAL ARGUMENT REQUESTED/
TESTIMONY NOT REQUIRED**

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

*cannot reasonably be met despite the diligence of the party seeking the extension."* L.Civ.R. 7(b)(2) (emphasis added).

2. The plaintiff has failed to state good cause for not being able to comply with the Court's June 5, 2006 discovery deadline. As the Court is well aware, in January of this year, the plaintiff successfully convinced this Court to reopen discovery in this case, despite the fact that the discovery deadline had already passed (on September 30, 2005) and despite the fact that Interline had already filed a Motion for Summary Judgment seeking to dispose of all claims against it.

3. Plaintiff's counsel represented to the Court last November that he sought to reopen discovery so that he could "revise" certain third party subpoenas that were served by plaintiff's predecessor counsel in June of 2005. On December 16, 2005, plaintiff's current counsel sent the undersigned an "Exhibit "A"" to what the undersigned later learned was to be a subpoena exhibit containing document production requests. *See* Facsimile from Kevin P. Chamberlin dated December 16, 2005 attached hereto as **Exhibit A**. This "Exhibit A" was not a "revision" of the previous subpoenas, but a completely new set of discovery requests, greater in number and broader in scope. Moreover, the undersigned was not given a copy of the proposed subpoenas which

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

2

would have revealed the names of the third parties that were to be served with the proposed "Exhibit A".[1]

4. Although a January 5, 2006 Court Order (#111) required permission from the Court before such subpoenas were served, plaintiff's counsel failed to obtain such permission from the Court, despite knowing of this requirement for almost five months. Accordingly, the plaintiff should be precluded from serving these subpoenas at this late date.

5. Plaintiff's counsel has also made no effort to conduct any other discovery in this case since the discovery deadline was extended on January 5, 2006. To the extent that plaintiff's counsel seeks to extend the discovery deadline beyond June 5, 2006 for the purposes of obtaining discovery from persons, entities, parties or third parties that did not require the plaintiff to seek the Court's prior permission, the plaintiff should be precluded. The plaintiff has had almost _five_ months to conduct discovery in this regard. Allowing plaintiff's counsel a further extension of time will only unnecessarily delay this matter further and prejudice Interline in its preparation of its case for trial.

---

[1] In a telephone conference with the Court on January 19, 2006, the undersigned learned that plaintiff's counsel desired to serve third party subpoenas on Akin, Gump, Strauss, Hauer & Feld; Jackson Walker, LLP; Grant Thornton; and Sprouse & Anderson.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

3

6.  The plaintiff's proposed Motion for Extension of Time should be also denied because it is procedurally defective and not in compliance with the Local Rules of Civil Procedure. The Local Rules of Civil procedure require a party seeking an extension of time to include in the motion a statement that: "(1) he or she has inquired of opposing counsel and there is agreement or objection to the motion, or that (2) despite diligent effort, he or she cannot ascertain opposing counsel's position." L.Civ.R. 7(b)(3). Plaintiff's counsel has misrepresented to this Court that "attempts have been made to contact counsel for the Defendant." Indeed, plaintiff's counsel had someone from his office named "Emily" contact the undersigned office <u>once</u> on Friday, May 26, 2006 (in the afternoon) requesting that the undersigned return her call. No mention was made of the plaintiff's proposed motion. The undersigned returned the telephone call shortly thereafter and left a message to which there was no response. Clearly, there was no effort by plaintiff's counsel to communicate that a motion was going to be filed or any effort to ascertain the undersigned's position. Plaintiff's counsel's motion for extension of time is procedurally defective and should therefore be denied by the Court.

7.  The plaintiff and its attorneys have demonstrated a consistent and flagrant disregard for the rules and orders of this Court. For the reasons set forth herein and the reasons

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

4

set forth in Paragraph 5 of Interline's Objection to Plaintiff's Motion for Extension of Time dated February 17, 2006 which are incorporated herein, the plaintiff and its attorneys have a history of ignoring the rules and procedures of the Court without consequence. The plaintiff's cavalier treatment of the guidelines set by the Court has not only delayed the progression of this case but has prejudiced Interline. Unless and until the plaintiff is made accountable for its conduct, this case will continue to progress at a snail's pace and Interline will be forced to respond to motions and to object to the plaintiff's repeated requests for the Court to ignore its improper conduct. Accordingly, Interline respectfully requests that the Court issue an order awarding Interline its fees and costs related to responding to the plaintiff's Motion for Extension of Time and for such other and further relief as the Court deems just and proper.

**WHEREFORE**, Interline respectfully requests that the plaintiff's Motion for Extension of Time be denied and that the plaintiff be precluded from conducting any further discovery beyond the Court's existing deadline of June 5, 2006. In the alternative, if the Court extends the discovery deadline to permit plaintiff's counsel to serve third party subpoenas on those entities set forth in Footnote 1 herein, this extension should be limited for this purpose only; plaintiff's counsel should be precluded from conducting any other discovery on parties or non-parties as there has been no good

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

5

cause shown for the delay in conducting discovery in this regard. In addition, Interline respectfully requests that the Court grant its Motion for Fees and Costs and for such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        DEFENDANT,
        INTERLINE TRAVEL & TOUR, INC.

By: /s/ Laura F. Baldini
        LAURA F. BALDINI, ESQ.
        Federal Bar Number ct19887
        Law Offices Of Laura Flynn Baldini, LLC
        2 Batterson Park Road, 2nd Floor
        Farmington, CT 06032
        Tel. (860) 874-8483
        Fax. (860) 561-9823
        LBaldini@FlyBal-Law.com
        Juris. No. 421267

Law Offices of Laura Flynn Baldini, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

6

## ORDER

The foregoing OBJECTION to Motion for Extension of Time, having been duly presented to this Court, it is hereby **ORDERED:**

**SUSTAINED/OVERRULED.**

The foregoing Motion for Fees and Costs, having been duly presented to this Court, it is hereby **ORDERED:**

**GRANTED/DENIED.**

BY THE COURT

_____
Judge/Clerk

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

7

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| CALL CENTER TECHNOLOGIES, | : CIVIL ACTION NO. 3:03CV1036 (DJS) |
| Plaintiff, | : |
| v. | : |
| GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION; INTERLINE TRAVEL & TOUR, INC. | : |
| Defendants. | : MAY 30, 2006 |

### CERTIFICATE OF SERVICE

This is to certify that on May 30, 2006, a copy of Interline Travel & Tour Inc.'s Objection to Plaintiff's Motion for Extension of Time and Motion for Fees and Costs was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

Parties may access this filing through the Court's CM/ECF System.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

8

                    Respectfully submitted,

                    DEFENDANT,
                    INTERLINE TRAVEL & TOUR, INC.

By: _____
      LAURA F. BALDINI, ESQ.
      Federal Bar Number ct19887
      Law Offices Of Laura Flynn Baldini, LLC
      2 Batterson Park Road, 2nd Floor
      Farmington, CT 06032
      Tel. (860) 874-8483
      Fax. (860) 561-9823
      LBaldini@FlyBal-Law.com
      Juris. No. 421267

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

9

May 29 06 11:41p  Laura Flynn Baldini  860-561-9823  p.11
Case 3:03-cv-01036-DJS  Document 133  Filed 05/30/2006  Page 10 of 11
Dec 16 05 04:29p  Law Office of KC  2037923370  p.1

# FACSIMILE TRANSMITTAL COVER SHEET

## KEVIN P. CHAMBERLIN
### ATTORNEY AT LAW
100 Mill Plain Road
4TH Floor
Danbury, CT 06811
Telephone: (203) 792-0011
Facsimile: (203) 792-3370

**FILE:** Call Center Tech. v. Grand Adventure Travel, et al

**TO:** Laura Baldini

**FAX NO:** 860-561-9823

**FROM:** Kevin P. Chamberlin, Esq.

**DATE:** 12/16/05

**PAGES SENT:** 2
(including cover)

**MESSAGE:** for your review

### CONFIDENTIALITY NOTE

The document(s) accompanying this fax transmission contains(s) information from the Law office of Kevin P. Chamberlin, which is confidential and/or legally privileged. The information is intended only for the use of the individual of entity names on this transmission sheet. If you are not the intended recipient, you are hereby notified that disclosing, copying, distributing taking any action in reliance on the contents of this telecopied information is strictly prohibited, and that the document should be returned to this firm immediately, so that we can arrange for the return of the documents to us at no cost to you.

EXHIBIT A

Case 3:03-cv-01036-DJS   Document 133   Filed 05/30/2006   Page 11 of 11
May 29 06 11:41p   Laura Flynn Baldini   860-561-9823   p.12
Dec 16 05 04:29p   Law Office of KC   2037923370   p.2

EXHIBIT "A"

Any documents consisting of, pertaining to, relating to, referencing or evidencing :

1. The obtaining of, or attempt to obtain, any financing, credit, or loan(s) by Grand Adventures Tour and Travel (hereinafter refered to as "GATT") from any source s), including but not limited to, Duane K. Boyd, DBMK Partners, or Lawrence Fleis man. Such documents shall include but not be limited to any security agreement(s), lin :(s) of credit, promissory note(s), financing statement(s), or any other form of contract(s ) or agreement(s) (collectively hereinafter referred to as the "Loan Documents") by o between GATT and Duane K. Boyd, DBMK Partners, Joseph ("Jay") Juba, or La wrence Fleishman;

2. Any payment(s), check(s), check stub(s), reimbursement(s), financing, credit, loa a(s), guarantee(s), pledge(s), transfer(s), bank wire(s), credit card charge(s), setoff(s) c r offset(s) made or given, by or on behalf of, Duane K. Boyd, DBMK Partners, La vrence Fleishman, or GATT, and which were made or given in performance of, in conne ction with, or related to, any of the Loan Documents.

3. Any form of accounting or record keeping reflecting any interim, final, or runnin ; balance(s) owed by GATT to, or due to GATT from, Duane K. Boyd, DBMK Pa tners, or the Defendant Interline Travel & Tour, Inc. (hereinafter referred to as "Interline" .

4. The value of, or any attempt(s) to ascertain the value of, any collateral referred to in any of the Loan Documents, or the actual GATT assets acquired by Interline through any foreclosure sale(s), including but not limited to any balance sheet(s), appraisal(s) estimate(s), quotation(s), offer(s) or auditor's note(s).

5. The value, disposition, sale, or transfer of any GATT assets or former GATT ass its at any time after November 1, 2000.

6. The ongoing concern value of GATT as of any time after May 1, 2001.

7. Interline's treatment on its books or records of any GATT asset, liability, prepaid expense, or good will, which Interline acquired or assumed.

8. Sales of Interline during the first 6 months of its operation(s), including but not li nited to financial statement(s), balance sheet(s), and income statement(s), other than tax r eturns.

9. Any filing or proposed filing(s) made or intended to be made by GATT with the Securities Exchange Commission on or after April 1st 2000.