UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CALL CENTER TECHNOLOGIES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 3:03CV1036(DJS) |
| | : | |
| GRAND ADVENTURES TOUR & | : | |
| TRAVEL PUBLISHING CORPORATION | : | |
| and INTERLINE TRAVEL & TOUR, INC., | : | |
| | : | |
| Defendants. | : | |

## ORDER

Pending before the court is Call Center Technologies' ("plaintiff" or "CCT") motion for extension of time of discovery deadline **(dkt. # 132)** and Interline Travel & Tour, Inc.,'s ("defendant" or "Interline") objection to plaintiff's motion for extension of time and motion for fees and costs **(dkt. #s 133, 134)**.

Pursuant to a telephonic status conference, this court, on December 2, 2005, issued an order that allowed CCT's new attorney to enter an appearance, over Interline's objection. (Dkt. # 105). At the same time, the court ordered the parties to resolve their outstanding discovery disputes by December 16, 2005. (Dkt. # 105). On January 4, 2006, Interline filed a motion for summary judgment (dkt. # 107), and on January 5, 2006, the court held a telephonic status conference. Pursuant to the conference, the court re-opened discovery and ordered, "[t]he plaintiff shall not re-issue the subpoenas before the Court rules on the scope of [the] proposed subpoenas." (Dkt. # 111). Thereafter, on January 19, 2006, the court conducted a telephonic status conference, during which plaintiff's counsel made an oral motion to amend the complaint.

In light of this conference, the court issued a new scheduling order. (Dkt. # 114). Then, on March 24, 2006, the court issued an order (dkt. # 121), which extended the discovery period until May 19, 2006 and allowed CCT to amend the complaint. CCT subsequently filed a motion to extend the discovery deadline until June 5, 2006 (dkt. # 128), and the court granted CCT's motion. (Dkt. # 130). CCT now asks the court to further extend the discovery period.

CCT and Interline both rely upon this court's order of January 5, 2006 (dkt. # 111) in support of their respective arguments pertaining to CCT's motion to extend the discovery deadline. CCT contends,

> the discovery deadline in this case [should] be extended for thirty days beyond the issuance of an order narrowing the scope of the subpoenas. According to the Court's Order 111, 'the plaintiff shall not re-issue the subpoenas before the Court rules on the scope of the proposed subpoenas'. This ruling has yet to be made, and therefore, the subpoenas have not been re-issued.

(Dkt. # 132). Interline counters, "[a]lthough a January 5, 2006 Court Order (#111) required permission from the Court before such subpoenas were served, plaintiff's counsel failed to obtain such permission from the Court, despite knowing of this requirement for almost five months. Accordingly, the plaintiff should be precluded from serving these subpoenas at this late date." (Dkt. # 133). The court has not ruled on the scope of the proposed revised subpoenas as there is no such motion pending before the court. Thus, to resolve any ambiguity surrounding this court's prior orders, the court now enters the following order:

    1. CCT's motion **(dkt. # 132)** to extend the discovery deadline is **GRANTED in part**.

    2. Discovery in this case is closed with the following exception. The subpoenas plaintiff served on Akin Gump; Grant Thornton; Jackson Walker, LLP; and Sprause & Anderson in June, 2005 are hereby QUASHED; however, plaintiff may serve, on or before July 11, 2006, new

subpoenas on the respondents to the original subpoenas[1] that plaintiff's counsel referenced during the telephonic conference of January 19, 2006. If plaintiff does not serve the subpoenas on Akin Gump; Grant Thornton; Jackson Walker, LLP; and Sprause & Anderson on or before July 11, 2006, plaintiff will have forfeited its right to do so.

    3. Interline's motion for fees and costs **(dkt. # 133)** is **DENIED**.

    4. Due to the fact that the court allowed CCT to amend the complaint after Interline filed a motion for summary judgment, Interline's motion for summary judgment **(dkt. # 107)** is **DENIED without prejudice.** Interline may renew its motion on or before September 18, 2006.

**IT IS SO ORDERED** at Hartford, Connecticut on this __6th___ day of June, 2006.

_____/s/DJS_____
**DOMINIC J. SQUATRITO**
**UNITED STATES DISTRICT JUDGE**

---

[1] The respondents are: Akin, Gump, Strauss, Hauer & Field; Jackson Walker, LLP; Grant Thornton; and Sprause & Anderson.