UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CALL CENTER TECHNOLOGIES, | : | CIVIL ACTION NO. 3:03CV1036 (DJS) |
| Plaintiff, | | |
| v. | | |
| GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION, INTERLINE TRAVEL & TOUR, INC. | | |
| Defendants. | : | JULY 13, 2006 |

**MOTION FOR EXTENSION OF TIME NUNC PRO TUNC**

The Plaintiff in the above-entitled matter moves for a five (5) day extension of time (beyond ruling) to complete service of outstanding subpoenas. In support of this motion the Plaintiff offers the following:

1. This case is not yet scheduled for trial.

2. Plaintiff was ordered pursuant to Court order dated June 6, 2006 to serve the outstanding "revised" subpoenas.

3. Said time expired July 11, 2006.

4. During this period of time, Plaintiff's counsel has had to contend with a serious health matter in the State of Florida. Specifically, Plaintiff's counsel's mother suffered a major stroke several weeks ago and was hospitalized. She has since been treating with various doctors in two locations in Florida. Most recently she has also been seen by physicians in Connecticut. Her condition remains serious to date as she has suffered permanent damage to the right side of her brain.

5. Counsel has traveled to be by her side and assist with the many health care specialists.

6. Counsel for Plaintiff has been responsible for not only the care of his Mother, but that of his Father who is also elderly and cannot live alone.

7. During the pendency of this situation, the service of the subpoenas in question was prepared, but not ordered due to counsel's focus on his obligations to his parents.

8. Only recently has counsel for Plaintiff resumed his workload as attorney and not yet at a full time schedule.

9. It was then he discovered his failure to act in a timely fashion in this case.

10. Counsel acknowledges that this request is not in compliance with the aforementioned Court order and further acknowledges this is not the first late filing by same.

11. Counsel does however, truthfully state that the circumstances of this delay were not intentional and could never have been expected.

12. Counsel claims that the prejudice to his client would be outweighed by that of the Defendants, in that this is essentially the only discovery he has sought (and been allowed) and without it, would be left with none.

13. Counsel admits that it would be just for him to suffer some form of sanction, however, he claims without question that the potential damage done to the possible acquisition of material evidence and therefore the case itself, would likely be irreparable.

WHEREFORE, counsel for Plaintiff respectfully requests that the Court grant him an additional 5 days (after ruling) to properly serve the four subpoenas on the Texas parties so that the case may proceed to trial.

This is the Plaintiff's seventh and final request for an extension of time related to discovery. A telephone call was made to Attorney Baldini's office by Attorney Chamberlin on July 13, 2006, at the time on filing Attorney Baldini has not responded and therefore the Plaintiff cannot comment on whether or not the Defendants consent to the Motion for Extension of Time Nunc Pro Tunc.

BY: /s/ Kevin P. Chamberlin
Kevin P. Chamberlin
39 Mill Plain Road, Suite 10
Danbury, CT 06811
Federal Bar #- ct26843
Tel. (203) 792-0011

## ORDER

The foregoing motion having been considered by the Court, is hereby ORDERED:

GRANTED/DENIED

BY THE COURT

_____
JUDGE/CLERK

## CERTIFICATION

I hereby certify that a copy of the above objection was mailed and faxed on July 13, 2006 to:

Law Offices of Laura Baldini
2 Batterson Park Road, 2nd Floor
Farmington, CT 06032

BY:   /s/ Kevin P. Chamberlin
Kevin P. Chamberlin
39 Mill Plain Road, Suite 10
Danbury, CT 06811
Federal Bar #- ct26843
Tel. (203) 792-0011