UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
CALL CENTER TECHNOLOGIES,        :   CIVIL ACTION NO. 3:03CV1036 (DJS)
                                 :
            Plaintiff,           :
                                 :
v.                               :
                                 :
GRAND ADVENTURES TOUR &          :
TRAVEL PUBLISHING CORPORATION,   :
INTERLINE TRAVEL & TOUR, INC.    :
                                 :
            Defendants.          :   JULY 14, 2006
_____

### DEFENDANT INTERLINE TRAVEL & TOUR INC.'S OBJECTION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME "NUNC PRO TUNC" AND MOTION FOR FEES AND COSTS

Defendant, Interline Travel & Tour, Inc. ("Interline"), hereby objects to the SEVENTH Motion for Extension of Time filed by plaintiff, Call Center Technologies, Inc. ("CCT"), on July 13, 2006. The plaintiff's motion should be denied for the following important reasons:

1. The plaintiff's counsel's motion is untimely. The discovery deadline in this case closed, for a second time, on <u>July 11, 2006</u>.[1] Plaintiff's counsel's instant motion to extend the discovery deadline was filed on <u>July 13, 2006</u>, two days after the

discovery deadline had expired. Plaintiff's motion should therefore be denied because plaintiff's counsel has no standing to seek an extension of an expired discovery deadline.

2. The Court's June 6, 2006 Order unequivocally prohibits any further extensions of the discovery deadline. In the Court's June 6, 2006 Order, the Court granted the plaintiff's sixth motion to extend the discovery deadline, thereby enabling the plaintiff to serve certain subpoenas in connection with this case. *See* Docket #135. The language of that Order specifically states:

> "Discovery in this case is closed with the following exception. . . .plaintiff may serve, on or before July 11, 2006, new subpoenas. . . .**If plaintiff does not serve the subpoenas on Akin, Gump; Grant Thornton; Jackson Walker, LLP and Sprause & Anderson on or before July 11, 2006, <u>plaintiff will have forfeited its right to do so</u>.**" [emphasis added]. *Id.*

The Court's Order is self-executing and mandated that service of the subpoenas be completed on or before July 11, 2006. Plaintiff failed to serve the subpoenas by July 11, 2006 and has therefore "forfeited its right" to serve such subpoenas. Accordingly, the plaintiff's Motion for Extension of Time should be denied.

---

[1] As the Court is well aware, in January of this year, the plaintiff successfully convinced this Court to reopen discovery in

2

3. Despite the fact that the Court's June 6, 2006 Order prohibits any further extensions of the discovery deadline, the plaintiff's motion should also be denied because the plaintiff has failed to state good cause for issuing a nunc pro tunc order which effectively reopens discovery in this case. The Federal Rules specifically require that: "All other motions for extension of time must be decided by a judge and will not be granted except for good cause. The good cause standard requires a particularized showing that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension." L.Civ.R. 7(b)(2).

4. While the undersigned is sympathetic to plaintiff's counsel's present family situation, the plaintiff and its attorneys have demonstrated a consistent, flagrant and deliberate disregard for the rules and orders of this Court throughout the pendency of this case. Plaintiff's counsel has admitted that his ". . .request is not in compliance with the aforementioned [June 6, 2006] Court order and further acknowledges that this is not the first late filing by same." Docket #136 at ¶10. Indeed Plaintiff's counsel knew of the Court's July 11, 2006 deadline and elected to ignore it. In addition, the plaintiff, despite having ample time to issue the subpoenas, took no steps to advise the Court or the undersigned of the "serious health matter" or to file a timely Motion for

---

this case, despite the fact that the discovery deadline had already passed (on September 30, 2005) and despite the fact that

   Extension of Time before the Court-ordered deadline. Moreover, it is difficult to comprehend how an officer of the court can consistently ignore Court-imposed deadlines and expect leniency from the Court and opposing counsel. The plaintiff has failed to state good cause for not being able to comply with the Court's July 11, 2006 discovery deadline and his request to serve subpoenas at this <u>very</u> late date should be denied.

5. Plaintiff's counsel has misrepresented to this Court that the plaintiff would be prejudiced if discovery was not opened for a second time because "this is essentially the only discovery he has sought (and been allowed) and without it, would be left with none." Docket #136 at ¶12. During the pendency of this case, Interline has provided the plaintiff with responses to numerous interrogatories, requests for production, requests for admission and has permitted plaintiff's counsel to conduct depositions of three Interline employees. The truth is that the plaintiff made absolutely <u>no</u> effort to conduct any other discovery in this case since the discovery deadline was reopened on January 5, 2006. The plaintiff has had over <u>seven</u> months to conduct discovery in this regard. Allowing plaintiff's counsel a further extension of time will only unnecessarily delay this matter further. Moreover, this matter will

---

Interline had already filed a Motion for Summary Judgment seeking to dispose of all claims against it.

4

undoubtedly be delayed because plaintiff's counsel has advised the Court that he has "only recently. . .resumed his workload as attorney" and is not presently working a "full time schedule." Docket #136 at ¶8.  In addition, the plaintiff's conduct has prejudiced Interline's preparation of its case for trial and has caused Interline financial hardship in having to pay its counsel to respond to the plaintiff's numerous frivolous motions to extend and reopen discovery deadlines in this case.

6. The plaintiff's proposed Motion for Extension of Time should be also denied because it is procedurally defective and not in compliance with the Local Rules of Civil Procedure.  The Local Rules of Civil procedure require a party seeking an extension of time to include in the motion a statement that: "(1) he or she has inquired of opposing counsel and there is agreement or objection to the motion, or that (2) despite diligent effort, he or she cannot ascertain opposing counsel's position." L.Civ.R. 7(b)(3).  Plaintiff's counsel has once again failed to comply with this requirement.  While plaintiff's counsel cleverly states in his moving papers that "A telephone call was made to Attorney Baldini's office by Attorney Chamberlin on July 13, 2006", he failed to mention that he failed to communicate to the undersigned that

       another LATE motion for extension of time would be filed or ask the undersigned for her position with respect to it.[2]

7. Moreover, plaintiff's counsel left his message for the undersigned at 2:06 p.m. and the undersigned returned his call at approximately 4:45 p.m. after returning from an out of the office meeting. Plaintiff's counsel states in his motion that "at the time on [sic] filing Attorney Baldini has not responded", which indicates that plaintiff's counsel's "diligent efforts" consisted of less than three hours of time between the making of his phone call and the filing of his motion. Indeed this is not the first time plaintiff has attempted to circumvent L.Civ.R. 7(b)(3). *See Interline's Objection to Motion for Extension of Time and Motion for Fees and Costs dated May 30, 2006* ("Clearly, there was no effort by plaintiff's counsel to communicate that a motion was going to be filed or any effort to ascertain the undersigned's position."). Plaintiff's counsel's motion for extension of time is, <u>once again</u>, procedurally defective and should therefore be denied by the Court.

8. For the reasons set forth herein and the reasons set forth in Paragraph 5 of Interline's Objection to Plaintiff's Motion for Extension of Time dated February 17, 2006 and Interline's Objection to Motion for Extension of Time and Motion for Fees and Costs

---

[2] The undersigned would be happy to provide the Court with an audio recording of plaintiff's counsel's voicemail

6

dated May 30, 2006 which are incorporated herein, the plaintiff and its attorneys have a history of ignoring the rules and procedures of the Court without consequence. The plaintiff's cavalier treatment of the guidelines set by the Court has not only delayed the progression of this case but has prejudiced Interline, resulting in unnecessary delays of time and financial hardship to Interline for having to defend against the plaintiff's repeated pleas for leniency and accommodation. Unless and until the plaintiff is made accountable for its conduct, this case will continue, as it has, to progress at a snail's pace and Interline will be forced to respond to motions and to object to the plaintiff's repeated requests for the Court to ignore its improper conduct. Accordingly, Interline respectfully requests that the Court issue an order awarding Interline its fees and costs related to responding to the plaintiff's Motion for Extension of Time and for such other and further relief as the Court deems just and proper.

**WHEREFORE**, Interline respectfully requests that the plaintiff's Motion for Extension of Time Nunc Pro Tunc be denied. In the alternative, if the Court decides to overrule Interline's objection and reopen the discovery deadline for the second time to accommodate the plaintiff, Interline respectfully requests that it be permitted to serve additional written discovery on the plaintiff

---

message upon request.

consisting of Requests for Admission of Documents and Interrogatories and Requests for Production. Indeed if the discovery deadline is reopened again for the plaintiff, there will be no undue delay caused by Interline serving written discovery, particularly since this matter will undoubtedly be delayed by the litigation of the anticipated motions to quash the subpoenas served by the plaintiff and the plaintiff's present part-time schedule. Interline further requests that the Court grant its Motion for Fees and Costs and for such other and further relief as the Court deems just and proper.

    Respectfully submitted,

    DEFENDANT,
    INTERLINE TRAVEL & TOUR, INC.


By:_____/s/_____
    LAURA F. BALDINI, ESQ.
    Federal Bar Number ct19887
    Law Offices Of Laura Flynn Baldini, LLC
    2 Batterson Park Road, 2nd Floor
    Farmington, CT 06032
    Tel. (860) 874-8483
    Fax. (860) 561-9823
    LBaldini@FlyBal-Law.com
    Juris. No. 421267

## **ORDER**

The foregoing OBJECTION to Motion for Extension of Time, having been duly presented to this Court, it is hereby **ORDERED:**

**SUSTAINED/OVERRULED.**

The foregoing Motion for Fees and Costs, having been duly presented to this Court, it is hereby **ORDERED:**

**GRANTED/DENIED.**

                                    BY THE COURT

                                    _____
                                    Judge/Clerk

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CALL CENTER TECHNOLOGIES, | : | CIVIL ACTION NO. 3:03CV1036 (DJS) |
| Plaintiff, | : | |
| v. | : | |
| GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION; INTERLINE TRAVEL & TOUR, INC. | : | |
| Defendants. | : | JULY 14, 2006 |

**CERTIFICATE OF SERVICE**

This is to certify that on JULY 14, 2006, a copy of Interline Travel & Tour Inc.'s Objection to Plaintiff's Motion for Extension of Time and Motion for Fees and Costs was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

Parties may access this filing through the Court's CM/ECF System.

       Respectfully submitted,

       DEFENDANT,
       INTERLINE TRAVEL & TOUR, INC.


By:_____/s/_____
   LAURA F. BALDINI, ESQ.
   Federal Bar Number ct19887
   Law Offices Of Laura Flynn Baldini, LLC
   2 Batterson Park Road, 2nd Floor
   Farmington, CT 06032
   Tel. (860) 874-8483
   Fax. (860) 561-9823
   LBaldini@FlyBal-Law.com
   Juris. No. 421267