UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CALL CENTER TECHNOLOGIES, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | No. 3:03CV1036(DJS) |
| : | |
| GRAND ADVENTURES TOUR & : | |
| TRAVEL PUBLISHING CORPORATION : | |
| and INTERLINE TRAVEL & TOUR, INC., : | |
| : | |
| Defendants. : | |

## ORDER

Plaintiff Call Center Technologies' ("CCT") moves the court for an extension of time, nunc pro tunc, to complete service of outstanding subpoenas (dkt. # 136). Defendant Interline Travel & Tour, Inc., ("Interline") objects to plaintiff's motion for extension of time and simultaneously moves for fees and costs (dkt. #s 138, 139, 140, 141). Alternatively, Interline requests that it be permitted to serve additional written discovery on the plaintiff consisting of Requests for Admission of Documents and Interrogatories and Requests for Production.

On June 6, 2006, this court entered an order, which addressed a dispute over the deadline for serving the "outstanding subpoenas." This dispute stemmed from two different readings of this court's order of January 5, 2006 (dkt. # 111). CCT's counsel understood that ruling to mean that he could not re-issue the subpoenas before the court ruled on the scope of the subpoenas, whereas Interline's counsel thought the court had required CCT's counsel to obtain the court's permission prior to serving the subpoenas. Interline further argued, "plaintiff's counsel failed to obtain such permission from the Court, despite knowing of this requirement for almost five

months." (Dkt. # 133).   This court's order of June 6, 2006 (dkt. # 135), clarified this court's prior ruling of January 5, 2006 (dkt. # 111).   It observed,

> The court has not ruled on the scope of the proposed revised subpoenas as there is no such motion pending before the court.  Thus, to resolve any ambiguity surrounding this court's prior orders, the court now enters the following order:
>
> 1. CCT's motion (dkt # 132) to extend the discovery deadline is GRANTED in part.
>
> 2. Discovery in this case is closed with the following exception.  The subpoenas plaintiff served on Akin Gump; Grant Thornton; Jackson Walker, LLP; and Sprause & Anderson in June, 2005 are hereby QUASHED; however, plaintiff may serve, on or before July 11, 2006, new subpoenas on the respondents to the original subpoenas[1] that plaintiff's counsel referenced during the telephonic conference of January 19, 2006.  If plaintiff does not serve the subpoenas on Akin Gump; Grant Thornton; Jackson Walker, LLP; and Sprause & Anderson on or before July 11, 2006, plaintiff will have forfeited its right to do so.

(Dkt. # 135).  Plaintiff's counsel now seeks an extension of time to complete service of the aforementioned subpoenas because he "has had to contend with a serious health matter in the State of Florida. Specifically, Plaintiff's counsel's mother suffered a major stroke several weeks ago and was hospitalized." (Dkt. # 136).  In light of the foregoing, the court hereby **ORDERS** the following:

1. CCT's motion **(dkt. # 138)** for an extension of time (beyond ruling) to complete service of subpoenas on Akin Gump; Grant Thornton; Jackson Walker, LLP; and Sprause & Anderson is **GRANTED**.  Plaintiff may serve, on or before August 4, 2006, new subpoenas on Akin Gump; Grant Thornton; Jackson Walker, LLP; and Sprause & Anderson.  **NO FURTHER EXTENSIONS OF TIME SHALL BE GRANTED.**

---

[1] The respondents are: Akin, Gump, Strauss, Hauer & Field; Jackson Walker, LLP; Grant Thornton; and Sprause & Anderson.

2. Interline's motions for fees and costs **(dkt. #s 139, 140)** are **DENIED**.

3. Interline's request that it be permitted to serve additional written discovery on the plaintiff consisting of Requests for Admission of Documents and Interrogatories and Requests for Production is **GRANTED**. Interline shall serve said requests on plaintiff on or before August 4, 2006.

**IT IS SO ORDERED** at Hartford, Connecticut on this _18th___ day of July, 2006.

_____/s/DJS_____
DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE