UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CALL CENTER TECHNOLOGIES, | : CIVIL ACTION NO. 3:03CV1036 (DJS) |
| Plaintiff, | : |
| v. | : |
| GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION, INTERLINE TRAVEL & TOUR, INC. | : |
| Defendants. | : OCTOBER 5, 2006 |

## DEFENDANT INTERLINE TRAVEL & TOUR INC.'S MOTION FOR SANCTIONS FOR FAILURE TO COMPLY WITH DISCOVERY

Pursuant to Fed. R. Civ. P. 37, Interline Travel & Tour, Inc. ("Interline"), a defendant in the above-captioned matter, respectfully moves the court to impose sanctions on the plaintiff, Call Center Technologies ("CCT"), for failing to provide responses to Interline's Requests for Admission of Statements and Documents dated August 3, 2006 that comport with the Federal Rules. Pursuant to the Federal Rules, the plaintiff's discovery responses were due on or before September 5, 2006. Although CCT provided undated, unsigned responses to Interline's requests, most of CCT's responses failed to comply with the requirements of the Federal Rules of Civil Procedure. To date,

despite Interline's efforts to obtain compliance (see Attorney Certification and correspondence attached hereto), the plaintiff has not provided responses that comply with the rules of this Court.

There are a variety of judicial goals served by the imposition of sanctions in cases involving discovery abuses. The first is remedying the prejudice. The second is punishing the abuser. The final goal is to deter future similar willful abuses of discovery. *Telectron v. Overhead Door*, 116 F.R.D. 107, 135 (S.D. Fla., 1987). Our Supreme Court has made clear that sanctions must be applied diligently both "to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such deterrent." *Roadway Express v. Piper*, 447 U.S. 752, 763-64 (1980), quoting *National Hockey League v. Metropolitan Hockey Club*, 427 US 639, 49 L.Ed. 2d 747, 96 S.Ct. 2778 (1976). The Court also made clear that the most "severe in the spectrum of sanctions" provided by statute or rule must be available to lower courts both to prevent unfair prejudice to the litigants and to insure the integrity of the discovery process. *See also, Aztec Steel Company v. Florida Steel Corp*, 691 F.2d 480, 482 (1st Cir. 1982).

The history of CCT's refusal to cooperate in the discovery process and abide by the rules of this Court is well documented in this case. Interline incorporates by reference the summary of same as set forth in Interline's Motion for Sanctions dated September 30, 2006.[1] CCT's failure/refusal to provide the requested discovery has once again brought this case to a stand still and has prejudiced Interline. In

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

2

despite Interline's efforts to obtain compliance (see Attorney Certification and correspondence attached hereto), the plaintiff has not provided responses that comply with the rules of this Court.

There are a variety of judicial goals served by the imposition of drastic sanctions in cases involving discovery abuses. The first is remedying the prejudice. The second is punishing the abuser. The final goal is to deter future similar willful abuses of discovery. *Telectron v. Overhead Door*, 116 F.R.D. 107, 135 (S.D. Fla., 1987). Our Supreme Court has made clear that sanctions must be applied diligently both "to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such deterrent." *Roadway Express v. Piper*, 447 U.S. 752, 763-64 (1980), quoting *National Hockey League v. Metropolitan Hockey Club*, 427 US 639, 49 L.Ed. 2d 747, 96 S.Ct. 2778 (1976). The Court also made clear that the most "severe in the spectrum of sanctions" provided by statute or rule must be available to lower courts both to prevent unfair prejudice to the litigants and to insure the integrity of the discovery process. *See also, Aztec Steel Company v. Florida Steel Corp*, 691 F.2d 480, 482 (1st Cir. 1982).

The history of CCT's refusal to cooperate in the discovery process and abide by the rules of this Court is well documented in this case. Interline incorporates by reference the summary of same as set forth in Interline's Motion for Sanctions dated September 30, 2006.[1] CCT's failure/refusal to provide the requested discovery has once again brought this case to a stand still and has prejudiced Interline. In

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

2

particular, CCT's egregious conduct has precluded Interline from thoroughly evaluating the claims set forth in the plaintiff's Third Amended Complaint and has prejudiced Interline in its preparation of its motion for summary judgment which is due on October 18, 2006. Interline brings this motion seeking the imposition of the severest of sanctions upon the plaintiff for its willful failure to provide revised responses to its Request for Admission of Statements and Documents and to require CCT to show cause why it should not be held in contempt for its misconduct.

Accordingly, Interline respectfully requests that the plaintiff be sanctioned for its failure to comply with discovery and that the Court do any or all of the following which is authorized under the Federal Rules:

A) enter a nonsuit against the plaintiff and judgment by default in favor of Interline;

B) enter an order refusing to allow CCT to support or oppose any matters requested in Interline's Requests for Admission of Statements and Documents dated August 3, 2006;

C) enter an order striking out any portion or part of CCT's Amended Complaint dated February 15, 2006 which pertains to the information sought in Interline's Requests for Admission of Statements and Documents dated August 3, 2006;

---

[1] Interline filed this motion because CCT has not provided Interline with responses to its Interrogatories and Requests for Production dated August 3, 2006.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

3

D)  enter an order finding the plaintiff in contempt of Court for failing to respond to Interline's Requests for Admission of Statements and Documents dated August 3, 2006;

E)  enter an order awarding Interline the reasonable expenses, including attorney's fees, caused by CCT's failure to respond to Interline's Requests for Admission of Statements and Documents dated August 3, 2006.

**WHEREFORE**, Interline respectfully requests that its Motion for Sanctions be granted and that it be awarded such other and further relief that the Court deems just and proper.

                                  Respectfully submitted,

                                  DEFENDANT,
                                  INTERLINE TRAVEL & TOUR, INC.

                                  By: _____
                                  LAURA F. BALDINI, ESQ.
                                  Federal Bar Number ct19887
                                  Law Offices Of Laura Flynn Baldini, LLC
                                  2 Batterson Park Road, 2nd Floor
                                  Farmington, CT 06032
                                  Tel. (860) 874-8483
                                  Fax. (860) 561-9823
                                  LBaldini@FlyBal-Law.com
                                  Juris. No. 421267

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

4

## ORDER

The foregoing MOTION, having been duly presented to this Court, it is hereby **ORDERED**, that the same be and hereby is GRANTED/DENIED.

THE COURT,

_____
JUDGE/Clerk

Law Offices of Laura Flynn Baldini, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

5

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CALL CENTER TECHNOLOGIES, | : CIVIL ACTION NO. 3:03CV1036 (DJS) |
| Plaintiff, | : |
| v. | : |
| GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION; INTERLINE TRAVEL & TOUR, INC. | : |
| Defendants. | : OCTOBER 5, 2006 |

### CERTIFICATE OF SERVICE

This is to certify that on October 5, 2006, a copy of Interline Travel & Tour Inc.'s Motion for Sanctions was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

Parties may access this filing through the Court's CM/ECF System.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

6

Respectfully submitted,

DEFENDANT,
INTERLINE TRAVEL & TOUR, INC.

By: /s/ Laura F. Baldini
LAURA F. BALDINI, ESQ.
Federal Bar Number ct19887
Law Offices Of Laura Flynn Baldini, LLC
2 Batterson Park Road, 2nd Floor
Farmington, CT 06032
Tel. (860) 874-8483
Fax. (860) 561-9823
LBaldini@FlyBal-Law.com
Juris. No. 421267

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

7

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CALL CENTER TECHNOLOGIES, : | CIVIL ACTION NO. 3:03CV1036 (DJS) |
| : | |
| Plaintiff, : | |
| : | |
| v.  : | |
| : | |
| GRAND ADVENTURES TOUR & : | |
| TRAVEL PUBLISHING CORPORATION; : | |
| INTERLINE TRAVEL & TOUR, INC. : | |
| : | |
| Defendants. : | OCTOBER 5, 2006 |

## CERTIFICATION CONCERNING COMPLIANCE
## WITH FEDERAL RULES

This is to certify that the undersigned tried to obtain the plaintiff's compliance with Interline's Requests for Admission of Statements and Documents dated August 3, 2006 without the Court's intervention. On September 21, 2006 the undersigned sent CCT's attorney, Kevin P. Chamberlin, a letter via facsimile and regular mail requesting compliance with Interline's Requests for Admission of Statements and Documents.. *See Letter from Attorney Laura F. Baldini to Attorney Kevin P. Chamberlin attached hereto.* To date, CCT has not provided his client's revised responses to Interline's Requests for Admission of Statements and Documents.

Respectfully submitted,

By: /s/ Laura F. Baldini
LAURA F. BALDINI, ESQ.
Federal Bar Number ct19887
Law Offices Of Laura Flynn Baldini, LLC
2 Batterson Park Road, 2nd Floor
Farmington, CT 06032
Tel. (860) 874-8483
Fax. (860) 561-9823
LBaldini@FlyBal-Law.com
Juris. No. 421267

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

2

Law Offices of
## Laura Flynn Baldini, LLC
2 Batterson Park Road, 2nd Floor
Farmington, CT 06032

Tel: (860) 874-8483
Fax: (860) 561-9823

E-Mail: LBaldini@FlyBal-Law.com
Web: www.FlyBal-Law.com

**TO: Kevin P. Chamberlin, Esq.**

   Fax #: (203) 792-3370

**FROM: Laura F. Baldini, Esq.**

**DATE: September 21, 2006**

**RE: CCT v. GATT, et al.**

**# of pages including cover sheet: 3**

**Comments:**

**CONFIDENTIALITY NOTICE:** A lawyer has sent this facsimile transmission. It may contain information that is confidential, privileged, proprietary, or otherwise legally exempt from disclosure. If you are not the intended recipient, you are hereby notified that you are not authorized to read, print, retain, copy or disseminate this message, any part of it, or any attachments. If you have received this message in error, please delete this message and any attachments from your system without reading the content and notify the sender immediately of the inadvertent transmission. There is no intent on the part of the sender to waive any privilege, including the attorney-client privilege, which may attach to this communication. Thank you for your cooperation.

2 Batterson Park Road, 2nd Floor
Farmington, CT 06032

Tel: (860) 874-8483
Fax: (860) 561-9823

E-Mail: LBaldini@FlyBal-Law.com
Web: www.FlyBal-Law.com

September 21, 2006

**VIA FACSIMILE & REGULAR MAIL**
(203) 792-3370

Kevin P. Chamberlin, Esq.
Law Office of Kevin P. Chamberlin
39 Mill Plain Road, Suite 10
Danbury, CT 06811

Re:   *Call Center Technologies, Inc. v. Interline Travel & Tour, Inc., et al.*
      Docket No.: 3:03CV1036 (DJS)

Dear Attorney Chamberlin:

I am in receipt of your client's undated, unsigned responses to Interline's Requests for Admission of Statements and Documents dated August 3, 2006. Please be advised that your client's responses are not in conformity with the Federal Rules. The Federal Rules provide that your client's responses be signed by you or your client. The Rules also provide that "[a]n answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny." The Requests for Admission of Statements pertain to information that has already been provided to your client during discovery. Accordingly, it is confusing why your client would respond that it had "insufficient evidence" or "insufficient information" to answer these requests. Interline therefore requests that your client revise its responses to Interline's Requests for Admission of Statements (i.e. to Requests for Admission #: 15, 21, 22, 28, 29, 37, 40, 47, 48, 50-53, 55-59, 63, 66, 67, 73-76, 78, 84, 87, 88).

Interline also requests that CCT revise its responses to Interline's Request for Admission of Statements #16-20. Your client's responses directly contradict the deposition testimony of Mr. Dean Vlahos of CCT. Interline further requests that CCT respond to Requests for Admission of Statements # 23, 64 and 65. CCT's claim against Interline is that it is a successor of defendant Grant Adventures Tour and Travel Publishing Corporation. The requests pertain to information that has been alleged in CCT's pleadings and produced during discovery and therefore "relevance" is not a sufficient objection to these requests.

Batterson Park Road, 2nd Floor
Farmington, CT 06032
Page 2 of 2

    Interline also requests that CCT revise its response to Request for Admission of Statement #12. Your client's answer is not responsive to this request.

    And finally, CCT's responses to Interline's Requests for Production of Documents are not in compliance with the Federal Rules. Accordingly, please provide responses that conform with the Federal Rules.

    To avoid judicial intervention, please provide me with your client's signed, revised responses on or before Wednesday, September 27, 2006.

    Thank you for your anticipated cooperation.

                                      Very truly yours,

                                      LAURA F. BALDINI

P Officejet 6100 Series 6110  
ersonal Printer/Fax/Copier/Scanner

Log for  
Laura Flynn Baldini  
860-561-9823  
Sep 21 2006 12:53pm

ast Transaction

| ate | Time | Type | Identification | Duration | Pages | Result |
|---|---|---|---|---|---|---|
| ep 21 | 12:51pm | Fax Sent | 12037923370 | 1:10 | 3 | OK |