UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CALL CENTER TECHNOLOGIES, | CIVIL ACTION NO. 3:03CV1036 (DJS) |
| Plaintiff, | |
| v. | |
| GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION, INTERLINE TRAVEL & TOUR, INC. | |
| Defendants. | NOVEMBER 13, 2006 |

### MEMORANDUM OF LAW
### IN SUPPORT OF MOTION TO DISMISS, MOTION FOR ENFORCEMENT
### OF COURT ORDER AND MOTION FOR SANCTIONS
### FOR FAILURE TO COMPLY WITH DISCOVERY

I.  **INTRODUCTION**

Defendant Interline Travel & Tour, Inc. ("Interline"), submits the foregoing Memorandum of Law in support of its Motion to Dismiss, Motion for Enforcement of Court Order and Motion for Sanctions. As will be discussed herein, the plaintiff, Call Center Technologies ("CCT"), has failed to provide complete responses to Interline's discovery requests, resulting in a violation of an October

**ORAL ARGUMENT REQUESTED/
TESTIMONY NOT REQUIRED**
LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

10, 2006 Court Order. For these reasons, Interline seeks dismissal of this action and sanctions against the Plaintiff pursuant to Fed. R. Civ. P. 37 and 41.

## II. STATEMENT OF FACTS

### A. The Plaintiff's Complaint

This is a purported breach of contract and successor liability case brought by the plaintiff, Call Center Technologies ("CCT"), against Grand Adventures Tour & Travel Publishing Corporation ("GATT") and Interline. The plaintiff's Third Amended Complaint dated February 15, 2006 contains two counts. The First Count is directed to defendant GATT. The plaintiff alleges that pursuant to an "Agreement", GATT purchased "certain telecommunications goods called an Aspect Call Center". *Third Amended Complaint dated February 16, 2006,* ¶¶ 6, 14. GATT is not a party to the Customer Agreement, but another incorporated entity with a similar name, Grand Adventures Tour & Travel, Inc. (GATTInc."), is. Plaintiff purports to bridge the gap between the two entities by alleging that GATT was "doing business as" GATTInc., although the plaintiff has not presented evidence to support this allegation. *Third Amended Complaint,* ¶ 4.

CCT claims that GATT ordered "additional parts" for the phone system in February 1999 and CCT supplied said parts. *Id.* at ¶ 30. CCT claims that GATT did not return "the Aspect Call Center or additional parts" or pay for them. *Id.* at ¶¶ 32-34 CCT alleges that the value of the Aspect Call Center and the additional parts is $136,090.00 and $13,990.00, respectively. *Id.* at ¶ 32. The plaintiff

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8463 • Fax: (860) 561-9823

2

claims that although demand for payment has been made, GATT has paid the sum of $35,000.00 but has refused and neglected to pay the balance. *Id.* at ¶ 33.

The Second Count is directed to Interline. CCT incorporates by reference the allegations of the First Count against GATT (*Id.* at ¶¶ 1-99) and claims that Interline is the successor of GATT and therefore liable for GATT's alleged debt under the Agreement. *Id.* at ¶¶ 100-109.

Interline denied the substantive allegations of the plaintiff's Third Amended Complaint and asserted certain affirmative defenses, including lack of personal jurisdiction and standing, setoff and recoupment, and the doctrine of unclean hands. *Interline's Answer and Affirmative Defenses dated May 19, 2006.*

**B.     Relevant Procedural History**

On or about August 3, 2006, the undersigned served Interline's Requests for Admission of Statements and Documents dated August 3, 2006 and Second Set of Interrogatories and Requests for Production dated August 3, 3006 on plaintiff's counsel. The plaintiff had until September 5, 2006 to provide responses to Interline's discovery, but failed to timely respond to such requests. On September 7 and 21, 2006 and again on October 17, 2006, the undersigned made good faith attempts to seek the plaintiff's compliance with the discovery requests by sending plaintiff's counsel written correspondence concerning same. The undersigned did not receive complete discovery responses

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

3

and, given the well-documented history of the plaintiff failing to abide by Court Orders and deadlines, filed two motions for sanctions, one on September 20, 2006 and one on October 5, 2006.

On October 10, 2006, the parties held a telephone conference before the Honorable Dominic J. Squatrito. The result of that Court conference were a series of mandates, some of which are set forth in the Court's October 10, 2006 Order. (Document No. 152). Among the mandates were that, by **November 9, 2006**, plaintiff's counsel was to provide Interline with responses to Interline's Requests for Admission of Statements and Documents dated August 3, 2006 and Second Set of Interrogatories and Requests for Production dated August 3, 3006. In addition, plaintiff's counsel and was to have completed the filing of any third party motions to compel discovery by November 9, 2006 or be precluded from doing so after that date. To date, the plaintiff's has not provided Interline with complete responses to its discovery requests and, to the undersigned's knowledge, has not filed any motions to compel upon the third parties.

### III. ARGUMENT

#### A. Standard For Motion To Dismiss

Fed R. Civ. P. 41(b) states that a defendant may move for dismissal of an action for failure of the plaintiff to prosecute or to comply with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b). The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of the plaintiff's failure to prosecute cannot seriously be doubted. *Lyell Theatre Corp. v. Loews*

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

4

*Corp.*, 682 F.2d 37 (2d Cir. 1981). In *Link v. Wabash Railroad Co.*, 270 U.S. 626, 8 L. Ed. 2d 734 (1962), the Supreme Court stated that:

> Neither the permissive language of the Rule [41(b)] — which merely authorizes a motion by the defendant — nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

*Id.* at 630-31 (footnote omitted). The Court continued by observing that the absence of notice or failure to hold a hearing does not necessarily render a dismissal void; the adequacy of notice and a hearing turn on a party's knowledge of the consequences of his own conduct. *Id.* at 632. It concluded by stating that a district court may dismiss under Rule 41(b) when circumstances make such action appropriate, without affording either notice or a hearing before it acts. *Id.* at 633.

Although dismissal with prejudice is "a harsh remedy to be utilized only in extreme situations" *Theilman v Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972), *the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts*". *Lyell Theatre Corp.*, 682 F.2d at 42 [emphasis added]. The primary rationale underlying a dismissal under 41(b) is

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

5

the failure of plaintiff in his duty to process his case diligently. *Id.* at 43; *Messinger v. United States*, 231 F.2d 328, 331 (2d Cir. 1956).

**B.    Plaintiff's Failure To Prosecute This Lawsuit Or Comply With Discovery Warrants Dismissal Of This Action With Prejudice Under Fed. R. Civ. P. 41**

In *Loubier v. Patterson*, 187 F.R.D. 449 (D. Conn. 1999), the Court explained that there are several factors that the Court should consider in determining whether to dismiss an action under Rule 41(b). They are: "1) the duration of the plaintiff's failure to comply with the court order; 2) whether plaintiff was on notice that failure to comply would result in dismissal; 3) whether the defendants are likely to be prejudiced by further delay in the proceedings; 4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and 5) whether the judge has adequately considered a sanction less drastic than dismissal." *Loubier v. Patterson*, 187 F.R.D. at 450; *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996); *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988). While no single factor of the *Loubier* test is dispositive, *Spencer v. Doe*, 139 F.3d 107, 113 (2d Cir. 1998), courts have required that some showing be made that the dilatory party had notice that its failure to respond to discovery would result in dismissal. *Loubier*, 187 F.R.D. at 450; *Lucas*, 84 F.3d at 535.

The factors set forth in *Loubier* make a clear case for dismissal of this action. The plaintiff has repeatedly failed to meet the deadlines and Orders set by this Court, including the November 9,

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

6

2006 deadline set forth in the Court's October 10, 2006 Order. On October 10, 2006, Plaintiff's counsel was given notice that his client's case could be dismissed if the plaintiff failed to comply with discovery. The plaintiff cannot seriously contend that it is unaware that dismissal of this action is a viable and likely result of its own inaction. The circumstances reveal that the plaintiff certainly knew what the consequences would be for its failure to cooperate in completing discovery and cannot argue that it has been deprived of its right to due process.

Interline has been clearly prejudiced by the plaintiff's dilatory conduct. Since the inception of this case, Interline has had to file numerous motions and file many objections as a result of the plaintiff's well documented unwillingness to prosecute this matter and to comply with the Orders and deadlines of this Court. *See Interline's Objection to Motion for Extension of Time dated July 17, 2006 (Court, despite self-executing Order dated June 6, 2006[1] and Interline's Objection, allows plaintiff's counsel to file third-party subpoenas after July 11, 2006 deadline); Interline's Objection to Motion for Extension of Time and Motion for Fees and Costs dated May 30, 2006; Interline's Objection to Plaintiff's Motion for Extension of Time dated February 17, 2006 at ¶ 5 (Plaintiff's counsel, despite Court Order dated January 19, 2006 and Interline's Objection, is permitted to file Motion for Leave to Amend Complaint beyond February 10, 2006 deadline); Interline's Objection to Notice of Appearance and Motion for Enforcement of Court Order dated November 21, 2005 (Court,*

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

7

*despite Interline's Objection, is permitted to engage successor counsel even after self-executing Order had dismissed case)[2], Interline's Motion for Default Judgment dated October 27, 2004 (plaintiff permitted to engage successor counsel even after deadline to do passed and default judgment granted);* see also, *Order 111 (Court re-opens discovery on January 5, 2006 at plaintiff's counsel's request even though discovery deadline had expired on September 30, 2005 and Interline had already filed a Motion for Summary Judgment).* Indeed, the plaintiff's dilatory conduct has resulted in unnecessary legal fees and costs to Interline and has precluded Interline from sufficiently preparing its motion for summary judgment (due January 10, 2007) and its case for trial.

The plaintiff has been given more than enough fair chances to have its case be heard – the plaintiff has failed to prosecute its case and it should be dismissed. And finally, this Court has more than accommodated the plaintiff's dilatory conduct and has given plaintiff's counsel more than enough chances to "get it right". *See* discussion, *supra*.

For these reasons, the plaintiff's lawsuit should be dismissed.

---

[1] "Discovery in this case is closed with the following exception. . . .plaintiff may serve, on or before July 11, 2006, new subpoenas. . . .If plaintiff does not serve the subpoenas on Akin, Gump; Grant Thornton; Jackson Walker, LLP and Sprause & Anderson on or before July 11, 2006, **plaintiff will have forfeited its right to do so.**"

[2] On October 6, 2005, the Court issued an Order in response to the Motions to Withdraw filed by the law firms of Soloman, Pearl, Heymann & Stich, LLP ("SPHS") and Ford, Nassen & Baldwin, PC ("FNB"), plaintiff's previous counsel. The Court's Order unequivocally states that if SPHS and FNB were permitted to withdraw as counsel ". . . *the plaintiff, Call Center Technologies, shall have an attorney appear on its behalf on or before November 6, 2005.*" The Order further stated that the plaintiff's *"[f]ailure to so appear [by November 6, 2005] will mean that the case shall be dismissed with prejudice and closed, meaning that there shall be no further proceedings in this court."* [emphasis added].

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

8

**C.     The Plaintiff's Failure To Comply With Interline's Discovery Requests Warrants Dismissal Of This Action With Prejudice Under Fed. R. Civ. P. 37**

Rule 37 pertains to dismissals for a party's failure to obey a discovery order. Fed. R. Civ. P. 37(b)(2)(C). *Loubier*, 187 F.R.D. at 450. A court may dismiss a case with prejudice under Rule 37(b) only after a court finds "willfulness, bad faith, or fault on the part of the party refusing discovery." *Simmons v. Abruzzo*, 49 F.3d 83, 88 (2d Cir. 1995); *Bobal v. Rensselear Polytechnic Institute*, 916 F. 2d 759, 764 (2d Cir. 1990), *cert. denied*, 499 U.S. 943, 113 L.Ed. 2d 459, 111 S. Ct. 1404 (1991).

Interline seeks a dismissal of the plaintiff's lawsuit on the additional grounds that, for the reasons discussed in Section B, *supra*, the plaintiff has willfully, and in bad faith, failed to fully respond to Interline's Requests for Admission of Statements and Documents dated August 3, 2006 and Second Set of Interrogatories and Requests for Production dated August 3, 3006. Pursuant to the Federal Rules, the plaintiff's discovery responses were due September 5, 2006 and the plaintiff, despite the undersigned's efforts, failed to receive compliance. Although a Court Order extended the plaintiff's time to respond to November 9, 2006, the plaintiff ignored this deadline. Given the plaintiff's willful and deliberate failure to respond to Interline's discovery and the plaintiff's refusal to prosecute this case, the Court should dismiss this action with prejudice.

**D.     Good Faith Certification Concerning Discovery**

The undersigned certifies that it has made no less than three good faith attempts to seek the plaintiff's compliance with Interline's discovery requests without the Court's intervention. As

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

9

evidenced from the correspondence attached hereto, the undersigned attempted to confer with plaintiff's counsel on September 7 and 21, 2006 and again on October 17, 2006 via written correspondence to obtain the plaintiff's reponses to Interline's discovery.

E.     **Sanctions Are Warranted Given The Plaintiff's Willful And Dilatory Conduct**

There are a variety of judicial goals served by the imposition of sanctions in cases involving discovery abuses. The first is remedying the prejudice. The second is punishing the abuser. The final goal is to deter future similar willful abuses of discovery. *Telectron v. Overhead Door*, 116 F.R.D. 107, 135 (S.D. Fla., 1987). Our Supreme Court has made clear that sanctions must be applied diligently both "to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such deterrent." *Roadway Express v. Piper*, 447 U.S. 752, 763-64 (1980), *quoting National Hockey League v. Metropolitan Hockey Club*, 427 US 639, 49 L.Ed. 2d 747, 96 S.Ct. 2778 (1976). The Court also made clear that the most "severe in the spectrum of sanctions" provided by statute or rule must be available to lower courts both to prevent unfair prejudice to the litigants and to insure the integrity of the discovery process. *See also, Aztec Steel Company v. Florida Steel Corp*, 691 F.2d 480, 482 (1st Cir. 1982).

The history of CCT's refusal to cooperate in the discovery process and abide by the rules of this Court is well documented in this case. CCT's refusal to provide the requested discovery after two previous motions for sanctions have been filed in connection therewith warrants, at a minimum, severe

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

10

sanctions to insure the integrity of the discovery process. CCT's egregious conduct has precluded Interline from thoroughly evaluating the claims set forth in the plaintiff's Third Amended Complaint and has prejudiced Interline in its preparation of its motion for summary judgment which is due on January 10, 2007. Interline brings this motion seeking the imposition of the severest of sanctions upon the plaintiff for its willful failure to provide the requested discovery and to comply with the Court's October 10, 2006 order concerning same.

Accordingly, Interline respectfully requests that the plaintiff be sanctioned for its failure to comply with discovery and that the Court do any or all of the following which is authorized under the Federal Rules:

A) enter a nonsuit against the plaintiff and judgment by default in favor of Interline;

B) enter an order refusing to allow CCT to support or oppose any matters requested in Interline's Requests for Admission of Statements and Documents dated August 3, 2006 and Second Set of Interrogatories and Requests for Production dated August 3, 2006;

C) enter an order striking out any portion or part of CCT's Amended Complaint dated February 15, 2006 which pertains to the information sought in Interline's Requests for Admission of Statements and Documents dated August 3, 2006 and Second Set of Interrogatories and Requests for Production dated August 3, 2006;

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

11

D) enter an order finding the plaintiff in contempt of Court for its failure to comply with the Court's October 10, 2006 Order and failure to provide complete responses to Interline's Requests for Admission of Statements and Documents dated August 3, 2006 and Second Set of Interrogatories and Requests for Production dated August 3, 2006.

## IV.  <u>CONCLUSION</u>

There can be no lesser sanction than dismissal of this action with prejudice. The plaintiff has demonstrated that it has no intention of proceeding with this case. The plaintiff has ignored the mandate of the Court and has refused to engage in, or comply with, discovery in this matter. The plaintiff's dilatory conduct has resulted in the unnecessary expenditure of defense costs on behalf of Interline and has prejudiced Interline in its preparation of its case. In the interests of justice and in furtherance of the efficient administration of judicial affairs, the Court should dismiss this action with prejudice and award Interline the costs of making this motion.

**WHEREFORE,** Interline respectfully moves that the court issue an order dismissing this action with prejudice and awarding Interline the costs of filing this motion. In the alternative, Interline respectfully requests that the Court enter any of the orders that are authorized under Fed. R. Civ. P. 37 and 41.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8433 • Fax: (860) 561-9823

12

Respectfully submitted,

DEFENDANT,
INTERLINE TRAVEL & TOUR, INC.

By: /s/ Laura F. Baldini
LAURA F. BALDINI, ESQ.
Federal Bar Number ct19887
Law Offices Of Laura Flynn Baldini, LLC
2 Batterson Park Road, 2nd Floor
Farmington, CT 06032
Tel. (860) 874-8483
Fax. (860) 561-9823
LBaldini@FlyBal-Law.com
Juris. No. 421267

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

13

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CALL CENTER TECHNOLOGIES, | CIVIL ACTION NO. 3:03CV1036 (DJS) |
| Plaintiff, | |
| v. | |
| GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION; INTERLINE TRAVEL & TOUR, INC. | |
| Defendants. | NOVEMBER 13, 2006 |

## CERTIFICATE OF SERVICE

This is to certify that on November 13, 2006, a copy of Interline Travel & Tour Inc.'s Memorandum of Law in Support of Motion to Dismiss, Motion for Enforcement of Court Order and Motion for Sanctions was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

Parties may access this filing through the Court's CM/ECF System.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

Respectfully submitted,

DEFENDANT,
INTERLINE TRAVEL & TOUR, INC.

By /s/
LAURA F. BALDINI, ESQ.
Federal Bar Number ct19887
Law Offices Of Laura Flynn Baldini, LLC
2 Batterson Park Road, 2nd Floor
Farmington, CT 06032
Tel. (860) 874-8483
Fax. (860) 561-9823
LBaldini@FlyBal-Law.com
Juris. No. 421267

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

2