UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
CALL CENTER TECHNOLOGIES,           :     CIVIL ACTION NO. 3:03CV1036 (DJS)
                                    :
            Plaintiff,              :
                                    :
v.                                  :
                                    :
GRAND ADVENTURES TOUR &             :
TRAVEL PUBLISHING CORPORATION,      :
INTERLINE TRAVEL & TOUR, INC.       :
                                    :
            Defendants.             :     NOVEMBER 29, 2006
_____

**DEFENDANT INTERLINE TRAVEL & TOUR INC.'S**
**MOTION TO CORRECT COURT ORDER DATED OCTOBER 10, 2006**

Interline Travel & Tour, Inc. ("Interline"), a defendant in the above-captioned matter, respectfully moves the Court to correct its October 10, 2006 Order (Document #152) so that it is consistent with the orders issued in the teleconference held with plaintiff's counsel, Kevin P. Chamberlin and the undersigned on October 10, 2006 and contained in the transcript of those proceedings. *See Complete Transcript ("Transcript") of Teleconference Held Before The Honorable Dominic J. Squatrito dated October 10, 2006 (Docket No. 158) which is incorporated by reference and made a part of the foregoing motion.* Specifically, Interline moves that the Court correct that portion of the Order which states "Should plaintiff's counsel fail to provide defendant's counsel with

**ORAL ARGUMENT REQUESTED/**
**TESTIMONY NOT REQUIRED**

the above-mentioned discovery responses, plaintiff and plaintiff's counsel *may* be subject to sanctions pursuant to Fed. R. Civ. P. 37(b), including dismissal of this lawsuit." [emphasis added] *See* Order, ¶ 2.

The Order needs to be corrected because the Court specifically ordered that the above-captioned matter would be dismissed and that the plaintiff would be subject to sanctions if the plaintiff failed to provide complete responses to Interline's Second Set of Interrogatories and Requests for Production dated August 3, 2006 and Interline's Requests for Admission of Statements and Documents dated August 3, 2006 by November 9, 2006. During the teleconference, the Court specifically stated:

**The Court:** What I'm doing here is I'm reserving decision on two motions for sanctions.

**Mr. Chamberlin:** Okay.

**The Court:** And issue an order pursuant to Rule 37(a) of Federal Rules of Civil procedure we should order the plaintiff to produce his discovery. . . on or before November 9th, 2006. *Transcript)* at pp.8:22-9:3.

*    *    *    *    *

**The Court:** Is November 9th an all right date with you?
**Mr. Chamberlin:** Yes.

**Ms. Baldini:** That would be over 90 days that you would have to comply from the initial request.

>**The Court:** Maybe he'll need 120, 150. Right now it's November 9th. Now just listen. Hold on a second. Stop. Stop. Stop.
>
>**<u>Now the plaintiff is also going to be subject to sanctions pursuant to Federal Rules 37(b) including dismissal of this lawsuit if you [Mr. Chamberlin] do not comply.</u>**

*Transcript* at p. 9:12-22. Accordingly, Interline respectfully requests that the Court correct its Order so that is accurately reflects the order given to the parties at the October 10, 2006 teleconference, i.e., that the plaintiff's failure to comply with the November 9, 2006 deadline for responding to Interline's discovery requests **<u>will</u>** result in sanctions to the plaintiff and dismissal of this lawsuit.

The correction of the existing Order will make the Court's Order concerning discovery consistent with the Court's other order set forth in Paragraph 3 concerning the plaintiff's filing of motions to compel. *See* Order, ¶3. Indeed, the Court's Order states that if the plaintiff failed (as he did) to file motions to compel by November 9, 2006, that he would be precluded from filing further motions to compel. *Id.* At the teleconference, the Court specifically stated that the November 9, 2006 deadline was a ***"<u>drop dead deadline</u>"*** [emphasis added] and that the plaintiff's failure to file his motions to compel by the November 9th deadline would foreclose him from filing further motions to compel. *Transcript* at p. 13:22, p. 14:4-5, 14:8.

The Court's Order needs to be corrected so that "there's no mistake as to what was decided" at the teleconference. *Transcript* at p. 33:11-12. Plaintiff's counsel cannot deny that he was apprised of the Court's deadlines and the consequences for failing to meet them:

> **Mr. Chamberlin:** I believe that I have to attempt to complete discovery over the responses to her interrogatories and production, file my motions to compel, and disclose my expert, all by November 9th.
>
> **The Court:** Right. We're going to reduce that in writing ***so there's no mistake***. [emphasis added]

*Transcript* at p. 33:13-18. Accordingly, Interline respectfully requests that the Court correct its existing Order so that it properly reads: "Should plaintiff's counsel fail to provide defendant's counsel with the above-mentioned discovery responses, plaintiff and plaintiff's counsel *will* be subject to sanctions pursuant to Fed. R. Civ. P. 37(b) and dismissal of this lawsuit."

**WHEREFORE**, Interline respectfully requests that its Motion to Correct be granted and that it be awarded such other and further relief that the Court deems just and proper.

       Respectfully submitted,

       DEFENDANT,
       INTERLINE TRAVEL & TOUR, INC.


By:_____/s/_____
    LAURA F. BALDINI, ESQ.
    Federal Bar Number ct19887
    Law Offices Of Laura Flynn Baldini, LLC
    2 Batterson Park Road, 2nd Floor
    Farmington, CT 06032
    Tel. (860) 874-8483
    Fax. (860) 561-9823
    LBaldini@FlyBal-Law.com
    Juris. No. 421267

## **ORDER**

The foregoing MOTION, having been duly presented to this Court, it is hereby **ORDERED**, that the same be and hereby is GRANTED/DENIED.

THE COURT,

_____
JUDGE/Clerk

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CALL CENTER TECHNOLOGIES, | : | CIVIL ACTION NO. 3:03CV1036 (DJS) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| GRAND ADVENTURES TOUR & | : | |
| TRAVEL PUBLISHING CORPORATION; | : | |
| INTERLINE TRAVEL & TOUR, INC. | : | |
| | : | |
| Defendants. | : | NOVEMBER 29, 2006 |

**CERTIFICATE OF SERVICE**

This is to certify that on NOVEMBER 29, 2006, a copy of Interline Travel & Tour Inc.'s Motion to Correct was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

Parties may access this filing through the Court's CM/ECF System.

Respectfully submitted,

DEFENDANT,
INTERLINE TRAVEL & TOUR, INC.


By:_____/s/_____
    LAURA F. BALDINI, ESQ.
    Federal Bar Number ct19887
    Law Offices Of Laura Flynn Baldini, LLC
    2 Batterson Park Road, 2nd Floor
    Farmington, CT 06032
    Tel. (860) 874-8483
    Fax. (860) 561-9823
    LBaldini@FlyBal-Law.com
    Juris. No. 421267