UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CALL CENTER TECHNOLOGIES, INC | : | CIVIL ACTION NO. 3:03CV1036 (DJS) |
| Plaintiff, | | |
| v. | | |
| GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION, INTERLINE TRAVEL & TOUR, INC. | | |
| Defendants. | : | DECEMBER 1, 2006 |

**PLAINTIFF CALL CENTER TECHNOLIGIES, INC.'S OBJECTIONS TO DEFENDANT'S MOTION TO CORRECT THE COURT AND DEFENDANT'S MOTION TO DISMISS**

The Plaintiff in the above captioned matter hereby objects to Defendant's motion dated November 29, 2006 seeking to correct the Court's October 10, 2006 order, and the underlying Motion to Dismiss dated November 13, 2006 it relates to.

The instant Order (Docket #158) was drafted by the Court after a teleconference held with the parties on Tuesday, October 10, 2006. The contents of that Order were primarily that on or before November 9, 2006, the Plaintiff shall (A) provide Defendant's counsel with the balance of responses to the requests for production and interrogatories propounded by counsel for the Defendant; (B) file two motions to compel relating to outstanding discovery in Texas, and (C) disclose Plaintiff's expert witness.

**ORAL ARGUMENT REQUESTED/
TESTIMONY NOT REQUIRED**

The Plaintiff has complied with the majority of the Court's order. Specifically, Plaintiff's counsel disclosed his expert witness in a timely fashion[1]. Further, Texas counsel has been retained to file both motions to compel on or before the deadline. These motions were filed[2].

The vast majority of written discovery has been responded to. Specifically, the Plaintiff has responded to ninety requests for admissions and twenty three requests for admission of documents. In addition, the Plaintiff has responded to all but seven of the of the Defendant's interrogatories has identified the production that it can at this point, and cannot provide all of the documents responsive to the production requests until discovery is complete. Therefore, the Plaintiff has to the extent possible complied with the Order of the Court dated October 10, 2006.

Defendant's Motion seeks to manipulate the language from the teleconference and to correct an order that was specifically reduced to writing by the Court. Even the language excerpted by Defendant's counsel states that discovery in this matter could take beyond the stated deadline. The Order that came from the teleconference is specific in its use of the words "shall" and "may". It may be presumed that the Court derived it's content from the teleconference as a whole and intentionally chose the words it used.

The Defendant's most recent motion is misleading and is offered to bolster a motion to Dismiss that is equally misleading. The Plaintiff has substantially complied with the Court's October 10, 2006 order. The recurring argument made by Defendant's counsel in all of its recent filings has been the burden of excessive litigation required to defend this case.

---

[1] This disclosure was inadvertently electronically filed.
[2] Both motions were filed in the Southern District of Texas on the date of the deadline. The Court instructed Texas counsel to change the docket number and re-file said motions. One of the motions to compel is in regard to a party located in Dallas, TX. That motion has been dismissed by the Southern District of Texas and will be re-filed in the Northern District of Texas via *pro hac vice* by this counsel who has just obtained a sponsor today for said application.

However, the Defendant continues to elongate and circumvent the discovery process with futile requests for admissions and objections to motions to compel in Texas.

The Order set forth by the Court on October 10, 2006 was a proper summary of all issues discussed in the teleconference. It is now apparent that the transcript was ordered simply to use as a tool for the very type of motion that was filed by Defendant's counsel. The Plaintiff has made diligent efforts to comply with the Court Order and will continue to do so.

WHEREFORE, the Plaintiff respectfully requests that this objection to Defendant's Motion to Correct the Court be sustained and Defendant's Motion to Dismiss be denied accordingly.

Respectfully Submitted,

PLAINTIFF
CALL CENTER TECHNOLOGIES, INC.

/s/ Kevin P. Chamberlin
Kevin P. Chamberlin
Federal Bar No. ct26843
39 Mill Plain Road, Suite 10
Danbury, CT 06811
Phone: 203-792-0011
Fax: 203-792-3370
Chamberlaw3@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2006, a copy of foregoing Objection to Defendant's Motion to Correct the Court, was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Kevin P. Chamberlin
Kevin P. Chamberlin
Federal Bar No. ct26843
39 Mill Plain Road, Suite 10
Danbury, CT 06811
Phone: 203-792-0011
Fax: 203-792-3370
Chamberlaw3@aol.com

## ORDER

The foregoing objection, having been duly presented to this Court, it is hereby **SUSTAINED/OVERRULED,** and the Defendant's Motion to Dismiss is **GRANTED/DENIED.**

THE COURT,

_____
Judge/Clerk