**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CALL CENTER TECHNOLOGIES, | : | CIVIL ACTION NO. 3:03CV1036 (DJS) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| GRAND ADVENTURES TOUR & | : | |
| TRAVEL PUBLISHING CORPORATION, | : | |
| INTERLINE TRAVEL & TOUR, INC. | : | |
| | : | |
| Defendants. | : | DECEMBER 8, 2006 |

**DEFENDANT INTERLINE TRAVEL & TOUR INC.'S REPLY TO PLAINTIFF'S
DECEMBER 1, 2006 "OBJECTION" AND MEMORANDUM IN FURTHER SUPPORT OF
INTERLINE'S NOVEMBER 13, 2006 MOTION TO DISMISS, MOTION FOR
ENFORCEMENT OF COURT ORDER AND MOTION FOR SANCTIONS AND
NOVEMBER 29, 2006 MOTION TO CORRECT COURT ORDER**

Interline Travel & Tour, Inc. ("Interline") submits foregoing in response to the "Objection"

served by plaintiff, Call Center Technologies ("CCT" or "Plaintiff") on or about December 1, 2006

and in further support of its Motion to Dismiss, Motion for Sanctions and Motion for Enforcement

of Court Order dated November 13, 2006 and Motion to Correct Court Order dated November 29,

2006.

**ORAL ARGUMENT REQUESTED/**
**TESTIMONY NOT REQUIRED**

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

1.  The instant action should be dismissed and the Court should impose sanctions.  The

    Plaintiff has admittedly failed to comply with the Court's October 10, 2006 Order

    concerning compliance with Interline's Second Set of Interrogatories ("Interrogatories")

    dated August 3, 2006, Second Set of Requests for Production ("Requests for

    Production") dated August 3, 2006 and Requests for Admission of Statements and

    Documents dated August 3, 2006.  Plaintiff's counsel states in its "Objection" that while

    "the vast majority of written discovery has been responded to", it has failed to respond to

    "seven of the of the [sic] Defendant's interrogatories." *Plaintiff's Objection*, p. 2.  Indeed

    in addition to the "seven. . . . interrogatories" that the plaintiff has refused to answer, the

    plaintiff has also failed to provide the following:

    a.  Complete responses to Interrogatories 6, 9. S*ee Letter to Plaintiff's counsel by

        Laura F. Baldini, Esq. dated October 17, 2006 attached to Motion to Dismiss

        dated November 13, 2006*; *Affidavit of Laura F. Baldini ("Baldini Aff.") dated

        December 8, 2006* at ¶8(a);

    b.  Responses to Interrogatories 5(b), 6(b), 7(b) and 8. See *Letter to Plaintiff's

        counsel by Laura F. Baldini, Esq. dated October 17, 2006; Baldini Aff. at

        ¶8(b);*

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

2

    c.    Complete responses to Interline's Requests for Production 1, 2, 5. See *Letter to Plaintiff's counsel by Laura F. Baldini, Esq. dated October 17, 2006; Baldini Aff. at ¶8(c)*;

    d.    Responses to Requests for Production 3, 6, 7, 12 and 13. S*ee Letter to Plaintiff's counsel by Laura F. Baldini, Esq. dated October 17, 2006; Baldini Aff. at ¶8(d)*;

    e.    Documents responsive to Requests for Production 8, 9, 11. See *Letter to Plaintiff's counsel by Laura F. Baldini, Esq. dated October 17, 2006; Baldini Aff. at ¶8(e)*;

    f.    Responses to Interline's Request for Admission of Statements dated August 3, 2006, 48 and 55. S*ee Letter to Plaintiff's counsel by Laura F. Baldini, Esq. dated September 21, 2006; Baldini Aff. at ¶8(f)*;

    g.    A copy of Plaintiff's Objections to Discovery which were erroneously filed with the Court. See *Letter to Plaintiff's counsel by Laura F. Baldini, Esq. dated October 17, 2006; Baldini Aff. at ¶8(g)*.

2.    The plaintiff agreed to provide the above information, has no standing objection to providing the information, yet has failed to produce it to the undersigned.  The Plaintiff's refusal to provide this information is in direct violation of the Court's October 10, 2006

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

3

Order which requires production of ALL of these items. These facts alone, coupled with those set forth in Interline's November 13, 2006 Motion to Dismiss warrant dismissal of this action.

3. Certainly the information Interline has requested is, and was, within the Plaintiff's custody and control. Unfortunately, plaintiff's counsel seems to think that the Federal Rules permit him to withhold discovery and provide it only when "discovery is complete." *See Objection*, p. 2. Indeed, that is not the case. The plaintiff could have provided responses to Interline's discovery and supplemented its responses as necessary to comply with Federal Rule 26. This did not happen, and this matter should be dismissed for the Plaintiff's refusal to comply with the Federal Rules and the Court's October 10, 2006 Order.

4. Plaintiff has also misrepresented to the Court that the third party Motions to Compel "were filed in the Southern district of Texas on the date of the deadline [November 9, 2006]." Plaintiff's Objection, p.2. This statement is patently false for the following reasons:

    a. Plaintiff's counsel filed motions to compel on third parties Sprouse & Anderson and Grant Thornton in the <u>Western</u> District of Texas, not the "Southern District of Texas" as plaintiff's counsel states in his papers.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

4

      b.   Plaintiff's counsel improperly filed the motions on November 9, 2006 and such filings were <u>rejected</u> by the United States District Court for the Western District of Texas. *See Civil Docket for Case 1:06-mc-000904-LY and December 5, 2006* at **Exhibit B**; *Order from United States Magistrate Judge Robert Pitman re: case No: A-06-MC-905,* p.1 attached hereto as **Exhibit C**.

5.  In the unlikely event that the Court does not dismiss this action, Plaintiff's counsel <u>should not be permitted</u> to take any further action in connection with the November 13, 2006 Motions to Compel that were filed upon Sprouse & Anderson and Grant Thornton.

      a.   Plaintiff's November 13, 2006 Motion to Compel Sprouse & Anderson was dismissed. On December 5, 2006, the Honorable Robert Pitman, Magistrate Judge of the United States District Court for the Western District of Texas ruled that the Plaintiff's subpoena was procedurally defective because it "required the production of documents from Sprouse & Anderson in Dallas, Texas, which is in the Northern, not Western District of Texas". *Order from United States Magistrate Judge Robert Pitman re: case No: A-06-MC-905,* p.1. The case was dismissed without prejudice, however, the Plaintiff cannot serve another subpoena at this late date as it would violate the Court's July 18, 2006 Order [Document 142] which states that "**<u>NO FURTHER EXTENSIONS OF</u>**

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

5

**TIME SHALL BE GRANTED.**"[1] *See Order*, p. 2.  Moreover, the plaintiff's

was apprised via the Objection filed by counsel for Sprouse & Anderson on

August 1, 2006 that the subpoena was defective.  Plaintiff could have moved

quickly to cure the defect and serve Sprouse & Anderson with a procedurally-

proper subpoena before the August 4, 2006 deadline lapsed, but made no effort

to correct its fatal mistake.

b.    Plaintiff's November 13, 2006 Motion to Compel Grant Thornton was similarly

dismissed.  On December 6, 2006, the Honorable Lee Yeakel of the United

States District Court for the Western District of Texas issued a Final Judgment

which identifies the fact that Plaintiff's Texas counsel filed its Motion to

Compel in the United States District Court for the Western District of Texas

even though the subpoena served upon Grant Thornton was issued from the

Northern District of Texas.  The Court stated that a "party serving [a] subpoena

is not entitled to inspect and copy requested materials except pursuant to order

of court by which subpoena was issued." *See December 6, 2006 Final*

*Judgment from United States District Judge Lee Yeakel re: Cause No: A-06-*

*MC-904,* p.2 attached hereto as **Exhibit D.**

---

[1] The Court issued this Order on July 18, 2006 after plaintiff's counsel failed to Comply with the Court's June 6, 2006

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8433 • Fax: (860) 561-9823

6

     c.    Plaintiff's counsel should immediately be precluded from "re-filing" any

motions in connection with the Grant Thornton subpoena. *See Plaintiff's*

*Objection at* p. 2 fn2. Any such action is in direct contravention of the Court's

October 10, 2006 Order which states ***"Should the plaintiff fail to file these***

***motions on or before November 9, 2006, plaintiff shall be foreclosed from***

***filing further motions to compel." [emphasis added]*** *See October 10, 2006*

*Order [Document 152]*, p.2.

6.  The plaintiff cannot seriously contend that it is unaware that dismissal of this action is a

viable and likely result of its own inaction and failure to comply with the procedural

rules of this Court. The circumstances reveal that the plaintiff certainly knew what the

consequences would be for its failure to cooperate in completing discovery and cannot,

in good faith, argue that it has been deprived of its right to due process.

**WHEREFORE**, for the foregoing reasons and those set forth in Interline's Motion to

Dismiss, Motion for Enforcement of Court Order and Motion for Sanctions Dated November 13,

2006 and accompanying Memorandum of Law, Interline respectfully moves that the court issue an

order dismissing this action with prejudice and award Interline the costs of filing this reply. In the

alternative, Interline respectfully moves to enforce the Court's October 10, 2006 Order and any and

---

Order [Document 135] which required plaintiff's counsel to serve third party subpoenas by July 11, 2006 or the Plaintiff

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8453 • Fax: (860) 561-9823

7

all mandates directed by The Honorable Dominic Squatrito in the October 10, 2006 telephone

conference.  Interline further requests that the Court impose sanctions on the Plaintiff and do any or

all of the following which it is authorized under the Federal Rules:

A)     enter a nonsuit against the plaintiff and judgment by default in favor of Interline;

B)     enter an order refusing to allow CCT to support or oppose any matters requested in

       Interline's Requests for Admission of Statements and Documents dated August 3,

       2006 and Second Set of Interrogatories and Requests for Production dated August 3,

       2006;

C)     enter an order striking out any portion or part of CCT's Amended Complaint dated

       February 15, 2006 which pertains to the information sought in Interline's Requests for

       Admission of Statements and Documents dated August 3, 2006 and Second Set of

       Interrogatories and Requests for Production dated August 3, 2006;

D)     enter an order finding the plaintiff in contempt of Court for its failure to comply with

       the Court's October 10, 2006 Order and failure to provide complete responses to

       Interline's Requests for Admission of Statements and Documents dated August 3,

       2006 and Second Set of Interrogatories and Requests for Production dated August 3,

       2006; and

---

"will have forfeited its right to do so."

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

8

E)    enter an order awarding Interline the reasonable expenses, including attorney's fees,

caused by CCT's failure to comply with the Court's October 10, 2006 Order and

failure to provide complete responses to Interline's Requests for Admission of

Statements and Documents dated August 3, 2006 and Second Set of Interrogatories

and Requests for Production dated August 3, 2006.

Interline further seeks such other and further relief in law or equity that the Court deems just

and proper.

Respectfully submitted,

DEFENDANT,
INTERLINE TRAVEL & TOUR, INC.

By: _____
LAURA F. BALDINI, ESQ.
Federal Bar Number ct19887
Law Offices Of Laura Flynn Baldini, LLC
2 Batterson Park Road, 2nd Floor
Farmington, CT 06032
Tel. (860) 874-8483
Fax. (860) 561-9823
LBaldini@FlyBal-Law.com
Juris. No. 421267

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

9

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CALL CENTER TECHNOLOGIES, | : | CIVIL ACTION NO. 3:03CV1036 (DJS) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| GRAND ADVENTURES TOUR & | : | |
| TRAVEL PUBLISHING CORPORATION; | : | |
| INTERLINE TRAVEL & TOUR, INC. | : | |
| | : | |
| Defendants. | : | DECEMBER 8, 2006 |

**CERTIFICATE OF SERVICE**

This is to certify that on December 8, 2006, a copy of Interline Travel & Tour Inc.'s Reply to

Plaintiff's December 1, 2006 Objection and Memorandum In Further Support of Its Motion to

Dismiss, Motion for Enforcement of Court Order and Motion for Sanctions Dated November 13,

2006 and Motion to Correct dated November 29, 2006 was filed electronically and served by mail on

anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by

operation of the Court's electronic filing system or by mail to anyone unable to accept electronic

filing as indicated on the Notice of Electronic Filing.

Parties may access this filing through the Court's CM/ECF System.

Respectfully submitted,

DEFENDANT,
INTERLINE TRAVEL & TOUR, INC.

By: LAURA F. BALDINI, ESQ.
Federal Bar Number ct19887
Law Offices Of Laura Flynn Baldini, LLC
2 Batterson Park Road, 2nd Floor
Farmington, CT 06032
Tel. (860) 874-8483
Fax. (860) 561-9823
LBaldini@FlyBal-Law.com
Juris. No. 421267

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

2

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CALL CENTER TECHNOLOGIES, | : | CIVIL ACTION NO. 3:03CV1036 (DJS) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| GRAND ADVENTURES TOUR & | : | |
| TRAVEL PUBLISHING CORPORATION; | : | |
| INTERLINE TRAVEL & TOUR, INC. | : | |
| | : | |
| Defendants. | : | DECEMBER 8, 2006 |

**AFFIDAVIT CONCERNING PLAINTIFF"S NON-COMPLIANCE WITH DISCOVERY**

STATE OF CONNECTICUT)
                                            )        ss:        Farmington, Connecticut
COUNTY OF HARTFORD  )

I, Laura F. Baldini, being duly sworn, hereby depose and say:

1.      I am over the age of eighteen years and believe in the obligations of an oath.

2.      I am counsel to Interline Tour & Travel, Inc. ("Interline"), a defendant in the above-
captioned matter.

3.     This is to certify that the undersigned tried, on several occasions in good faith, to

obtain the plaintiff's compliance with Interline's Requests for Admission of

Statements and Documents dated August 3, 2006 and Second Set of Interrogatories

and Requests for Production dated August 3, 3006 without the Court's intervention.

4.     On **September 7, 2006** the undersigned sent CCT's attorney, Kevin P. Chamberlin, a

letter via facsimile requesting compliance with Interline's discovery requests. *See*

*Letter from Attorney Laura F. Baldini to Attorney Kevin P. Chamberlin attached to*

*Interline's Motion to Dismiss dated November 13, 2006.*

5.     On **September 21, 2006,** the undersigned sent CCT's attorney, Kevin P. Chamberlin,

a letter via facsimile and regular mail requesting compliance with Interline's Requests

for Admission of Statements and Documents.. *See Letter from Attorney Laura F.*

*Baldini to Attorney Kevin P. Chamberlin attached to Interline's Motion to Dismiss*

*dated November 13, 2006.*

6.     On **October 17, 2006**, the undersigned sent CCT's attorney, Kevin P. Chamberlin,

another letter requesting compliance with Interline's discovery requests. *See Letter*

*from Attorney Laura F. Baldini to Attorney Kevin P. Chamberlin attached to*

*Interline's Motion to Dismiss dated November 13, 2006.*

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

2

7.    Despite the Court's Order dated October 10, 2006, CCT did not provide complete

responses to Interline's Requests for Admission of Statements and Documents dated

August 3, 2006 and Second Set of Interrogatories and Requests for Production dated

August 3, 3006 as was required by the Court's Order dated October 10, 2006.  To

date, plaintiff's counsel has refused to provide the following information:

a.   Complete responses to Interrogatories 6, 9.

b.   Responses to Interrogatories 5(b), 6(b), 7(b) and 8.

c.   Complete responses to Interline's Requests for Production 1, 2, 5.

d.   Responses to Requests for Production 3, 6, 7, 12 and 13.

e.   Documents responsive to Requests for Production 8, 9, 11.

f.   Responses to Interline's Request for Admission of Statements dated August 3,

2006, 48 and 55.

g.   A copy of Plaintiff's Objections to Interline's Interrogatories and Requests for

Production dated August 3, 2006.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8453 • Fax: (860) 561-9823

3

AFFIANT 

LAURA F. BALDINI

Subscribed and sworn to me on this 8th day of December, 2006.

Commissioner of Superior Court

David DeBessio

LAW OFFICES OF LAURA FLYNN BALDINI, LLC
2 Batterson Park Road, 2nd Floor • Farmington, CT 06032
Juris No. 421267 • (860) 874-8483 • Fax: (860) 561-9823

4

# EXHIBIT B

CLOSED

# U.S. District Court [LIVE]
## Western District of Texas (Austin)
### CIVIL DOCKET FOR CASE #: 1:06-mc-00904-LY

Call Center Technologies v. Grand Adventures Tour &          Date Filed: 11/13/2006
Travel Publishing Corporation et al
Assigned to: Honorable Lee Yeakel
Related Case: 1:06cv612

**Plaintiff**

**Call Center Technologies**                    represented by    **James William George**
                                                                  Attorney at Law
                                                                  1504 West Ave.
                                                                  Austin, TX 78701
                                                                  (512) 476-6767
                                                                  Fax: 512/476-5433
                                                                  Email: jwgeorge@texas.net
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Kevin P. Chamberlain**
                                                                  39 Mill Plain Road
                                                                  Suite 10
                                                                  Danbury, CT 06811
                                                                  US
                                                                  (203) 792-0011
                                                                  Fax: (203) 792-3370
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Grand Adventures Tour & Travel
Publishing Corporation**

**Defendant**

**Interline Travel & Tour, Inc.**

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 11/13/2006 | 1 | MOTION to Compel by Call Center Technologies. (Attachments: # 1 Exhibit part 1 of 5# 2 Exhibit part 2 of 5# 3 Exhibit part 3 of 5# 4 Exhibit part 4 of 5# 5 Exhibit part 5 of 5)(tdk, ) (Entered: 11/16/2006) |
| | | |

| 11/13/2006 | | Filing fee received in the amount of $39.00, receipt number 403854 (dm, ) (Entered: 11/28/2006) |
|---|---|---|
| 11/16/2006 | 2 | ORDER REFERRING MOTION: 1 MOTION to Compel filed by Call Center Technologies, referred to Judge Robert Pitman. Signed by Judge Lee Yeakel. (dm, ) (Entered: 11/17/2006) |
| 11/16/2006 | 3 | ORDER TO SHOW CAUSE as to Call Center Technologies. Show Cause Response due by 11/27/2006.. Signed by Judge Robert Pitman. (dm, ) (Entered: 11/17/2006) |
| 12/06/2006 | 5 | FINAL JUDGMENT . Signed by Judge Lee Yeakel. (dm, ) (Entered: 12/07/2006) |
| 12/06/2006 | | Motions No Longer Referred: 1 MOTION to Compel (dm, ) (Entered: 12/08/2006) |
| 12/07/2006 | 4 | THIS DOCUMENT DOES NOT BELONG TO THIS CASE; DOCUMENT HAS BEEN REMOVED AND THERE IS NO DOCUMENT #4 FOR THIS CASE.(dm, ) Modified on 12/8/2006 (kc, ). (Entered: 12/07/2006) |

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| CALL CENTER TECHNOLOGIES, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | A-06-MC-905  LY |
| | § | |
| GRAND ADVENTURES TOUR & TRAVEL | § | |
| PUBLISHING CORPORATION, INTERLINE | § | |
| TRAVEL & TOUR, INC. | § | |
| | § | |
| DEFENDANTS. | § | |

### ORDER

Before the Court are the Motion to Compel Compliance by Sprouse & Anderson with Subpoena Duces Tecum filed November 13, 2006 (Doc. #1); Sprouse & Anderson, L.L.P.'s Response to Motion to Compel filed November 21, 2006 (Doc. #4); and Plaintiff's Reply to Sprouse & Anderson, L.L.P.'s Response to Motion to Compel filed November 28, 2006 (Doc. #6). Also before the Court are correspondence from Plaintiff dated November 28, 2006 (Doc. #7) and correspondence from Sprouse & Anderson dated November 28, 2006 (Doc. #8). On November 15, 2006, the motion was referred to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C to the Local Rules of the United States District Court for the Western District of Texas. On December 5, 2006, the Court conducted a telephonic hearing on the matter, at which time counsel for Plaintiff Call Center Technologies and for nonparty Sprouse & Anderson appeared.

By way of the motion, Plaintiff asks this Court to compel Sprouse & Anderson to produce documents pursuant to a subpoena duces tecum that Plaintiff issued on Sprouse & Anderson on July 18, 2006. *See* FED. R. CIV. P. 45. The underlying action is pending in district court in Connecticut. *See Call Ctr. Tech. v. Grand Adventures Tour & Travel Publ'g Corp.*, No. 3:03CV1036 (D. Conn. filed June 3, 2003). Plaintiff addressed the subpoena to Sprouse & Anderson at an Austin, Texas address, and issued the subpoena from the district court in the Western District of Texas. However, the subpoena required production of the documents from Sprouse & Anderson in Dallas, Texas, which is in the Northern District of Texas.

Sprouse & Anderson objected to the subpoena on several grounds, including on the basis that the subpoena was procedurally defective because it was issued from the Western District of Texas but sought production of documents in the Northern District of Texas.[1]  The Court agrees with Sprouse & Anderson that this procedural defect is fatal to this Court's jurisdiction to enforce the subpoena.

Federal Rule of Civil Procedure 45 states that a subpoena duces tecum for production, inspection, or copying, if separate from a subpoena commanding a person's attendance, must issue from the court for the district where the production or inspection is to be made. FED. R. CIV. P. 45(a)(2)(C). As the Court explained during the hearing, the Court considers this language to be straightforward and mandatory.[2]  Because the subpoena sought production of documents in the Northern District, the district court for the Northern District, rather than the district court for the Western District, must have issued the subpoena. Thus, this Court is without jurisdiction to enforce

---

[1] Sprouse & Anderson initially objected that the motion to compel, filed November 13, 2006, was untimely filed. Based on the scheduling order set forth by the Connecticut District Court, Plaintiff had to file its motion to compel on or before November 9, 2006. Plaintiff did file the motion on November 9, 2006, but erroneously filed the motion in a closed case in the Western District of Texas that involved a related discovery matter. Once the clerk of the court notified Plaintiff of the procedural error, Plaintiff refiled the motion on November 13, 2006, as an independent, miscellaneous case in the Western District of Texas.  Thus, the Court finds that Plaintiff substantially complied with the scheduling order deadline and does not consider the motion to be untimely filed.

[2] The commentary to Rule 45 further clarifies that it is the attorney's responsibility to ensure that the subpoena is issued from the proper district court:

> The attorney must issue it "from" the right district court, however. That will most often be the court of the district in which the action is pending. But when the subpoena seeks testimony or materials from a witness beyond the territorial reach of the action-pending district (see Commentary C45-12 et seq. below), it must issue "from" the district court of the district in which the deposition or production is sought. See subdivision (b)(2). The attorney must be careful to caption the subpoena "from" the appropriate district, as to both the testimonial and duces tecum subpoenas.

David D. Siegel, Practice Commentaries, *C45-4. ISSUANCE; FROM WHAT COURT?*, FED. R. CIV. P. 45.

2

the subpoena.

     **IT IS THEREFORE ORDERED** that the Motion to Compel Compliance by Sprouse & Anderson with Subpoena Duces Tecum (Doc. #1) is **DISMISSED WITHOUT PREJUDICE**.

     **SIGNED** this 5th day of December, 2006.

ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE

3

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT     FILED
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION     2006 DEC -6 AM 9:47

CLERK ~~~ RICT COURT
WESTERN ~~~ RICT OF TEXAS

BY_____
DEPUTY

| | | |
|---|---|---|
| CALL CENTER TECHNOLOGIES, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | A-06-MC-904 LY |
| | § | |
| GRAND ADVENTURES TOUR & | § | |
| TRAVEL PUBLISHING CORPORATION, | § | |
| INTERLINE TRAVEL & TOUR, INC. | § | |
| | § | |
| DEFENDANTS. | § | |

## FINAL JUDGMENT

Before the Court is the above-referenced cause. The action, commenced by Plaintiff Call Center Technologies, involves only its Motion to Compel Compliance by Grant Thornton, L.L.P. with Subpoena Duces Tecum (Doc. #1). This action relates to civil action No. 3:03CV1036 styled *Call Center Technologies v. Grand Adventures Tour & Travel Publishing Corporation*, which was pending in the District of Connecticut at the time Plaintiff instituted this action. *See Call Ctr. Tech. v. Grand Adventures Tour & Travel Publ'g Corp.*, No. 3:03CV1036 (D. Conn. filed June 3, 2003). The motion was referred to United States Magistrate Judge Robert Pitman for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas on November 15, 2006 (Doc. #2).

On November 11, 2006, the Magistrate Judge issued a show cause order to Plaintiff to show cause in writing on or before Monday, November 27, 2006, why this action should not be dismissed for lack of jurisdiction. The Magistrate Judge issued the show cause order because the United States District Court for the Northern District of Texas, and not this Court, issued the subpoena to nonparty

Grant Thornton, L.L.P. *See* FED. R. CIV. P. 45(c)(2)(B) (party serving subpoena is not entitled to

inspect and copy requested materials except pursuant to order of court by which subpoena was

issued). To date, Plaintiff has not complied with the order. Thus, the Court renders the following

Final Judgment pursuant to Federal Rule of Civil Procedure 58.

    **IT IS THEREFORE ORDERED** that this action is **DISMISSED**.

    **IT IS FURTHER ORDERED** that all pending motions are **DISMISSED**.

    **IT IS FINALLY ORDERED** that this case is hereby **CLOSED**.

**SIGNED** this _____6th_____ day of December, 2006.

              _____

              LEE YEAKEL
              UNITED STATES DISTRICT JUDGE