UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CALL CENTER TECHNOLOGIES, (DJS) | : | CIVIL ACTION NO. 3:03CV1036 |
| Plaintiff, | | |
| v. | | |
| GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION, INTERLINE TRAVEL & TOUR, INC. | | |
| Defendants. | : | DECEMBER 11, 2006 |

### NOTICE OF STATUS AND REQUEST FOR ORDER

Pursuant to the Court's Order of October 10, 2006, counsel for the Plaintiff would like to notify the Court as to the status of the acquisition of evidence subpoenaed upon third parties:

1.  Jackson Walker- The acquisition of evidence from this party was settled by agreement of Defendant's counsel and Plaintiff's Texas counsel. Plaintiff is awaiting delivery of said evidence.

2.  Grant Thornton- Plaintiff's Motion to Compel this evidence, filed in the Western District of Texas, was dismissed for a lack of jurisdiction for a failure to file in the proper venue (see attached Order). Plaintiff is currently seeking pro hac admission into the Northern District of Texas to re-file said Motion to Compel.

3.  Sprause Anderson- Plaintiff's Motion to Compel this evidence, filed in the Western District of Texas (see attached Order) was dismissed without prejudice due to

the fact that the subpoena that was served upon this third party (whose offices are in the Western District of Texas) mistakenly requested production in the Northern District of Texas, in which the serving entity also has an office. The Court held this mistake to be fatal and dismissed for a lack of jurisdiction to enforce. Although the Court claims that the Northern District of Texas should have then issued the subpoena, had the production been requested in the Western District of Texas, the subpoena would be valid.

Plaintiff's counsel engaged Esquire Deposition Services to prepare and serve the subpoenas in this matter and the demand for Sprause Anderson to produce outside of their judicial district was a typographical error.

WHERFORE, Counsel for Plaintiff is requesting an Order for one of the following:

    A.      A telephonic conference to discuss these issues. At the present, Counsel for Plaintiff is available the afternoons Tuesday December 12, 2006 and Thursday December 14, 2006, along with the afternoons of December 19, 2006 and December 20, 2006; or

    B.      A Court Order allowing counsel for the Plaintiff to file a brief showing why he should be entitled to continue prosecuting the Grant Thornton Motion to Compel in the Northern District of Texas, and to re-serve a subpoena upon Sprause Anderson in the Western District of Texas.

THE PLAINTIFF

By  /s/ Kevin P. Chamberlin
    Kevin P. Chamberlin
    39 Mill Plain Road, Suite 10
    Danbury, CT 06811
    Federal Bar #- ct26843
    Phone: 203-792-0011
    Fax: 203-792-3370

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CALL CENTER TECHNOLOGIES, (DJS) | : | CIVIL ACTION NO. 3:03CV1036 |
| Plaintiff, | | |
| v. | | |
| GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION, INTERLINE TRAVEL & TOUR, INC. | | |
| Defendants. | : | DECEMBER 11, 2006 |

### CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2006, a copy of foregoing, Notice of Status and Request of Telephonic Conference was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Kevin P. Chamberlin
Kevin P. Chamberlin
Federal Bar No. ct26843
39 Mill Plain Road, Suite 10
Danbury, CT  06811
Phone: 203-792-0011
Fax:  203-792-3370
Chamberlaw3@aol.com

Case 3:03-cv-01036-DJS   Document 162   Filed 12/11/2006   Page 5 of 9
Case 3:03-cv-01036-DJS   Document 161   Filed 12/08/2006   Page 25 of 26
Case 1:06-mc-00904-LY   Document 5   Filed 12/06/2006   Page 1 of 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2006 DEC -6 AM 9:47
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | |
|---|---|
| CALL CENTER TECHNOLOGIES, § | |
| § | |
| PLAINTIFF, § | |
| § | |
| V. § | A-06-MC-904 LY |
| § | |
| GRAND ADVENTURES TOUR & § | |
| TRAVEL PUBLISHING CORPORATION, § | |
| INTERLINE TRAVEL & TOUR, INC. § | |
| § | |
| DEFENDANTS. § | |

## FINAL JUDGMENT

Before the Court is the above-referenced cause. The action, commenced by Plaintiff Call Center Technologies, involves only its Motion to Compel Compliance by Grant Thornton, L.L.P. with Subpoena Duces Tecum (Doc. #1). This action relates to civil action No. 3:03CV1036 styled *Call Center Technologies v. Grand Adventures Tour & Travel Publishing Corporation*, which was pending in the District of Connecticut at the time Plaintiff instituted this action. *See Call Ctr. Tech. v. Grand Adventures Tour & Travel Publ'g Corp.*, No. 3:03CV1036 (D. Conn. filed June 3, 2003). The motion was referred to United States Magistrate Judge Robert Pitman for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas on November 15, 2006 (Doc. #2).

On November 11, 2006, the Magistrate Judge issued a show cause order to Plaintiff to show cause in writing on or before Monday, November 27, 2006, why this action should not be dismissed for lack of jurisdiction. The Magistrate Judge issued the show cause order because the United States District Court for the Northern District of Texas, and not this Court, issued the subpoena to nonparty

Case 3:03-cv-01036-DJS   Document 162   Filed 12/11/2006   Page 6 of 9
Case 3:03-cv-01036-DJS   Document 161   Filed 12/08/2006   Page 26 of 26
Case 1:06-mc-00904-LY   Document 5   Filed 12/06/2006   Page 2 of 2

Grant Thornton, L.L.P. *See* FED. R. CIV. P. 45(c)(2)(B) (party serving subpoena is not entitled to inspect and copy requested materials except pursuant to order of court by which subpoena was issued). To date, Plaintiff has not complied with the order. Thus, the Court renders the following Final Judgment pursuant to Federal Rule of Civil Procedure 58.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that all pending motions are **DISMISSED**.

**IT IS FINALLY ORDERED** that this case is hereby **CLOSED**.

SIGNED this 6th day of December, 2006.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE

2

Case 3:03-cv-01036-DJS   Document 162   Filed 12/11/2006   Page 7 of 9
Case 3:03-cv-01036-DJS   Document 161   Filed 12/08/2006   Page 21 of 26
Case 1:06-mc-00905-LY   Document 10   Filed 12/05/2006   Page 1 of 3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CALL CENTER TECHNOLOGIES, | § | |
| PLAINTIFF, | § | |
| V. | § | A-06-MC-905 LY |
| GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION, INTERLINE TRAVEL & TOUR, INC. | § | |
| DEFENDANTS. | § | |

### ORDER

Before the Court are the Motion to Compel Compliance by Sprouse & Anderson with Subpoena Duces Tecum filed November 13, 2006 (Doc. #1); Sprouse & Anderson, L.L.P.'s Response to Motion to Compel filed November 21, 2006 (Doc. #4); and Plaintiff's Reply to Sprouse & Anderson, L.L.P.'s Response to Motion to Compel filed November 28, 2006 (Doc. #6). Also before the Court are correspondence from Plaintiff dated November 28, 2006 (Doc. #7) and correspondence from Sprouse & Anderson dated November 28, 2006 (Doc. #8). On November 15, 2006, the motion was referred to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C to the Local Rules of the United States District Court for the Western District of Texas. On December 5, 2006, the Court conducted a telephonic hearing on the matter, at which time counsel for Plaintiff Call Center Technologies and for nonparty Sprouse & Anderson appeared.

By way of the motion, Plaintiff asks this Court to compel Sprouse & Anderson to produce documents pursuant to a subpoena duces tecum that Plaintiff issued on Sprouse & Anderson on July 18, 2006. *See* FED. R. CIV. P. 45. The underlying action is pending in district court in Connecticut. *See Call Ctr. Tech. v. Grand Adventures Tour & Travel Publ'g Corp.*, No. 3:03CV1036 (D. Conn. filed June 3, 2003). Plaintiff addressed the subpoena to Sprouse & Anderson at an Austin, Texas address, and issued the subpoena from the district court in the Western District of Texas. However, the subpoena required production of the documents from Sprouse & Anderson in Dallas, Texas, which is in the Northern District of Texas.

Case 3:03-cv-01036-DJS   Document 163   Filed 12/11/2006   Page 8 of 9
Case 3:03-cv-01036-DJS   Document 161   Filed 12/08/2006   Page 22 of 26
Case 1:06-mc-00905-LY   Document 10   Filed 12/05/2006   Page 2 of 3

Sprouse & Anderson objected to the subpoena on several grounds, including on the basis that the subpoena was procedurally defective because it was issued from the Western District of Texas but sought production of documents in the Northern District of Texas.[1] The Court agrees with Sprouse & Anderson that this procedural defect is fatal to this Court's jurisdiction to enforce the subpoena.

Federal Rule of Civil Procedure 45 states that a subpoena duces tecum for production, inspection, or copying, if separate from a subpoena commanding a person's attendance, must issue from the court for the district where the production or inspection is to be made. FED. R. CIV. P. 45(a)(2)(C). As the Court explained during the hearing, the Court considers this language to be straightforward and mandatory.[2] Because the subpoena sought production of documents in the Northern District, the district court for the Northern District, rather than the district court for the Western District, must have issued the subpoena. Thus, this Court is without jurisdiction to enforce

---

[1] Sprouse & Anderson initially objected that the motion to compel, filed November 13, 2006, was untimely filed. Based on the scheduling order set forth by the Connecticut District Court, Plaintiff had to file its motion to compel on or before November 9, 2006. Plaintiff did file the motion on November 9, 2006, but erroneously filed the motion in a closed case in the Western District of Texas that involved a related discovery matter. Once the clerk of the court notified Plaintiff of the procedural error, Plaintiff refiled the motion on November 13, 2006, as an independent, miscellaneous case in the Western District of Texas. Thus, the Court finds that Plaintiff substantially complied with the scheduling order deadline and does not consider the motion to be untimely filed.

[2] The commentary to Rule 45 further clarifies that it is the attorney's responsibility to ensure that the subpoena is issued from the proper district court:

> The attorney must issue it "from" the right district court, however. That will most often be the court of the district in which the action is pending. But when the subpoena seeks testimony or materials from a witness beyond the territorial reach of the action-pending district (see Commentary C45-12 et seq. below), it must issue "from" the district court of the district in which the deposition or production is sought. See subdivision (b)(2). The attorney must be careful to caption the subpoena "from" the appropriate district, as to both the testimonial and duces tecum subpoenas.

David D. Siegel, Practice Commentaries, C45-4. ISSUANCE; FROM WHAT COURT?, FED. R. CIV. P. 45.

Case 3:03-cv-01036-DJS    Document 162    Filed 12/11/2006    Page 9 of 9
Case 3:03-cv-01036-DJS    Document 161    Filed 12/08/2006    Page 23 of 26
Case 1:06-mc-00905-LY    Document 10    Filed 12/05/2006    Page 3 of 3

the subpoena.

**IT IS THEREFORE ORDERED** that the Motion to Compel Compliance by Sprouse & Anderson with Subpoena Duces Tecum (Doc. #1) is **DISMISSED WITHOUT PREJUDICE**.

**SIGNED** this 5th day of December, 2006.

_____
ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE