UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CALL CENTER TECHNOLOGIES, : | CIVIL ACTION NO. 3:03CV1036 (DJS) |
| Plaintiff, : | |
| v. : | |
| GRAND ADVENTURES TOUR & : | |
| TRAVEL PUBLISHING CORPORATION, : | |
| INTERLINE TRAVEL & TOUR, INC. : | |
| Defendants. : | JANUARY 23, 2007 |

**DEFENDANT INTERLINE TRAVEL & TOUR INC.'S MEMORANDUM OF LAW IN
SUPPORT OF ITS OBJECTION TO PLAINTIFF'S JANUARY 12, 2007
"MEMORANDUM" CONCERNING ITS "REQUEST FOR ORDER"**

Interline Travel & Tour, Inc. ("Interline") submits the foregoing Memorandum of Law in support of its Objection to the Plaintiff's "Memorandum" concerning its "Request for Order" served by plaintiff, Call Center Technologies ("CCT" or "Plaintiff") on or about January 16, 2007.

**ORAL ARGUMENT REQUESTED/
TESTIMONY NOT REQUIRED**

1

## I. INTRODUCTION

The plaintiff's "request" to extend the deadlines for serving third party subpoenas and filing third party motions to compel should be denied. As will be discussed herein, the plaintiff has failed to comply with the motion requirements set forth in Fed. R. Civ. P. 6(b) and L.Civ.R. 7 which pertain to post-deadline motions. As such, this court cannot exercise its discretion and consider whether plaintiff's counsel can be permitted to re-serve a third party subpoena on Sprouse & Anderson ("Sprouse & Anderson") and re-file a third party Motion to Compel on Grant Thornton at this late date. In the unlikely event that this Court does consider the plaintiff's procedurally improper request, the plaintiff has failed to demonstrate 'excusable neglect' (as is required by Fed. R. Civ. P. 6(b)) to justify re-opening the discovery deadlines in this case.

## II. FACTS

### A. The Plaintiff's Complaint

This is a purported breach of contract and successor liability case brought by the plaintiff, Call Center Technologies ("CCT"), against Grand Adventures Tour & Travel Publishing Corporation ("GATT") and Interline. The plaintiff's Third Amended Complaint dated February 15, 2006 contains two counts. The First Count is directed to defendant GATT. The plaintiff alleges that pursuant to an "Agreement", GATT purchased "certain telecommunications goods

2

called an Aspect Call Center". *Third Amended Complaint dated February 16, 2006*, ¶¶ 6, 14. GATT is not a party to the Customer Agreement, but another incorporated entity with a similar name, Grand Adventures Tour & Travel, Inc. (GATTInc."), is. Plaintiff purports to bridge the gap between the two entities by alleging that GATT was "doing business as" GATTInc., although the plaintiff has not presented evidence to support this allegation. *Third Amended Complaint*, ¶ 4.

CCT claims that GATT ordered "additional parts" for the phone system in February 1999 and CCT supplied said parts. *Id.* at ¶ 30. CCT claims that GATT did not return "the Aspect Call Center or additional parts" or pay for them. *Id.* at ¶¶ 32-34 CCT alleges that the value of the Aspect Call Center and the additional parts is $136,090.00 and $13,990.00, respectively. *Id.* at ¶ 32. The plaintiff claims that although demand for payment has been made, GATT has paid the sum of $35,000.00 but has refused and neglected to pay the balance. *Id.* at ¶ 33.

The Second Count is directed to Interline. CCT incorporates by reference the allegations of the First Count against GATT (*Id.* at ¶¶ 1-99) and claims that Interline is the successor of GATT and therefore liable for GATT's alleged debt under the Agreement. *Id.* at ¶¶ 100-109.

Interline denied the substantive allegations of the plaintiff's Third Amended Complaint and asserted certain affirmative defenses, including lack of personal jurisdiction and standing,

3

setoff and recoupment, and the doctrine of unclean hands. *Interline's Answer and Affirmative Defenses dated May 19, 2006.*

### B. Relevant Procedural History

On June 6, 2006, this Court issued an Order stating, in relevant part, "Discovery in this case is closed with the following exception. The subpoenas served on Akin Gump; Grant Thornton; Jackson Walker, LLP and Sprause [sic] Anderson in June 2005 are hereby QUASHED; however, plaintiff may serve, on or before July 11, 2006, new subpoenas. If plaintiff does not serve the subpoenas on Akin, Gump; Grant Thornton; Jackson Walker, LLP and Sprause & Anderson on or before July 11, 2006, <u>plaintiff will have forfeited its right to do so.</u>"[emphasis added] *See Order dated June 6, 2006, Docket No. 135.* The Plaintiff failed to serve the third party subpoenas on or before the July 11, 2006 deadline. Notwithstanding its failure to comply with the Court's deadline, the Court granted a Motion for Extension of Time filed by the Plaintiff and issued an Order stating: "CCT's motion (dkt. #138) for an extension of time (beyond ruling) to complete service of subpoenas on Akin, Gump; Grant Thornton; Jackson Walker, LLP and Sprause [sic] & Anderson is GRANTED. Plaintiff may serve, on or before August 4, 2006, new subpoenas on Akin, Gump; Grant Thornton; Jackson Walker, LLP and Sprause [sic] & Anderson. **<u>NO FURTHER EXTENSIONS OF TIME SHALL BE GRANTED.</u>** *See Order dated July 18, 2006, Docket No. 142.*

4

It is undisputed, and plaintiff's counsel admits, that the subpoena served upon third party Sprouse & Anderson was defective. Plaintiff's counsel prepared, and caused to be served, a Subpoena Duces Tecum upon Sprouse & Anderson that was issued from the Western District of Texas seeking the production of documents in the Northern District of Texas. Plaintiff also engaged a Texas lawyer, James W. George, in connection with this subpoena. On August 1, 2006, counsel for Sprouse & Anderson filed an Objection to the subpoena and apprised plaintiff's counsel that the subpoena was procedurally defective. Plaintiff's counsel could have moved quickly to cure the defect and serve Sprouse & Anderson with a procedurally-proper subpoena before the August 4, 2006 deadline lapsed, but made no effort to correct its fatal mistake.

On October 10, 2006, the parties held a telephone conference before the Honorable Dominic J. Squatrito. The result of that Court conference were a series of mandates, some of which are set forth in the Court's October 10, 2006 Order. (Document No. 152). Among the mandates were that, by **November 9, 2006**, plaintiff's counsel was to have completed the filing of any third party motions to compel discovery by November 9, 2006 or be precluded from doing so after that date. Interline disputes that Plaintiff's counsel timely filed third party motions to compel on Spouse Anderson, LLP and Grant Thornton. What is not disputed is that both

5

LAW OFFICES OF LAURA FLYNN BALDINI, LLC – JURIS NO. 421267 - LBALDINI@FLYBAL-LAW.COM
P.O. BOX 887 – 74 BATTERSON PARK ROAD – FARMINGTON, CT – 06034-0887 - (860) 676-3123 – FAX: (860) 606-9797

Motions to Compel were dismissed by the judges presiding over these motions in the Western District of Texas.

Plaintiff's November 13, 2006 Motion to Compel Sprouse & Anderson was dismissed because the subpoena filed on Sprouse & Anderson, LLP was procedurally defective. On December 5, 2006, the Honorable Robert Pitman, Magistrate Judge of the United States District Court for the Western District of Texas ruled that the Plaintiff's subpoena was procedurally defective because it "required the production of documents from Sprouse & Anderson in Dallas, Texas, which is in the Northern, not Western District of Texas". *Order from United States Magistrate Judge Robert Pitman re: case No: A-06-MC-905*, p.1.

The Plaintiff's Motion to Compel Grant Thornton was similarly dismissed because it was filed in the wrong court. On December 6, 2006, the Honorable Lee Yeakel of the United States District Court for the Western District of Texas issued a Final Judgment which identifies the fact that Plaintiff's Texas counsel filed its Motion to Compel in the United States District Court for the Western District of Texas even though the subpoena served upon Grant Thornton was issued from the Northern District of Texas. The Court stated that a "party serving [a] subpoena is not entitled to inspect and copy requested materials except pursuant to order of court by which subpoena was issued." *See December 6, 2006 Final Judgment from United States District Judge Lee Yeakel re: Cause No: A-06-MC-904*, p.2 attached to Plaintiff's Memorandum at Exhibit H.

6

Law Offices of Laura Flynn Baldini, LLC – Juris No. 421267 – lbaldini@flybal-law.com
P.O. Box 887 – 74 Batterson Park Road – Farmington, CT – 06034-0887 – (860) 676-3123 – Fax: (860) 606-9797

On January 11, 2007, the undersigned received notice that plaintiff's counsel was attempting to seek admission to the Northern District of Texas for the purpose of proceeding with a Motion to Compel against Grant Thornton. *See* Correspondence from Attorney Kevin Chamberlin to Attorney Laura Baldini attached hereto as **Exhibit A**. Plaintiff's counsel submitted this application despite the fact that the November 9, 2006 deadline to file Motions to Compel had expired and despite the Court's October 10, 2006 Order.

As will be discussed herein, plaintiff's counsel should be precluded from "re-serving" a third party subpoena on Sprouse & Anderson and should be precluded from "re-filing" any motions in connection with the Grant Thornton subpoena. Plaintiff has failed to comply with the rules of this Court in seeking yet another discovery extension and has further failed to show 'excusable neglect' to justify re-opening the discovery deadlines once again in this case.

### III. ARGUMENT

#### A. Plaintiff's Request For An Extension Of Time Is Procedurally Improper And Cannot Be Considered By This Court

Federal Rule of Civil Procedure governs extensions of time for various filings with the trial court. When a court sets a deadline, the court may, for cause, exercise its discretion *"upon motion made after the expiration of the specified period"* and permit the belated action *"where the failure to act was the result of excusable neglect."* [emphasis added] Fed. R. Civ. P. 6(b).

7

In *Lujan v. National Wildlife Federation*, the Supreme Court noted the distinction between this provision and Rule 6(b)(1), which allows a court to grant an extension if a "request" is made **before the time for filing expires**. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 896 n.5, 110 S.Ct. 3177, 111 F. Ed. 2d 695 (1990). By contrast, the Court emphasized that post-deadline extensions may be granted only "for cause shown" and "upon motion." *Id.* at 896. Any post-deadline motion "must contain a high degree of formality and precision, putting the opposing party on notice that a motion is at issue and that he therefore ought to respond." *Id.* at 896 n.5.

In *Smith v. District of Columbia*, 368 U.S. App. D.C. 361, 430 F.3d 450 (2005)(copy attached as **Exhibit B**), the District Court of Appeals for the District of Columbia Circuit considered whether the district court abused its discretion in permitting the defendant to file a motion for summary judgment where the filing deadline had passed and the defendant failed to file a motion to extend the filing deadline. The Appellate Court held that the district court had abused its discretion in entertaining the late motion for summary judgment. *Smith*, 368 U.S. App. D.C. at 457. The Court held that "[i]n the absence of any motion for an extension, the trial court had no basis on which to exercise its discretion." *Id.*; *see also* Lujan, 497 U.S. at 896 (stating that "any *post* deadline extension must be 'upon motion made'").

8

In the present case, it would be an abuse of the Court's discretion to consider the plaintiff's "request" to re-open discovery in this case. It is undisputed that the deadlines for filing third party subpoenas (August 4, 2006) and third-party motions to compel (November 9, 2006) have expired. Plaintiff's counsel has failed to file a motion to obtain post-deadline extension as is required by Fed. R. Civ. P. 6(b) and this Court can therefore not consider the plaintiff's requests.

Indeed, the "Memorandum" filed by plaintiff's counsel can hardly be construed as a motion. It was not filed as such and lacks the "high degree of formality and precision" that is required of a post-deadline motion. Moreover, the "Memorandum" cannot possibly be construed as a motion as it does not comply with the Local Rules of Civil Procedure. The Local Rules of Civil procedure require a party seeking an extension of time to include in the motion a statement that: "(1) he or she has inquired of opposing counsel and there is agreement or objection to the motion, or that (2) despite diligent effort, he or she cannot ascertain opposing counsel's position." L.Civ.R. 7(b)(3). Plaintiff's counsel failed to comply with these requirements. The "Memorandum" also does not comply with the requirements of L.Civ.R. 7(a)(1). For these reasons, plaintiff's "Memorandum" request should be denied by this Court.

9

LAW OFFICES OF LAURA FLYNN BALDINI, LLC – JURIS NO. 421267 - LBALDINI@FLYBAL-LAW.COM
P.O. BOX 887 – 74 BATTERSON PARK ROAD – FARMINGTON, CT – 06034-0887 - (860) 676-3123 – FAX: (860) 606-9797

**B.    Plaintiff's Memorandum Request, Even Broadly Construed, Should Not Be Granted**

In the unlikely event that the Court was to construe the plaintiff's filing as a motion (which it clearly is not), the plaintiff has failed to comply with the requirements set forth in Fed. R. Civ. P. 6(b). Rule 6(b) sets out the proper approach in the case of late filings:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . . ."

Fed. R. Civ. P. 6(b).

The Supreme Court addressed the meaning of 'excusable neglect' in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 123 L L.Ed. 2d 74, 113 S. Ct. 1489 (1993). In *Pioneer*, the Supreme Court set forth factors to consider when determining what kind of neglect will be considered "excusable". These include: 1) the danger of prejudice to the party opposing the modification; 2) the length of delay and its potential impact on judicial proceedings; 3) the reason for the delay, including whether it was within the reasonable control

10

of the movant; and 4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 123 L L.Ed. 2d 74, 113 S. Ct. 1489 (1993).

In *Lowry v. McDonnell Douglas Corporation*, 211 F.3d 457 (U.S. Ct. App. 8th Cir. 2000) (copy attached as **Exhibit C**), the United States Court of Appeals for the Eighth Circuit considered whether the district court had abused its discretion in holding that the plaintiff had demonstrated excusable neglect so as to entitle her to an extension of time to file a notice of appeal because her reason for delay was her counsel's miscalculation of dates. In holding that the district court had abused its discretion, the Appellate Court stated that the plaintiff's attorney's failure to properly calculate the correct time to file the notice of appeal was "garden variety inattention." The Court explained that "[a]lthough neglect no longer needs to be beyond a party's control to be deemed excusable, inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Lowry v. McDonnell Douglas Corporation*, 211 F.3d 457, 463 (U.S. Ct. App. 8th Cir. 2000); *Pioneer*, 507 U.S. at 392. The Court further added that "[n]otwithstanding the "flexible" *Pioneer* standard, experienced counsel's misapplication of clear and unambiguous procedural rules cannot excuse his failure to file a timely notice of appeal." *Lowry*, 211 F.3d at 463. The Court stated that the attorney's excuses were "so thin as to leave the lapse not only unexcused but inexplicable" and noted that "[i]f we were to apply the excusable neglect standard to require

11

that we deem Lowry's neglect excusable in this case, it is hard to fathom the kind of neglect that we would not deem excusable." *Id.*; *see also Advanced Estimating Sys., Inc. v. Riney*, 130 F. 3d 996, 998 (11th Cir. 1997)("a lawyer's misunderstanding of clear law cannot constitute excusable neglect.").

In the present case, plaintiff's counsel has failed demonstrate 'excusable neglect'. In fact, plaintiff's counsel has conceded that his failure to serve a proper subpoena on Sprouse & Anderson and Motion to Compel on Grant Thornton was due to his own inattention in making "scrivener's errors" ("Memorandum" at p. 6) and "clerical errors" ("Memorandum" at p. 8) and in "relying on local counsel's expertise." ("Memorandum" at p. 8). The law is clear, however, that a lawyer's inadvertence, ignorance of the rules, or mistakes construing the rules do not constitute 'excusable' neglect. *Lowry*, 211 F.3d at 463. If they could, almost every lawyer would plead his own inability to understand the law when he fails to comply with a deadline. *Id.* That is precisely what plaintiff's counsel is attempting to do here. Plaintiff' counsel was fully aware of the orders issued by this Court concerning the service of third party subpoenas and motions to compel. His (and his Texas co-counsel's) misapplication of clear and unambiguous procedural rules cannot excuse his failure to serve a procedurally proper subpoena on Sprouse & Anderson and failure to file a procedurally proper Motion to Compel on Grant Thornton. *See Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996 (11th Cir.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC – JURIS NO. 421267 - LBALDINI@FLYBAL-LAW.COM
P.O. BOX 887 – 74 BATTERSON PARK ROAD – FARMINGTON, CT – 06034-0887 - (860) 676-3123 – FAX: (860) 606-9797

1997);*Committee v. Yost*, 92 F.3d 814, 825 (9th Cir. 1996)(ignorance of procedural rule not excusable neglect); *Prizevoits v. Indiana Bell Telephone Co.*, 76 F.3d 132, 133 (7th Cir. 1996)("the excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules"). For these reasons, the plaintiff's "Memorandum" request should be denied.

The plaintiff's request should also be denied because if granted, it will unfairly prejudice Interline and unnecessarily delay the proceedings in this case. Interline will be prejudiced if the Court grants the plaintiff's requests because it will have to incur the cost and expense of reviewing (and, if necessary, responding to on its own behalf) any subpoenas and motions to compel served by the plaintiff. Having already done this twice before, Interline will have to pay the undersigned, for yet a third time, all as a result of plaintiff's counsel's inability to comply with clear and unambiguous procedural rules. The proceedings in this case will also be delayed because the third parties, having already objected to the subpoenas served upon them, will likely object to any further attempts by plaintiff's counsel to obtain documents from them. If history is a guide, it will take months before issues related to these third-party subpoenas are resolved.

Plaintiff's counsel has had almost eighteen months to obtain information from third parties in connection with this case. This Court even re-opened an expired discovery deadline

13

LAW OFFICES OF LAURA FLYNN BALDINI, LLC – JURIS NO. 421267 - LBALDINI@FLYBAL-LAW.COM
P.O. BOX 887 – 74 BATTERSON PARK ROAD – FARMINGTON, CT – 06034-0887 - (860) 676-3123 – FAX: (860) 606-9797

in January 2006 (even after Interline had filed its Motion for Summary Judgment) to further assist plaintiff's counsel in this regard. Opening the discovery deadline for yet a second time would be patently unfair in light of the many discovery and other deadlines that plaintiff's counsel has missed in this case[1]. Moreover, the Court's prior rulings concerning service of third party subpoenas and filing of motions to compel make it clear that no further extensions of time shall be granted. *See Order dated July 18, 2006, Doc. No. 142(*"**NO FURTHER EXTENSIONS OF TIME SHALL BE GRANTED**" discussing service of third party subpoenas); *Order dated October 10, 2006* Doc. No. 152 ("should plaintiff fail to file these motions before November 9, 2006, plaintiff shall be foreclosed from filing further motions to compel."). As discussed, *supra*, the factors set forth in *Pioneer* were not intended to create leniency for an attorney's disobedience of plain law. *Lowry*, 211 F.3d at 463. Giving the plaintiff another chance to "get it right" would clearly prejudice Interline and unnecessarily delay this case.

---

[1] See Interline's Objection to Motion for Extension of Time dated July 17, 2006 (Court, despite self-executing Order dated June 6, 2006[1] and Interline's Objection, allows plaintiff's counsel to file third-party subpoenas after July 11, 2006 deadline); Interline's Objection to Motion for Extension of Time and Motion for Fees and Costs dated May 30, 2006; Interline's Objection to Plaintiff's Motion for Extension of Time dated February 17, 2006 at ¶ 5 (Plaintiff's counsel, despite Court Order dated January 19, 2006 and Interline's Objection, is permitted to file Motion for Leave to Amend Complaint beyond February 10, 2006 deadline); Interline's Objection to Notice of Appearance and Motion for Enforcement of Court Order dated November 21, 2005 (Court, despite Interline's Objection, is permitted to engage successor counsel even after self-executing Order had dismissed case)[1]; Interline's Motion for Default Judgment dated October 27, 2004 (plaintiff permitted to engage successor counsel even after deadline to do passed and default judgment granted); see also, Order 111 (Court re-opens discovery on January 5, 2006 at plaintiff's counsel's request even though discovery deadline had expired on September 30, 2005 and Interline had already filed a Motion for Summary Judgment).

14

LAW OFFICES OF LAURA FLYNN BALDINI, LLC – JURIS NO. 421267 - LBALDINI@FLYBAL-LAW.COM
P.O. BOX 887 – 74 BATTERSON PARK ROAD – FARMINGTON, CT – 06034-0887 - (860) 676-3123 – FAX: (860) 606-9797

## IV. CONCLUSION

The plaintiff should not be permitted to re-serve a third party subpoena on Sprouse & Anderson and should be precluded from re-filing a third party motion to compel on Grant Thornton. The plaintiff has failed to comply with the motion requirements set forth in Fed. R. Civ. P. 6(b) and L.Civ.R. 7 which discuss post-deadline motions. Because the plaintiff has failed to comply with these rules, this court cannot exercise its discretion and consider the plaintiff's requests. Moreover, even if this Court does consider the plaintiff's procedurally improper request, the plaintiff has failed to demonstrate 'excusable neglect' (as is required by Fed. R. Civ. P. 6(b)) sufficient to re-open the discovery in this case.

**WHEREFORE**, for the reasons stated above and for the reasons set forth in Interline's Objection filed herewith, Interline respectfully requests that the Plaintiff's "Request" be denied, that its Objection by sustained, and for such other and further relief as this Court deems just and proper.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC – JURIS NO. 421267 - LBALDINI@FLYBAL-LAW.COM
P.O. BOX 887 – 74 BATTERSON PARK ROAD – FARMINGTON, CT – 06034-0887 - (860) 676-3123 – FAX: (860) 606-9797

Respectfully submitted,

DEFENDANT,
INTERLINE TRAVEL & TOUR, INC.

By: /s/ *[signature]*
LAURA F. BALDINI, ESQ.
Federal Bar Number ct19887
Law Offices Of Laura Flynn Baldini, LLC
P.O. Box 887
74 Batterson Park Road, 2nd Floor
Farmington, CT 06034-887
Tel. (860) 676-3123
Fax. (860) 606-9797
LBaldini@FlyBal-Law.com
Juris. No. 421267

16

LAW OFFICES OF LAURA FLYNN BALDINI, LLC – JURIS NO. 421267 - LBALDINI@FLYBAL-LAW.COM
P.O. BOX 887 – 74 BATTERSON PARK ROAD – FARMINGTON, CT – 06034-0887 - (860) 676-3123 – FAX: (860) 606-9797

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CALL CENTER TECHNOLOGIES, | : CIVIL ACTION NO. 3:03CV1036 (DJS) |
| Plaintiff, | : |
| v. | : |
| GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION; INTERLINE TRAVEL & TOUR, INC. | : |
| Defendants. | : JANUARY 23, 2006 |

### CERTIFICATE OF SERVICE

This is to certify that on January 23, 2007, a copy of Interline Travel & Tour Inc.'s Memorandum of Law In Support of its Objection to Plaintiff's January 12, 2007 "Memorandum" in connection with its "Request for Order" was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

Parties may access this filing through the Court's CM/ECF System.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC – JURIS No. 421267 - LBALDINI@FLYBAL-LAW.COM
P.O. BOX 887 – 74 BATTERSON PARK ROAD – FARMINGTON, CT – 06034-0887 - (860) 676-3123 – FAX: (860) 606-9797

Respectfully submitted,
DEFENDANT,
INTERLINE TRAVEL & TOUR, INC.

By: /s/ *signature*

LAURA F. BALDINI, ESQ.
Federal Bar Number ct19887
LAURA F. BALDINI, ESQ.
Federal Bar Number ct19887
Law Offices Of Laura Flynn Baldini, LLC
P.O. Box 887
74 Batterson Park Road, 2nd Floor
Farmington, CT 06034-887
Tel. (860) 676-3123
Fax. (860) 606-9797
LBaldini@FlyBal-Law.com
Juris. No. 421267

18

LAW OFFICES OF LAURA FLYNN BALDINI, LLC – JURIS NO. 421267 - LBALDINI@FLYBAL-LAW.COM
P.O. BOX 887 – 74 BATTERSON PARK ROAD – FARMINGTON, CT – 06034-0887 - (860) 676-3123 – FAX: (860) 606-9797