UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CALL CENTER TECHNOLOGIES, | : CIVIL ACTION NO. 3:03CV1036 (DJS) |
| Plaintiff, | : |
| v. | : |
| GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION, INTERLINE TRAVEL & TOUR, INC. | : |
| Defendants. | : FEBRUARY 2, 2007 |

**DEFENDANT INTERLINE TRAVEL & TOUR INC.'S
<u>MOTION FOR SANCTIONS</u>**

Pursuant to Fed. R. Civ. P. 11, Interline Travel & Tour, Inc. ("Interline"), a defendant in the above-captioned matter, respectfully requests that this Court impose sanctions on the plaintiff, Call Center Technologies ("CCT" or "plaintiff"), and plaintiff's counsel, Attorney Kevin Chamberlin, for filing an untruthful Disclosure of Expert Witness in connection with this case. Interline also seeks an order for the Court ordering the plaintiff to reimburse Interline for all fees and costs it has incurred as a result of this improper disclosure. These fees include, but are not limited to, the fees and costs incurred by Interline in connection with: 1) the preparation

and service of a Deposition Notice and Subpoena Duces Tecum for Richard J. Proctor, the "expert witness" disclosed by plaintiff's counsel ($549.80); 2) correspondence to plaintiff's counsel seeking reimbursement of its fees and costs ($67.50); and 3) the foregoing Motion for Sanctions ($697.50).

**A.    FACTS**

On or about November 9, 2006, plaintiff's counsel, Attorney Chamberlin, caused to be filed with the Court (erroneously) and served on the undersigned a Disclosure of Expert Witness. *See* Disclosure of Expert Witness dated November 9, 2006 attached hereto as **Exhibit A**. In reliance upon that disclosure, on December 15, 2006, the undersigned prepared and served a Notice of Deposition and Subpoena Duces Tecum to conduct Mr. Proctor's deposition on December 29, 2006. *See* Notice of Deposition and Subpoena Duces Tecum attached hereto as **Exhibit B**. Following the service of the Subpoena Duces Tecum, Mr. Proctor's office contacted the undersigned and advised that Mr. Proctor had not been engaged by Call Center Technologies and that Mr. Proctor was not, as plaintiff's counsel had represented, the plaintiff's "expert witness". *See* Correspondence from Reynolds & Rowella dated December 20, 2006 attached hereto as **Exhibit C**.

On January 11, 2007, the undersigned sent Attorney Chamberlin a letter requesting reimbursement for the fees and costs incurred by Interline in connection with the preparation and

service of the Deposition Notice and Subpoena Duces Tecum for Mr. Proctor. *See* Correspondence from Attorney Laura Baldini dated January 11, 2007 attached hereto as **Exhibit D**. Although Attorney Chamberlin said he would "discuss getting the funds from [his] client ASAP", the plaintiff did not reimburse Interline. *See* Correspondence from Attorney Chamberlin dated January 14, 2007 attached hereto as **Exhibit E**. To date, despite Interline's efforts to obtain compliance (*see* Attorney Certification attached hereto as **Exhibit F**), the plaintiff has refused to reimburse Interline for the fees and costs associated with its knowingly untruthful expert disclosure.

**B.    ARGUMENT**

Fed. R. Civ. P.11 provides, in relevant part:

**(b) Representations to Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,

(1)    it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(c) Sanctions.** If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law

3

LAW OFFICES OF LAURA FLYNN BALDINI, LLC – JURIS NO. 421267 - LBALDINI@FLYBAL-LAW.COM
P.O. BOX 887 – 74 BATTERSON PARK ROAD – FARMINGTON, CT – 06034-0887 - (860) 676-3123 – FAX: (860) 606-9797

firms, or parties that have violated subdivision (b) or are responsible for the violation.

Fed. R. Civ. P.11. The standard for triggering the award of fees under Rule 11 is objective unreasonableness. *See Calloway v. Marvel Ent. Group*, 854 F.2d 1452, 1469-70 (2d Cir. 1988), *rev'd in part on other grounds*, 493 U.S. 120 (1989).

In the present case, it was objectively unreasonable for plaintiff's counsel to file and serve a Disclosure of Expert Witness knowing that Mr. Proctor, the plaintiff's purported "expert," had not been retained by the plaintiff represent it in this case. Plaintiff's counsel's act of knowingly filing this fraudulent disclosure was done for an improper purpose and with the intent of harassing Interline. Moreover, plaintiff's counsel's improper disclosure has needlessly increased Interline's litigation costs as Interline had to pay the undersigned and a Connecticut State Marshal to prepare and serve Mr. Proctor's Notice of Deposition and Subpoena Duces Tecum. In addition, Interline has had to pay the undersigned to seek reimbursement for the fees and costs associated with plaintiff's counsel's fraudulent disclosure, including the preparation of correspondence to plaintiff's counsel and the foregoing motion.

## C.   CONCLUSION

The plaintiff's improper disclosure of its "expert witness" has resulted in needless harassment to, and unnecessary litigation costs for, Interline. Accordingly, the plaintiff and/or plaintiff's counsel should be sanctioned for their conduct and be ordered to reimburse Interline

4

for its fees and costs incurred in connection with the plaintiff's untruthful Disclosure of Expert Witness.

**WHEREFORE**, Interline respectfully requests that its Motion for Sanctions be granted, that Interline be reimbursed for all fees and costs it has incurred in connection with the plaintiff's untruthful Disclosure of Expert Witness, including, but not limited to, the fees and costs associated with:

1. the preparation and service of the Deposition Notice and Subpoena Duces Tecum for Richard J. Proctor ($549.80);

2. correspondence to plaintiff's counsel seeking reimbursement of its fees and costs ($67.50);

3. the foregoing Motion for Sanctions ($697.50).

Interline further requests that the Court do any or all of the following which is authorized under the Federal Rules, including an award of sanctions, and that it be awarded such other and further relief that the Court deems just and proper.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC – JURIS NO. 421267 - LBALDINI@FLYBAL-LAW.COM
P.O. BOX 887 – 74 BATTERSON PARK ROAD – FARMINGTON, CT – 06034-0887 - (860) 676-3123 – FAX: (860) 606-9797

Respectfully submitted,

DEFENDANT,
INTERLINE TRAVEL & TOUR, INC.

By: /s/ Laura F. Baldini
LAURA F. BALDINI, ESQ.
Federal Bar Number ct19887
Law Offices Of Laura Flynn Baldini, LLC
P.O. Box 887
74 Batterson Park Road, 2nd Floor
Farmington, CT 06034-0887
Tel. (860) 676-3123
Fax. (860) 606-9797
LBaldini@FlyBal-Law.com
Juris. No. 421267

6

Law Offices of Laura Flynn Baldini, LLC – Juris No. 421267 - lbaldini@flybal-law.com
P.O. Box 887 – 74 Batterson Park Road – Farmington, CT – 06034-0887 - (860) 676-3123 – Fax: (860) 606-9797

## ORDER

The foregoing MOTION, having been duly presented to this Court, it is hereby **ORDERED**, that the same be and hereby is GRANTED/DENIED.

THE COURT,

_____

JUDGE/Clerk

LAW OFFICES OF LAURA FLYNN BALDINI, LLC – JURIS NO. 421267 - LBALDINI@FLYBAL-LAW.COM
P.O. BOX 887 – 74 BATTERSON PARK ROAD – FARMINGTON, CT – 06034-0887 - (860) 676-3123 – FAX: (860) 606-9797

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CALL CENTER TECHNOLOGIES, | : CIVIL ACTION NO. 3:03CV1036 (DJS) |
| Plaintiff, | : |
| v. | : |
| GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION; INTERLINE TRAVEL & TOUR, INC. | : |
| Defendants. | : FEBRUARY 2, 2007 |

**CERTIFICATE OF SERVICE**

This is to certify that on February 2, 2007, a copy of Interline Travel & Tour Inc.'s Motion for Sanctions was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

Parties may access this filing through the Court's CM/ECF System.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC – JURIS NO. 421267 - LBALDINI@FLYBAL-LAW.COM
P.O. BOX 887 – 74 BATTERSON PARK ROAD – FARMINGTON, CT – 06034-0887 - (860) 676-3123 – FAX: (860) 606-9797

Respectfully submitted,
DEFENDANT,
INTERLINE TRAVEL & TOUR, INC.

By: _____
LAURA F. BALDINI, ESQ.
Federal Bar Number ct19887
Law Offices Of Laura Flynn Baldini, LLC
P.O. Box 887
74 Batterson Park Road, 2nd Floor
Farmington, CT 06034-0887
Tel. (860) 676-3123
Fax. (860) 606-9797
LBaldini@FlyBal-Law.com
Juris. No. 421267

9

LAW OFFICES OF LAURA FLYNN BALDINI, LLC – JURIS NO. 421267 - LBALDINI@FLYBAL-LAW.COM
P.O. BOX 887 – 74 BATTERSON PARK ROAD – FARMINGTON, CT – 06034-0887 - (860) 676-3123 – FAX: (860) 606-9797