UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CALL CENTER TECHNOLOGIES, INC    :    CIVIL ACTION NO. 3:03CV1036 (DJS)

Plaintiff,

v.

GRAND ADVENTURES TOUR &
TRAVEL PUBLISHING CORPORATION,
INTERLINE TRAVEL & TOUR, INC.

Defendants.    :    MARCH 10, 2007

**PLAINTIFF CALL CENTER TECHNOLIGIES, INC.'S OBJECTION TO
DEFENDANT'S MOTION FOR SANCTIONS**

The Plaintiff in the above captioned matter hereby objects to Defendant's Motion for Sanctions dated February 2, 2007 claiming an untruthful disclosure of expert witness in connection with this case

An Order (Docket #158) was drafted by the Court after a teleconference held with the parties on Tuesday, October 10, 2006. The contents of that Order were primarily that on or before November 9, 2006, the Plaintiff shall (A) provide Defendant's counsel with the balance of responses to the requests for production and interrogatories propounded by counsel for the Defendant; (B) file two motions to compel relating to outstanding discovery in Texas, and (C) disclose Plaintiff's expert witness. The Plaintiff disclosed an expert that he had spoken to previously so that he would not be barred from engaging the services of same. The

**ORAL ARGUMENT REQUESTED/
TESTIMONY NOT REQUIRED**

Defendant made two major errors of judgment and practice after this disclosure was made. The first error was to fail to communicate with Plaintiff's counsel before serving a notice of deposition. Defendant's counsel knew full well that discovery was nowhere near complete and assumed that this expert would not only be retained, but would be complete in his work when a trial date in this matter had not even been set. If Defense counsel had called or otherwise communicated with Plaintiff's counsel to arrange a mutual time for deposition as is the standard practice, she would have learned that he was not yet retained and therefore did not yet have any information to offer. The second error was to file yet another Motion for Sanctions not only requesting fees for the improperly served notice of deposition, but for preparation of the Motion for Sanctions itself all of which could have been avoided by simple and reasonable inquiry.

    The disclosure by Plaintiff's counsel was not presented for any improper purpose. It was not objectively unreasonable for Plaintiff's counsel to disclose Richard Proctor as an expert in the case. What was objectively unreasonable was for Attorney Baldini to fail to contact Plaintiff's counsel and acquire the essential facts of Dr. Proctor's status and knowledge of the case before noticing him for deposition. That failure was completely unreasonable in light of the fact that discovery was still ongoing not to mention that the expert is required to file any and all reports with opposing counsel and to that date, the expert had filed nothing.

WHEREFORE, the Plaintiff respectfully requests that this objection to Defendant's Motion for Sanctions be sustained.

Respectfully Submitted,

PLAINTIFF
CALL CENTER TECHNOLOGIES, INC.


/s/ Kevin P. Chamberlin
Kevin P. Chamberlin
Federal Bar No. ct26843
39 Mill Plain Road, Suite 10
Danbury, CT 06811
Phone: 203-792-0011
Fax: 203-792-3370
Chamberlaw3@aol.com


## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2007, a copy of foregoing Objection to Defendant's Motion to Correct the Court, was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.


/s/ Kevin P. Chamberlin
Kevin P. Chamberlin
Federal Bar No. ct26843
39 Mill Plain Road, Suite 10
Danbury, CT 06811
Phone: 203-792-0011
Fax: 203-792-3370
Chamberlaw3@aol.com

## ORDER

The foregoing objection, having been duly presented to this Court, it is hereby **SUSTAINED/OVERRULED.**

                          THE COURT,

                          _____
                          Judge/Clerk