UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CALL CENTER TECHNOLOGIES, | : |
| | : |
|     Plaintiff, | : |
| | : |
| v. | :    No. 3:03CV1036(DJS) |
| | : |
| GRAND ADVENTURES TOUR & | : |
| TRAVEL PUBLISHING CORPORATION | : |
| and INTERLINE TRAVEL & TOUR, INC., | : |
| | : |
|     Defendants. | : |

**RULING ON DEFENDANT'S MOTIONS FOR SANCTIONS**

Plaintiff Call Center Technologies ("CCT") brings this action against defendants "Grand Adventures Tour & Traveling Publishing Corporation ("Grand Adventures") and Interline Travel & Tour, Inc. ("Interline"). Pending before the Court are (1) "Defendant Interline Travel & Tour Inc.'s Motion for Sanctions for Failure to Comply with Discovery," dated September 20, 2006 **(dkt. # 147)**; (2) "Defendant Interline Travel & Tour Inc.'s Motion for Sanctions for Failure to Comply with Discovery," dated October 5, 2006 **(dkt. # 148)**; (3) "Defendant Interline Travel & Tour Inc.'s Motion to Dismiss[,] Motion For Enforcement of Court Order and Motion for Sanctions for Failure to Comply with Discovery" **(dkt. #s 154, 155, 156)**; (4) "Defendant Interline Travel & Tour Inc.'s Motion to Correct Court Order Dated October 10, 2006," **(dkt. # 159)**; and (5) "Defendant Interline Travel & Tour's Inc.'s Motion for Sanctions," dated February 2, 2007 **(dkt. # 171)**. On the basis of the representations set forth in Interline's moving papers, CCT's responses thereto, and other relevant filings, the Court finds that, Pursuant to Rule 37 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), sanctions against CCT are warranted.

Therefore, Interline's Rule 37 Motions for Sanctions **(dkt. #s 147, 148, 155)** are **GRANTED in part and DENIED in part**.  In addition, Interline's Motion for Enforcement of Court Order **(dkt. # 156)** is **GRANTED**.  However, Interline's Rule 41(b) Motion to Dismiss **(dkt. # 154)**; Interline's Motion to Correct the Court's Order of October 10, 2006 **(dkt. # 159)**; and Interline's Rule 11 Motion for Sanctions, dated February 2, 2007 **(dkt. # 171) are DENIED.**

## I.  Background

On or about August 3, 2006, Interline's counsel served Interline's Requests for Admission of Statements and Documents, dated August 3, 2006, and Interline's Second Set of Interrogatories and Requests for Production, dated August 3, 2006, upon CCT's counsel. Interline argues that CCT did not provide responses to these requests.  Instead of first filing a motion to compel responses, Interline filed two motions for sanctions, entitled, "Defendant Interline Travel & Tour Inc.'s Motion for Sanctions for Failure to Comply with Discovery," dated September 20, 2006, **(dkt. # 147)** and "Defendant Interline Travel & Tour Inc.'s Motion for Sanctions for Failure to Comply with Discovery," dated October 5, 2006 **(dkt. # 148)**. Thereafter, on October 10, 2006, the Court held a teleconference to address these motions.  The day of the teleconference, CCT filed "Plaintiff's Objection to Defendant's Second Set of Interrogatories and Requests for Production."  (Dkt. # 150.)

Pursuant to the teleconference of October 10, 2006, the Court issued the following order:

> 1.  Plaintiff's Objection to Defendant's Second Set of Interrogatories and Requests for Production **(dkt. # 150)** is **OVERRULED**.
>
> 2.  Plaintiff's counsel shall, on or before November 9, 2006, provide defendant's counsel with plaintiff's responses to defendant's "Requests for Admission of Statements and Documents dated August 3, 2006" and defendant's "Second Set of Interrogatories and Requests for Production dated August 3,

2006." **Should plaintiff's counsel fail to provide defendant's counsel with the above-mentioned discovery responses, plaintiff and plaintiff's counsel may be subject to sanctions pursuant to Fed. R. Civ. P. 37(b), including dismissal of this lawsuit.**

    3. Plaintiff's counsel indicated to the Court that he intends file two (2) motions to compel relating to the Texas subpoenas. Plaintiff's counsel shall file these motions on or before November 9, 2006. Should plaintiff fail to file these motions on or before November 9, 2006, plaintiff shall be foreclosed from filing further motions to compel.

    4. Plaintiff's counsel shall disclose his expert witness(es) to defendant's counsel on or before November 9, 2006. Defendant's counsel shall have the right to depose plaintiff's expert witness(es) and to obtain an expert witness.

    5. Plaintiff's counsel shall, on or before December 20, 2006, notify the Court and opposing counsel in writing as to the status of his acquisition of evidence from the third parties that he subpoenaed.

    6. Defendant may renew its motion for summary judgment on or before January 10, 2007.

(Dkt. # 152.) According to Interline, CCT failed to comply with this Court's Order of October 10, 2006. Specifically, Interline contends that CCT did not provide complete responses to Interline's "Second Set of Interrogatories and Requests for Production dated August 3, 2006," in that CCT did not provide complete responses to interrogatories numbers 6 and 9 and that CCT did not provide any responses to interrogatories numbers 5(b), 6(b), 7(b), and 8. (See Dkt. # 161, Ex. A, Baldini Aff. ¶ 7.) In addition, Interline asserts that CCT did not provide complete responses to Interlines "Requests for Admission of Statements and Documents dated August 3, 2006" in that CCT did not provide complete responses to requests for production numbers 1, 2, 5, 7, 9, and 11 and that CCT did not respond at all to requests for production numbers 3, 6, 7, 12 and 13. (See id.) Lastly, Interline asserts that CCT did not respond to numbers 48 and 55 of Interline's Requests for Admissions. Due to CCT's purported failure to comply with this Court's

Order of October 10, 2006, Interline filed the following motions: "Defendant Interline Travel & Tour Inc.'s Motion to Dismiss[,] Motion For Enforcement of Court Order and Motion for Sanctions for Failure to Comply with Discovery" **(dkt. #s 154, 155, 156)** and "Defendant Interline Travel & Tour Inc.'s Motion to Correct Court Order Dated October 10, 2006." **(dkt. # 159)**.

In addition, Interline asserts that on November 9, 2006, plaintiff's counsel erroneously filed with the Court and served upon defendant's counsel a Disclosure of Expert Witness, which named Richard J. Proctor ("Proctor") as plaintiff's expert witness. Thereafter, in reliance upon the disclosure, defendant's counsel prepared and served upon Proctor, a Notice of Deposition and Subpoena Duces Tecum. According to Interline, Proctor's office subsequently contacted defendant's counsel and indicated that he had not been retained as CCT's expert witness. Interline asserts that "it was objectively unreasonable for plaintiff's counsel to file and serve a Disclosure of Expert Witness knowing that Mr. Proctor, the plaintiff's purported "expert," had not been retained . . . ." and that "Plaintiff's counsel['s] act of knowingly filing this fraudulent disclosure was done for an improper purpose and with the intent of harassing Interline." (Dkt. # 171.) CCT responds by arguing that "[t]he Plaintiff disclosed an expert that he had spoken to previously so that he would not be barred from engaging the services of the same," and that "[i]f Defense counsel had called or otherwise communicated with Plaintiff's counsel to arrange a mutual time for deposition as is the standard practice, she would have learned that he [Proctor] was not yet retained and therefore did not yet have any information to offer." (Dkt. # 172.)

### II. Interline's Motion to Correct this Court's Order of October 10, 2006

To the extent Interline moves the Court to correct its Order of October 10, 2006, **(see**

4

**dkt. # 159)**, Interline's request is **DENIED**. The Court issued its Order of October 10, 2006, after holding a teleconference earlier that day. When the Court issued its order, it was well aware of all that transpired during the teleconference. The Court finds no need to amend or correct its order. Thus, Interline's Motion to Correct the Court's Order of October 10, 2006 **(dkt. # 159)** is **DENIED**.

### III. Interline's Motions to Dismiss for Failure to Comply with Discovery

Interline argues that, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, the Court should dismiss this lawsuit with prejudice because of CCT's failure to prosecute this lawsuit or comply with discovery. (See dkt. # 154.) According to Interline, the harsh sanction of dismissal is warranted because "the plaintiff has (1) failed to comply with the Court's October 10, 2006 Order; (2) failed to provide complete responses to Interline's Second Set of Interrogatories and Requests for Production dated August 3, 2005; (3) failed to respond to Interline's Requests for Admission of Statements and Documents dated August 3, 2006; and (4). failed to timely serve motions to compel the third parties subpoenaed in this case." (Id.)

Rule 41(b) provides in pertinent part, "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b). As the Second Circuit has observed, "[d]ismissal pursuant to Fed. R. Civ. P. 41(b) for failure to comply with an order of the court is a matter committed to the discretion of the district court." Alvarez v. Simmons Mkt. Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988); see also Mackensworth v. S.S. Am. Merch., 28 F.3d 246, 253 (2d Cir. 1994) (observing that "[d]ismissal of a claim may, of course, be an appropriate sanction for failure to prosecute a claim or failure to comply with discovery orders.").

5

Yet, the Second Circuit has warned that dismissal is "a harsh remedy to be utilized only in extreme situations." Mackensworth v. S.S. Am. Merch., 28 F.3d at 253 (internal quotations and citations omitted.)

> Indeed, with respect to Rule 41(b) dismissals, the Second Circuit has held,
>
> The correctness of a Rule 41(b) dismissal is determined in light of five factors. They are: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996); see also Drake v. Norden Syst. Inc., 375 F. 3d 248, 254 (2d Cir. 2004). Interline, in arguing that it has been prejudiced by CCT's actions, attempts to resurrect several case management disputes that were long ago decided by this Court. The Court, well aware of its prior decisions, finds that, in light of the Lucas balancing test and the contentious history of this case, the harsh remedy of dismissal is not warranted here. Rather, the Court shall impose a less dramatic sanction, see infra, Section IV. Thus, to the extent that Interline moves, pursuant to Rule 41(b), to dismiss this lawsuit with prejudice, **(see dkt. # 154)**, its motion is **DENIED**.

### IV. Interline's Motions for Sanctions  (Dkt. #s 147, 148, & 155)

Interline argues that, pursuant to Rule 37 of the Federal Rules of Civil Procedure, the Court should dismiss this case as a discovery sanction. Indeed, Interline asserts that "plaintiff [CCT] has willfully and in bad faith, failed to fully respond to Interline's Requests for Admission of Statement and Documents dated August 3, 2006 and Second Set of Interrogatories and Requests for Production dated August 3, 2006." Fed. R. Civ. P. 37(b) reads,

> If a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision(a) of this rule . . . the court . . . may make such orders in regard to the failure as are just, and among others the following:
>
> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
>
> (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;
>
> (E) Where a party has failed to comply with an order under Rule 35(a) requiring that party to produce another for examination, such orders as are listed in paragraphs (A), (B), and (C) of this subdivision, unless the party failing to comply shows that that party is unable to produce such person for examination.
>
> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b). "A federal district court possesses broad inherent power to protect the administration of justice by levying sanctions in response to abusive litigation practices." Penthouse Intern., Ltd. v. Playboy Enterprises, Inc., 663 F.2d 371, 386 (2d Cir. 1981).

### A. Basis for Sanctions

The predicate for imposition of sanctions pursuant to Rule 37(b) is failure to obey a lawful order from this court. "Provided that there is a clearly articulated order of the court

requiring specified discovery, the district court has the authority to impose Rule 37(b) sanctions for noncompliance with that order." Daval Steel Products, a Div. of Francosteel Corp. v. M/V Fakredine, 951 F.2d 1357, 1363 (2d Cir. 1991).

Here, Interline argues that CCT failed to fully comply with this Court's Order of October 10, 2006. On October 10, 2006, the court ordered,

> 2. Plaintiff's counsel shall, on or before November 9, 2006, provide defendant's counsel with plaintiff's responses to defendant's "Requests for Admission of Statements and Documents dated August 3, 2006" and defendant's "Second Set of Interrogatories and Requests for Production dated August 3, 2006." **Should plaintiff's counsel fail to provide defendant's counsel with the above-mentioned discovery responses, plaintiff and plaintiff's counsel may be subject to sanctions pursuant to Fed. R. Civ. P. 37(b), including dismissal of this lawsuit.**

(Dkt. # 152.) CCT counters,

> Plaintiff has responded to ninety requests for admissions and twenty three requests for admission of documents. In addition, the Plaintiff has responded to all but seven of the Defendant's interrogatories [sic] has identified the production that it can at this point, and cannot provide all of the documents responsive to the production requests until discovery is complete. Therefore, the Plaintiff has to the extent possible complied with the Order of the Court dated October 10, 2006.

(Dkt. # 160.) Interline replies by offering evidence that: (1) CCT has failed to provide responses to interrogatory numbers 5(b), 6(b), 7(b), and 8; (2) CCT has failed to provide complete responses to interrogatory numbers 6 and 9; (3) CCT has failed to provide responses to requests for production numbers 3, 6, 7, 12, and 13; (4) CCT has failed to provide complete responses to requests for production numbers 1, 2, 5, 8, 9, and 11; and (5) CCT has failed to provide responses to requests for admission numbers 48 and 55. (See dkt. # 161, Ex. A., Baldini Aff. ¶ 7.)

The court finds that CCT has failed to fully comply with its Order of October 10, 2006,

which directed CCT to provide Interline with responses to defendant's "Requests for Admission of Statements and Documents dated August 3, 2006" and defendant's "Second Set of Interrogatories and Requests for Production dated August 3, 2006." Moreover, the Court notes that its Order of October 10, 2006 was imposed under the authority of Rule 37(a) and warned that "**Should plaintiff's counsel fail to provide defendant's counsel with the above-mentioned discovery responses, plaintiff and plaintiff's counsel may be subject to sanctions pursuant to Fed. R. Civ. P. 37(b), including dismissal of this lawsuit.**" (Dkt. # 152.)

### B.  Sanctions

Having found that CCT violated Rule 37(a), the Court must determine the appropriate sanction to impose upon it. "The imposition of sanctions under Rule 37 is within the discretion of the district court. . . ." John B. Hull Inc. v. Waterbury Petroleum Products, Inc., 845 F.2d 1172, 1176 (2d Cir. 1988).

> Numerous factors are relevant to a district court's exercise of its broad discretion to order sanctions under Rule 37, including (1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of his non-compliance. See Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 852-54 (2d Cir. 1995). In addition, an award of sanctions under Rule 37 should effectuate its three purposes: (1) obtaining compliance with discovery orders; (2) ensuring the disobedient party does not benefit from non-compliance; and (3) providing a general deterrent in the particular case and litigation in general. See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 . . . (1976); . . . The Court may consider the full record in the case in order to select the appropriate sanction . . . .

Abreu v. City of New York, 208 F.R.D. 526, 529 (S.D.N.Y. 2002).

Interline argues that the Court should dismiss plaintiff's lawsuit because CCT has willfully, and in bad faith, failed to fully respond to "Interline's Requests for Admission of

Statements and Documents dated August 3, 2006," and "Interline's Second Set of Interrogatories and Requests for Production dated August 3, 2006." The Court disagrees that dismissal is the appropriate sanction. Rule 37(b)(2)(c) gives the court considerable discretion in fashioning an appropriate sanction; however, willfulness, bad faith, or gross negligence must be found before a case may be dismissed. See John B. Hull, Inc., 845 F.2d at 1176 (observing that "[d]ismissal under Rule 37 is warranted, however, where a party fails to comply with the court's discovery orders willfully, in bad faith, or through fault."). "Non-compliance may be deemed willful 'when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control.'" Abreu, 208 F.R.D. at 530. In addition, a "party's persistent refusal to comply with a discovery order presents sufficient evidence of wilfulness, bad faith or fault." Handwerker v. AT & T Corp., 211 F.R.D. 203, 209 (S.D.N.Y. 2002) (quoting Monoghan v. SZS 33 Assoc., L.P., 148 F.R.D. 500, 509 (S.D.N.Y. 1993) (noting that "unexcused failure to comply with two discovery orders warranted dismissal")). Yet, either substantial justification[1] or harmlessness may blunt the impact of sanctions. Grdinich v. Bradlees, 187 F.R.D. 77, 79 (S.D.N.Y. 1999) (citing Hinton v. Patnaude, 162 F.R.D. at 439)).

Here, CCT has represented to the Court that "Plaintiff has responded to all but seven of the Defendant's interrogatories [sic] has identified the production that it can at this point, and cannot provide all of the documents responsive to the production requests until discovery is

---

[1]Substantial justification in this context means "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." Jockey Int'l, Inc. v. M/V "Leverkusen Express," 217 F. Supp. 2d 447, 452 (S.D.N.Y. 2002) (quoting Henrietta D. v. Giuliani, No. 95 CV 0641(SJ), 2001 WL 1602114, at *5 (E.D.N.Y. Dec. 11, 2001)).

complete." (Dkt. # 160.) Based on this representation, the Court concludes that CCT's conduct cannot be characterized as willful, done in bad faith, or grossly negligent. Accordingly the court declines to impose the harsh sanction of dismissal.

Notwithstanding this, the Court feels that some lesser sanction is warranted, especially given CCT's failure to fully respond to Interline's discovery requests on or before November 9, 2006. As discussed supra, (see Section IV), Fed. R. Civ. P. 37 sets forth certain specific orders which may be imposed for violations. In addition to, or in lieu of these specified orders, "the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure. . . ." Fed. R. Civ. P. 37(b)(2). The Court has found that CCT did not comply with its Order of October 10, 2006. In addition, the Court finds that this failure was not substantially justified. The Court further notes that "the discovery rules seek to foster a collaborative process between parties; one party should not have to bring the opposing party before the Court in order to gain compliance with routine discovery requests." Morua v. Compania Dominicana De Aviacion C. Por A., No. 85 CIV. 7494 (WCC), 1990 WL 52104, at *2 (S.D.N.Y., Apr. 19, 1990). In consideration of this policy objective , the Court finds that, pursuant to Fed. R. Civ. P. 37(b), Plaintiff's Counsel shall pay the reasonable expenses, including attorney's fees, that his failure caused Interline. Accordingly, Interline's Rule 37 Motions for Sanctions (dkt. #s 147, 148, & 155) are GRANTED in part.

### V. Interline's Motion For Enforcement of Court Order  (Dkt. # 156)

Interline further argues that CCT has "failed to timely serve motions to compel [upon] the third parties subpoenaed in this case." (Dkt. # 156). The Court, in its Order of October 10, 2006, ordered,

> 3. Plaintiff's counsel indicated to the Court that he intends file two (2) motions to compel relating to the Texas subpoenas. Plaintiff's counsel shall file these motions on or before November 9, 2006. Should plaintiff fail to file these motions on or before November 9, 2006, plaintiff shall be foreclosed from filing further motions to compel.

(Dkt. # 152.) CCT, in response to Interline's Motion for Enforcement of Court Order, filed a "Notice of Status and Request for Order," (see dkt. # 162), in which it requested "[a] Court Order allowing counsel for the Plaintiff to file a brief showing why he should be entitled to continue prosecuting the Grant Thornton Motion to Compel in the Northern District of Texas, and to re-serve a subpoena upon Sprause Anderson in the Western District of Texas." (Dkt. # 162). Thereafter, on December 19, 2006, the Court issued an order, which reads,

> NOTICE OF ELECTRONIC ORDER. THIS IS THE ONLY NOTICE THE COURT SHALL ISSUE. ORDER granting in part and denying in part 163 Motion for Order. To the extent plaintiff requests a telephonic conference, its request is denied. To the extent plaintiff seeks leave to file a brief, this request is granted. Plaintiff shall file its brief on or before January 12, 2007.

(Dkt. # 166.) CCT never filed the above-mentioned brief with the Court. In light of the foregoing, the Court concludes that Interline's Motion For Enforcement of Court Order **(dkt. # 156)** shall be **GRANTED.**

### VII. Interline's Rule 11 Motion for Sanctions (Dkt. # 171)

Interline requests that, pursuant to Rule 11 of the Federal Rules of Civil Procedure, the Court "impose sanctions on the plaintiff, Call Center Technologies ("CCT" or "plaintiff"), and plaintiff's counsel, Attorney Kevin Chamberlin, for filing an improper Disclosure of Expert Witness in connection with this case. Interline also requests an order for the Court ordering the plaintiff to reimburse Interline for all fees and costs it has incurred as a result of this improper disclosure." (Dkt. # 171.) CCT responds by arguing that "[t]he Plaintiff disclosed an expert that

he had spoken to previously so that he would not be barred from engaging the services of the same," and that "[i]f Defense counsel had called or otherwise communicated with Plaintiff's counsel to arrange a mutual time for deposition as is the standard practice, she would have learned that he [Proctor] was not yet retained and therefore did not yet have any information to offer."  (Dkt. # 172.)

> Rule 11 provides, in pertinent part,
>
> (a) Signature. Every pleading, written motion, and other paper shall be signed by at least one attorney of record . . . .
>
> (b) Representations to Court.  By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.
>
> (c) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.
>
> . . . .

> (d) Inapplicability to Discovery. Subdivisions (a) through (c) of this rule do not apply to disclosures and discovery requests, responses, objections, and motions that are subject to the provisions of Rules 26 through 37.

Fed. R. Civ. P. 11.  "[T]he standard for triggering the award of fees under Rule 11 is objective unreasonableness." Margo v. Weiss, 213 F.3d 55, 65 (2d Cir. 2000) (citing Calloway v. Marvel Entm't Group, 854 F.2d 1452, 1469-70 (2d Cir. 1990)).  "[An] imposition of a Rule 11 sanction is not a judgment on the merits of an action.  Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 396 (1990).

Although Interline invokes Rule 11 as a basis for sanctions, Rule 11, does not apply to "disclosures . . . are subject to the provisions of Rules 26 through 37" of the Federal Rules of Civil Procedure.  See Fed. Civ. P. 11(d); State of New York v. Solvent Chem. Co., Inc., 210 F.R.D. 452, 473  (W.D.N.Y. 2002); Johnson v. The Bon-Ton Dep't Stores, Inc., 05cv170, 2006 U.S. Dist. LEXIS 75671 (W.D.N.Y. Oct. 18, 2006); O'Bar v. Borough of Naugatuck, Civ. No. 3:01cv867, 2002 U.S. Dist. LEXIS (D. Conn. Nov. 27, 2002).  Here, the Court's Order of October 10, 2006, which imposed the deadline by which CCT had to disclose its expert, addressed discovery disputes and was issued pursuant to Fed. R. Civ. P. 37(a).  Thus, Interline's motion improperly relies upon Rule 11 as a basis for a discovery sanction.  Moreover, the Court finds that the alleged violation does not satisfy Rule 11's objective unreasonableness standard.  Accordingly, Defendant Interline Travel & Tour Inc.'s Motion for Sanctions dated February 2, 2007 **(dkt. # 171) is DENIED**.

## VIII.  CONCLUSION

For the reasons set forth herein,

1. "Defendant Interline Travel & Tour Inc.'s Motion for Sanctions for Failure to Comply with Discovery," dated September 20, 2006, **(dkt. # 147)**; "Defendant Interline Travel & Tour Inc.'s Motion for Sanctions for Failure to Comply with Discovery," dated October 5, 2006, **(dkt. # 148)** and "Motion for Sanctions for Failure to Comply with Discovery," dated November 13, 2006, **(dkt. # 155)** are **GRANTED in part. To the extent Interline requests an order dismissing this lawsuit with prejudice, its request is DENIED. To the extent Interline requests that the Court enter an order awarding Interline the reasonable expenses, including attorney's fees, caused by CCT's failure to comply with this Court's Order of October 10, 2006, its request is GRANTED in part. Plaintiff's Counsel shall pay the reasonable expenses, including attorney's fees, that his failure to comply with this Court's Order of October 10, 2006 caused Interline. Interline shall submit to the Court, on or before October 5, 2007, an accounting of its reasonable expenses, including attorney's fees, for the Court's approval.**

2. "Defendant Interline Travel & Tour Inc.'s Motion to Dismiss For Failure to Comply with Discovery" **(dkt. # 154)** is **DENIED.**

3. "Defendant Interline Travel & Tour Inc.'s Motion For Enforcement of Court Order" **(dkt. # 156)** is **GRANTED**.

4. "Defendant Interline Travel & Tour Inc.'s Motion to Correct Court Order Dated October 10, 2006" **(dkt. # 159)** is **DENIED**.

5. Defendant Interline Travel & Tour Inc.'s  Rule 11 Motion for Sanctions, dated February 2, 2007, **(dkt. # 171) is DENIED**. In addition, Interline's request for fees associated with the Rule 11 Motion is **DENIED**.

6. All discovery in this case is closed.

7. Dispositive motions shall be filed on or before October 5, 2007.

**IT IS SO ORDERED** at Hartford, Connecticut on this 24th day of August, 2007.

/s/DJS
_____
**DOMINIC J. SQUATRITO**
**UNITED STATES DISTRICT JUDGE**