```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF CONNECTICUT
```

CALL CENTER TECHNOLOGIES,            :
                                     :
    Plaintiff,                       :
                                     :
v.                                   :     No. 3:03CV1036(DJS)
                                     :
GRAND ADVENTURES TOUR &              :
TRAVEL PUBLISHING CORPORATION        :
and INTERLINE TRAVEL & TOUR, INC.,   :
                                     :
    Defendants.                      :

## AMENDMENT TO RULING AND ORDER

Plaintiff Call Center Technologies ("CCT") brings this action against defendants "Grand Adventures Tour & Traveling Publishing Corporation ("Grand Adventures") and Interline Travel & Tour, Inc. ("Interline"). During the course of this case, Interline had filed the following motions: (1) "Defendant Interline Travel & Tour Inc.'s Motion for Sanctions for Failure to Comply with Discovery," dated September 20, 2006 (dkt. # 147); (2) "Defendant Interline Travel & Tour Inc.'s Motion for Sanctions for Failure to Comply with Discovery," dated October 5, 2006 (dkt. # 148); (3) "Defendant Interline Travel & Tour Inc.'s Motion to Dismiss[,] Motion For Enforcement of Court Order and Motion for Sanctions for Failure to Comply with Discovery" (dkt. #s 154, 155, 156); (4) "Defendant Interline Travel & Tour Inc.'s Motion to Correct Court Order Dated October 10, 2006," (dkt. # 159); and (5) "Defendant Interline Travel & Tour's Inc.'s Motion

for Sanctions," dated February 2, 2007 (dkt. # 171).

On August 24, 2007, the Court ruled on these motions. (See dkt. # 173.) On the basis of the representations set forth in Interline's moving papers, CCT's responses thereto, and other relevant filings, the Court found that, Pursuant to Rule 37 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), sanctions against CCT were warranted. Therefore, the Court granted in part and denied in part Interline's Rule 37 Motions for Sanctions (dkt. #s 147, 148, 155). (See dkt. # 173.) In addition, the Court granted Interline's Motion for Enforcement of Court Order (dkt. # 156). (See dkt. # 173.) The Court denied, however, Interline's Rule 41(b) Motion to Dismiss (dkt. # 154); Interline's Motion to Correct the Court's Order of October 10, 2006, (dkt. # 159); and Interline's Rule 11 Motion for Sanctions, dated February 2, 2007 (dkt. # 171). (See dkt. # 173.)

Upon review of the August 24, 2007 decision, the Court finds that it is necessary to amend a portion of that ruling. In Interline's Motion for Enforcement of Court Order (dkt. # 156), Interline argued that CCT had "failed to timely serve motions to compel [upon] the third parties subpoenaed in this case." Pursuant to a telephone conference held on October 10, 2007, the Court ordered the following:

> 3. Plaintiff's counsel indicated to the Court that he intends file two (2) motions to compel relating to the Texas subpoenas. Plaintiff's counsel shall file these motions on or before November 9, 2006. Should

>plaintiff fail to file these motions on or before November 9, 2006, plaintiff shall be foreclosed from filing further motions to compel.

(Dkt. # 152.)

CCT, in response to Interline's Motion for Enforcement of Court Order, filed a "Notice of Status and Request for Order," in which it requested "[a] Court Order allowing counsel for the Plaintiff to file a brief showing why he should be entitled to continue prosecuting the Grant Thornton Motion to Compel in the Northern District of Texas, and to re-serve a subpoena upon Sprause Anderson in the Western District of Texas." (See dkt. # 162).[1] Thereafter, on December 19, 2006, the Court issued an order, which reads,

>NOTICE OF ELECTRONIC ORDER. THIS IS THE ONLY NOTICE THE COURT SHALL ISSUE. ORDER granting in part and denying in part 163 Motion for Order. To the extent plaintiff requests a telephonic conference, its request is denied. To the extent plaintiff seeks leave to file a brief, this request is granted. Plaintiff shall file its brief on or before January 12, 2007.

(Dkt. # 166.) In its August 24, 2007 decision, the Court stated that "CCT never filed the above-mentioned brief with the Court," and thus granted Interline's Motion For Enforcement of Court Order. (See dkt. # 173.)

Upon review of the docket, it appears that CCT did, in fact,

---

[1] As Interline has correctly pointed out, CCT's "Notice of Status and Request for Order" fails to comply with the requirements for a "motion" as set forth in the Federal Rules of Civil Procedure or the Local Rules of Civil Procedure for the District of Connecticut ("D. Conn. L. Civ. R."). See Fed. R. Civ. P. 7(b); D. Conn. L. Civ. R. 7(a).

file an untimely brief on January 16, 2007.[2]  (See dkt. # 169.)
**Therefore, the Court hereby strikes from its August 24, 2007 decision the sentence that reads "CCT never filed the above-mentioned brief with the Court."**

Nevertheless, in light of the tortured procedural history in this case, the Court declines to otherwise alter its decision granting Interline's Motion For Enforcement of Court Order (dkt. # 156), which foreclosed CCT from further prosecuting the Texas subpoenas and motions to compel at issue.  Only if "excusable neglect" were shown could the Court enlarge the period of time for prosecuting these subpoenas and motions to compel.  See Fed. R. Civ. P. 6(b)(2).  In Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392 (1993), the Supreme Court held that "'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant."  The Court must evaluate all relevant circumstances, including "(1) the danger of prejudice to the non-moving party, (2) the length of delay and impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the moving party, and (4) whether the moving party acted in good faith."  Williams v. KFC Nat. Mgmt. Co., 391 F.3d 411, 415 (2d

---

[2] CCT has indicated that its failure to file a timely brief was on account of complications with the Court's electronic filing system.

Cir. 2004). "In . . . cases addressing when neglect is "excusable," [the Second Circuit] ha[s] . . . taken a hard line." <u>Silivanch v. Celebrity Cruises, Inc.</u>, 333 F.3d 355, 368 (2d Cir. 2003). "[T]he excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules." <u>Williams</u>, 391 F.3d at 416 (internal quotation marks omitted).

The Court sees nothing in CCT's January 16, 2007 brief constituting "excusable neglect" that would allow the enlargement of time sought by CCT. CCT asserts that the deficiencies in the Texas subpoena and motion to compel were "scrivener's errors" or "clerical errors." In fact, CCT had: (1) issued one of its subpoenas from the wrong district in Texas; and (2) with regard to another subpoena, similarly filed a motion to compel in the wrong district in Texas. It is doubtful (or, at least, unclear) whether these deficiencies are "scrivener's" or "clerical" errors. They do not, however, constitute "excusable neglect."

Discovery in this case is closed. The Court has been lenient in granting (over Interline's rigorous and robust objections) CCT's various requests for extensions of time. It would be inequitable to Interline for the Court to further protract this case because of CCT's conduct. Therefore, that portion of the Court's August 24, 2007 decision granting Interline's Motion For Enforcement of Court Order remains in

5

effect.

## CONCLUSION

For the foregoing reasons, the Court hereby strikes from its August 24, 2007 decision (dkt. # 173) the sentence that reads "CCT never filed the above-mentioned brief with the Court." Nevertheless, the portion of the Court's August 24, 2007 decision that granted Interline's Motion For Enforcement of Court Order shall remain in effect, and the August 24, 2007 decision shall otherwise remain unaltered.

**SO ORDERED** this 28th day of August, 2007.

_____/s/DJS_____

**DOMINIC J. SQUATRITO**
**UNITED STATES DISTRICT JUDGE**