UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CALL CENTER TECHNOLOGIES, | : CIVIL ACTION NO. 3:03CV1036 (DJS) |
| Plaintiff, | : |
| v. | : |
| GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION, INTERLINE TRAVEL & TOUR, INC., | : |
| Defendants. | : SEPTEMBER 7, 2007 |

**DEFENDANT INTERLINE TRAVEL & TOUR INC.'S**
**MEMORANDUM OF LAW IN SUPPORT OF ITS**
**MOTION FOR RECONSIDERATION AND ARTICULATION**

Pursuant to L.Civ.R. 7(c), Defendant, Interline Travel & Tour, Inc. ("Interline"), submits the foregoing Memorandum of Law in Support of its Motion for Reconsideration and Articulation dated September 7, 2007.

**I.    INTRODUCTION**

Interline seeks reconsideration and/or articulation of one, specific portion of the Court's Order dated August 24, 2007 which was with the Court on August 28 2007. Interline seeks reconsideration and/or articulation on part of the Court's decisions on Interline's Motion for

**ORAL ARGUMENT REQUESTED/**
**TESTIMONY NOT REQUIRED**

1

Sanctions dated September 20, 2006 **(dkt. #147)**, Motion for Sanctions for Failure to Comply with Discovery dated October 5, 2006 **(dkt. #148)** and Motion for Sanctions for Failure to Comply with Discovery dated November 13, 2006 **(dkt. #148)** which pertain to certain outstanding discovery in this case.

II.   **FACTS**

    A.   **The Plaintiff's Complaint**

This is a purported breach of contract and successor liability case brought by the plaintiff, Call Center Technologies ("CCT"), against Grand Adventures Tour & Travel Publishing Corporation ("GATT") and Interline. The plaintiff's Third Amended Complaint dated February 15, 2006 contains two counts. The First Count is directed to defendant GATT. The plaintiff alleges that pursuant to an "Agreement", GATT purchased "certain telecommunications goods called an Aspect Call Center". *Third Amended Complaint dated February 16, 2006,* ¶¶ 6, 14. GATT is not a party to the Customer Agreement, but another incorporated entity with a similar name, Grand Adventures Tour & Travel, Inc. ("GATTInc."), is. Plaintiff purports to bridge the gap between the two entities by alleging that GATT was "doing business as" GATTInc., although the plaintiff has not presented evidence to support this allegation. *Third Amended Complaint,* ¶ 4.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC • JURIS NO. 421267• LBALDINI@FLYBAL-LAW.COM
P.O. BOX 887 • 74 BATTERSON PARK ROAD • FARMINGTON, CT • 06034-0887 • TEL: (860) 676-3123 •FAX: (860) 606-9797

CCT claims that GATT ordered "additional parts" for the phone system in February 1999 and CCT supplied said parts. *Id.* at ¶ 30. CCT claims that GATT did not return "the Aspect Call Center or additional parts" or pay for them. *Id.* at ¶¶ 32-34  CCT alleges that the value of the Aspect Call Center and the additional parts is $136,090.00 and $13,990.00, respectively. *Id.* at ¶ 32. The plaintiff claims that although demand for payment has been made, GATT has paid the sum of $35,000.00 but has refused and neglected to pay the balance. *Id.* at ¶ 33.

The Second Count is directed to Interline. CCT incorporates by reference the allegations of the First Count against GATT (*Id.* at ¶¶ 1-99) and claims that Interline is the successor of GATT and therefore liable for GATT's alleged debt under the Agreement. *Id.* at ¶¶ 100-109.

Interline denied the substantive allegations of the plaintiff's Third Amended Complaint and asserted certain affirmative defenses, including lack of personal jurisdiction and standing, setoff and recoupment, and the doctrine of unclean hands. *Interline's Answer and Affirmative Defenses dated May 19, 2006.*

### B.    Relevant Procedural History

On August 24, 2007, this Court issued an Order with regard to several motions Interline filed concerning CCT's refusal to provide certain discovery to Interline. *See* Interline's Motion for Sanctions dated September 20, 2006 **(dkt. #147)**; Motion for Sanctions for Failure to Comply with Discovery dated October 5, 2006 **(dkt. #148)** and Motion for Sanctions for Failure to

3

LAW OFFICES OF LAURA FLYNN BALDINI, LLC • JURIS NO. 421267• LBALDINI@FLYBAL-LAW.COM
P.O. BOX 887 • 74 BATTERSON PARK ROAD • FARMINGTON, CT • 06034-0887 •TEL: (860) 676-3123 •FAX: (860) 606-9797

Comply with Discovery dated November 13, 2006 **(dkt. #155).** The Court granted these motions in part by awarding Interline "reasonable expenses, including attorney's fees, that [CCT's] failure to comply with [the] Court's Order of October 6, 2206 caused Interline" and denied Interline's request to dismiss the action. *See* Order, p. 15. The Court's Order, however, was silent as to Interline's other requests for relief under Federal Rule 37, namely, its requests for the Court to:

A) enter an order refusing to allow CCT to support or oppose any matters requested in Interline's Requests for Admission of Statements and Documents dated August 3, 2006 and Second Set of Interrogatories and Requests for Production dated August 3, 2006;

B) enter an order striking out any portion or part of CCT's Amended Complaint dated February 15, 2006 which pertains to the information sought in Interline's Requests for Admission of Statements and Documents dated August 3, 2006 and Second Set of Interrogatories and Requests for Production dated August 3, 2006;

C) enter an order finding the plaintiff in contempt of Court for its failure to comply with the Court's October 10, 2006 Order and failure to provide complete responses to Interline's Requests for Admission of Statements and Documents dated August 3, 2006 and Second Set of Interrogatories and Requests for Production dated August 3, 2006.

*See* Interline's November 13, 2006 Motion to Dismiss, pp. 3-4.

In its decision, the Court concluded that CCT had "failed to fully comply with its Order of October 10, 1006, which directed CCT to provide Interline with responses to defendant's

4

"Requests for Admission of Statements and Documents. . . .and defendant's "Second Set of Interrogatories and Requests for Production". . ."" and that such non-compliance was "not substantially justified." (Order, pp. 8-9, 11) Specifically, the Court determined that CCT had failed to provide:

1. responses to interrogatory numbers 5(b), 6(b), 7(b) and 8 of Interline's August 3, 2006 Second Set of Interrogatories and Requests for Production;
2. complete responses to interrogatory numbers 6 and 9 of Interline's August 3, 2006 Second Set of Interrogatories and Requests for Production;
3. responses to requests for production 3, 6, 7, 12 and 13 of Interline's August 3, 2006 Second Set of Interrogatories and Requests for Production;
4. complete responses to requests for production 1, 2, 5, 8, 9 and 11 of Interline's August 3, 2006 Second Set of Interrogatories and Requests for Production; and
5. responses to requests for admission 48 and 55 of Interline's August 3, 2006 Request for Admission of Statements and Documents.

See Order, p. 3.

Interline seeks articulation and/or reconsideration of the Court's August 24, 2007 decision as there is a question as to whether CCT has an obligation to respond to the outstanding discovery or whether CCT has been precluded from doing so given its dilatory conduct and the fact that "discovery is now closed".

### III. ARGUMENT

#### A. Standard for Motion for Reconsideration

The standard for reconsideration requires a moving party to point to controlling law or evidence that "might reasonably be expected to alter the conclusion reached by the court".

5

*Success Vill. Apts., Inc. v. Amalgamated Local 376*, 2006 U. S. Dist. LEXIS 99879 *3 (D. Conn. March 8, 2006)(Arterton, J.); *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration gives the Court an opportunity to "correct manifest errors of law or fact or to consider newly discovered evidence." *Success Vill.* at *3; *LoSacco v. City of Middletown*, 822 F. Supp. 870, 876-77 (D. Conn. 1993), *aff'd* 33 F.3d 50 (2d Cir. 1994). Reconsideration should therefore be granted when a "party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *United States ex rel. Smith v. Yale New Haven Hosp.*, 2006 U.S. Dist. LEXIS 8614 *7 (D. Conn. Feb. 10, 2006)(Dorsey, J.)(motion for reconsideration granted).

**B.    The Court's Rulings In Its Order Should Be Reconsidered Or Articulated To Avoid Confusion**

In the present case, Interline requests that the Court reconsider, or further articulate, that portion of its decision which pertains to the discovery which CCT has failed to provide in this case. The Court has determined that CCT has failed to provide the following discovery to Interline and that CCT's actions were "not substantially justified":

1. responses to interrogatory numbers 5(b), 6(b), 7(b) and 8 of Interline's August 3, 2006 Second Set of Interrogatories and Requests for Production;
2. complete responses to interrogatory numbers 6 and 9 of Interline's August 3, 2006 Second Set of Interrogatories and Requests for Production;

6

3. responses to requests for production 3, 6, 7, 12 and 13 of Interline's August 3, 2006 Second Set of Interrogatories and Requests for Production;
4. complete responses to requests for production 1, 2, 5, 8, 9 and 11 of Interline's August 3, 2006 Second Set of Interrogatories and Requests for Production; and
5. responses to requests for admission 48 and 55 of Interline's August 3, 2006 Request for Admission of Statements and Documents.

Although the Court chose not to dismiss this action despite Interline's request and awarded Interline "reasonable expenses, including attorney's fees, that [CCT's] failure to comply with [the] Court's Order of October 6, 2206 caused Interline", the Court did not address in its decision Interline's alternative requests for relief under Federal Rule 37. The Court's failure to address these alternative requests for relief leaves the parties wondering, among other things, whether CCT, in refusing to comply with Interline's discovery requests, is precluded from supporting or opposing those discovery matters at trial or whether those matters are taken to be established for purposes of the action. *See* Fed. R. Civ. P. 37. Moreover, if CCT has not been precluded from responding to these discovery requests, there is no compliance deadline identified by the Court. This is a significant issue, particularly since dispositive motions are due in this case by **October 5, 2007** and Interline is planning to file a motion for Summary Judgment. Indeed, if the Court does not address this issue, there is a possibility of CCT serving responses to the discovery (which has been outstanding for over a year now) after Interline files its Motion for Summary Judgment. This will, undoubtedly, prejudice Interline and create unnecessary motion practice.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC • JURIS NO. 421267• LBALDINI@FLYBAL-LAW.COM
P.O. BOX 887 • 74 BATTERSON PARK ROAD • FARMINGTON, CT • 06034-0887 • TEL: (860) 676-3123 •FAX: (860) 606-9797

**WHEREFORE**, for the foregoing reasons, Interline respectfully requests that its Motion for Reconsideration and Articulation be granted and for such other and further relief as the Court deems just and proper.

Respectfully submitted,
DEFENDANT,
INTERLINE TRAVEL & TOUR, INC.

By: _____
LAURA F. BALDINI, ESQ.
Federal Bar Number ct19887
Law Offices Of Laura Flynn Baldini, LLC
74 Batterson Park Road, 2nd Floor
P.O. Box 887
Farmington, CT 06034-0887
Tel. (860) 676-3123
Fax. (860) 606-9797
LBaldini@FlyBal-Law.com
Juris. No. 421267

8

LAW OFFICES OF LAURA FLYNN BALDINI, LLC • JURIS NO. 421267• LBALDINI@FLYBAL-LAW.COM
P.O. BOX 887 • 74 BATTERSON PARK ROAD • FARMINGTON, CT • 06034-0887 • TEL: (860) 676-3123 •FAX: (860) 606-9797

| | |
|---|---|
| CALL CENTER TECHNOLOGIES, | CIVIL ACTION NO. 3:03CV1036 (DJS) |
| Plaintiff, | |
| v. | |
| GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION, INTERLINE TRAVEL & TOUR, INC., | |
| Defendants. | SEPTEMBER 7, 2007 |

## CERTIFICATE OF SERVICE

This is to certify that on September 7, 2007, a copy of Interline Travel & Tour Inc.'s Memorandum of Law in Support of its Motion for Reconsideration and Articulation was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

Parties may access this filing through the Court's CM/ECF System.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC • JURIS NO. 421267 • LBALDINI@FLYBAL-LAW.COM
P.O. BOX 887 • 74 BATTERSON PARK ROAD • FARMINGTON, CT • 06034-0887 • TEL: (860) 676-3123 • FAX: (860) 606-9797

Respectfully submitted,
DEFENDANT,
INTERLINE TRAVEL & TOUR, INC.

By: _____
LAURA F. BALDINI, ESQ.
Federal Bar Number ct19887
Law Offices Of Laura Flynn Baldini, LLC
74 Batterson Park Road, 2nd Floor
P.O. Box 887
Farmington, CT 06034-0887
Tel. (860) 676-3123
Fax. (860) 606-9797
LBaldini@FlyBal-Law.com
Juris. No. 421267

10