UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CALL CENTER TECHNOLOGIES, | : CIVIL ACTION NO. 3:03CV1036 (DJS) |
| Plaintiff, | : |
| v. | : |
| GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION, INTERLINE TRAVEL & TOUR, INC., | : |
| Defendants. | : SEPTEMBER 12, 2007 |

**DEFENDANT INTERLINE TRAVEL & TOUR INC.'S
ACCOUNTING OF ATTORNEY'S FEES AND COSTS INCURRED
AS A RESULT OF PLAINTIFF'S FAILURE TO COMPLY
WITH COURT'S ORDER DATED OCTOBER 10, 2006**

In compliance with the Court's Order dated August 24, 2007, Defendant, Interline Travel & Tour, Inc. ("Interline"), submits the foregoing accounting of the attorney fees and costs it has incurred as a result of the plaintiff's failure to comply with the mandates set forth in the Court's October 10, 2006 Order ("Order") **(dkt. # 152)**. As will be discussed herein and in the documents attached hereto (which are incorporated herein), Interline is entitled to an award of **Eight Thousand Six Hundred Seventy One Dollars and fifty Cents ($8,671.50)** in attorney's fees and **One Hundred Forty Dollars and Eighteen Cents ($140.18)** in costs as a result of the plaintiff's failure to comply with the Court's October 10, 2006 Order.

1

## I. FACTS

In June 2003, Interline engaged the Law Offices of Laura Flynn Baldini, LLC ("Firm"), to defend against the claims brought by the plaintiff, Call Center Technologies ("CCT") against Interline. *Affidavit of Laura F. Baldini, Esq. ("Baldini Aff.") dated September 12, 2007 attached hereto as* **Exhibit A** *at* ¶3. The attorney handling this matter for Interline is Laura F. Baldini who was admitted to the Connecticut bar in 1997 and has been a practicing attorney for over ten (10) years. *Baldini Aff.* at ¶4. Interline hired Attorney Baldini on an hourly basis with hourly rates ranging from $210 to $225 per hour for legal services.[1] *Id.*

The services for which the Firm has been engaged (and Baldini has performed) have included preparing and reviewing pleadings, motions, discovery and court documents; conducting research on issues relating to the plaintiff's affirmative claims and Interline's defenses; preparing correspondence and conducting meetings with client, client representatives and other legal personnel; providing status reports to Interline; taking and defending depositions; preparing for, and participating in, court-ordered hearings and preparing and reviewing the foregoing Accounting. *Id.* at ¶5. In addition to paying the Firm for the time dedicated to this matter, Interline has agreed to reimburse the Firm for the costs incurred by the Firm in

---

[1] On January 1, 2007, the hourly rate for Attorney Baldini was increased to Two Hundred Twenty Five Dollars ($225) per hour.

2

connection with this matter. *Id.* at ¶6. The costs incurred by Interline include, but are not limited to, filing and marshal fees, photocopies and postage. *Id.*

On October 10, 2006, the Court issued an Order which provided, in relevant part, that;

> 1. Plaintiff's counsel shall, on or before November 9, 2006, provide defendant's counsel with plaintiff's responses to defendant's "Requests for Admission of Statements and Documents dated August 3, 2006" and defendant's "Second Set of Interrogatories and Requests for Production dated August 3, 2006.";
> 2. Plaintiff's counsel shall file [2 motions to compel relating to the Texas subpoenas] on or before November 9, 2006. Should plaintiff fail to file these motions on or before November 9, 2006, plaintiff shall be foreclosed from filing further motions to compel;
> 3. Plaintiff's counsel shall disclose his expert witness(es) to defendant's counsel on or before November 9, 2006.

*See* Dkt. # 152 at pp. 1-2 ¶¶ 2, 3, 4.

After several attempts by way of motions to the Court to obtain the plaintiff's compliance with discovery and the Court's October Order, the Court concluded that the plaintiff had, indeed, failed to fully comply with Interline's discovery and the Court's October Order. *See* August 24, 2007 Order (Dkt. # 152). The Court's August 24, 2007 Order provides, in relevant part:

> Plaintiff's counsel shall pay the reasonable expenses, including attorney's fees, that his [sic] failure to comply with this Court's Order of October 10, 2006 caused Interline. Interline shall submit to the Court, on or before October 5, 2007, an accounting of its reasonable expenses, including attorney's fees, for the Court's approval.

3

Interline therefore submits the following accounting of the attorney fees and costs which are a direct and proximate result of the plaintiff's failure to comply with the Court's October 10, 2006 Order.

## II. ACCOUNTING

Interline incurred Eight Thousand Six Hundred Seventy One Dollars and fifty Cents ($8,671.50) in attorney's fees and One Hundred Forty Dollars and Eighteen Cents ($140.18) in costs as a result of the plaintiff's failure to comply with the Court's October 10, 2006 Order.

### A. Accounting Related To Plaintiff's Failure To Provide Complete Responses To Interline's August 3, 2006 Discovery Requests

As a direct and proximate result of the plaintiff's failure to provide complete responses to Interline's Requests for Admission of Statements and Documents dated August 3, 2006 and Interline's Second Set of Interrogatories and Requests for Production dated August 3, 2006, Interline incurred **Four Thousand Three Hundred Sixty Three Dollars and Fifty Cents ($4,363.50)** in attorney's fees. *Baldini Aff.* at ¶10. The following is a summary of the work performed:

1. $420.00 (2.0 hours x $210/hr.) - Review and evaluation of plaintiff's responses to the foregoing discovery requests; preparation and service of correspondence to plaintiff's counsel in an attempt to seek plaintiff's compliance with Interline's discovery requests; and correspondence with client concerning plaintiff's dilatory conduct;

4

2.  $1176.00 (5.6 hours x $210/hr.) - Preparation and review of Interline's November 13, 2006 Motion to Dismiss, Motion for Sanctions Motion for Enforcement of Court Order, and Memorandum of Law in Support thereof **(dkt #s 154-157)**;

3.  $441.00 (2.1 hours x $210/hr.) - Preparation and review of Interline's November 29, 2006 Motion to Correct Court Order concerning compliance with Interline's discovery requests **(dkt #159)**;

4.  $819.00 (3.9 hours x $210/hr.) - Review and analysis of plaintiff's December 1, 2006 Objection to Interline's Motion to Correct Court Order, Motion to Dismiss, Motion for Sanctions Motion for Enforcement of Court Order **(dkt # 160)**; preparation and review of December 8, 2006 Reply brief concerning same **(dkt # 161)**;

5.  $787.50 (3.5 hours x $225/hr.) – Review and analysis of Court's decisions on pending discovery motions **(dkt # 173-4)**; preparation and review of Motion for Articulation/Reconsideration in connection therewith **(dkt # 175)**;

6.  $720 (3.2 hours x $225/hr.) – Preparation and review of Accounting (and supporting documents) to the Court in compliance with the Court's August 24, 2007 Order.

*Id.*

## B. Accounting Related To Plaintiff's Failure To Timely And Properly File The Third Party Subpoenas And Motions to Compel

As a direct and proximate result of the plaintiff's failure to timely and properly file the third party subpoenas and motions to compel on or before November 9, 2006, Interline incurred **Two Thousand Eight Hundred Seventy One Dollars ($2,871.00)** in attorney's fees. *Id.* at ¶11. The following is a summary of the work performed:

1.  $651.00 (3.1 hours x $210/hr.) – Review and analysis of plaintiff's third party motion to compel (Sprouse & Anderson, LP); review and analysis of Sprouse & Anderson's objection to Motion to Compel; review and analysis of correspondence concerning Motion to Compel and Objection

5

        thereto; telephone conferences with counsel for Sprouse & Anderson concerning status of motion and objection; review and analysis of Court's decision on motion and objection;

2.   <u>$420.00 (2.0 hours x $210/hr.)</u> – Review and analysis of Plaintiff's December 11, 2006 Request for Order **(dkt # 162-3)**; preparation and review of December 12, 2006 Objection thereto **(dkt # 164-5)**;

3.   <u>$1,800.00 (8.0 hours x $225/hr.)</u> - Review and analysis of Plaintiff's untimely filed January 16, 2007 Memorandum of Law in Support of Plaintiff's December 11, 2006 Request for Order **(dkt # 169)**; preparation, research and review of January 23, 2007 Objection thereto **(dkt # 170)**.

*Id.*

**C. Accounting Related To Plaintiff's Failure To Properly Disclose Expert Witnesses**

As a direct and proximate result of the plaintiff's failure to comply with the Court's directive to disclose his expert witness(es) to the undersigned on or before November 9, 2006, Interline incurred **One Thousand Four Hundred Thirty Seven Dollars ($1,437)** in attorney's fees and **One Hundred Forty Dollars and Eighteen Cents ($140.18) in costs**. *Id.* at ¶12. The following is a summary of these expenses:

1.   <u>$483.00 (2.3 hours x $210/hr.)</u> - Review and analysis of plaintiff's "Disclosure of Expert Witness"[2]; preparation and review of Notice of Deposition and Subpoena Duces Tecum for plaintiff's expert witness; preparation and review of correspondence to state marshal regarding service of subpoena duces tecum;

---

[2] Plaintiff's counsel represented to the Court and opposing counsel that Dr. Richard Proctor was the plaintiff's expert witness. In fact, Dr. Proctor had not even been engaged as the plaintiff's expert in this case.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC • JURIS NO. 421267• LBALDINI@FLYBAL-LAW.COM
P.O. BOX 887 • 74 BATTERSON PARK ROAD • FARMINGTON, CT • 06034-0887 • TEL: (860) 676-3123 •FAX: (860) 606-9797

2. $189.00 (.9 hours x $210/hr.) - Preparation and review of correspondence to opposing counsel concerning deposition of expert witness; telephone conferences with Dr. Richard Proctor and his office personnel concerning the fact that Dr. Proctor had not been engaged by the plaintiff as an expert witness in this case;

3. $67.50 (.3 hours x $225/hr.) - Preparation and review of correspondence to opposing counsel concerning deposition of expert witness and request for reimbursement of expenses incurred by Interline as a result of plaintiff's improper expert witness disclosure;

4. $697.50 (3.1 hours x $225/hr.) – Preparation and review of Motion for Sanctions and Memorandum of Law in Support Thereto **(dkt # 170-1)**; review and analysis of plaintiff's Objection thereto **(dkt # 172)**.

5. $140.18 – Express mail fees, postage, marshal fees and photocopies associated with the service of the subpoena duces tecum on Dr. Richard Proctor.

*Id.* Plaintiff's counsel has not disputed that Interline should be entitled to reimbursement of its fees and costs in connection with his improper disclosure of Dr. Proctor. *See* Correspondence from Attorney Kevin P. Chamberlin to Attorney Laura Baldini dated January 14, 2007 attached hereto as **Exhibit B**.

### III. CONCLUSION

Interline is current with all of its payments on the bills submitted to it for payment. *Id.* at ¶13. Interline has not questioned or challenged any of the time entries or expenses presented to it for payment, including those time entries and expenses described above. *Id.* at ¶14. Upon request, the undersigned can provide an unredacted copy of Interline's billing ledger (or copies of my bills) to the Court for an in camera review.

7

**WHEREFORE**, Interline respectfully requests that its Accounting be approved by this Court and that an award of **Eight Thousand Six Hundred Seventy One Dollars and fifty Cents ($8,671.50)** in attorney's fees and **One Hundred Forty Dollars and Eighteen Cents ($140.18)** be entered in favor of Interline. Interline also requests such other and further relief that this Court deems just and proper.

Respectfully submitted,

DEFENDANT,
INTERLINE TRAVEL & TOUR, INC.

By: _____
LAURA F. BALDINI, ESQ.
Federal Bar Number ct19887
Law Offices Of Laura Flynn Baldini, LLC
74 Batterson Park Road, 2nd Floor
P.O. Box 887
Farmington, CT 06034-0887
Tel. (860) 676-3123
Fax. (860) 606-9797
LBaldini@FlyBal-Law.com
Juris. No. 421267

## ORDER

The foregoing ACCOUNTING, having been duly presented to this Court, it is hereby **ORDERED:**

*GRANTED/DENIED.*

BY THE COURT

_____
Judge/Clerk

Law Offices of Laura Flynn Baldini, LLC • Juris No. 421267• lbaldini@flybal-law.com
P.O. Box 887 • 74 Batterson Park Road • Farmington, CT • 06034-0887 • tel: (860) 676-3123 •fax: (860) 606-9797

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CALL CENTER TECHNOLOGIES, : | CIVIL ACTION NO. 3:03CV1036 (DJS) |
| Plaintiff, : | |
| v. : | |
| GRAND ADVENTURES TOUR & : TRAVEL PUBLISHING CORPORATION, : INTERLINE TRAVEL & TOUR, INC., : | |
| Defendants. : | SEPTEMBER 12, 2007 |

## CERTIFICATE OF SERVICE

This is to certify that on September 12, 2007, a copy of Interline Travel & Tour Inc.'s Accounting in Compliance with Court Order was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

Parties may access this filing through the Court's CM/ECF System.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC • JURIS NO. 421267• LBALDINI@FLYBAL-LAW.COM
P.O. BOX 887 • 74 BATTERSON PARK ROAD • FARMINGTON, CT • 06034-0887 • TEL: (860) 676-3123 •FAX: (860) 606-9797

Respectfully submitted,
DEFENDANT,
INTERLINE TRAVEL & TOUR, INC.

By: _____
LAURA F. BALDINI, ESQ.
Federal Bar Number ct19887
Law Offices Of Laura Flynn Baldini, LLC
74 Batterson Park Road, 2nd Floor
P.O. Box 887
Farmington, CT 06034-0887
Tel. (860) 676-3123
Fax. (860) 606-9797
LBaldini@FlyBal-Law.com
Juris. No. 421267