# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CALL CENTER TECHNOLOGIES, | : | CIVIL ACTION NO. 3:03CV1036 (DJS) |
| Plaintiff, | : | |
| v. | : | |
| GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION, INTERLINE TRAVEL & TOUR, INC., | : | |
| Defendants. | : | SEPTEMBER 12, 2007 |

## AFFIDAVIT

STATE OF CONNECTICUT )
                          )   ss:   Farmington
COUNTY OF HARTFORD )

I, Laura F. Baldini, being duly sworn, hereby depose and say:

1. I am over the age of eighteen years and believe in the obligations of an oath.

2. I submit this affidavit in support of the Accounting of Fees and Costs dated September 12, 2007 submitted on behalf of defendant, Interline Travel & Tour ("Interline").

3. I have served as Interline's counsel in this matter since June 17, 2003. Specifically, Interline engaged the undersigned's firm, the Law Offices of Laura

1

Flynn Baldini, LLC ("Firm"), to defend against the claims brought by the plaintiff, Call Center Technologies ("CCT") against Interline.

4. I was admitted to the Connecticut bar in 1997 and have been a practicing attorney for over ten (10) years. Interline hired me on an hourly basis with hourly rates ranging from $210 to $225 per hour for legal services.[1]

5. The services I have performed for this matter have included preparing and reviewing pleadings, motions, discovery and court documents; conducting research on issues relating to the plaintiff's affirmative claims and Interline's defenses; preparing correspondence and conducting meetings with client, client representatives and other legal personnel; providing status reports to Interline; taking and defending depositions; preparing for, and participating in, court-ordered hearings and preparing and reviewing the following Accounting.

6. In addition to paying the undersigned for the time the undersigned has dedicated to this matter, Interline has agreed to reimburse the Firm for the costs incurred by the Firm in connection with this matter. The costs incurred by Interline include, but are not limited to, filing and marshal fees, photocopies and postage.

---

[1] On January 1, 2007, the hourly rate for the undersigned was increased to Two Hundred Twenty Five Dollars ($225) per hour.

2

7. I have reviewed my client ledger which details the work that I have performed for Interline in this case and the costs and disbursements incurred to date in connection with this matter. In compliance with the Court's August 24, 2007 Order, I am providing the Court with a breakdown on the attorney fees and costs which are a direct and proximate result of the plaintiff's failure to comply with the Court's October 10, 2006 Order.

8. In order to preserve the attorney-client privilege that protects the communications between me and my client, I am providing the Court with a summary of the time entries in my client ledger. Should the Court wish to conduct an *in camera* review of the billing entries described below, I can, upon request, provide an unredacted copy of my billing ledger (or copies of my bills) to the Court.

9. Interline incurred a total of **Eight Thousand Six Hundred Seventy One Dollars and fifty Cents ($8,671.50)** in attorney's fees and **One Hundred Forty Dollars and Eighteen Cents ($140.18)** in costs as a result of the plaintiff's failure to comply with the Court's October 10, 2006 Order.

10. As a direct and proximate result of the plaintiff's failure to provide complete responses to Interline's Requests for Admission of Statements and Documents dated August 3, 2006 and Interline's Second Set of Interrogatories and Requests

3

for Production dated August 3, 2006, Interline incurred **Four Thousand Three Hundred Sixty Three Dollars and Fifty Cents ($4,363.50)** in attorney's fees.

The following is a summary of the work performed:

a. $420.00 (2.0 hours x $210/hr.) - Review and evaluation of plaintiff's responses to the foregoing discovery requests; preparation and service of correspondence to plaintiff's counsel in an attempt to seek plaintiff's compliance with Interline's discovery requests; and correspondence with client concerning plaintiff's dilatory conduct;

b. $1176.00 (5.6 hours x $210/hr.) - Preparation and review of Interline's November 13, 2006 Motion to Dismiss, Motion for Sanctions Motion for Enforcement of Court Order, and Memorandum of Law in Support thereof **(dkt #s 154-157)**;

c. $441.00 (2.1 hours x $210/hr.) - Preparation and review of Interline's November 29, 2006 Motion to Correct Court Order concerning compliance with Interline's discovery requests **(dkt #159)**;

d. $819.00 (3.9 hours x $210/hr.) - Review and analysis of plaintiff's December 1, 2006 Objection to Interline's Motion to Correct Court Order, Motion to Dismiss, Motion for Sanctions Motion for Enforcement of Court Order **(dkt # 160)**; preparation and review of December 8, 2006 Reply brief concerning same **(dkt # 161)**;

e. $787.50 (3.5 hours x $225/hr.) – Review and analysis of Court's decisions on pending discovery motions **(dkt # 173-4)**; preparation and review of Motion for Articulation/Reconsideration in connection therewith **(dkt # 175)**;

f. $720 (3.2 hours x $225/hr.) – Preparation and review of Accounting (and supporting documents) to the Court in compliance with the Court's August 24, 2007 Order.

4

11. As a direct and proximate result of the plaintiff's failure to timely and properly file the third party subpoenas and motions to compel on or before November 9, 2006, Interline incurred **Two Thousand Eight Hundred Seventy One Dollars ($2,871.00)** in attorney's fees. The following is a summary of the work performed:

   a. $651.00 (3.1 hours x $210/hr.) – Review and analysis of plaintiff's third party motion to compel (Sprouse & Anderson, LP); review and analysis of Sprouse & Anderson's objection to Motion to Compel; review and analysis of correspondence concerning Motion to Compel and Objection thereto; telephone conferences with counsel for Sprouse & Anderson concerning status of motion and objection; review and analysis of Court's decision on motion and objection;

   b. $420.00 (2.0 hours x $210/hr.) – Review and analysis of Plaintiff's December 11, 2006 Request for Order **(dkt # 162-3)**; preparation and review of December 12, 2006 Objection thereto **(dkt # 164-5)**;

   c. $1,800.00 (8.0 hours x $225/hr.) - Review and analysis of Plaintiff's untimely filed January 16, 2007 Memorandum of Law in Support of Plaintiff's December 11, 2006 Request for Order **(dkt # 169)**; preparation, research and review of January 23, 2007 Objection thereto **(dkt # 170)**.

12. As a direct and proximate result of the plaintiff's failure to comply with the Court's directive to disclose his expert witness(es) to the undersigned on or before November 9, 2006, Interline incurred **One Thousand Four Hundred Thirty Seven Dollars ($1,437)** in attorney's fees and **One Hundred Forty Dollars and**

5

**Eighteen Cents ($140.18) in costs.** The following is a summary of these expenses:

a. $483.00 (2.3 hours x $210/hr.) - Review and analysis of plaintiff's "Disclosure of Expert Witness"[2]; preparation and review of Notice of Deposition and Subpoena Duces Tecum for plaintiff's expert witness; preparation and review of correspondence to state marshal regarding service of subpoena duces tecum;

b. $189.00 (.9 hours x $210/hr.) - Preparation and review of correspondence to opposing counsel concerning deposition of expert witness; telephone conferences with Dr. Richard Proctor and his office personnel concerning the fact that Dr. Proctor had not been engaged by the plaintiff as an expert witness in this case;

c. $67.50 (.3 hours x $225/hr.) - Preparation and review of correspondence to opposing counsel concerning deposition of expert witness and request for reimbursement of expenses incurred by Interline as a result of plaintiff's improper expert witness disclosure;

d. $697.50 (3.1 hours x $225/hr.) – Preparation and review of Motion for Sanctions and Memorandum of Law in Support Thereto **(dkt # 170-1)**; review and analysis of plaintiff's Objection thereto **(dkt # 172)**;

e. $140.18 – Express mail fees, postage, marshal fees and photocopies associated with the service of the subpoena duces tecum on Dr. Richard Proctor.

13. Interline is current with all of its payments on the bills submitted to it for payment.

---

[2] Plaintiff's counsel represented to the Court and opposing counsel that Dr. Richard Proctor was the plaintiff's expert witness. In fact, Dr. Proctor had not even been engaged as the plaintiff's expert in this case.

6

14. Interline has not questioned or challenged any of the time entries or expenses presented to it for payment, including those time entries and expenses described above.

Further affiant sayeth not,

AFFIANT, *(signature)*

LAURA F. BALDINI

On this 12th day of September, 2007, personally appeared, Laura F. Baldini signer of the foregoing instrument, and acknowledged the same to be her free act and deed.

*(signature)*
Robert B. Levine

Commissioner of the Superior Court

7

# EXHIBIT B

| | |
|---|---|
| **From:** | Chamberlaw3@aol.com |
| **To:** | LBaldini@FlyBal-Law.com |
| **Subject:** | memorandum |
| **Date:** | Sunday, January 14, 2007 7:46:13 PM |

Did you get my fax sent on Friday?

Also, I tend to agree with you about Proctor, just please do not send another notice of depo at least until we get a ruling on my disc requests O.K.? My client will likely not retain an expert unless we actually have something substantial for him to review related to his field of specialty and our claims.
I'll discuss getting the funds from my client ASAP for your requested fees.
You would have saved time and money had you just called me to discuss the matter before sending the notice, but I suppose that would be to much to ask.

Very Truly Yours,
Kevin Chamberlin Esq.

P.S. Is this your only active case?