UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CALL CENTER TECHNOLOGIES, | : | CIVIL ACTION NO. 3:03CV1036 (DJS) |
| Plaintiff, | | |
| v. | | |
| GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION, INTERLINE TRAVEL & TOUR, INC. | | |
| Defendants. | : | SEPTEMBER 28, 2007 |

### OBJECTION TO DEFENDANT'S ACCOUNTING RE : DISCOVERY

On the 24th day of August, 2007 this Court (Squatrito, J.) issued an order resolving all motions pending at that time. Days later, the court issued an addendum to that ruling acknowledging that the Plaintiff had filed a brief related to their requests, however the Court did not alter the order.

The Order denied the requests of the Plaintiff in total, and dealt with several motions filed by the Defendant. Specifically, the Defendant filed multiple "Motions for Sanctions for Failure to Comply with Discovery," **(Docket #'s 147,148,155),** a Motion to dismiss, **(Dkt # 154),** a Motion for Enforcement of Court Order, **(Dkt # 156),** a Motion to Correct Court Order, **(Dkt #159),** and an additional Motion for Sanctions (directed at Attorney Chamberlin), **(Dkt #171).** The first three were **GRANTED IN PART,** #156 was Granted, the others were denied in their entirety.

The order of August 24, 2007 specifically stated which motions were granted in part **(#'s 147,148,155)** and the Court ordered the Plaintiff to **"pay the reasonable expenses, including attorney's fees, that his failure to comply with this Court's order of October 10, 2006 caused Interline. Interline shall submit to the court, on or before October 5, 2007, an accounting of its reasonable expenses, including attorney fees, for the court's approval."**

The Defendant filed their accounting of said fees on September 12, 2007 and the Plaintiff objects to this accounting for the following reasons:

1. The Defendant has a history of misunderstanding the rulings of this court and has done so once again. The section of the October 10th order to which the Court concluded the Plaintiff failed to comply was clearly spelled out, it was provision #2, Responses to requests for admission of statements and documents along with Interrogatories and Requests for Production.

2. There were Six sections to that order and the Defendant is attempting to collect attorney fees and costs for all time spent on **two additional sections** of the October 10th order.

3. Defendant's motion has two sections of it's "Accounting" section that should be stricken, namely, **"Accounting Related to Plaintiff's Failure to Timely and Properly File the Third Party Subpoenas and Motions to Compel, and Accounting Related to Plaintiff's Failure to Properly Disclose Expert Witness."** The motions related to these requests were denied and so should be the recovery.

4. Several charges included in the "Accounting Related to Plaintiff's Failure to Complete Responses to Interline's August 3rd 2006 Discovery Requests," have nothing to do with said topic and should be denied.

**Law and Argument**

This Court has clearly articulated the standard of law on the imposition of sanctions pursuant to Rule 37(b) for a failure to obey a lawful order from the court. "provided there is a *clearly articulated order* of the Court requiring specified discovery, the district court has the authority to impose 37(b) sanctions for noncompliance with that order." Daval Steel Products, a Div. Of Francosteel Corp. v. M/V Fakredline, 951 F.2d 1357, 1363 (2d Cir. 1991).

The Order of October 10th 2006 was clearly articulated. The **only** section of that order relating to the provision of discovery responses from the Plaintiff to the Defendant is section 2. This Court's Order of August 24, 2007 specifically relates to that section in its order on page 8, paragraph 2. When the Court made its finding beginning on page 8 at the bottom, it specifically stated the violations : failure to provide responses to the to requests made in section 2 of the October 10th 2006 Order. The Defendant has taken that violation and **extended** it to other sections of the October 10th 2006 Order that she can report fees and costs for same, including two sections that specifically relate to other motions, motions that were either denied or granted without sanctions.

1. The **"REQUEST"** related to fees and expenses for third party subpoenas and motions to compel ($2871.00) was not allowed by the Court and should be denied.

Defendant's filing related this matter was **(Dkt #156)** and no sanction was awarded on this motion by the Court.

2. The **'REQUEST'** related to fees and expenses regarding the expert witness disclosure ($1577.18) was not allowed by the Court and should be denied. Defendant's filing related to this matter was **(Dkt#171)** and this motion was denied.[1]

3. The **"REQUEST"** that is related to the discovery responses is overlord and includes accounting for work that is not related thereto:

   A. Prep and review of Dkt# 154-157. **(Section 2)** All but one of these was denied by the Court and is not recoverable.

   B. Prep and review of Dkt#159. **(Section 3)** This motion was denied.

   C. Review of Plaintiff's object to Dkt# 159. **(Section 4)** and the prep of a response brief thereto. See above.

   D. Motion for articulation of court order August 24th 2007 **(section 5)** Not collectable pursuant to the August 24th 2007 order.

   E. Preparation of Accounting **(Section 6)** Not collectable pursuant to the August 24th 2007 order.

**Conclusion**

In light of the foregoing, The Plaintiff vehemently objects to the "Accounting" filed by the Defendant on September 12, 2007. It has been clearly shown herein that the

---

[1] Defendant has attached a copy of an email that it purports is an admission by Plaintiff counsel that his client should pay for the expert. First, that is not what it says if read literally, and second, at most it was a "settlement" discussion which has no place being disclosed to a Court.

majority of the expenses and attorney fees propounded in Defendant's "Accounting" are improper and unwarranted. Therefore, the Plaintiff respectfully requests that the Court issue and order requiring, **The Plaintiff,** to pay for the expenses and fees that the court finds to be reasonable (that are included in Defendant's "Accounting") and that are directly related, to **only** section 2 of the October 10th 2006 Order. Specifically, section II. A. 1. Only, $420.00

BY: _____
Kevin P. Chamberlin
40 Lake Ave. Ext. Suite 4
Danbury, CT  06811
Federal Bar #- ct26843
Tel.  (203) 792-0011

## **ORDER**

The foregoing motion having been considered by the Court, is hereby ORDERED:

GRANTED/DENIED

                                                  BY THE COURT

                                                  _____
                                                  JUDGE/CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CALL CENTER TECHNOLOGIES, | : | CIVIL ACTION NO. 3:03CV1036 (DJS) |
| Plaintiff, | | |
| v. | | |
| GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION, INTERLINE TRAVEL & TOUR, INC. | | |
| Defendants. | : | SEPTEMBER 28, 2007 |

**CERTIFICATE OF SERVICE**

This is to certify that on September 28th 2007, a copy of this motion was filed electronically and served by mail on anyone unable to receive said electronic service. Notice of this filing will be sent by e-mail to all registered parties by operation of the Court's electronic filing system or by mail on anyone unable to receive said electronic service.

Parties may access this filing through the Court's CM/ECF System.