**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CALL CENTER TECHNOLOGIES, | : | CIVIL ACTION NO. 3:03CV1036 (DJS) |
| Plaintiff, | : | |
| v. | : | |
| GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION, INTERLINE TRAVEL & TOUR, INC., | : | |
| Defendants. | : | OCTOBER 4, 2007 |

**DEFENDANT INTERLINE TRAVEL & TOUR INC.'S**
**REPLY TO PLAINTIFF'S OBJECTION TO INTERLINE'S ACCOUNTING OF**
**ATTORNEY'S FEES AND COSTS**

Defendant, Interline Travel & Tour, Inc. ("Interline"), submits the foregoing Reply to the plaintiff's September 28, 2007 Objection filed in opposition to Interline's October 12, 2007 Accounting of Attorney's Fees and Costs.

1. The Court's August 27, 2007 Order is clear and unambiguous. The Order specifically provides that plaintiff's counsel "shall pay the reasonable expenses, including attorney's fees, that his [sic] failure to comply with this Court's Order of October 10, 2006 caused Interline." Nowhere in the Court's Order is there a statement that the "reasonable expenses" and "attorney's fees" are limited to any

1

particular portion or section of the Court's October 10, 2006 Order as suggested by plaintiff's counsel.  Indeed if the Court intended to limit the scope of the sanctions to be imposed upon the plaintiff, it would have indicted so in its decision by specifying those portions of the Court's October 10, 2006 Order to which the sanctions would apply or would have simply stated that sanctions were only applicable to the plaintiff's failure to comply with Interline's August 3, 2006 discovery requests.  There are no such limitations indicated in the Court's Order.

2. Although the plaintiff has challenged the <u>scope</u> of the Court's August Order imposing sanctions, the plaintiff has not challenged the <u>reasonableness</u> of Interline's accounting of attorney's fees and costs.  A court's normal starting point for determining reasonable attorney's fees is a calculation of a so-called "Lodestar" figure which is arrived at by multiplying the number of hours reasonably expended in the litigation by a reasonable hourly rate. *Gianetti v. Siglinger*, CV-980349830, (Conn. Super April 26, 2004)(Rush, J.); *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1993, 76 L.Ed. 40 (1983).  <u>Nowhere</u> in plaintiff's objection does the plaintiff challenge the reasonableness of the hourly rate charged by Interline's counsel or the number of hours spent on the particular time entries.  There is also no challenge to the costs submitted.  Indeed if the plaintiff intended to challenge the

2

reasonableness of the fees and costs, it would have provided the Court with facts or case law to establish that Interline's accounting of attorney's fees and costs was unreasonable. That did not happen here.

3. The scope of the Court's sanction ruling is not limited to only part of the Court's October Order. Plaintiff has failed to establish that sanctions are "improper and unwarranted" for 1) its failure to timely and properly file third party subpoenas and motions to compel; and 2) its failure to properly disclose its expert witness. Although the Court denied Interline's Motion for Sanctions under Rule 11 for the plaintiff's improper disclosure of an expert witness, Interline also requested "that it be awarded such other and further relief that the Court deems just and proper." (Dkt. #171). Indeed, the Court's August 27, 2007 Order affords the "other and further" relief to Interline as requested. Accordingly, the imposition of sanctions should include all portions of the October Order as stated.

4. In the unlikely event that the Court decides to alter its decision retroactively and limit the scope of the sanctions to the plaintiff's failure to comply with that portion of the Court's October Order concerning Interline's August 3, 2006 discovery requests, Interline should be awarded the requested Four Thousand Three Hundred Sixty Three Dollars and Fifty Cents ($4,363.50). Each entry set forth in Section

3

II.A of Interline's September 12, 2007 Accounting describes an activity that is directly and proximately related to the plaintiff's failure to comply with Interline's August 3, 2006 discovery requests. As discussed, *supra*, the plaintiff has not objected to the reasonableness of the attorney's fees submitted. Moreover, suggesting that "$420" (plaintiff's Reply at p. 5) is an appropriate sanction for a party that has STILL failed to comply with discovery and has refused to comply with orders from this Court is unreasonable, to say the least.

**WHEREFORE**, Interline respectfully requests that its Accounting be approved by this Court and that an award of **Eight Thousand Six Hundred Seventy One Dollars and fifty Cents ($8,671.50)** in attorney's fees and **One Hundred Forty Dollars and Eighteen Cents ($140.18)** be entered in favor of Interline. Interline also requests such other and further relief that this Court deems just and proper.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC • JURIS NO. 421267• LBALDINI@FLYBAL-LAW.COM
P.O. BOX 887 • 74 BATTERSON PARK ROAD • FARMINGTON, CT • 06034-0887 • TEL: (860) 676-3123 •FAX: (860) 606-9797

Respectfully submitted,

DEFENDANT,
INTERLINE TRAVEL & TOUR, INC.

By:_____/S/_____
   LAURA F. BALDINI, ESQ.
   Federal Bar Number ct19887
   Law Offices Of Laura Flynn Baldini, LLC
   74 Batterson Park Road, 2nd Floor
   P.O. Box 887
   Farmington, CT 06034-0887
   Tel. (860) 676-3123
   Fax. (860) 606-9797
   LBaldini@FlyBal-Law.com
   Juris. No. 421267

## **ORDER**

The foregoing ACCOUNTING, having been duly presented to this Court, it is hereby

**ORDERED:**

*GRANTED/DENIED.*

                                        BY THE COURT

                                        _____
                                               Judge/Clerk

LAW OFFICES OF LAURA FLYNN BALDINI, LLC • JURIS NO. 421267• LBALDINI@FLYBAL-LAW.COM
P.O. BOX 887 • 74 BATTERSON PARK ROAD • FARMINGTON, CT • 06034-0887 • TEL: (860) 676-3123 •FAX: (860) 606-9797

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CALL CENTER TECHNOLOGIES, | : | CIVIL ACTION NO. 3:03CV1036 (DJS) |
| Plaintiff, | : | |
| v. | : | |
| GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION, INTERLINE TRAVEL & TOUR, INC., | : | |
| Defendants. | : | OCTOBER 4, 2007 |

## **CERTIFICATE OF SERVICE**

This is to certify that on October 4, 2007, a copy of Interline Travel & Tour Inc.'s Reply to Plaintiff's Objection to Interline's Accounting was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

Parties may access this filing through the Court's CM/ECF System.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC • JURIS NO. 421267• LBALDINI@FLYBAL-LAW.COM
P.O. BOX 887 • 74 BATTERSON PARK ROAD • FARMINGTON, CT • 06034-0887 • TEL: (860) 676-3123 •FAX: (860) 606-9797

        Respectfully submitted,
        DEFENDANT,
        INTERLINE TRAVEL & TOUR, INC.


By: _____/S/_____
        LAURA F. BALDINI, ESQ.
        Federal Bar Number ct19887
        Law Offices Of Laura Flynn Baldini, LLC
        74 Batterson Park Road, 2nd Floor
        P.O. Box 887
        Farmington, CT 06034-0887
        Tel. (860) 676-3123
        Fax. (860) 606-9797
        LBaldini@FlyBal-Law.com
        Juris. No. 421267

8

**LAW OFFICES OF LAURA FLYNN BALDINI, LLC • JURIS NO. 421267• LBALDINI@FLYBAL-LAW.COM**
**P.O. BOX 887 • 74 BATTERSON PARK ROAD • FARMINGTON, CT • 06034-0887 • TEL: (860) 676-3123 •FAX: (860) 606-9797**