## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CALL CENTER TECHNOLOGIES, | : | CIVIL ACTION NO. 3:03CV1036 (DJS) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| GRAND ADVENTURES TOUR & | : | |
| TRAVEL PUBLISHING CORPORATION, | : | |
| INTERLINE TRAVEL & TOUR, INC., | : | |
| Defendants. | : | NOVEMBER 2, 2007 |
| | : | |

## DEFENDANT INTERLINE TRAVEL & TOUR INC.'S
## MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56, Interline

Travel & Tour, Inc. ("Interline"), a defendant in the above-captioned matter, moves for

summary judgment on all claims directed against it in the plaintiff's Third Amended Complaint

dated February 15, 2006.

This is a purported breach of contract and successor liability case brought by the plaintiff,

Call Center Technologies ("CCT"), against Grand Adventures Tour & Travel Publishing

**ORAL ARGUMENT REQUESTED/**
**TESTIMONY NOT REQUIRED**

1

Law Offices of Laura Flynn Baldini, LLC • Juris No. 421267• lbaldini@flybal-law.com
P.O. Box 887 • 74 Batterson Park Road • Farmington, CT • 06034-0887 • tel: (860) 676-3123 •fax: (860) 606-9797

Corporation ("GATT") and Interline. The plaintiff seeks to hold GATT and Interline accountable for the alleged breach of a written Customer Agreement dated June 16, 1998. GATT is not a party to the Customer Agreement, but another incorporated entity with a similar name, Grand Adventures Tour & Travel, Inc. ("GATTInc."), is. Plaintiff, after amending its initial complaint no less than three times, purports to bridge the gap between the two entities by alleging that GATT was "doing business as" GATTInc.", even though this allegation contradicts previous allegations and has not been supported by any evidence in this case. *Third Amended Complaint,* ¶ 4.

The plaintiff seeks to hold Interline accountable for the debts of GATT under a successor liability theory. CCT incorporates by reference the allegations of the First Count against GATT (*Id.* at ¶¶ 1-99) and claims that Interline is "the mere continuation of GATT" and therefore liable for GATT's alleged debt under the Agreement. *Id.* at ¶¶ 100-109.

In its Third Amended Complaint filed just last year, the plaintiff alleged a new claim, based on new facts, which purports to be a successor liability claim based upon an alleged fraudulent "foreclosure auction" conducted over four years ago in October 2001. The plaintiff's Third Amended Complaint, however, contains no allegations to indicate that the foreclosure sale itself was fraudulent, i.e., that the foreclosure sale was conducted with the intent to avoid paying the debt that GATT allegedly owed the plaintiff. Instead, the plaintiff asserts confusing,

2

irrelevant, time-barred allegations about conduct on the part of GATT that was "improper and fraudulent" prior to the 2001 foreclosure sale which resulted in harm to GATT's "shareholders or creditors." *Third Amended Complaint dated February 15, 2006* at ¶101. The plaintiff, although asserting injury on behalf of GATT shareholders, is not, and never has been, a GATT shareholder. *Id.* at ¶¶ 101, 105; *Plaintiff's Responses to Interline's Interrogatories and Requests for Production dated August 3, 2006 at Interrog. #3* at **Exhibit 6**.

As will be discussed in the Interline's Memorandum of Law in Support of Summary Judgment which is attached hereto and incorporated herein by reference, the plaintiff's successor liability claim against Interline is precluded as a matter of law. The evidence in this case shows that Interline purchased GATT's assets, not stock, at a public foreclosure sale in Austin, Texas on October 30, 2001. The common law of Connecticut is clear that a purchaser of all of a corporation's assets does not assume any liability for the debts of the selling corporation. *Ricciardello v. J. W. Gant Co.*, 717 F. Supp. 56 (D. Conn. 1989). The Second Circuit has held that a purchaser of assets at a foreclosure sale does not assume the liabilities of the seller. *Quinn v. Teti*, et al., 2000 U.S. App. LEXIS 27210 at *6 (2d Cir. 2000).

Although there are certain limited circumstances under which successor liability may be imposed, the evidence in this case demonstrates that none of these limited exceptions apply. In particular, the evidence shows that Interline is not a "mere continuation" of GATT. Although Interline acquired GATT's assets at the foreclosure sale, it used those assets to create an entirely

Law Offices of Laura Flynn Baldini, LLC • Juris No. 421267• lbaldini@flybal-law.com
P.O. Box 887 • 74 Batterson Park Road • Farmington, CT • 06034-0887 • tel: (860) 676-3123 •fax: (860) 606-9797

new company.  There is no continuity between GATT and Interline as evidenced by the apparent differences in management, ownership, business structure and operations, travel services, physical location, and personnel.  Moreover, the evidence conclusively shows that Interline did not agree to assume any debts or obligations of GATT, particularly the alleged GATT debt in this case.

The plaintiff's purported fraud claim also fails as a matter of law.  As discussed, *supra*, the plaintiff alleges, for the first time in the plaintiff's Third Amended Complaint, that Interline is liable for the debts of GATT because it conducted an allegedly fraudulent "foreclosure auction". *Third Amended Complaint, Second Count.*  The plaintiff's claim is insufficient as a matter of law because: 1) it is barred by the statute of limitations in Conn. Gen. Stat. § 52-577; 2) the plaintiff lacks standing to assert any claims on behalf of GATT's shareholders; and 3) it fails to satisfy the stringent pleading requirements for fraud claims.  Because the plaintiff's successor liability claim fails as a matter of law, CCT cannot maintain a breach of contract case against Interline as Interline was not a party to the alleged contract between CCT and GATTInc.

Interline also seeks summary judgment on the grounds that this Court lacks personal jurisdiction over it in this action.  Our Supreme Court has held that a defendant can defeat the exercise of a Court's jurisdiction if a defendant makes out a "compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp. v. Rudezewicz*, 471 U.S. 462, 477, 105 S. Ct. 2174 (1985).  The arguments set forth in the

4

accompanying Memorandum of Law present a compelling case. Interline does not have

"continuous and systematic" contacts with Connecticut so as to give this Court general

jurisdiction over it under the prevailing constitutional test. Simply stated, Interline could hardly

have imagined being haled into court in Connecticut to defend itself in this lawsuit. Interline

therefore seeks summary judgment and dismissal of this action because this Court lacks

jurisdiction over it under both Connecticut's long arm statute, Conn. Gen. Stat. §33-929 and U.S.

Const. Amend. V and XIV.

     **WHEREFORE**, for the foregoing reasons and for those set forth in the accompanying

Memorandum of Law, Interline seeks summary judgment on all claims directed against it in the

plaintiff's Third Amended Complaint dated February 15, 2006.

                            Respectfully submitted,

                            DEFENDANT,
                            INTERLINE TRAVEL & TOUR, INC.

By: _____
                            LAURA F. BALDINI, ESQ.
                            Federal Bar Number ct19887
                            Law Offices Of Laura Flynn Baldini, LLC
                            74 Batterson Park Road, 2nd Floor
                            P.O. Box 887
                            Farmington, CT 06034-0887
                            Tel. (860) 676-3123
                            Fax. (860) 606-9797
                            LBaldini@FlyBal-Law.com
                            Juris. No. 421267

5

## ORDER

The foregoing Motion, having been duly presented to this Court, it is hereby **ORDERED**, that the same be and hereby is GRANTED/DENIED.

THE COURT,

_____

JUDGE/Clerk

6

LAW OFFICES OF LAURA FLYNN BALDINI, LLC • JURIS NO. 421267• LBALDINI@FLYBAL-LAW.COM
P.O. BOX 887 • 74 BATTERSON PARK ROAD • FARMINGTON, CT • 06034-0887 • TEL: (860) 676-3123 •FAX: (860) 606-9797

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was mailed via U.S. mail, postage prepaid on this

2nd day of November, 2007 to the following counsel of record:

Kevin P. Chamberlin, Esq.
Law Offices of Kevin P. Chamberlin
*Counsel for Plaintiff*
40 Lake Avenue Extension – Suite 4
Danbury, CT 06811

By: _____
   LAURA F. BALDINI, ESQ.
   Law Offices of Laura Flynn Baldini, LLC

7