UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CALL CENTER TECHNOLOGIES, INC., : | 3:03CV1036 (DJS) |
| Plaintiff, : | |
| v. : | |
| GRAND ADVENTURES TOUR & : | |
| TRAVEL PUBLISHING CORPORATION, & | |
| INTERLINE TRAVEL & TOUR, INC., : | |
| Defendants. : | December 5, 2007 |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANT GRAND ADVENTURES TOUR & TRAVEL
PUBLISHING CORPORATION PURSUANT TO F.R.C.P. 55(b)(2)**

Pursuant to F.R.C.P. 55(b)(2), Plaintiff Call Center Technologies, Inc. ("Plaintiff") hereby moves this Court for entry of default judgment against Defendant Grand Adventures Tour & Travel Publishing Corporation ("GATT"), and in support hereof states as follows:

1.  On or about August 27, 2002 the Plaintiff commenced an action against GATT based upon breach of contract for non-payment of goods sold, which was filed in the Superior Court, Judicial District of Danbury, Connecticut, docketed as case number CV-02-0346965-S (the "State Court Proceeding").

2.  After GATT failed to appear or plead in the State Court proceeding, a default was entered against GATT in the State Court Proceeding.

**ORAL ARGUMENT
NOT REQUESTED**

3. Thereafter, on or about April 21, 2003, Connecticut Superior Court Judge White granted the Plaintiff's motion to cite-in Defendant Interline Travel & Tour, Inc. ("Interline"), as a party defendant in the State Court Proceeding.

4. On or about May 12, 2003 Plaintiff amended its Complaint in the State Court proceeding, making the Interline a party defendant.

5. On or about June 3, 2003, the Defendant Interline appeared in the State Court Proceeding, and on June 10, 2003 filed a Notice of Removal to the United States District Court for the District of Connecticut.

6. On or about August 20, 2003, the Plaintiff amended its Complaint filed in this Court (the "Second Amended Complaint").

7. On or about March 24, 2006, the Plaintiff again amended its Complaint filed in this Court (the "Third Amended Complaint.")

8. The original complaint filed in the State Court Proceeding alleged breach of contract and sought contract damages including attorneys' fees and finance charges against Defendant GATT. The subsequent amendments to the original complaint have added claims against Defendant Interline for successor liability but have not alleged new or additional claims against Defendant GATT.

9. Defendant GATT was defaulted in the State Court Proceeding prior to this action being removed to this Court, thus Defendant GATT's default appears in the record of this action from the State Court.

10. Defendant GATT has subsequently failed to appear or plead in this Court since the removal from State Court and amendment of the original complaint.

11.     On or about November 2, 2007, pursuant to Fed. R. Civ. P. 55(a) Plaintiff filed its Motion for entry of Default against GATT for failure to appear or to plead in this action.

12.     This Court granted such Motion for Default on or about November 5, 2007, and ordered that Plaintiff file the within Motion For Default Judgment pursuant to Fed. R. Civ. P. 55(b) on or before December 5, 2007 (see copy of Order attached hereto as Exhibit A).

## ARGUMENT

13.     The entry of a default judgment is entrusted to the sound judicial discretion of the court. *Cablevision of S. Conn. Ltd. Partnership v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001) (quoting *Shah v. N.Y. State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999)). "Where a party fails to respond, after notice the court is ordinarily justified in entering a judgment against the defaulting party." *Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir. 1984). In this case, Plaintiff is entitled to an entry of default judgment in light of defendant GATT's failure to appear or respond to this action. Furthermore, Plaintiff has sufficiently alleged the facts that underlie its claim of breach of contract. Thus, entry of a default judgment is warranted.

14.     In making the determination of damages and evaluating the allegations asserted against the defendant GATT, the court may "deem[] all the well-pleaded allegations in the pleadings to be admitted" by the defendant. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 108 (2d Cir. 1997)*. In the present case, for present purposes the relevant facts are as follows:

      (a).    GATT purchased from the Plaintiff certain telecommunications goods called an Aspect Call Center. (Third Amended Complaint ¶ 14).

      (b).    The Purchase Price under the Agreement of the Aspect Call Center was $136,090.00, of which GATT paid a deposit of $35,000.00 upon its execution of the Agreement, resulting in an original net balance due Plaintiff of $101,090.00 as of November 30, 1998. (Third Amended Complaint ¶ 31).

      (c).    Defendant GATT ordered additional parts from Plaintiff in February, 1999 consisting of two (2) Aspect Teleset Interface Cards, part number 4061, and three (3) Aspect Teleset Interface Cables, which Plaintiff supplied to GATT, shipping them from its Brookfield, Connecticut offices. (Third Amended Complaint ¶ 30). The purchase price of the additional parts is $13,990.00, of which GATT did not make any payment, resulting in an original net balance due for the additional parts of $13,990 as of February 28, 1999 (Third Amended Complaint ¶ 32).

      (d).    At the time which GATT returned the executed Agreement to Plaintiff in Connecticut, GATT also remitted an initial deposit called for under the Agreement in the form of a check drawn upon a bank account of Grand Adventures Tour & Travel Publishing Corporation, in the amount of $35,000.00 (Third Amended Complaint ¶ 26), which is attached to the Third Amended Complaint as Exhibit B.

(e). The Aspect Call Center was shipped by Plaintiff from Brookfield, Connecticut, (Third Amended Complaint ¶ 27), and all invoices for product delivered were sent by Plaintiff from its Brookfield, Connecticut office. (Third Amended Complaint ¶ 28).

(f). Although demand for payment was made, Defendant GATT refused and neglected to pay Plaintiff (Third Amended Complaint ¶ 33).

(g) Defendant GATT never returned to Plaintiff either the Aspect Call Center or the additional parts. GATT used both the Aspect Call Center and the additional parts for approximately one year. (Third Amended Complaint ¶ 34).

(h). During the negotiations between GATT and Plaintiff, Plaintiff placed and received phone calls and faxes at Plaintiff's Brookfield, Connecticut offices regarding the contemplated Agreement with Defendant GATT. (Third Amended Complaint ¶ 22). Correspondence between the parties and their agents was sent to, and by the Plaintiff from, Plaintiff's Brookfield, Connecticut offices. (Third Amended Complaint ¶ 23).

(i). Plaintiff sent the Agreement without signature from its Brookfield, Connecticut offices to the Defendant GATT in Texas (Third Amended Complaint ¶ 24). Defendant GATT returned the Agreement to Plaintiff's Connecticut offices executed by its C.E.O. Matthew O'Hayer, where it was then executed by Plaintiff. (Third Amended Complaint ¶ 25).

(j). The Agreement states that it will be governed by and enforceable under the laws of the State of Connecticut, and that it will be binding upon both parties and their successors (Third Amended Complaint ¶ 29, Agreement at ¶ 18).

(k). GATT "agree[d] to pay CCTI a finance charge at the rate of 1.5% (one and one half percent) per month, or if greater the maximum lawful rate, for any amounts due and payable to CCTI by Customer under this Customer Agreement and which remain unpaid beyond thirty days." (Agreement at ¶5(c)).

15. Under the clear and unambiguous language of ¶ 5(c) of the Customer Agreement, the finance charges to which the parties agreed were to be applied monthly, not annually, at the rate of one and one half percent (1.5%). Thus, interest under the Customer Agreement is compounded monthly.

16. Plaintiff is entitled to interest at the rate of 1.5% compounded monthly, as such is the contractual rate agreed upon. *Little v. United National Investors Corp.*, 160 Conn. 534, 542 (1971) (contractual terms on interest rate govern over statute); *Reynolds v. Ramos*, 188 Conn. 316, 322 (1982) (upholding contractual interest rate of 12% per year); *In re Connaught Properties, Inc.*, 176 B.R. 678, 681-82 (Bankr. D. Conn. 1995) (upholding contractual interest rate of 2% per month, citing *Little*, supra); *Ernst Steel Corp. v. Reliance ins. Co.*, 13 Conn. App. 253, 256 n2 (Conn. App. 1988) ("The contract between the parties included a provision which imposed an interest rate of 1.5 percent on overdue accounts. The trial court found this provision viable, therefore, the contract rate, rather than the statutory rate of 1 percent, applies."), citing *Little*, supra; *The Bankmart v. Sorrell*, cv840217498S, 1994 Conn. Super. LEXIS 2845 at * 4 (Superior Court, Judicial District of Fairfield, Nov. 9, 1994) (Levin, J.) (upholding contractual interest rate of 18% because where "the parties agree upon a rate of interest until the balance is paid, then the agreed on rate becomes the legal rate in the case.").

17. As set forth in the Affidavit of Debt submitted herewith, based upon Plaintiff's allegations, Plaintiff requests damages in the amount of **$560,576.22 (five hundred sixty thousand, five hundred seventy six dollars and twenty two cents)** calculated as follows:

    (a) $101,090.00 representing the principal amount unpaid for the Aspect Call Center after application of GATT's deposit;

    (b) $13,990.00 representing the principal amount unpaid for the additional parts;

    (c) $445,496.22 representing pre-judgment interest on (a) above at the rate of 1.5% per month for 108 months (from November 30, 1998 to November 30, 2007), and on (b) above at the rate of 1.5% per month for 93 months (from February 28, 1999 to November 30, 2007), as set forth in the Affidavit of Debt and the Grand Adventures Tour & Travel Publishing Corporation Damages Calculation attached hereto.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a Default Judgment pursuant to Fed. R. Civ. P. 55(b)(2) against Defendant Grand Adventures Tour & Travel Publishing Corporation and in favor of Plaintiff in the amount of **$560,576.22**. Plaintiff's Bill of Costs and Affidavit of Debt are filed simultaneously herewith.

PLAINTIFF,

CALL CENTER TECHNOLOGIES, INC.

By _____
Kevin P. Chamberlin, its Attorney
Federal Bar No. ct26843
40 Lake Avenue Extension, Suite 4
Danbury, CT 06811
Tel: 203-792-0011
Fax: 203-792-3370
Chamberlinlaw@comcast.net

## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CALL CENTER TECHNOLOGIES, INC., | : | 3:03CV1036 (DJS) |
| Plaintiff, | : | |
| v. | : | |
| GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION, & INTERLINE TRAVEL & TOUR, INC., | : | |
| Defendants. | : | December 5, 2007 |

### **AFFIDAVIT OF SERVICE**

STATE OF CONNECTICUT
                              ss. Danbury
COUNTY OF FAIRFIELD

  Personally appeared, Kevin P. Chamberlin, of the City of Danbury, County of Fairfield, and State of Connecticut, who being duly sworn, deposes and says:

  1. I am over the age of eighteen years and believe in the obligation of an oath.

  2. I am an attorney with the law firm representing the Plaintiff in the above-captioned matter.

  3. The undersigned hereby certifies and declares under penalty of perjury pursuant to 28 U.S.C. § 1746 and pursuant to this Court's Order of November 5, 2007, that on December 5, 2007 a true and correct copy of the within and foregoing Motion for Default Judgment as well as this Court's Order of Default entered November 5, 2007 were mailed, U.S. postage prepaid, by Plaintiff to GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION, as follows:

9

Grand Adventures Tour & Travel Publishing Corporation
211 East 7th Street – 11th Floor
Austin, TX 78701

4.   The undersigned hereby further certifies and declares under penalty of perjury pursuant to 28 U.S.C. § 1746 that on December 5, 2007, a copy of the within and foregoing Motion for Default Judgment was filed electronically and served by first class mail, U.S. postage prepaid, upon all other parties unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

_____
Kevin Chamberlin

Subscribed and sworn to before me this 5th day of December, 2007.

_____
Notary Public
My Commission Expires: My Commission Expires Aug. 31, 2009

Dated: December 5, 2007

/s/ Kevin P. Chamberlin
Kevin P. Chamberlin
Federal Bar No. ct26843
40 Lake Avenue Extension – Suite 4
Danbury, CT 06811
Phone: 203-792-0011
Fax: 203-792-3370
Chamberlinlaw@comcast.net

From: CMECF@ctd.uscourts.gov
To: CMECF@ctd.uscourts.gov
Subject: Activity in Case 3:03-cv-01036-DJS Call Ctr Tech, Inc v. Grand Adventures, et al Order on Motion for Default Entry 55(a)
Date: Mon, 5 Nov 2007 10:52 am

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

## U.S. District Court

### United States District Court for the District of Connecticut

## Notice of Electronic Filing

The following transaction was entered on 11/5/2007 at 10:51 AM EST and filed on 11/5/2007
**Case Name:** Call Ctr Tech, Inc v. Grand Adventures, et al
**Case Number:** 3:03-cv-1036
**Filer:**
**Document Number:** 188(No document attached)

**Docket Text:**
ORDER granting [187] Motion for Default Entry 55(a). The plaintiff shall mail a copy of this Order to the defendant, GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION, at its usual place of business. The plaintiff shall file its Motion for Default Judgment by December 5, 2007, a copy of which shall be mailed by U.S. postage to the defendant. The plaintiffs motion shall state in an affidavit that this motion and the Courts entry of default this date has been mailed by the plaintiff to the defendant. Motion for default judgment due by 12/5/2007. A Motion for Default Judgment pursuant to FRCP 55(b) shall be filed or this action will be dismissed by the Clerk pursuant to Rule 41(b) FRCP., Signed by Judge Dominic J. Squatrito on 11/5/07. (Pike, C.)

**3:03-cv-1036 Notice has been electronically mailed to:**
David P. Stich dstich@solpearl.com
Laura Flynn Baldini LBaldini@FlyBal-Law.com
Kevin P. Chamberlin chamberlaw3@aol.com

**3:03-cv-1036 Notice has been delivered by other means to:**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| CALL CENTER TECHNOLOGIES, INC., | : 3:03CV1036 (DJS) |
| Plaintiff, | : |
| v. | : |
| GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION, & INTERLINE TRAVEL & TOUR, INC., | : : |
| Defendants. | : December 5, 2007 |

---

## AFFIDAVIT OF DEBT

STATE OF CONNECTICUT
                              ss. Brookfield
COUNTY OF FAIRFIELD

Personally appeared, Dean S. Vlahos, of the City of Brookfield, County of Fairfield and State of Connecticut, who being duly sworn, deposes and says that:

1. I am over the age of eighteen years and believe in the obligation of an oath.

2. I am the president, an officer and director of the Plaintiff in the above-captioned matter ("CCT"), and as such, I am familiar with its accounts, including the account of the Defendant GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION ("GATT").

3. I have read and reviewed the pleadings filed by CCT against GATT in the foregoing action and know of my own personal knowledge that all of the facts contained therein are true and correct.

4. I have prepared the Grand Adventures Tour & Travel Publishing Corporation Running Balance spreadsheet attached hereto as Exhibit A, and it is a true and correct statement of the current balance due CCT from GATT based upon the Customer Agreement attached to the Third Amended Complaint filed in the above captioned action.

5. As set forth in Exhibit A hereto, there is as of November 31, 2007 due the Plaintiff from GATT the amount of $560,576.22 of which $115,080.00 represents principal and $445,496.22 represents interest.

6. CCT has received no payment(s) from GATT on account of the sums herein before mentioned since the filing of this action and has recovered no judgment against GATT for any of said monies, and there are no setoffs to or against the claims in this action by GATT.

Dated at Brookfield, Ct, this 5th day of December, 2007.

_____
Dean S. Vlahos,
President and duly authorized
representative of Plaintiff.

Subscribed and sworn to before me this 5th day of December, 2007

_____
Notary Public/ Comm Sup Court

**Kevin P. Chamberlin
Commissioner of the Superior Court**

**GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION**
**RUNNING BALANCE (Page 1 of 2)**

| Month # | As of Date | Starting Balance | Interest Rate | Interest | Ending Balance |
|---|---|---|---|---|---|
| 1 | Dec. 31, 1998 | $101,090.00 | 1.50% | $1,516.35 | $102,606.35 |
| 2 | Jan. 31, 1999 | $102,606.35 | 1.50% | $1,539.10 | $104,145.45 |
| 3 | Feb-99 | $104,145.45 | 1.50% | $1,562.18 | $105,707.63 |
| 4 | Mar-99 | $105,707.63 | 1.50% | $1,585.61 | $107,293.24 |
| 5 | Apr-99 | $107,293.24 | 1.50% | $1,609.40 | $108,902.64 |
| 6 | May-99 | $108,902.64 | 1.50% | $1,633.54 | $110,536.18 |
| 7 | Jun-99 | $110,536.18 | 1.50% | $1,658.04 | $112,194.22 |
| 8 | Jul-99 | $112,194.22 | 1.50% | $1,682.91 | $113,877.14 |
| 9 | Aug-99 | $113,877.14 | 1.50% | $1,708.16 | $115,585.29 |
| 10 | Sep-99 | $115,585.29 | 1.50% | $1,733.78 | $117,319.07 |
| 11 | Oct-99 | $117,319.07 | 1.50% | $1,759.79 | $119,078.86 |
| 12 | Nov-99 | $119,078.86 | 1.50% | $1,786.18 | $120,865.04 |
| 13 | Dec-99 | $120,865.04 | 1.50% | $1,812.98 | $122,678.02 |
| 14 | Jan-00 | $122,678.02 | 1.50% | $1,840.17 | $124,518.19 |
| 15 | Feb-00 | $124,518.19 | 1.50% | $1,867.77 | $126,385.96 |
| | (Additional Parts Feb. 99) | $126,385.96 | | | $140,375.96 |
| 16 | Mar-00 | $140,375.96 | 1.50% | $2,105.64 | $142,481.60 |
| 17 | Apr-00 | $142,481.60 | 1.50% | $2,137.22 | $144,618.82 |
| 18 | May-00 | $144,618.82 | 1.50% | $2,169.28 | $146,788.11 |
| 19 | Jun-00 | $146,788.11 | 1.50% | $2,201.82 | $148,989.93 |
| 20 | Jul-00 | $148,989.93 | 1.50% | $2,234.85 | $151,224.78 |
| 21 | Aug-00 | $151,224.78 | 1.50% | $2,268.37 | $153,493.15 |
| 22 | Sep-00 | $153,493.15 | 1.50% | $2,302.40 | $155,795.54 |
| 23 | Oct-00 | $155,795.54 | 1.50% | $2,336.93 | $158,132.48 |
| 24 | Nov-00 | $158,132.48 | 1.50% | $2,371.99 | $160,504.47 |
| 25 | Dec-00 | $160,504.47 | 1.50% | $2,407.57 | $162,912.03 |
| 26 | Jan-01 | $162,912.03 | 1.50% | $2,443.68 | $165,355.71 |
| 27 | Feb-01 | $165,355.71 | 1.50% | $2,480.34 | $167,836.05 |
| 28 | Mar-01 | $167,836.05 | 1.50% | $2,517.54 | $170,353.59 |
| 29 | Apr-01 | $170,353.59 | 1.50% | $2,555.30 | $172,908.89 |
| 30 | May-01 | $172,908.89 | 1.50% | $2,593.63 | $175,502.53 |
| 31 | Jun-01 | $175,502.53 | 1.50% | $2,632.54 | $178,135.06 |
| 32 | Jul-01 | $178,135.06 | 1.50% | $2,672.03 | $180,807.09 |
| 33 | Aug-01 | $180,807.09 | 1.50% | $2,712.11 | $183,519.20 |
| 34 | Sep-01 | $183,519.20 | 1.50% | $2,752.79 | $186,271.98 |
| 35 | Oct-01 | $186,271.98 | 1.50% | $2,794.08 | $189,066.06 |
| 36 | Nov-01 | $189,066.06 | 1.50% | $2,835.99 | $191,902.05 |
| 37 | Dec-01 | $191,902.05 | 1.50% | $2,878.53 | $194,780.59 |
| 38 | Jan-02 | $194,780.59 | 1.50% | $2,921.71 | $197,702.29 |
| 39 | Feb-02 | $197,702.29 | 1.50% | $2,965.53 | $200,667.83 |
| 40 | Mar-02 | $200,667.83 | 1.50% | $3,010.02 | $203,677.85 |
| 41 | Apr-02 | $203,677.85 | 1.50% | $3,055.17 | $206,733.01 |
| 42 | May-02 | $206,733.01 | 1.50% | $3,101.00 | $209,834.01 |
| 43 | Jun-02 | $209,834.01 | 1.50% | $3,147.51 | $212,981.52 |
| 44 | Jul-02 | $212,981.52 | 1.50% | $3,194.72 | $216,176.24 |
| 45 | Aug-02 | $216,176.24 | 1.50% | $3,242.64 | $219,418.89 |
| 46 | Sep-02 | $219,418.89 | 1.50% | $3,291.28 | $222,710.17 |
| 47 | Oct-02 | $222,710.17 | 1.50% | $3,340.65 | $226,050.82 |
| 48 | Nov-02 | $226,050.82 | 1.50% | $3,390.76 | $229,441.58 |
| 49 | Dec-02 | $229,441.58 | 1.50% | $3,441.62 | $232,883.21 |
| 50 | Jan-03 | $232,883.21 | 1.50% | $3,493.25 | $236,376.46 |
| 51 | Feb-03 | $236,376.46 | 1.50% | $3,545.65 | $239,922.10 |

**GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION**
**RUNNING BALANCE (Page 2 of 2)**

| Month # | As of Date | Starting Balance | Interest Rate | Interest | Ending Balance |
|---|---|---|---|---|---|
| 52 | Mar-03 | $239,922.10 | 1.50% | $3,598.83 | $243,520.93 |
| 53 | Apr-03 | $243,520.93 | 1.50% | $3,652.81 | $247,173.75 |
| 54 | May-03 | $247,173.75 | 1.50% | $3,707.61 | $250,881.35 |
| 55 | Jun-03 | $250,881.35 | 1.50% | $3,763.22 | $254,644.57 |
| 56 | Jul-03 | $254,644.57 | 1.50% | $3,819.67 | $258,464.24 |
| 57 | Aug-03 | $258,464.24 | 1.50% | $3,876.96 | $262,341.21 |
| 58 | Sep-03 | $262,341.21 | 1.50% | $3,935.12 | $266,276.33 |
| 59 | Oct-03 | $266,276.33 | 1.50% | $3,994.14 | $270,270.47 |
| 60 | Nov-03 | $270,270.47 | 1.50% | $4,054.06 | $274,324.53 |
| 61 | Dec-03 | $274,324.53 | 1.50% | $4,114.87 | $278,439.40 |
| 62 | Jan-04 | $278,439.40 | 1.50% | $4,176.59 | $282,615.99 |
| 63 | Feb-04 | $282,615.99 | 1.50% | $4,239.24 | $286,855.23 |
| 64 | Mar-04 | $286,855.23 | 1.50% | $4,302.83 | $291,158.05 |
| 65 | Apr-04 | $291,158.05 | 1.50% | $4,367.37 | $295,525.43 |
| 66 | May-04 | $295,525.43 | 1.50% | $4,432.88 | $299,958.31 |
| 67 | Jun-04 | $299,958.31 | 1.50% | $4,499.37 | $304,457.68 |
| 68 | Jul-04 | $304,457.68 | 1.50% | $4,566.87 | $309,024.55 |
| 69 | Aug-04 | $309,024.55 | 1.50% | $4,635.37 | $313,659.91 |
| 70 | Sep-04 | $313,659.91 | 1.50% | $4,704.90 | $318,364.81 |
| 71 | Oct-04 | $318,364.81 | 1.50% | $4,775.47 | $323,140.29 |
| 72 | Nov-04 | $323,140.29 | 1.50% | $4,847.10 | $327,987.39 |
| 73 | Dec-04 | $327,987.39 | 1.50% | $4,919.81 | $332,907.20 |
| 74 | Jan-05 | $332,907.20 | 1.50% | $4,993.61 | $337,900.81 |
| 75 | Feb-05 | $337,900.81 | 1.50% | $5,068.51 | $342,969.32 |
| 76 | Mar-05 | $342,969.32 | 1.50% | $5,144.54 | $348,113.86 |
| 77 | Apr-05 | $348,113.86 | 1.50% | $5,221.71 | $353,335.57 |
| 78 | May-05 | $353,335.57 | 1.50% | $5,300.03 | $358,635.60 |
| 79 | Jun-05 | $358,635.60 | 1.50% | $5,379.53 | $364,015.14 |
| 80 | Jul-05 | $364,015.14 | 1.50% | $5,460.23 | $369,475.36 |
| 81 | Aug-05 | $369,475.36 | 1.50% | $5,542.13 | $375,017.49 |
| 82 | Sep-05 | $375,017.49 | 1.50% | $5,625.26 | $380,642.76 |
| 83 | Oct-05 | $380,642.76 | 1.50% | $5,709.64 | $386,352.40 |
| 84 | Nov-05 | $386,352.40 | 1.50% | $5,795.29 | $392,147.68 |
| 85 | Dec-05 | $392,147.68 | 1.50% | $5,882.22 | $398,029.90 |
| 86 | Jan-06 | $398,029.90 | 1.50% | $5,970.45 | $404,000.35 |
| 87 | Feb-06 | $404,000.35 | 1.50% | $6,060.01 | $410,060.35 |
| 88 | Mar-06 | $410,060.35 | 1.50% | $6,150.91 | $416,211.26 |
| 89 | Apr-06 | $416,211.26 | 1.50% | $6,243.17 | $422,454.43 |
| 90 | May-06 | $422,454.43 | 1.50% | $6,336.82 | $428,791.24 |
| 91 | Jun-06 | $428,791.24 | 1.50% | $6,431.87 | $435,223.11 |
| 92 | Jul-06 | $435,223.11 | 1.50% | $6,528.35 | $441,751.46 |
| 93 | Aug-06 | $441,751.46 | 1.50% | $6,626.27 | $448,377.73 |
| 94 | Sep-06 | $448,377.73 | 1.50% | $6,725.67 | $455,103.40 |
| 95 | Oct-06 | $455,103.40 | 1.50% | $6,826.55 | $461,929.95 |
| 96 | Nov-06 | $461,929.95 | 1.50% | $6,928.95 | $468,858.90 |
| 97 | Dec-06 | $468,858.90 | 1.50% | $7,032.88 | $475,891.78 |
| 98 | Jan-07 | $475,891.78 | 1.50% | $7,138.38 | $483,030.16 |
| 99 | Feb-07 | $483,030.16 | 1.50% | $7,245.45 | $490,275.61 |
| 100 | Mar-07 | $490,275.61 | 1.50% | $7,354.13 | $497,629.74 |
| 101 | Apr-07 | $497,629.74 | 1.50% | $7,464.45 | $505,094.19 |
| 102 | May-07 | $505,094.19 | 1.50% | $7,576.41 | $512,670.60 |
| 103 | Jun-07 | $512,670.60 | 1.50% | $7,690.06 | $520,360.66 |
| 104 | Jul-07 | $520,360.66 | 1.50% | $7,805.41 | $528,166.07 |
| 105 | Aug-07 | $528,166.07 | 1.50% | $7,922.49 | $536,088.56 |
| 106 | Sep-07 | $536,088.56 | 1.50% | $8,041.33 | $544,129.89 |
| 107 | Oct-07 | $544,129.89 | 1.50% | $8,161.95 | $552,291.84 |
| 108 | Nov. 31, 2007 | $552,291.84 | 1.50% | $8,284.38 | **$560,576.22** |
| | | | | TOTAL | **560,576.22** |

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CALL CENTER TECHNOLOGIES, INC., : | | 3:03CV1036 (DJS) |
| Plaintiff, : | | |
| v. : | | |
| GRAND ADVENTURES TOUR & : <br> TRAVEL PUBLISHING CORPORATION, & <br> INTERLINE TRAVEL & TOUR, INC., : | | |
| Defendants, : | | December 4, 2007 |

## PLAINTIFF'S BILL OF COSTS

| | |
|---|---|
| State Marshal's Fee | $ 59.00 |
| Court Entry Fee | $275.00 |
| Complaint Fee | $ 17.00 |
| Services Before Trial | $ 50.00 |

TOTAL:                              $401.00

                      PLAINTIFF,
                      CALL CENTER TECHNOLOGIES, INC.

By        _____
                      Kevin P. Chamberlin, its Attorney
                      Federal Bar No. ct26843
                      40 Lake Avenue Extension
                      Suite 4
                      Danbury, CT 06811
                      Tel: 203-792-0011
                      Fax: 203-792-3370
                      Chamberlinlaw@comcast.net

Dated: December 4, 2007

## CERTIFICATE OF SERVICE

     I hereby certify that on December 4, 2007, a copy of foregoing Motion for Default Judgment, was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.
Additionally will be mailed to by certified mail:
Grand Adventures Tour & Travel Publishing Corporation
211 East 7th Street – 11th Floor
Austin, TX 78701