UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | | |
|---|---|---|
| CALL CENTER TECHNOLOGIES, INC., | : | 3:03CV1036 (DJS) |
| Plaintiff, | : | |
| v. | : | |
| GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION, & INTERLINE TRAVEL & TOUR, INC., | : : | |
| Defendants. | : | December 14, 2007 |

---

**AFFIDAVIT OF DEAN VLAHOS**

**IN OPPOSITION TO INTERLINE TRAVEL & TOUR, INC.'S STATEMENT OF UNDISPUTED FACTS**

STATE OF CONNECTICUT   )
                       )   ss. Brookfield
COUNTY OF FAIRFIELD    )

Personally appeared, Dean S. Vlahos, of the City of Brookfield, County of Fairfield and State of Connecticut, who being duly sworn, deposes and says that:

1. I am over the age of eighteen (18) years and believe in the obligations of an oath.

2. I am the president of Call Center Technologies, Inc. ("CCT" or Plaintiff) and have held that office continuously since CCT's inception in 1997.

3. Since 1997 CCT has maintained offices at 632-640 Federal Road, Brookfield, Connecticut, 06804.

1

4. CCT is in the business of, among other things, advertising and selling refurbished telecommunications equipment to the call center industry, and specializes in re-sale of equipment manufactured by Aspect Telecommunications, Inc. ("Aspect").

5. In June of 1998 as president of CCT I negotiated with Grand Adventures Tour & Travel Publishing Corporation ("GATT") for the sale of certain refurbished goods called an Aspect Call Center. All phone calls, faxes, and correspondence regarding negotiations with GATT were originated from or received at CCT's offices in Brookfield, Connecticut.

6. As a result of such negotiations, I sent from CCT's Brookfield, Connecticut offices a final, unsigned contract called a Customer Agreement to GATT together with a detailed Order Schedule specifying the configuration and components of the Aspect Call Center as requested by GATT.

7. I sent by overnight courier the above Customer Agreement to GATT at GATT's address at 211 East Seventh Street, Southwest Tower, 11th Floor, Austin, Texas, 78701.

8. At the time I prepared the preamble to the Customer Agreement containing the Customer's name, I made a typographical error in naming the Customer as "Grand Adventures Tour & Travel, Inc." instead of "Grand Adventures Tour & Travel Publishing Corporation," however the Customer's address contained in the preamble was correctly that of Grand Adventures Tour & Travel Publishing Corporation set forth above.

9. On or about June 27, 1998 I received at CCT's Brookfield, Connecticut offices an overnight envelope from GATT containing an executed original of the Customer Agreement signed by "GATT" through its C.E.O., Matthew O'Hayer, together with a deposit check in the amount of $35,000.00 as required under ¶ 5(a) of the Customer Agreement and drawn upon the bank account of Grand Adventures Tour & Travel Publishing Corporation. A true and correct copy of the executed Customer Agreement is attached to the Third Amended Complaint filed in this action as Exhibit A thereto, and also appears as exhibit A to Exhibit 5 of Defendant Interline Travel & Tour Inc.'s Exhibits to Memorandum of Law in Support of Motion for Summary Judgment ("Interline Exhibits"). A true and correct copy of the deposit check is attached as Exhibit B to the Third Amended Complaint, and also appears at the last page of Exhibit 5 of the Interline Exhibits. The deposit check prominently displays the trademark, tradename and logo of "GATT" as identifying Grand Adventures Tour & Travel Publishing Corporation.

10. After I received the Customer Agreement executed by GATT, I executed the Customer Agreement on behalf of CCT at its Brookfield, Connecticut office.

11. CCT shipped the Aspect Call Center ordered by GATT pursuant to the Customer Agreement from CCT's warehouse in Brookfield, Connecticut and to GATT at GATT's address at 211 East Seventh Street, Southwest Tower, 11th Floor, Austin, Texas 78701.

12. GATT received and accepted the Aspect Call Center at GATT's offices in Austin, Texas.

13. CCT hired third party subcontractors who traveled to GATT"s offices in Austin, Texas, and installed the Aspect Call Center at GATT's those offices.

14. On or about November 20, 1998, I received a letter from an attorney representing Grand Adventures Tour & Travel Publishing Corporation making certain demands under the Agreement and acknowledging purchase and receipt of the Equipment but complaining as to the software installed on the Equipment, which letter is attached hereto as Exhibit A.

15. At the time CCT entered into the Customer Agreement, CCT widely distributed refurbished Aspect Call Center systems and parts and regularly advertised same with knowledge of and without objection of Aspect, however, CCT had no formal relationship with Aspect.

16. In February of 1999 GATT ordered additional Aspect Call Center parts from CCT, consisting of two (2) Aspect Teleset Interface Cards, part number 4061, and three (3) Aspect Teleset Interface Cables (the "Additional Parts"), which Plaintiff supplied to GATT by shipping them by Federal Express from CCT's Brookfield, Connecticut offices.

17. A CCT Shipping Information form attached hereto as Exhibit B was prepared by CCT in connection with the shipment to GATT of the Additional Parts indicating the serial numbers of the parts, and such form is maintained by CCT as part of its business records in the ordinary course of business.

18. The purchase price of the Aspect Call Center was $130,090.00 plus an installation charge of $6,000.00 for a total purchase price of $136,090.00. After deducting GATT's deposit of $35,000.00 set forth in ¶ 9 above, the principal balance owed by GATT for the Aspect Call Center was $101,090.00. The purchase price of the Additional Parts was $13,990.00. GATT made no payment toward the Additional Parts and made no further payment toward the Aspect Call Center.

19. I attempted to contact GATT through its website known as www.perx.com. I discovered that the website known as www.perx.com is now operated by a company known as Interline Travel & Tour, Inc. A printout of the www.perx.com home page is attached hereto as Exhibit C.

20. I logged on to the www.perx.com website, identifying myself as a resident of the State of Connecticut, and was offered to be signed up as an Interline member associated with Bradley International Airport in Hartford, Connecticut, as well as Tweed Regional Airport in New Haven, Connecticut.

21. I completed the membership registration process on the www.perx.com website and became a member of Interline and received an email confirmation at my email address at CCT's web server located in Brookfield, Connecticut. I have subsequently received hundreds of emails from Interline soliciting purchase of travel packages.

22. On the www.perx.com web site there is an interactive online store called store.perx.com which offers certain consumer products with pricing information, and from which I completed an online purchase from my office in Brookfield, Connecticut using my credit card and CCT's Brookfield, Connecticut offices' address for shipping.

23. I received at my email address at CCT's web server located in CCT's Brookfield, Connecticut offices a confirmation of the order I had placed on the store.perx.com website, which is attached hereto as Exhibit D.

24. I received the shipment of the items I purchased from store.perx.com delivered to CCT's Brookfield, Connecticut office by UPS ground delivery service.

25. CCT has never been paid by GATT or Interline for the debt owed to CCT by GATT.

26. I received the signed original of the Customer Agreement by overnight courier at Call Center Technologies Inc.'s offices in Brookfield, Connecticut in an envelope addressed from Grand Adventures Tour & Travel Publishing Corporation and containing a check drawn against the account of Grand Adventures Tour & Travel Publishing Corporation. A true and correct copy of such check is attached as exhibit B to the Third Amended Complaint and also appears at the last page of Exhibit 5 to Interline's Exhibits to Memorandum of Law in Support of Motion For Summary Judgment ("Interline Exhibits").

27. During the pendency of this litigation I received as part of discovery produced by Interline a document entitled "Interline Vacations Net Assets Acquired" dated October 29, 2001, which is attached hereto as Exhibit E and which was introduced as Plaintiff's Exhibit 24 during the depositions of Joseph Juba and Duane K. Boyd.

28. Attached hereto as Exhibit F is a true and correct copy of a Form 8-K filed April 9, 2001 with Securities Exchange Commission by GATT which I downloaded off of the internet.

Dated at Brookfield, CT, this 14th day of December, 2007.

Dean S. Vlahos,
President and duly authorized
representative of Plaintiff.

Subscribed and sworn to before me this 14th day of December, 2007

Notary Public/ Comm Sup Court

**Kevin P. Chamberlin**
**Commissioner of the Superior Court**