**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CALL CENTER TECHNOLOGIES, | : | CIVIL ACTION NO. 3:03CV1036 (DJS) |
| Plaintiff, | : | |
| v. | : | |
| GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION, INTERLINE TRAVEL & TOUR, INC., | : | |
| Defendants. | : | DECEMBER 27, 2007 |

**DEFENDANT INTERLINE TRAVEL & TOUR INC.'S**
**MOTION TO BIFURCATE AND MOTION FOR STAY**

Pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, Interline Travel & Tour, Inc. ("Interline"), a defendant in the above-captioned matter, moves for a separate trial of the claims asserted by plaintiff in this case. Interline makes this motion (in the unlikely event that its Motion for Summary Judgment (Docket # 184-86) is denied) seeking to have the purported successor liability claims directed against Interline in the plaintiff's Third Amended Complaint dated February 15, 2006 be tried separately from the plaintiff's breach of contract claim against

**ORAL ARGUMENT REQUESTED/**
**TESTIMONY NOT REQUIRED**

1

defendant Grand Adventures Tour & Travel Publishing Corporation ("GATT"). Interline seeks to bifurcate these claims in the interest of convenience, judicial economy and avoiding prejudice to Interline in this matter.

Interline makes this motion without conceding or waiving any of the arguments submitted to the Court in support of its Motion for Summary Judgment dated November 2, 2007, all of which are expressly reserved.

## I.  FACTS

This is a purported breach of contract and successor liability case brought by the plaintiff, Call Center Technologies ("CCT"), against Grand Adventures Tour & Travel Publishing Corporation ("GATT") and Interline. The plaintiff seeks to hold GATT and Interline accountable for the alleged breach of a written Customer Agreement dated June 16, 1998. Neither GATT nor Interline is a party to the Customer Agreement, but another incorporated entity with a similar name, Grand Adventures Tour & Travel, Inc. ("GATTInc."), is.

Plaintiff's claim against GATT is a purported breach of contract claim. After amending its initial complaint no less than three times, plaintiff purports to bridge the gap between the two entities by alleging that GATT was "doing business as" GATTInc.", even though this allegation contradicts previous allegations and has not been supported by any evidence in this case. *Third Amended Complaint,* ¶ 4.

2

The plaintiff seeks to hold Interline accountable for the debts of GATT under a successor liability theory. CCT incorporates by reference the allegations of the First Count against GATT (*Id.* at ¶¶ 1-99) and claims that Interline is "the mere continuation of GATT" and therefore liable for GATT's alleged debt under the Agreement. *Id.* at ¶¶ 100-109.  In addition, in its Third Amended Complaint filed just last year, the plaintiff alleged a new claim, based on new facts, which purports to be a successor liability claim based upon an alleged fraudulent "foreclosure auction" conducted over four years ago in October 2001.  The plaintiff's Third Amended Complaint, however, contains no allegations to indicate that the foreclosure sale itself was fraudulent, i.e., that the foreclosure sale was conducted with the intent to avoid paying the debt that GATT allegedly owed the plaintiff.  Instead, the plaintiff asserts confusing, irrelevant, time-barred allegations about conduct on the part of GATT that was "improper and fraudulent" prior to the 2001 foreclosure sale which resulted in harm to GATT's "shareholders or creditors." *Third Amended Complaint dated February 15, 2006* at ¶101.  The plaintiff, although asserting injury on behalf of GATT shareholders, is not, and never has been, a GATT shareholder. *Id.* at ¶¶ 101, 105; *Plaintiff's Responses to Interline's Interrogatories and Requests for Production dated August 3, 2006 at Interrog. #3*.

On November 2, 2007, Interline filed a Motion for Summary judgment seeking to dispose of the plaintiff's successor liability claims against it.  The Court has not ruled upon this motion.

3

On November 2, 2007, plaintiff's counsel moved pursuant to Fed. R. Civ. P. 55(a) for an entry of default as a result of GATT's failure to appear or plead in this action. *See* Docket #187. The Court granted this motion. *See* Docket #188.  On December 5, 2007, plaintiff's counsel filed a Motion for Default Judgment against GATT (Docket #192).  The Court has not scheduled or conducted a hearing with respect to this motion.

## II.     ARGUMENT

### A.     Standard for Motion to Bifurcate Under Fed. R. Civ. P. 42(b)

Fed. R. Civ. P. 42(b) provides, in relevant part:

> **Separate Trials**. The court, in furtherance of convenience or to avoid prejudice, or when separate trials would be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

"Under Rule 42(b), a district court has broad discretion in separating issues and claims for trial as part of its wide discretion in trial management." *Shum v. Intel Corp.*, 499 F.3d 1272, 1283 (Fed. Cir. 2007); *Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209, 1212 (Fed. Cir. 1987).  Rule 42(b) gives the Court discretion to sever issue at trial "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and

4

LAW OFFICES OF LAURA FLYNN BALDINI, LLC • JURIS NO. 421267• LBALDINI@FLYBAL-LAW.COM
P.O. BOX 887 • 74 BATTERSON PARK ROAD • FARMINGTON, CT • 06034-0887 • TEL: (860) 676-3123 •FAX: (860) 606-9797

economy." *See Andrew Corporation v. Cablewave Systems, Inc.*, 1975 U.S. Dist. LEXIS 11982 *2-3 (U. S. Dist. Ct. 1975)(Zampano, J.) *citing Garber v. Randall*, 477 F.2d 711 (2d Cir. 1973). Although a single trial tends to lessen delay, expense and inconvenience to all concerned, bifurcation is desirable when the resolution of a single issue in a separate trial would make it unnecessary to try other issues or would result in the dismissal of parties and claims in a lawsuit. *Andrew Corporation,* 1975 U.S. Dist. LEXIS 11982 at *2-3; *see also Anne Marie Lindsey, et al. v Prive Corp.*, 161 F. 3d 886 (5th Cir. 1998) (district court in case involving successor liability claim did not abuse its discretion in bifurcating trial into two proceedings: one to determine liability and another to determine successorship issues).

      **B.**    **The Claims In This Case Should Be Bifurcated And The Successor Liability Claims Should Be Litigated First**

Interline would be prejudiced if the successor liability claims against Interline and the breach of contract claim asserted against GATT were tried simultaneously and if the successor liability claims were not tried first. The claims against Interline (successor liability) and GATT (breach of contract) are distinct. Interline can <u>only</u> be liable for the alleged debts of GATT (i.e. on plaintiff's breach of contract claim against GATT) if it is <u>first</u> proven that Interline is a legal successor to GATT (which Interline has steadfastly denied). Accordingly, conducting a trial of all claims together without first determining whether Interline is a legal successor to GATT would result in prejudice to Interline. A determination of whether Interline is a legal successor

5

LAW OFFICES OF LAURA FLYNN BALDINI, LLC • JURIS NO. 421267• LBALDINI@FLYBAL-LAW.COM
P.O. BOX 887 • 74 BATTERSON PARK ROAD • FARMINGTON, CT • 06034-0887 • TEL: (860) 676-3123 •FAX: (860) 606-9797

to GATT is therefore of primary importance to the claims in this case. *Jinro Am., Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 998 (9th Cir. 2001)(bifurcation upheld on appeal where district Court ordered bifurcation of issue central to all claims); *Lundy v. Hochberg*, 79 Fed. Appx. 503, 505 (bifurcation of issues upheld on appeal).

Bifurcation will promote clarity and judicial economy in this matter. The elements, burden of proof and evidence necessary to establish a successor liability claim are entirely different from the elements, burden of proof and evidence necessary to establish the plaintiff's breach of contract claim against GATT. Indeed if Interline is found not to be a legal successor to GATT as alleged, Interline would be entitled to a dismissal of all claims against it, thereby avoiding the need for any further proceedings against Interline. This would result in a significant savings of time, money and judicial resources.

Conversely, in the unlikely event that Interline is found to be a legal successor to GATT, Interline would then have the opportunity to contest the Motion for Default Judgment filed by plaintiff against GATT. Certainly, the Court is well aware that the extreme sanction of a default judgment is viewed as a "weapon of last, rather than first, resort." *World Wrestling Entertainment, Inc. v. Ausbert DeArc a/k/a Gonzalez-De Arce, et al.*, 2007 U.S. Dist. LEXIS 26985 * 4-5(U. S. Dist. Ct. 2007)(Squatrito, J.) *citing BBC Enters, Ltd. v. Gold Coast Tape Distrib., Inc.*, No. 88 Civ. 7786 (CSH), 1992 U.S. Dist. LEXIS 14774, 1992 WL 276652, at *2

LAW OFFICES OF LAURA FLYNN BALDINI, LLC • JURIS NO. 421267• LBALDINI@FLYBAL-LAW.COM
P.O. BOX 887 • 74 BATTERSON PARK ROAD • FARMINGTON, CT • 06034-0887 • TEL: (860) 676-3123 •FAX: (860) 606-9797

(S.D.N.Y. Sept. 29, 1992).  Moreover, the Second Circuit has an "expressed preference that litigation disputes be resolved on the merits." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).  Certainly, it is not in the interests of judicial economy to issue a default judgment in this case.

The facts and claims in this matter weigh in favor of bifurcation.  Interline has made the requisite showing that bifurcation will avoid prejudice to Interline and will be conducive to expedition and economy.  In the event that this Court denies Interline's Motion for Summary Judgment, the Court should therefore allow bifurcation of the issues in this matter, stay the plaintiff's Motion for Default Judgment and adjudicate plaintiff's successor liability claims against Interline.

**WHEREFORE**, for the foregoing reasons, Interline respectfully requests that its Motion to Bifurcate be granted, that plaintiff's Motion for Default Judgment be stayed and for such other and further relief from this Court as it deems just and proper.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC • JURIS NO. 421267• LBALDINI@FLYBAL-LAW.COM
P.O. BOX 887 • 74 BATTERSON PARK ROAD • FARMINGTON, CT • 06034-0887 • TEL: (860) 676-3123 •FAX: (860) 606-9797

        Respectfully submitted,

        DEFENDANT,
        INTERLINE TRAVEL & TOUR, INC.


By: _____/s/_____
    LAURA F. BALDINI, ESQ.
    Federal Bar Number ct19887
    Law Offices Of Laura Flynn Baldini, LLC
    74 Batterson Park Road, 2nd Floor
    P.O. Box 887
    Farmington, CT 06034-0887
    Tel. (860) 676-3123
    Fax. (860) 606-9797
    LBaldini@FlyBal-Law.com
    Juris. No. 421267

## **ORDER**

The foregoing Motion, having been duly presented to this Court, it is hereby **ORDERED**, that the same be and hereby is GRANTED/DENIED.

                      THE COURT,

                      _____

                      JUDGE/Clerk

LAW OFFICES OF LAURA FLYNN BALDINI, LLC • JURIS NO. 421267• LBALDINI@FLYBAL-LAW.COM
P.O. BOX 887 • 74 BATTERSON PARK ROAD • FARMINGTON, CT • 06034-0887 • TEL: (860) 676-3123 •FAX: (860) 606-9797

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CALL CENTER TECHNOLOGIES, | : | CIVIL ACTION NO. 3:03CV1036 (DJS) |
| Plaintiff, | : | |
| v. | : | |
| GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORPORATION; INTERLINE TRAVEL & TOUR, INC. | : | |
| **Defendants.** | : | DECEMBER 27, 2007 |

**CERTIFICATE OF SERVICE**

This is to certify that on DECEMBER 27, 2007, a copy of Interline Travel & Tour Inc.'s Motion to Bifurcate/Motion for Stay was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

Parties may access this filing through the Court's CM/ECF System.

10

        Respectfully submitted,

        DEFENDANT,
        INTERLINE TRAVEL & TOUR, INC.


By:_____/s/_____
    LAURA F. BALDINI, ESQ.
    Federal Bar Number ct19887
    Law Offices Of Laura Flynn Baldini, LLC
    74 Batterson Park Road, 2nd Floor
    P.O. Box 887
    Farmington, CT 06034-0887
    Tel. (860) 676-3123
    Fax. (860) 606-9797
    LBaldini@FlyBal-Law.com
    Juris. No. 421267

LAW OFFICES OF LAURA FLYNN BALDINI, LLC • JURIS NO. 421267• LBALDINI@FLYBAL-LAW.COM
P.O. BOX 887 • 74 BATTERSON PARK ROAD • FARMINGTON, CT • 06034-0887 • TEL: (860) 676-3123 •FAX: (860) 606-9797