# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CALL CENTER TECHNOLOGIES, | : | CIVIL ACTION NO. 3:03CV1036 (DJS) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| GRAND ADVENTURES TOUR & | : | |
| TRAVEL PUBLISHING CORPORATION, | : | |
| INTERLINE TRAVEL & TOUR, INC., | : | |
| | : | |
| Defendants. | : | JANUARY 10, 2008 |
| | : | |

## INTERLINE TRAVEL & TOUR INC.'S SUMMARY JUDGMENT REPLY BRIEF

Pursuant to Fed. R. Civ. P. 56 and L.Civ.R. 56, Interline Travel & Tour, Inc. ("Interline")

submits this Reply Brief in further support of its Motion for Summary Judgment.

## I.    ARGUMENT

### A.    Plaintiff Has Failed To Comply With L.Civ.R. 56(a)

L.Civ.R. 56(a)(2) provides, in relevant part, that:

The papers opposing a motion for summary judgment shall include a document entitled
"Local Rule 56(a)(2) Statement" which states in separately numbered paragraphs meeting
the requirements of Local Rule 56(a)(3)[1] and corresponding to the paragraphs contained

---

[1] L.Civ.R. 56(a)(3) requires that "[e]ach statement. . .by an opponent in a Local Rule 56(a)(2) Statement and each
denial in an opponent's Local Rule 56(a)(2) statement must be followed by a *specific citation* to (1) the affidavit of

1

in the moving party's Local Rule 56(a)(2) statements whether the each of the facts asserted by the moving party is admitted or denied.  The Local Rule 56(a)(2) *must also include in a separate section entitled "disputed Issues of Material Fact" a list of each issue of material fact as to which it is contended there is a genuine issue to be tried.*

In the present case, plaintiff has failed to comply with L.Civ.R. 56(a)(2) and L.Civ.R. 56(a)(3) in several important respects.  First, the plaintiff has denied several of the statements in Interline's L.Civ.R. 56(a)(1) Statement without complying with the citation requirements of Local Rule 56(a)(3). *See* Plaintiff's Fed. R. Civ. P. 56(b) Statement at 1, 3, 4, 6-8, 10-13, 15, 16-20, 23, 24, 28, 29, 32, 35, 37, 38, 40-45, 47, 55-61, 63-66, 68, 75-77, 79-80, 86-88, 91, 93, 96-98, 99, 100, 102, 103, 104-109.[2]  Failure to provide specific citations to evidence in the record in opposition to the statements made in a L.Civ.R. 56(a)(1) Statement subjects an opposing party to, among other things, 1) having those statements admitted; 2) sanctions; and/or 3) an order granting the movant's motion for summary judgment. *See* L.Civ.R. 56(a)(3).

Plaintiff also failed to provide a list of genuine, material facts to be tried. *See* L.Civ.R. 56(a)(2).  Indeed, if there were triable issues of fact, plaintiff would have submitted those to the

---

a witness competent to testify as to the fact at trial and/or (2) evidence that would be admissible at trial." [emphasis added]

[2] In some responses, the plaintiff's basis for the denial is that Interline cannot rely upon "its own responses to discovery requests to support its own motion for summary judgment" because such statements are "self serving and hearsay." *See* Plaintiff's Fed. R. Civ. P. 56(b) Statement at 75, 77, 80, 86-87, 97, 98.  This ludicrous argument ignores the express language of Fed. R. Civ. P. 56 which permits *"pleadings, depositions, answers to interrogatories, and admissions on file, together with. . .affidavits"* to be used to establish the movant's entitlement to summary judgment.

2

LAW OFFICES OF LAURA FLYNN BALDINI, LLC • JURIS NO. 421267• LBALDINI@FLYBAL-LAW.COM
P.O. BOX 887 • 74 BATTERSON PARK ROAD • FARMINGTON, CT • 06034-0887 • TEL: (860) 676-3123 •FAX: (860) 606-9797

court. It has not. Accordingly, Interline's motion for summary judgment should be granted or appropriate sanctions should be issued for plaintiff's failure to comply with L.Civ.R. 56(a)(2).

**B.     The Granting Of Plaintiff's Fed. R. Civ. P. 55(a) Motion for Default for Failure To Plead Does Not Preclude Interline From Defending Itself**

Fed. R. Civ. P. 55 is the basic procedure to be followed when there is a default in the course of litigation. *Vermont Teddy Bear Co. v. 1-800-BEARGRAM Co.*, 373 F.3d 241 (2d Cir. 2004). It tracks the ancient common law that a default is an admission of all-well-pleaded allegations ***against the defaulting party***. *Id.* [emphasis added] *citing* B. Finberg, *Annot. Necessity of Taking Proof as to Liability Against Defaulting Defendant*, 8 A.L.R.3d 1070 (1966).

In the present case, the Court's granting of plaintiff's Fed. R. Civ. P. 55(a) Motion for Default for Failure to Plead against <u>GATT</u> does not preclude <u>Interline</u>, who has appeared and defended itself this matter, from defending itself in this action. Indeed, plaintiff's successor liability claim against Interline incorporates all the same allegations as those that form the basis of its claim against GATT. Interline, therefore, has every right to offer evidence and testimony to refute those allegations. Plaintiff's erroneous reliance on Fed. R. Civ. P. 55(a) coupled with its failure to comply with the requirements of L.Civ.R. 56(a)(3) warrants dismissal of plaintiff's

Law Offices of Laura Flynn Baldini, LLC • Juris No. 421267• lbaldini@flybal-law.com
P.O. Box 887 • 74 Batterson Park Road • Farmington, CT • 06034-0887 • tel.: (860) 676-3123 •fax: (860) 606-9797

claims against Interline. *See* Plaintiff's Fed. R. Civ. P. 56(b) Statement at 1, 3, 4, 6-8, 10-13, 15, 16, 18-20.[3]

### C.    Plaintiff Cannot Establish That GATT and GATTInc. Are Related Entities

Summary judgment is appropriate if, after discovery, the nonmoving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Plaintiff has alleged, and therefore must establish, that GATTInc., the real party to the Agreement, and GATT are the same entity to prevail on its contract and successor liability claims. Plaintiff has failed to meet its burden of proof on this essential allegation.

To defeat Interline's motion for summary judgment, plaintiff was required to offer some proof that GATTInc. and GATT are, in fact, the same entity. Instead, plaintiff, after almost five years of litigation, having found no admissible evidence to establish that GATTInc. and GATT are the same entity, has, in an eleventh-hour affidavit signed by Dean Vlahos, characterized the reference to "Grand Adventures Tour & Travel, Inc." in the Agreement as a "typographical error." Plaintiff's Br. at p. 6.

---

[3] Plaintiff's erroneous interpretation of Fed. R. Civ. P. 55(a) and failure to comply with the requirements of L.Civ.R. 56(a)(3) in responding to these statements subjects the plaintiff to, among other things, having Interline's statements being deemed admitted and/or sanctions.

4

Mr. Vlahos' characterization of the reference to "Grand Adventures Tour & Travel, Inc." in the Agreement as a "typographical error" concedes plaintiff's inability to meet its burden of proving that GATT and GATTInc. are the same entity, contradicts the allegations in the Third Amended Complaint and does not create a triable issue of fact.

**D.    Plaintiff's Purported "Fraudulent Transaction" Claim Is Precluded**

"A fraud claim based on a successor liability claim. . . must be pleaded with particularity under Rule 9(b)." *Kuhns Bros., Inc., et al. v. Fushi Int'l, Inc.*, 2007 U.S. Dist. LEXIS 51461 *16 (D. Conn. 2007)(Dorsey, J); *Infra-Metals, Co. v. Topper & Griggs Group, Inc.*, 2005 U.S. Dist. LEXIS 31385 *13 (D. Conn. 2005)(Hall, J.). The heightened pleading requirements for a fraud claim based on a successor liability claim are therefore the same as those required in fraud claim or a fraudulent conveyance claim. The plaintiff has failed to meet these requirements, and plaintiff's purported claim therefore fails as a matter of law.

Even if the Court found that plaintiff's claim to be sufficiently plead, plaintiff has failed to present admissible evidence to defeat Interline's motion. To avoid summary judgment, plaintiff "may not rely on conclusory allegations or speculation. . . ., but instead must offer evidence to show that [its] version of events is not wholly fanciful." *Morris v. Lindau*, 196 F.3d 102, 109 (2d Cir. 1999).

LAW OFFICES OF LAURA FLYNN BALDINI, LLC • JURIS NO. 421267• LBALDINI@FLYBAL-LAW.COM
P.O. BOX 887 • 74 BATTERSON PARK ROAD • FARMINGTON, CT • 06034-0887 • TEL.: (860) 676-3123 •FAX: (860) 606-9797

There is no evidence that the foreclosure sale was conducted fraudulently with the express intent to defraud the plaintiff. Although Plaintiff argues in its Opposition that Boyd and Fleischman never actually loaned GATT money and that no foreclosure sale ever occurred[4],. plaintiff has not cited to any admissible evidence to substantiate these far-fetched, fanciful claims. Moreover, plaintiff, who bears the burden of proving all elements on its claim for fraud, failed to allege these claims in its Third Amended Complaint or conduct and obtain discovery to establish these baseless statements.

Indeed, the evidence conclusively establishes that Boyd and Fleischman did personally loan money to GATT which was not repaid. *See, e.g. Boyd Dep.* at p. 35:6-8[5]; *Affidavit of Lawrence K. Flesichman "Fleischman Aff."* dated January 10, 2008 at Ex. 31; ¶¶13-14, 23; Ex. 19. The evidence also shows that a foreclosure sale did occur on October 30, 2001 and that Duane Boyd personally attended sale. *See, e.g.* Ex. 19, 21; *Boyd Dep.* at p. 66:12-18.[6]

Even if Mr. Boyd's and Mr. Fleischman's loans to GATT were fraudulent and the foreclosure sale never occurred (or was conducted improperly), plaintiff's claims still fail as a

---

[4] *See* Plaintiff's Fed. R. Civ. P. 56(b) Statement at 105("Interline did not purport to "pay" any amount at the alleged foreclosure sale, and Interline has produced no evidence of any actual investment in GATT or actual loans made by Boyd, Fleischman or Interline to GATT."); Plaintiff's Fed. R. Civ. P. 56(b) Statement at 55, 56, 59, 60, 61("Defendant has produced no evidence of any actual loan payments made by either Boyd or Flesichman to GATT").
[5] Q. Did you personally invest $100,000 into GATT pursuant to this note? A: Yes.
[6] Q. Did that sale actually occur at 11:00 a.m. at the Travis County Courthouse on October 30th? A. Yes. Q. Who attended? A. Tim Taylor and myself.

6

LAW OFFICES OF LAURA FLYNN BALDINI, LLC • JURIS NO. 421267• LBALDINI@FLYBAL-LAW.COM
P.O. BOX 887 • 74 BATTERSON PARK ROAD • FARMINGTON, CT • 06034-0887 • TEL: (860) 676-3123 •FAX: (860) 606-9797

matter of law.  There is no evidence (or allegations) that these events were conducted with the

specific intent to defraud the plaintiff.

### E.    Plaintiff's "De Facto Merger" Claim Is Similarly Precluded

Plaintiff's reliance upon *Miller v. Forge Mench P'ship, Ltd.*, 2005 U.S. Dist. LEXIS 1524

*14 (S.D.N.Y.)(Jan. 31, 2005)(Mukasey, J.), *Mavel v. Scan Optics, Inc.*, 509 F. Supp. 2d 183

(D.Conn. 2007) and *Ed Peters Jewelry v. C& J Jewelry, et al.*, 124 F.3d 252 (1st Cir. 1997) are

similarly misguided.  Each of these cases dealt with a private foreclosure sale which is not the

case here.

Even if, as plaintiff argues, a *de facto* successor liability claim is a question of fact, this

does not preclude a court from granting summary judgment if there is an absence of triable issues

of fact.[7]  Plaintiff has failed to present evidence, among other things, to show "common identity

of the officers[8], directors and stockholders[9] in both the selling and purchasing corporations."

*Nat'l Grange Mutual Ins. Co. v. Montgomery Elevator*, 1994 Conn. Super. LEXIS 2429 *11

(Conn. Super. 1994)(Hale, J.).  There is also no proof to establish that GATT and Interline

---

[7] See, e.g., *Collins v. Olin Corp.,* 434 F. Supp.2d 97 (D. Conn. 2006); *Ricciardello v. J.W. Gant & Company*, et al., 717 F. Supp. 56 (1989).

[8] Speculation that Mr. Boyd "may have [been]. . .a de facto officer" does not raise a triable issue of fact. Plaintiff's Fed. R. Civ. P. 56(b) Statement at 32, 35.

[9] That Synergy Brands, Inc., a publicly-traded company, holds shares in Interline does not change the fact that Interline is not a publicly-traded company.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC • JURIS NO. 421267• LBALDINI@FLYBAL-LAW.COM
P.O. BOX 887 • 74 BATTERSON PARK ROAD • FARMINGTON, CT • 06034-0887 • TEL: (860) 676-3123 •FAX: (860) 606-9797

operated from the same business location[10], had the same personnel, offered the same services or assumed liabilities and obligations of GATT necessary for the uninterrupted continuation of GATT's normal business operations[11].

### F.    This Court Lacks Personal Jurisdiction Over Interline

Interline's removal of this case to federal court does "invoke[e]" jurisdiction over Interline. *See Plaintiff's Br.* at p. 11. In diversity cases, personal jurisdiction is determined by the law of the state in which the district court sits. *Paragon Realty Group LLC v. LeCates*, 2007 U.S. Dist. LEXIS 11458 at *4 (D. Conn. 2007)(Droney, J.). Removal of an action from state to federal court therefore does not waive a party's right to contest personal jurisdiction. *Id.*

When a defendant challenges personal jurisdiction, the plaintiff bears the burden of proving that the court has jurisdiction over the defendant. *Id.* at *4. Plaintiff suggestion that this "court has personal jurisdiction over Interline" "because specific jurisdiction is over GATT obtained under Customer Agreement [sic]" is misguided. *Plaintiff's Br.* at p. 11. In *Libutti v. United States*, 178 F.3d 114 (2d Cir. 1999), the court upheld the trial court's finding of no personal jurisdiction over a non-resident defendant in a successor liability case. The appellant appealed the trial court's finding of no personal jurisdiction and erroneously relied upon cases

---

[10] In addition to the other evidence presented, Plaintiff has not established that GATT conducted its business operations in Florida (as Interline did/does) and that it was at the same Florida location.
[11] There is no proof that any of the items listed in response to Plaintiff's Fed. R. Civ. P. 56(b) Statement at 94 constitute liabilities or obligations necessary for the uninterrupted operation of GATT.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC • JURIS NO. 421267• LBALDINI@FLYBAL-LAW.COM
P.O. BOX 887 • 74 BATTERSON PARK ROAD • FARMINGTON, CT • 06034-0887 • TEL: (860) 676-3123 •FAX: (860) 606-9797

where personal jurisdiction was established only where the non-resident had already been found to be a "successor in interest" to the obligations of another party. *Libutti,* 178 F.3d at 124; *Patin v. Thoroughbred Power Boats,* 294 F.3d 640 (5th Cir. 2006)[12]. Plaintiff's counsel has made the same mistake in this case. *See Plaintiff's Br.* at p. 11-12. There has been no such finding of liability against Interline. Even though a finding of jurisdiction might be plausible some time in the future, there has been no justification for jurisdiction at the present time and the Court must determine now whether jurisdiction is proper.

Plaintiff cannot establish that Interline is subject to personal jurisdiction under any provision of Connecticut's long-arm statute, Conn. Gen. Stat. §33-929. In addition to there being no basis for jurisdiction under §33-929(e), there is no basis for jurisdiction under §33-929(f), either. Mr. Vlahos's Affidavit indicates that he contacted, accessed and became a member of the www.perx.com website and subsequently purchased "certain consumer products" from the website. *Vlahos Aff.* at ¶19-22. In his deposition, Mr. Vlahos testified that he signed up for this website ***"just to establish this company [Interline] does business in Connecticut."*** *Vlahos Dep.* at pp. 143:25-144:1-2, 115:13-15. To satisfy the requirements of Conn. Gen. Stat.§33-929(f), however, there must be some proof that Interline solicited Mr. Vlahos' business,

---

[12] In *Patin,* the Appeals Court upheld personal jurisdiction over the company on appeal only after the trial court had determined that company was alter ego of another company.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC • JURIS NO. 421267• LBALDINI@FLYBAL-LAW.COM
P.O. BOX 887 • 74 BATTERSON PARK ROAD • FARMINGTON, CT • 06034-0887 • TEL: (860) 676-3123 •FAX: (860) 606-9797

which clearly did not happen here.  Moreover, the fact that Interline had a website, does not, by itself confer personal jurisdiction over Interline. *Neato, LLC v. Great Gizmos,* 2000 U.S. Dist. LEXIS 20684 (D. Conn. 2000)(Covello, J); *Millennium Enters., Inc. v. Millennium Music, LP,* 33 F. Supp. 2d 907 (D. Or. 1999)[13].

## II.    CONCLUSION

The plaintiff, an unsecured creditor, has failed to raise a triable issue of fact to proceed to trial its successor liability claims against Interline.  Even if the Court were to find a triable issue with respect to these claims, plaintiff's action still fails as a mater of law because there is no proof that plaintiff had an equity stake in GATT's assets – that is, that some portion of GATT's assets would have been available to satisfy its unsecured claims even if there had been no foreclosure sale[14]. *Miller,* 2005 U.S. Dist. LEXIS 1524 at*14.

**WHEREFORE,** for the foregoing reasons, and those set forth in Interline's Motion for Summary Judgment dated November 2, 2007, Interline seeks: 1) summary judgment on all claims directed against it in the plaintiff's Third Amended Complaint; 2) relief under L.Civ.R. 56(a); and 3) such other and further relief as this Court deems just and proper.

---

[13] "[T]he trend has shifted away from finding jurisdiction based solely on the existence of Web site advertising. Instead, `something more' is required to show that the defendant purposefully directed its activities at the forum." Id. at 915.
[14] Plaintiff's reliance on a GATT SEC filing almost a year before the foreclosure sale does not raise a triable issue as to the value of GATT's assets at the time of the sale. Plaintiff's Fed. R. Civ. P. 56(b) Statement at 47.

LAW OFFICES OF LAURA FLYNN BALDINI, LLC • JURIS NO. 421267• LBALDINI@FLYBAL-LAW.COM
P.O. BOX 887• 74 BATTERSON PARK ROAD • FARMINGTON, CT • 06034-0887 • TEL: (860) 676-3123 •FAX: (860) 606-9797

Respectfully submitted,

DEFENDANT,
INTERLINE TRAVEL & TOUR, INC.

By: _____
LAURA F. BALDINI, ESQ.
Federal Bar Number ct19887
Law Offices Of Laura Flynn Baldini, LLC
74 Batterson Park Road, 2nd Floor
P.O. Box 887
Farmington, CT 06034-0887
Tel. (860) 676-3123
Fax. (860) 606-9797
LBaldini@FlyBal-Law.com
Juris. No. 421267

11

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CALL CENTER TECHNOLOGIES, | : | CIVIL ACTION NO. 3:03CV1036 (DJS) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| GRAND ADVENTURES TOUR & | : | |
| TRAVEL PUBLISHING CORPORATION; | : | |
| INTERLINE TRAVEL & TOUR, INC. | : | |
| | : | |
| Defendants. | : | JANUARY 10, 2008 |

### CERTIFICATE OF SERVICE

This is to certify that on JANUARY 10, 2008, a copy of Interline Travel & Tour Inc.'s Reply Brief In Further Support was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

Parties may access this filing through the Court's CM/ECF System.

12

Respectfully submitted,

DEFENDANT,
INTERLINE TRAVEL & TOUR, INC.

By: _____
LAURA F. BALDINI, ESQ.
Federal Bar Number ct19887
Law Offices Of Laura Flynn Baldini, LLC
74 Batterson Park Road, 2nd Floor
P.O. Box 887
Farmington, CT 06034-0887
Tel. (860) 676-3123
Fax. (860) 606-9797
LBaldini@FlyBal-Law.com
Juris. No. 421267

13