UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CALL CENTER TECHNOLOGIES, INC., : | |
|     Plaintiff, : | |
| : | |
| v. : | Case No. 3:03 CV 1036(DJS) |
| : | |
| GRAND ADVENTURES TOUR & : | |
| TRAVEL PUBLISHING CORPORATION, : | |
| INTERLINE TRAVEL & TOUR, INC., : | |
|     Defendant. : | |

## ORDER

On August 27, 2007 the court issued an order granting in part and denying in part a motion for sanctions that was submitted by the defendant, Interline Travel & Tour Inc. ("Interline"), against the plaintiff, Call Center Technologies, Inc. ("Call Center"). Now before the court is Interline's Accounting of Attorney's Fees and Costs Incurred as a Result of [Call Center's] Failure to Comply With [the] Court's Order Dated October 10, 2006 ("the Accounting"), filed on September 12, 2007. **For the following reasons, the Accounting (dkt. # 178) is GRANTED in part and DENIED in part.**

### I. FACTUAL BACKGROUND

Pursuant to the numerous motions made by Interline regarding Call Center's repeated failure to comply with the October 10, 2006 discovery order, this court imposed sanctions on Call Center. In the court's Ruling On Defendant's Motions for Sanctions ("the Ruling") (dkt. # 173) dated August 27, 2007, the court stated the scope of it's sanctions: "[Call Center] shall pay the reasonable expenses, including attorney's fees, that [it's] failure caused Interline." (The Ruling, p. 11). This failure, which the court repeatedly refers to throughout the Ruling, was to provide responses to two discovery requests.

> The court finds that [Call Center] has failed to fully comply with its Order of October 10, 2006, which directed [Call Center] to provide Interline with responses to [Interline's] "Request for Admission of Statements and Documents dated August 3, 2006" and [Interline's] "Second Set of Interrogatories and Requests for Production dated August 3, 2006."

(Id., pp. 8-9). Clearly, the Ruling limited the scope of the sanctions to the two discovery requests made on August 3, 2006. Therefore, Interline's Accounting must, at the least, be limited to activities that Interline was forced to participate in as a direct and proximate result of Call Center's failure to comply with the August 3, 2006 discovery requests.

## II. ASSESSMENT OF THE ACCOUNTING

In the Accounting, Interline argues that it incurred at total of $8,811.68 in attorney's fees and costs[1] as a result of Call Center's failure to comply with the October 10, 2006 order. Interline breaks this number into three accounting categories, and within the three categories, it breaks this number into multiple sub-categories.

### A. The First Accounting Category

The first of the three categories is labeled as "Accounting Related to Plaintiff's Failure to Provide Complete Responses to Interline's August 3, 2006 Discovery Requests." In this category Interline argues that it incurred $4,363.50 in attorney's fees due to Call Center's failure to provide complete responses to the August 3, 2006 discover requests. Call Center, however, contends that several of these charges have nothing to do with the topic and should be denied. To determine what charges are within the scope of sanctions the court will evaluate each sub-category and adjust the Accounting as appropriate.

---

[1] The attorney's fees were valued at $8,671.50 and the costs were valued at $140.18.

> 1. $420.00 (2.0 hours x $ 210/hr.) - Review and evaluations of plaintiff's responses to the foregoing discovery requests; preparation and service of correspondence to plaintiff's counsel in an attempt to seek plaintiff's compliance with Interline's discovery requests; and correspondence with client concerning plaintiff's dilatory conduct.

The court finds that all of this information is within the scope of sanctions, entitling Interline to $420.00.

> 2. $1176.00 (5.6 hours x $210/hr.) - Preparation and review of Interline's November 13, 2006 Motion to Dismiss, Motion for Sanctions, Motion for Enforcement of Court Order, and Memorandum of Law in Support thereof (dkt. #s 154-157).

The court finds that all of this information is within the scope of sanctions, entitling Interline to $1,176.00.

> 3. $441.00 (2.1 hours x $210/hr.) - Preparation and review of Interline's November 29, 2006 Motion to Correct Court Order concerning compliance with Interline's discovery requests (dkt. # 159).

Interline's filing of the Motion to Correct Court Order was based on the theory that the court had made an error. Whether the court made an error in it's Order has no bearing on Call Center's failure to cooperate with the discovery requests of August 3, 2006. Accordingly, the court finds that this information is not within the scope of sanctions.

> 4. $819.00 (3.9 hours x. $210/hr.) - Review and analysis of Plaintiff's December 1, 2006 Objection to Interline's Motion to Correct Court Order, Motion to Dismiss, Motion for Sanctions, Motion for Enforcement of Court Order (dkt. # 160); preparation and review of December 8, 2006 Reply brief concerning same (dkt. # 161).

The court finds that all of this information is within the scope of sanctions, entitling Interline to $819.00.

> 5. $787.50 (3.5 hours x. $225/hr.) - Review and analysis of Court's decisions on pending discovery motions (dkts. # 173-4); preparation

and review of Motion for Articulation/Reconsideration in connection therewith (dkt. # 175).

Interline's filing of the Motion for Articulation/Reconsideration was based on the theory that the court had made an error. Whether the court made an error in it's decisions has no bearing on Call Center's failure to cooperate with the discovery requests of August 3, 2006. Therefore, the preparation and review of Interline's Motion for Articulation/Reconsideration is not within the scope of sanctions. The review and analysis of the court's decisions on pending discovery motions, however, is within the scope of sanctions.

Upon the courts' request, Interline submitted an additional breakdown of this sub-category.[2] The breakdown is as follows: (1) Review and analysis of the court's decisions on pending discovery motions (.7 hrs.); (2) Preparation and review of the Motion for Articulation/Reconsideration (2.8 hrs.). Accordingly, Interline is entitled to recover .7 hours at $225.00 an hour, or $157.50.

> 6. $720 (3.2 hours x $225/hr.) - Preparation and review of Accounting (and supporting documents) to the Court in compliance with the Court's August 24, 2007 Order.

The court finds that this information is within the scope of sanctions, entitling Interline to $720.00. Therefore, Interline is entitled to recover $3,292.50 in attorney's fees and costs from the First Accounting Category.[3]

### B. The Second and Third Accounting Categories

The second and third categories are labeled as "Accounting Related to Plaintiff's Failure

---

[2] This breakdown was submitted to the court on January 10, 2008, via facsimile.

[3] This figure is derived by adding $420.00 + $1,176.00 + $819.00 + $157.50 + $720.00.

to Timely and Properly File the Third Party Subpoenas and Motions to Compel" and "Accounting Related to Plaintiff's Failure to Properly Disclose Expert Witnesses." Since each of these categories do not relate to activities that Interline was forced to participate in as a direct and proximate result of Call Center's failure to comply with the August 3, 2006 discovery requests, they will not be factored into the Accounting.

### III. CONCLUSION

**For the foregoing reasons the Accounting (dkt. # 178) is GRANTED in part and DENIED in part. The court hereby ORDERS Call Center to pay Interline reasonable attorney's fees and costs in the amount of $3,292.50 to compensate for it's failure to comply with the October 10, 2006 court order.**

**SO ORDERED** at Hartford, Connecticut, on this the <u>16th</u> day of January, 2008.

                /s/DJS
**DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE**