UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CALL CENTER TECHNOLOGIES, INC., : | 3:03CV1036 (DJS) |
| Plaintiff, : | |
| v. : | |
| GRAND ADVENTURES TOUR & : <br> TRAVEL PUBLISHING CORPORATION, & <br> INTERLINE TRAVEL & TOUR, INC., : | |
| Defendants. | January 17, 2008 |

**PLAINTIFF'S OBJECTION TO
DEFENDANT INTERLINE TRAVEL & TOUR, INC.'S
MOTION TO BIFURCATE AND MOTION FOR STAY**

Pursuant to F.R.C.P. 42, the Plaintiff Call Center Technologies, Inc. ("Plaintiff"), hereby submits its Amended Memorandum of Law in Opposition to Defendant Interline Travel & Tour, Inc.'s ("Interline") Motion for Summary Judgment, and in support hereof states as follows:

1. Plaintiff's complaint in this action consists of two counts; a breach of contract claim directed against Grand Adventures Tour & Travel Publishing Corporation ("GATT") (Count I), and a successor liability claim directed against Interline (Count II).

2. On November 5, 2007, this Court entered a default under F.R.C.P. 55(a) against GATT for failure to appear or plead. While this matter had been before the Danbury Superior Court prior to Interline's removal to this Court, a default had similarly been entered against GATT pursuant to the Connecticut Practice Book.

3. In a classic example of forum shopping, after the state court granted Plaintiff leave to add Interline as a party defendant, Interline appeared in state court, but immediately removed the case to this Court and filed a motion to dismiss for lack of personal jurisdiction (docket entry #4), which of course Interline could have done in the state court.

4. The basis for Interline's motion to dismiss and its repeated contention that this Court lacks personal jurisdiction over it, is that "Interline Travel & Tour, Inc." is not in any respect to be treated as "Grand Adventures Tour & Travel Publishing Corporation."

5. Throughout this matter which has been pending for approximately five years, Interline has steadfastly denied that it has any knowledge or information related to Plaintiff's breach of contract claim against GATT or as to GATT's affairs. In its answer (docket entry # 131, the "Third Answer") to Plaintiff's third amended complaint, Interline denied in wholesale fashion every allegation of fact pertaining to GATT's conduct, arrangements, financial or legal affairs, all on the basis that Interline does not possess sufficient knowledge or information to admit or deny the allegation. Third Answer ¶¶ 1, 2, 4, 6-9, 14-55, 58, 63, 64, 73, 76, 82, 103, 106, 108, 111.

6. Yet today, Interline claims that it has standing to move the Court to "stay" entry of a default judgment against GATT, without citation to any Rule or other authority for such a proposition, on the premise that if the Court were to rule in favor of Plaintiff on its successor liability claim, that Interline would then be in a position to defend the breach of contract claim against GATT as well as Plaintiff's motion for default judgment against GATT (Interline Brief at 6).

## I. ARGUMENT

Interline's present motion begins with the premise that a trial is necessary on Plaintiff's breach of contract claim against Interline's predecessor, Grand Adventures Tour & Travel Publishing Corporation ("GATT") (Interline Motion at 1-2). Because as of present, a default has already been entered against GATT's under F.R.C.P. 55(a), the fact of GATT's liability has already been established and all well-pleaded allegations made against GATT are deemed binding judicial admissions. *D.H. Blair & Co. v. Gottdiener*, 462 F.2d 95, 108 (2nd Cir. 2006); *Vt. Teddy Bear Co. v. 1-800 BEARGRAM Co.*, 373 F.3d 241, 246 (2nd Cir. 2004); *Plumbers & Steamfitters v. Am. Mech. of WI, Inc.*, 2007 U.S. Dist. LEXIS 67978 at * 2 (E.D. Wisc. 2007) ("Upon the clerk's entry of default [under Rule 55(a)] 'the well-pleaded allegations of a complaint relating to liability are taken as true.'"). Thus, the only outstanding issue relevant to GATT is the calculation of damages, which is a purely mathematical exercise based upon the language of the contract.

### A. Interline Is Not Prejudiced, But Rather Plaintiff Will Be Prejudiced By Bifurcation

Interline argues that its motion is brought "in the interest of convenience, judicial economy and avoiding prejudice to Interline in this matter." (Interline Motion at 2). With respect to the element of prejudice, the <u>entire argument</u> made by Interline as to how it would be prejudiced is that "Interline can only be liable for the alleged debts of GATT (i.e. on plaintiff's breach of contract claim against GATT) if it is first proven that Interline is a legal

{bifurcation.objection.doc;1}3

successor of to GATT (which Interline has steadfastly denied).  Accordingly, conducting a trial of all claims together without first determining whether Interline is a legal successor to GATT would result in prejudice to Interline." (Interline Motion at 5).  Interline's sparse argument amounts to a *non sequitur*.  Because a default has already been entered against GATT and the fact of its liability is established, "a trial of call claims" is not necessary.

If an attorney representing GATT were to file an appearance in this matter today seeking to vacate the Default entered against GATT, it would not be entitled to have the default vacated as a matter of right, but would rather carry a "substantial burden." *Bermudez v. Reid*, 720 F.2d 748, 749 (2nd Cir. 1983).  "When deciding whether to relieve a party from default or default judgment, we consider the willfulness of the default, the existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer should relief be granted." *D.H. Blair & Co. v. Gottdiener*, *supra*, 462 F.2d 95, 109, citing *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001).  Thus, where a default is entered against a predecessor, and a successor seeks to vacate that default, among other things the successor must satisfy at least the same burden of proof.  Thus, in *Woodrick v. Jack J. Burke Real Estate, Inc.*, 703 A.2d 306 (N.J. Super. Ct. App. Div. 1997), in finding that a successor had not carried its burden of demonstrating exceptional circumstances warranting vacating of a default entered against its predecessor, the appellate court upheld the trial court's denial of the successor's motion to vacate, where "the only reason why [the successor] argues that the relief is appropriate is that it 'reasonably believed that [corporate successor liability] was not a valid theory against it....'" *Id* at 309.  In the present case, Interline boldly claims that it is "unlikely"

that this Court will deny its pending summary judgment motion (Interline Motion at 1), and that it is "unlikely" that this Court will find Interline is the successor to GATT (Interline Motion at 6). Just as the successor in *Woodrick* stood upon its belief that it had no successor liability rather than upon any exceptional circumstances, Interline has not demonstrated justification why it should be entitled to force the Plaintiff to litigate a successor liability claim for almost five years, and then have the right to defend the predecessor's claim where no pleading or appearance has been filed by the predecessor, and the successor has throughout the case completely denied any knowledge or information as to the allegations raised by the Plaintiff against the predecessor. (See ¶ 5 above).

Rather than any prejudice resulting against Interline, prejudice would instead result against Plaintiff. Plaintiff has not had any ability to obtain discovery from "GATT" as opposed to "Interline" or otherwise litigate against "GATT." Thus, if Interline were allowed to represent "GATT" at trial to defend Plaintiff's claim against GATT, Plaintiff would be prejudiced.

### B. Bifurcation Does Not Promote Judicial Economy

Interline also argues that bifurcation is "in the interest of convenience [and] judicial economy." (Interline Motion at 2). Again, Interline's argument in support of its position amounts to nothing more than the conclusory statement that "if Interline is found not to be a legal successor to GATT as alleged, Interline would be entitled to a full dismissal of all claims against it, thereby avoiding the need for any further proceedings against Interline. This would result in

{bifurcation.objection.doc;1}5

significant savings of time, money, and judicial resources." (Interline Motion at 6). Of course, Interline conveniently fails to mention that Plaintiff's claim against GATT would remain in that example, requiring the Court to conduct a second evidentiary hearing. Thus, no judicial economy is achieved, nor would bifurcation be more convenient to the Court or to the Plaintiff.

### C. The Court Should Enter The Default Judgment Against GATT

Interline cites no authority in support of its request to stay entry of a final Default Judgment against GATT. Plaintiff submits that this Court should follow the path taken by the court in *Glynwed, Inc. v. Plastimatics, Inc., et al.*, 869 F. Supp. 265 (D. N.J. 1994). In *Glynwed*, after the predecessor failed to defend a successor liability action and the successor claimed lack of personal jurisdiction, a default was entered against the predecessor in the amount of $1.3 million dollars. *Id* at 268. The successor had purchased the predecessor's assets at a UCC foreclosure sale which was held to be commercially reasonable and not a fraudulent conveyance. *Id* at 278. Nevertheless, the *Glynwed* court found the successor liable as the "mere continuation" of the predecessor holding it liable for the amount of the default judgment, rejecting the successor's contention that an intervening foreclosure sale precluded a finding of successor liability. *Id* at 274-75.

In the present matter, the Court should similarly enter a final default judgment against GATT for failure to plead or appear, and proceed to try the successor liability claim against Interline. This is both the most judicially economical and least prejudicial procedure for the Court to follow. If Interline believes that it has standing to seek an order vacating a default

{bifurcation.objection.doc;1}6

against GATT and is able to satisfy the necessary burden of proof, it should follow the procedures for obtaining such relief rather than being given two bites at the apple at Plaintiff's expense.

**WHEREFORE**, Plaintiff Call Center Technologies, Inc. respectfully requests that the Interline Travel & Tour, Inc.'s Motion To Bifurcate And Motion For Stay be denied, and that the Court proceed to enter a final default judgment against GATT.

Respectfully submitted,

PLAINTIFF,
CALL CENTER TECHNOLOGIES, INC.


By      /s/ Kevin P. Chamberlin
        Kevin P. Chamberlin
        40 Lake Avenue Ext – Suite 4
        Danbury, CT  06811
        Federal Bar #- ct26843
        Phone: 203-792-0011
        Fax:  203-792-3370
        Chamberlaw3@aol.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

CALL CENTER TECHNOLOGIES,  :  CIVIL ACTION NO. 3:03CV1036 (DJS)

   Plaintiff,

v.

GRAND ADVENTURES TOUR &
TRAVEL PUBLISHING CORPORATION,
INTERLINE TRAVEL & TOUR, INC.

   Defendants.  :  January 17, 2008

### CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2008, a copy of foregoing Objection to Defendant's Motion to Bifurcate and Motion to for Stay, was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Kevin P. Chamberlin
Kevin P. Chamberlin
Federal Bar No. ct26843
40 Lake Avenue Ext – Suite 4
Danbury, CT  06811
Phone: 203-792-0011
Fax:  203-792-3370
Chamberlaw3@aol.com

{bifurcation.objection.doc;1} 8